# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>
HON. BENNIE G. THOMPSON, *in his personal capacity*, *et al.*,

                  Plaintiffs,

     v.

DONALD J. TRUMP, *solely in his personal capacity*, *et al.*,

                  Defendants.
</td><td>
No. 1:21-cv-00400 (APM)
</td></tr>
</table>

## MOTION OF LAW PROFESSORS
## FOR LEAVE TO FILE AN *AMICI CURIAE* BRIEF
## IN SUPPORT OF PLAINTIFFS

*Amici curiae* law professors respectfully move for leave to file the attached brief in support of Plaintiffs.  In support of this motion, *amici* state:

1.    *Amici* are law professors whose teaching and research focus on constitutional law, executive immunity, and separation of powers principles.  Given their expertise, *amici* have a substantial interest in ensuring that this Court understands that, under binding Supreme Court precedent, a president is not entitled to absolute immunity for actions taken outside the outer perimeter of his official responsibility and that former President Donald Trump is therefore not entitled to absolute immunity for the private conduct challenged here.  *Amici* also have a strong interest in ensuring that this Court recognizes that the separation of powers principles and public policy considerations that form the foundation for that precedent further compel the denial of Trump's bid for absolute immunity.  Accordingly, *amici* have a substantial interest in filing a brief in this case.

2.     This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs.  *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007).  "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'"  *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *In re Search of Info. Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (same); *Iacangelo v. Georgetown Univ.*, No. 05-2086, 2009 WL 10693231, at *2 n.4 (D.D.C. June 11, 2009) (same).  Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011).  "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public."  *Russell v. Bd. of Plumbing Exam'rs.*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see, e.g.*, *Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [the *amicus*]'s input"); *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 237 (same); *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319366, at *3 (D.D.C. Feb. 28, 2002) (same).

3.     The proposed, attached *amici curiae* brief plainly satisfies these standards.  The attached brief discusses, in depth, the Supreme Court precedent governing the application of absolute presidential immunity and the rationales underlying that precedent.  As the brief explains, binding precedent, as well as separation of powers principles and public policy considerations,

compel the conclusion that Trump does not enjoy absolute immunity from damages liability for

his alleged efforts to disrupt a constitutionally mandated session of Congress for his personal gain.

      4.      All parties who have entered appearances with this Court have been timely

notified of *amici*'s intent to file this brief.  Counsel for Plaintiffs and Defendant Oath Keepers

have consented to the filing.  Counsel for Defendant Rudolph W. Giuliani does not oppose the

filing.  Counsel for Defendant Donald T. Trump has not responded to the request for consent.

      For the foregoing reasons, leave to file the attached *amici curiae* brief should be granted.

A proposed order is enclosed with this motion.

Respectfully submitted,

Dated:  July 8, 2021

/s/ Brianne J. Gorod
Brianne J. Gorod

Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Dayna J. Zolle (DC Bar No. 1672633)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street NW, Suite 501
Washington, D.C. 20036
(202) 296-6889
brianne@theusconstitution.org

*Counsel for Amici Curiae*

# APPENDIX:
## LIST OF *AMICI*

**Evan H. Caminker**
Dean Emeritus and Branch Rickey Collegiate Professor of Law,
University of Michigan Law School

**Andrew Kent**
Professor of Law and John D. Feerick Research Chair,
Fordham University School of Law

**Sheldon Nahmod**
University Distinguished Professor of Law Emeritus,
IIT Chicago-Kent College of Law

**Daphna Renan**
Peter B. Munroe and Mary J. Munroe Professor of Law,
Harvard Law School

**Peter M. Shane**
Jacob E. Davis and Jacob E. Davis II Chair in Law,
The Ohio State University Moritz College of Law


† Current institutional affiliations are listed for identification purposes only.

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel who have entered appearances in the case.  I certify that it has also been served on Defendant Enrique Tarrio by FedEx next-day delivery.

Dated:  July 8, 2021

/s/ Brianne J. Gorod
Brianne J. Gorod