# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HON. BENNIE G. THOMPSON,<br>  in his personal capacity,<br>HON. KAREN R. BASS,<br>  in her personal capacity,<br>HON. STEPHEN I. COHEN,<br>  in his personal capacity,<br>HON. VERONICA ESCOBAR,<br>  in her personal capacity,<br>HON. PRAMILA JAYAPAL,<br>  in her personal capacity,<br>HON. HENRY C. JOHNSON, JR.,<br>  in his personal capacity,<br>HON. MARCIA C. KAPTUR,<br>  in her personal capacity,<br>HON. BARBARA J. LEE,<br>  in her personal capacity,<br>HON. JERROLD NADLER,<br>  in his personal capacity,<br>HON. MAXINE WATERS,<br>  in her personal capacity, and<br>HON. BONNIE M. WATSON COLEMAN,<br>  in her personal capacity<br><br>      Plaintiffs,<br>v.<br><br>DONALD J. TRUMP,<br>  solely in his personal, capacity,<br>RUDOLPH W. GIULIANI,<br>OATH KEEPERS,<br>PROUD BOYS INTERNATIONAL, .LLC<br>WARBOYS LLC, and<br>ENRIQUE TARRIO<br><br>      Defendants. | Civil Case No. 1:21-CV-400-APM<br>Honorable Amit P. Mehta<br><br>**DEFENDANT OATH KEEPERS**<br>**REPLY TO PLAINTIFFS'**<br>**MEMORANDUM OF LAW**<br>**IN OPPOSITION**<br>**TO DEFENDANTS' MOTION TO**<br>**DISMISS** |

| | |
|---|---|
| Janette Louard (*pro hac vice* motion to befiled) | Kerry Lee Morgan, 424566 |
| Anthony P. Ashton, Bar No. MD0096 | Pentiuk, Couvreur & Kobiljak, P.C. |
| Anna Kathryn Barnes, Bar No. 1719493 (*motion for admission pending*) | Attorneys for Defendant Oath Keepers, Only |
| Attorneys for Plaintiffs | 2915 Biddle Street |
| NAACP Office of General Counsel | Suite 200 |
| 4805 Mount Hope Drive | Wyandotte, MI 48192 |
| Baltimore, MD 21215 | (734) 281-7100 |
| (410) 580-5777 | Kmorgan@pck-law.com |
| jlouard@naacpnet.org | |
| aashton@naacpnet.org | |
| abarnes@naacpnet.org | |

Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
  (*motion foradmission pending*)
Attorneys for Plaintiffs
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, EastTower
Washington, DC 20005
(202) 408-4600
FAX: (202) 408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com

_____/

## DEFENDANT OATH KEEPERS REPLY
## TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

Defendant Oath Keepers filed a Motion to Dismiss for lack of standing under Federal Rules of Civil Procedure12(b)(1), and for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure12(b)(6). Plaintiffs filed an Omnibus Response pursuant to leave of the Court.  For its Reply, Defendant states as follows.

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES……………………………………………………………………..iv

LEGAL ARGUMENT…………………………………………………………………………….1

I.     PLAINTIFFS FAILED TO SUBSTANTIVELY RESPOND TO OATH KEEPER'S ARGUMENT REGARDING ARTICLE II, § 1 AND THE TWELFTH AMENDMENT……………………………………………………………………........1

II.    A CLAIM UNDER 42 U.S.C. § 1985(1) PROTECTS FROM HARM AGAINST INSTITUTIONAL OFFICIAL ACTS, NOT INDIVIDUAL INJURY…………………..3

III.   THE AMENDED COMPLAINT ADMITS THAT THE CONGRESSIONAL SESSION WAS TIMELY INITIATED, ADJOURNED BY CONGRESS NOT DEFENDANT, AND THE ELECTORAL VOTE WAS COMPLETED………………………………..…….....................................................8

IV.    THE EXERCISE OF DEFENDANT'S FIRST AMENDMENT RIGHTS BAR PLAINTIFFS' COMPLAINT BECAUSE PLAINTIFFS FAIL TO ALLEGE A CONSPIRATORIAL "THREAT" TO INJURE ANY PLAINTIFF………………........13
.
CONCLUSION…………………………………………………………………………………..15

CERTIFICATE OF SERVICE…………………………………………………………………..15

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE #**

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009)……………………………………………………………….7

*Barber v. D.C. Gov't,*
    394 F. Supp. 3d 49, 66 (D.D.C. 2019) )…………………………………………………..8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 555 (2007)……………………………………………………………….7

*Black Lives Matter D.C. v. Trump*,
    No. 20-CV-1469 (DLF), 2021 WL 2530722, at *12 (D.D.C. June 21, 2021) )……….…..8

*Citizens for Responsibility & Ethics in Washington v Cheney*,
    593 F Supp 2d 194, 229 (DDC, 2009)……………………………………………………3

*Fox v. Am. Airlines, Inc.,*
    295 F.Supp.2d 56, 58 (D.D.C. 2003)…………………………………………………...3

*Halberstam v. Welch*,
    705 F.2d 472, 486 (D.C. Cir. 1983) )…………………………………………………...7

*Lagayan v. Odeh*,
    199 F. Supp. 3d 21, 26 (D.D.C. 2016)……………………………………………………7

*Levine v. Nat'l R.R. Passenger Corp.*,
    80 F. Supp. 3d 29, 40 (D.D.C. 2015)…………………………………………………...5

*Nanko Shipping, USA v. Alcoa, Inc.,*
    107 F. Supp. 3d 174, 182 (D.D.C. 2015),
    rev'd and remanded on other grounds, 850 F.3d 461 (D.C. Cir. 2017)…………………..6

*Raines v. Byrd*,
    521 U.S. 811 (1997)……………………………………………………………………4

*Sickle v. Torres Advanced Enter. Sols., LLC,*
    884 F.3d 338, 345 (D.C. Cir. 2018)……………………………………………………7

*Ziglar v. Abbasi*,
    ⸺ U.S. ⸺, 137 S. Ct. 1843, 1859, 198 L.Ed.2d 290 (2017) )………………….…..8

**LEGAL ARGUMENT**

I. **PLAINTIFFS FAILED TO SUBSTANTIVELY RESPOND TO OATH KEEPER'S ARGUMENT REGARDING ARTICLE II, § 1 AND THE TWELFTH AMENDMENT.**

Plaintiffs' amended complaint only alludes to two federal constitutional "rights" to support its claimed violation of 42 USC 1985 — Article II, section 1 and the 12th Amendment. Defendant's motion argued that nothing in these amendments, as a matter of their text or law, has any relationship or imposes any duty upon any Plaintiff suing in an individual capacity or on behalf of the House as an Institution. (Oath Keepers Brief, ECF Dckt 20, pp. 17-27).

Neither Article II, § 1 of the Constitution nor the Twelfth Amendment bestow any individual duty on the Plaintiffs to be present during the certification of electoral votes. It does not even refer to "Members" or persons. The plain text shows that presence is an institutional one, not a right conferred to any single Member of the House or Senate and certainly not a duty conferred in his or her "individual" capacity.

Moreover, the text of these Constitutional provisions provides no authority to act or vote in any individual or personal capacity, or do anything in connection with counting the electoral vote. Though Plaintiffs spend a great number of paragraphs and pages describing the alleged conspiracy in great detail, all of this falls far short of establishing a cause of action if they can point to no constitutional violation to support a 42 U.S.C. § 1985(1) claim that attaches to them as individual persons.

In their response, Plaintiffs never addressed or responded to the Defendant's Article II, section 1 argument. Regarding the Twelfth Amendment argument, Plaintiffs' entire brief merely states that the language of the Twelfth Amendment—that "The President of the Senate shall, in the presence of the Senate and House of Representatives, open all the certificates and the votes

shall then be counted" actually means that Members of the House of Representatives "had a duty to be "presen[t]" when the votes were counted. Plaintiffs also contend that each individual Member had a duty by this Amendment to be present. (Plaintiffs' Br., ECF Dckt 29, pp. 42-43). Yet, Plaintiffs allege the opposite—that "not all of the Defendants in this action were physically present at the Capitol." (ECF Dckt 11-1, para. 7).

Defendant replies that as a matter of law the literal text of the Twelfth Amendment imposes a duty only upon the President of the Senate and no other person or entity. Its text cannot be stretched to mean that: "The President of the Senate shall, in the presence of the Senate and House of Representatives who are required by this Amendment to be present, open all the certificates and the votes shall then be counted."

The text imposes no duty to be present. It imposes no duty to count anything. It imposes no duty to attend. Indeed, Plaintiffs allege that "not all of the Defendants in this action were physically present at the Capitol." (ECF Dckt 11-1, para. 7). If the text did impose such a duty upon each individual member, by Plaintiffs' logic, then any member not attending would be in violation of the Constitution. This construction would make Art 1, sect 5's requirement incoherent. It states: "Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members, and a Majority of each shall constitute a Quorum to do Business; but a smaller Number may adjourn from day to day, and may be authorized to compel the Attendance of absent Members, in such Manner, and under such Penalties as each House may provide."[1]

The Constitution presupposes member will *not* be in attendance. It is a practical document. It, therefore, sets quorum requirements and provides a mechanism to compel attendance. Thus, attendance to observe the counting of the electoral votes, which Plaintiffs allege were interfered

---

[1] U.S. Const., Art. 1. Sec. 5.

2

with by the actions of the Defendants, Oath Keepers, is not a constitutional requirement as the House can compel attendance under its rules, a situation not even alleged here. The existence of a quorum requirement suggests that attendance is simply not a requirement and certainly not a duty.[2] This clause makes Plaintiffs' construction of the Amendment that every Member had a duty to be present, legally unfounded.

Merely citing to any constitutional provision as support for a section 1985 claim does not state a claim. The provision cited must have application both textually and legally. Citing to the Twelfth Amendment as Plaintiffs do, meets neither of these standards. No factual development can ever make the constitutional provision mean what the Plaintiffs' claim.

Plaintiffs have failed to respond to the Defendant's argument under Article II, § 1. Given Plaintiffs failure to respond to this argument, it is well established in this District that the failure to respond to an argument in a motion to dismiss constitutes a concession. Citizens for Responsibility & Ethics in Washington v Cheney, 593 F Supp 2d 194, 229 (DDC, 2009) (citing Fox v. Am. Airlines, Inc., 295 F.Supp.2d 56, 58 (D.D.C. 2003)). So too the same result should apply to the Twelfth Amendment as its response is non-substantive.

## II.    A CLAIM UNDER 42 U.S.C. § 1985(1) PROTECTS FROM HARM AGAINST INSTITUTIONAL OFFICIAL ACTS, NOT INDIVIDUAL INJURY.

The Plaintiffs also argue that they had standing to be present during the count. Yet, this is an "institutional," not an individual recognition. Looking to the allegations in Plaintiffs' amended complaint, the sole claim under 42 U.S.C. § 1985(1), alleges that the Defendant's actions were ". . . for the purpose of seeking to prevent each of the Plaintiffs . . . from *certifying* that former Vice

---

[2] For instance, Plaintiff Waters missed 7.6% of votes (100 of 1,311 votes) in the 114th Congress. See https://www.govtrack.us/congress/members/maxine_waters/400422/report-card/2016-

3

President Biden won the presidential election." (Amended Compl., ECF Dckt 11-1, at ¶ 264). Plaintiffs' § 1985 claim is further based upon allegations that as a result of the Defendant's actions "Plaintiffs [were] hindered and impeded in the discharge of his or her *official duties* and suffered the deprivation of the right to be free from intimidation. . ." (ECF Dckt 11-1, at ¶ 265). The Plaintiffs cannot overcome their lack of standing to bring suit in their *personal and individual capacities* to assert claims, and redress allegations of interference with alleged duties arising exclusively in their *official* capacity.

Although Plaintiffs allege they suffered various, albeit vague and speculative personal injuries, the amended complaint and Plaintiffs' response to the Motion to Dismiss focuses solely on allegations of personalized or individual damages outside the scope of their official capacities. (See Plaintiffs' Response to Motion to Dismiss, ECF Dckt 29, Page 33 ("… freedom from bodily and psychological harm are "private rights" that belong to Plaintiffs *regardless* of their status as members of Congress. . .")).

In support, Plaintiffs rely on <u>Raines v. Byrd</u>, 521 U.S. 811 (1997) for the position that they can assert a violation of 42 U.S.C. § 1985(1) for redress injuries not related to whether or not they were prevented from being "present" to witness the certification of the election, but to injuries of their persons in their personal capacities. <u>Raines</u> does not stand for Plaintiffs' position. Rather, <u>Raines</u> stressed that with regard to standing, a plaintiff must establish that he or she has a "personal stake" in the dispute *and* that any alleged injury is *particularized* to the plaintiff. <u>Raines</u>, 521 U.S. at 819.

As previously briefed by the Defendant, none of the Plaintiffs have a *personal stake* in the outcome of the certification of the election results, let alone their ability to be present during the count. The Certification relates to the Executive Branch and who shall be the President and Vice

4

President. It has nothing to do with the legislature. Plaintiffs have no personal stake in any capacity regarding the certification results. The stake is an institutional one in the House.

Even Plaintiffs' allegations of individual injury have no constitutional basis. The Constitution establishes no right of a plaintiff in his or her personal capacity to participate in, or observe the President of the Senate as he performs his obligations under law. Moreover, it establishes no right of the Plaintiffs as individuals to participate in or observe the President of the Senate as he performs his obligations under law. For the reasons stated in Raines, Plaintiffs here lack standing because they have no personal stake in this dispute. They have no personal stake in vindicating a claim to sue in their personal capacity.

Merely alleging personal damages cannot carry the day when no constitutional violation is alleged that, as a matter of its text and as a matter of law, has no support for any individual duty. In other words, standing is not established by simply pleading individual damages where Plaintiffs fail to also allege a textually based Constitutional violation.

In response, Plaintiffs also cite Levine v. Nat'l R.R. Passenger Corp., 80 F. Supp. 3d 29, 40 (D.D.C. 2015) for the proposition that Plaintiffs can "establish an Article III injury in fact based on emotional harm if that alleged harm stems from the infringement of some legally protected or judicially cognizable interest that is either recognized at common law or specifically recognized as such by the Congress." Plaintiffs further state that they "are not seeking damages for an impaired ability to certify the results of the election. Instead, they are seeking damages for injuries to their own bodies and minds, and they unquestionably have standing to recover for those personal injuries." (Plaintiffs' Br., ECF Dckt 29, pp. 31 & 33).

But, looking at Plaintiffs' amended complaint tells a different story. As already noted, the sole claim under 42 U.S.C. § 1985(1), alleges that the Defendant's actions were ". . . for the

purpose of seeking to prevent each of the Plaintiffs . . . from certifying that former Vice President Biden won the presidential election." (Amended Compl., ECF Dckt 11-1, at ¶ 264). Plaintiffs' § 1985 claim is further based upon allegations that as a result of the Defendant's actions "Plaintiffs [were] hindered and impeded in the discharge of his or her official duties and suffered the deprivation of the right to be free from intimidation. . ." (Amended Compl., ECF Dckt 11-1, at ¶ 265).

Plaintiffs appear to have abandoned the only cause of action stated in their own amended complaint. Plaintiffs cannot have it both ways. By saying Plaintiffs "are seeking damages for injuries to their own bodies and minds" they try to down play the capacity in which they alleged such damages were incurred. They have abandoned the claim that these damages were incurred as a result of offenses against the institutional House. They have abandoned their claim that these damages occurred because of some violation or interference with a constitutional duty they allegedly enjoyed as a Member of the House. They are left with the claim that they, as *individuals*, were impaired in their duty which is somehow an individual duty unrelated to their election to membership in the House. Whatever common law tort claim may be lurking behind the scenes, it has not been plead. The Plaintiffs singular focus on damages, individually at that, cannot state a claim if the underlying allegation of a Constitutional violation is exclusively tied to an official position or capacity.

Recall that 42 U.S.C. § 1985 does not create any substantive rights, but only permits cause of action to sue for conspiracy to violate a federal right. Nanko Shipping, USA v. Alcoa, Inc., 107 F. Supp. 3d 174, 182 (D.D.C. 2015), rev'd and remanded on other grounds, 850 F.3d 461 (D.C. Cir. 2017). Only in paragraph 261 after quoting the statute do the Plaintiffs then allege: "261. Defendants Trump, Giuliani, Proud Boys and Oath Keepers plotted, coordinated, and executed a

common plan to prevent Congress from discharging its official duties in certifying the results of the presidential election." This allegation is not individualized. Moreover, it is merely conclusory and identified no duty nor a duty constitutionally imposed. It identifies no duty upon any Plaintiff in their personal capacity. The Plaintiffs have not plead the essential elements of the statute except in a conclusory manner.

A complaint's "mere conclusory statements" need not be accepted as true, nor its statements of law, including "[t]hreadbare recitals of the elements of a cause of action," supported by nothing more. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Lagayan v. Odeh, 199 F. Supp. 3d 21, 26 (D.D.C. 2016). Likewise, a court need not accept a plaintiff's legal conclusions, even if they are dressed up as factual allegations. See Sickle v. Torres Advanced Enter. Sols., LLC, 884 F.3d 338, 345 (D.C. Cir. 2018).

Moreover, the complaint's allegation that Defendants' "plotted, coordinated, and executed a common plan" fall woefully short in alleging an agreement. The D.C. Circuit has instructed that "[t]he circumstances of the wrongdoing generally dictate what evidence is relevant or available in deciding whether an agreement exists." Halberstam v. Welch, 705 F.2d 472, 486 (D.C. Cir. 1983). Here, the nexus between the President's speech, and alleged texting and communications back and forth outside the capital, generate "obvious alternative explanation[s]," Iqbal, 556 U.S. at 682, 129 S.Ct. 1937 (internal quotation marks omitted) for the Defendants' communications and activities, other than having formed an agreement to violate the plaintiffs' civil rights.

In the circumstances of this case, then, the Plaintiffs' allegations concerning the Defendants' proximity to each other and parallel activities alone cannot justify inferring "an agreement or meeting of the minds amongst the defendants to violate [the plaintiffs'] rights based on [their] membership" in Defendant's organization. Barber v. D.C. Gov't, 394 F. Supp. 3d 49, 66

7

(D.D.C. 2019) (internal quotation marks omitted). See also Black Lives Matter D.C. v. Trump, No. 20-CV-1469 (DLF), 2021 WL 2530722, at *13 (D.D.C. June 21, 2021) (dismissing 1985(3) conspiracy claim where obvious alternate explanation of Defendants' communications existed). So too in the instant case, merely alleging that the Defendants communicated, without alleging any meaningful details of those communications that suggest a conspiracy, is not enough. There is simply no "meeting of the minds" alleged.[3]

### III. THE AMENDED COMPLAINT ADMITS THAT THE CONGRESSIONAL SESSION WAS TIMELY INITIATED, ADJOURNED BY CONGRESS NOT DEFENDANT, AND THE ELECTORAL VOTE WAS COMPLETED.

The amended complaint alleges that Plaintiffs had a duty "to preside over, and approve, the count of the Electoral College." They plead with equal candor that the votes "ultimately confirmed that Defendant Trump's opponent was elected the next President of the United States." (ECF Dckt 11-1, para. 7). Thus, Plaintiffs admit in their amended complaint that the duty to preside over and approve the final vote took place. They admit *all* Plaintiffs were present at 1:00 pm on January 6, 2021 in the House Chambers. (ECF Dckt 11-1, paras. 152, 166, 174, 180, 190, 212, 220, 230, 235, 243, and 251). The complaint also alleges that Plaintiffs were *able and did vote and*

---

[3] Dismissing a 42 USC 1985(3) claim, the Court held that the Plaintiffs' allegations, taken as true, do not show sufficient "events, conversations, or documents indicating an agreement or meeting of the minds' amongst the defendants to violate [plaintiffs'] rights based on [their] membership in a protected class." Barber v. D.C. Gov't, 394 F. Supp. 3d 49, 66 (D.D.C. 2019) (alteration and internal quotation marks omitted). Rather, they demonstrate only that these officials were communicating with each other on June 1, prior to and after the clearing of Lafayette Square. Merely alleging that the defendant officials communicated, without alleging any details of those communications that suggest an unlawful agreement, cannot justify inferring the requisite agreement for a § 1985(3) conspiracy. Cf. Abbasi, 137 S. Ct. at 1868 [Ziglar v. Abbasi, —— U.S. ——, 137 S. Ct. 1843, 1859, 198 L.Ed.2d 290 (2017)] (suggesting, but not deciding, that "officials employed by the same governmental department do not conspire when they speak to one another and work together in their official capacities"). Black Lives Matter D.C. v. Trump, No. 20-CV-1469 (DLF), 2021 WL 2530722, at *12 (D.D.C. June 21, 2021).

*that the vote was completed*. The allegations therefore, are merely that the proceeding was delayed *not prevented*. (ECF Dckt 11-1, para. 1, 11, 138).

Plaintiffs also admit in their allegations that the cause of the delay was due to a recess occasioned by other members of the House, *not* the Defendants. Representative Jerrold Nadler alleged that the Joint Session was in recess after "an objection was made to the counting of the certified Electoral College ballots." He then went to his office in Rayburn to wait until the joint session of Congress was reconvened.[4] Plaintiffs object to Defendant's characterization of this allegation in the Defendant's Motion. (ECF Dckt 29, at page 28, fn. 4). It is never alleged that any Plaintiff made an objection on the floor of the House to the counting or that the Defendants were the cause of this objection. Representative Waters also "left the Gallery to walk to her office in Rayburn and wait for the joint session to reconvene" before any conduct of Defendants was alleged. (ECF Dckt 11-1, para. 244).

It is clear from these allegations that the Joint Session stood in recess by its own action independent of any alleged conduct by Defendants. The amended complaint also alleges members returned to the House Chamber when the proceedings resumed and some remained there until about 3:00 or 3:30 a.m., upon which the vote was completed. (ECF Dckt 11-1, para. 186). For instance, the amended complaint alleges that Rep. Jayapal returned directly to the House Chamber at 8:00 p.m. and remained there until approximately 3:30 a.m. on January 7, 2021, "when the voting concluded that ratified the results of the Electoral College balloting." (ECF Dckt 11-1, para. 205; see also para 218, 236, 248 to the same effect).

---

[4] "239. Shortly after an objection was made to the counting of the certified Electoral College ballots from Arizona, Rep. Nadler went to his office in Rayburn to wait until the joint session of Congress was reconvened." ECF Dckt 11-1, para. 239.

Plaintiffs therefore do not state a cause of action for anything other than a delay in the vote. Their own amended complaint admits, the Plaintiffs were present, in attendance at the statutorily mandated time of 1:00 p.m., were out of session due to an internal objection to the counting, reconvened after a delay, voted to approve the results, and certified the election of the President and Vice President.

Under 42 U.S.C. § 1985(1), the Plaintiffs must allege, among other things in relevant part, that two or more persons conspired to injure Plaintiffs in in their person on account of the lawful discharge of the duties of Plaintiffs' office, or while engaged in the lawful discharge thereof. Based on the four corners of the amended complaint, the Plaintiffs fail to state a claim. Assuming *arguendo,* that Plaintiffs had a duty to certify the Electoral College in their individual capacity, the amended complaint admits that they met timely and eventually certified the election.

Plaintiffs may respond that they were injured while engaging in the lawful discharge of their duty to certify because of the delay. But, that is not the pleading standard. The Plaintiffs must allege that two or more persons conspired to injure Plaintiffs in their person while engaged in the lawful discharge thereof. The complaint fails to meet this standard. It alleges that Defendants conspired only to stop the vote, not to injure the Plaintiffs.[5]

---

[5] Plaintiffs allege the "[d]efendants conspired to incite an assembled crowd to march upon and enter the Capitol of the United States for the common purpose of disrupting, by the use of force, intimidation, and threat, the approval by Congress of the count of votes cast by members of the Electoral College as required by Article II, Section 1 and the Twelfth Amendment of the United States Constitution. In doing so, the Defendants each intended to prevent, and ultimately delayed, members of Congress from convening and discharging their duty commanded by the United States Constitution to approve the results of the Electoral College in order to elect the next President and Vice President of the United States." ECF Dckt 11-1, para. 1. See also para 3. "Defendants Trump, Giuliani, Proud Boys and Oath Keepers plotted, coordinated, and executed a common plan to prevent Congress from discharging its official duties in certifying the results of the presidential election." (ECF Dckt 11-1, para. 261).

In other words, the amended complaint alleges Plaintiffs were injured by Defendant's conduct. (ECF Dckt 11-1, para. 151 *et. seq.*). But that is not the pleading standard either. The complaint does not bother to allege Defendants *conspired to injure* Plaintiffs. That is what the complaint must allege, and it does not. It fails to allege a crucial element of a claim under 42 U.S.C. § 1985(1).

As matter of fact, the amended complaint only references the statute five times. (ECF Dckt 11-1, paras. 2, 260, and Prayer for relief). The one and only time that Plaintiffs actually articulate how the Defendants violated any specific section of the statute is in paragraphs 261 and 262. In paragraph 261, Plaintiffs allege: "Defendants Trump, Giuliani, Proud Boys and Oath Keepers plotted, coordinated, and executed a common plan to prevent Congress from discharging its official duties in certifying the results of the presidential election."  This is not an allegation that two or more persons conspired to *injure* Plaintiffs in in their person on account of the lawful discharge of the duties of Plaintiffs' office, or while engaged in the lawful discharge thereof.

Nor is the allegation in paragraph 262 of help, which states: "In furtherance of this conspiracy, Defendants Trump and Giuliani engaged in a concerted campaign to misinform their supporters and the public, encouraging and promoting force, intimidation and threats in furtherance of their common plan to promote the re-election of Defendant Trump, even after the states had certified election results decisively showing he lost the election, and to disrupt the legally required process before Congress to supervise the counting of the Electoral College ballots and certify the results of that count." This is not an allegation that two or more persons conspired to injure Plaintiffs in their person on account of the lawful discharge of the duties of Plaintiffs' office, or while engaged in the lawful discharge thereof.

Beyond that, Plaintiffs allegations of any specific section 1985 violations are non-existent. Defendants have to guess which part or clause of the statute they are being accused of violating. Defendant's Motion addressed the various possible options. (ECF Dckt 20, pp. 17). Plaintiffs' Response merely describes three types of claims under section 1985 without application to specific allegations in its complaint. (ECF Dckt 29, p. 33). They argue that "Consistent with this statutory language, each Plaintiff has asserted that she or he was "injured in [her or] his person," as a result of Defendants' conspiracy. More specifically, all Plaintiffs have alleged either physical injuries or mental suffering from the deadly attack on the Capitol." Id.

This is all well and good, but arguing that Plaintiffs were injured as a result of a conspiracy is far different than failing to allege Defendants conspired to injure them. Section 1985 requires such an allegation not a declaration of consequence. The only declaration made by Plaintiffs concerning the conspiracy is to delay and deny the electoral vote. This is not enough to state a claim under section 1985.

Nor does Plaintiffs' argument that it has established the elements of a "conspiratorial agreement" help. (ECF Dckt 29, p. 45). The same holds true for Plaintiffs' footnote 21. "Because Plaintiffs have alleged that overt acts in furtherance of the conspiracy caused them injury, they are entitled to relief, even if the conspirators did not ultimately prevent the certification of the election results." ECF Dckt 29, p. 62, fn. 21. In both instances, Plaintiffs again argue that they were injured as a result of a conspiracy—the conspiracy caused them an injury. Again, this misses the point.

It is not the presence or cause of injury which is needed to state a claim. A section 1985(1) claim must alleges a *conspiracy to injure.* The amended complaint does not state a claim because it does not allege Defendants *conspired to injure them*. In any case, the allegations made are simply conclusory and insufficient to survive a Rule 12 challenge.

## IV. THE EXERCISE OF DEFENDANT'S FIRST AMENDED RIGHTS BAR PLAINTIFFS' COMPLAINT BECAUSE PLAINTIFFS FAIL TO ALLEGE A CONSPIRATORIAL "THREAT" TO INJURE ANY PLAINTIFF.

Plaintiffs allege that Defendants' speech and conduct is not protected by the First Amendment's speech and petition clause. They deny that it is protected under either the free speech or the right to petition the government for a redress of grievances. They argue that "Defendants' conduct is not protected by the First Amendment for at least two independent reasons. First, each Defendant affirmatively joined and contributed to an unlawful conspiracy. Second, Defendants incited violence with their words and actions." (ECF Dckt 29, p. 63).

Specifically responding to the Oath Keepers argument in its Motion, Plaintiffs state:

> The Oath Keepers' First Amendment argument boils down to a contention that the crowd gathered at the Capitol had the right to peaceably assemble for the purpose of petitioning the United States government in connection with the election. Oath Keepers Br. 29-30. Of course, that is not what occurred that day. Nor is it the basis of this lawsuit. Had the Oath Keepers (and the other Defendants) been involved only in a peaceful protest outside the Capitol, there would be no case here. This case is about a conspiracy to prevent Plaintiffs from fulfilling their constitutional duties to count Electoral College votes by means of force, intimidation, or threats, which is not protected by the First Amendment.

(ECF Dckt 29, pp. 66-67). This is the same argument as stated above—"This case is about a conspiracy to prevent Plaintiffs from fulfilling their constitutional duties to count Electoral College votes by means of force, intimidation, or threats." But, is there any allegation that the Defendants conspired to "threaten" to injure any Plaintiff? No, none. Whatever was threatened, it was not a threat to injure. Plaintiffs Response has retreated from its claim that the amended complaint is all about the Electoral College vote. They now characterize their complaint as one for injury to themselves. ECF Dckt 29, p. 62, fn. 21

A conspiratorial threat to injure is an essential element of a section 1985 action: if two or more persons conspire "to injure him in his person or property on account of his lawful discharge

13

of the duties of his office . . . ." Though Plaintiffs have alleged that they were *caused* injury, a section 1985(1) claim must allege a conspiracy to injure or a conspiratorial *threat to injure* in order to place it outside of First Amendment protections. The amended complaint does not state either such claim because it does not allege Defendants either conspired or "threatened" to conspire to injure Plaintiffs.

Moreover, a careful review of the amended complaint's allegations against Oath Keepers finds only speculative and conclusory allegations concerning any nexus between Plaintiffs' injuries and Defendant's conduct. Defendant noted in its Motion that Plaintiffs specifically identified Oath Keepers by name 13 times. Defendant analyzed each such paragraph. (ECF Dckt 20, pp. 23-29). Each of the paragraph allegations are speculative and conclusory, lack sufficient facts to causally tie Plaintiffs' alleged injuries to Defendant, nor entitle Plaintiffs to relief. They fail to even allege that any person at Oath Keepers with corporate authority directed any Oath Keeper member to do this or that.

Taking the complaint in a light most favorable to the nonmoving party the utterances attributed to unknown persons purportedly acting by or on behalf of a corporation constitutes protected speech alone. There is no allegation that Defendant Oath Keepers Corporation authorized or directed any person to engage in violence or enter the Capitol itself.

## CONCLUSION

For the reasons stated herein, Defendant Oath Keepers prays that this court dismiss the Plaintiffs' complaint for lack of standing, failure to state a claim upon which relief can be granted, and because it is contrary to First Amendment guarantees.

Dated: July 19, 2021.

/s/ Kerry Lee Morgan
Kerry Lee Morgan, 424566
Pentiuk, Couvreur & Kobiljak, P.C.
Attorneys for Defendant Oath Keepers, Only
2915 Biddle Street, Suite 200
Wyandotte, MI 48192
(734) 281-7100
Kmorgan@pck-law.com

## CERTIFICATE OF SERVICE

On July 19, 2021, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notification of such electronic filing to all counsel of record registered electronically.

/s/ Kerry Lee Morgan
Kerry Lee Morgan, 424566
Pentiuk, Couvreur & Kobiljak, P.C.
Attorneys for Defendant Oath Keepers, Only