IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BENNIE G. THOMPSON, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DONALD J. TRUMP, *et al.* ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:21-CV-00400-APM <br><br> JURY TRIAL REQUESTED |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS WARBOYS LLC AND ENRIQUE TARRIO**

Plaintiffs, though undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and 55, move this Court for a default judgment against Defendants Warboys LLC and Enrique Tarrio for their failure to timely respond to the amended complaint in this matter. In support of this motion, Plaintiffs state as follows:

Plaintiff Bennie G. Thompson filed this lawsuit on February 16, 2021, naming as Defendants Donald J. Trump, Rudolph W. Giuliani, Oath Keepers, and Proud Boys International, L.L.C. ECF No. 1. Defendant Rudolph W. Giuliani agreed to waive service of the summons and complaint, ECF No. 5, and Defendants Donald J. Trump and Oath Keepers were served with the summons and complaint. ECF Nos. 6 and 7.

Plaintiff Bennie G. Thompson and ten new Plaintiffs filed an amended complaint on April 7, 2021. ECF. No. 11-1. In the amended complaint, Plaintiffs notified the Court that Defendant Proud Boys International, L.L.C. was dissolved on February 10, 2021, six days before the original complaint was filed. *Id.* at ¶ 24. Plaintiffs named as a new, additional Defendant

Warboys LLC, which operated in conjunction with Proud Boys International, L.L.C., through its leadership, Proud Boys Chairman Enrique Tarrio and Warboys managers Joseph R. Biggs and Ethan Nordean, all three of whom Plaintiffs allege as having direct responsibility for coordinating the Proud Boys organization in the leadup to and during the assault on the Capitol on January 6, 2021. *Id*. at ¶¶ 25, 30, 64, 94, 99, 110. Plaintiffs also named Defendant Enrique Tarrio as a Defendant. *Id*. at ¶ 26.

Defendants Donald J. Trump, Rudolph W. Giuliani, and Oath Keepers filed separate motions to dismiss the amended complaint on May 26, 2021. ECF Nos. 20, 21, and 22. These motions have been fully briefed by the Parties and are pending before the Court. ECF Nos. 29, 38, 42, and 43.

Defendants Warboys LLC and Enrique Tarrio have each been served with the amended complaint and summons multiple times. Warboys was served in person through its manager Ethan Nordean on April 19, 2021. ECF No. 14. Warboys was served by certified mail, return receipt requested, to its registered agent Joseph R. Biggs on April 19, 2021. ECF No. 16. Warboys was served in person through its registered agent Enrique Tarrio on May 1, 2021. ECF No. 19. Enrique Tarrio was served by certified mail, return receipt requested, on April 19, 2021. ECF No. 17. Enrique Tarrio was also served in person on May 1, 2021. ECF No. 18.

Under the Federal Rules of Civil Procedure, Defendants Warboys LLC and Enrique Tarrio were required to serve their responses within 21 days of service of the amended complaint, which in this case was no later than May 24, 2021. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendants Warboys LLC and Enrique Tarrio have failed to file any response or seek leave for additional time to do so.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Plaintiff filed requests for default judgment and supporting affidavits on September 20, 2021.  ECF Nos. 44, 45, and 46.  The Clerk of the Court filed an Entry of Default against Warboys LLC and Enrique Tarrio on September 22, 2021.  ECF No. 47.

Where, as here, the complaint does not allege damages in an amount certain, the moving party must apply to the Court directly for a default judgment.  Fed. R. Civ. P. 55(b)(2).  Therefore, Plaintiffs hereby move this Court for a default judgment against Defendants Warboys LLC and Enrique Tarrio for their failure to timely respond to the summons and amended complaint in this matter.

However, Plaintiffs also recognize that the other Defendants in this case timely responded to the complaint.  Because all Defendants in the case may be held jointly and severally liable for damages alleged by Plaintiffs, the Court may stay any determination of damages owed by the defaulting Defendants until Plaintiffs' claims against all Defendants are resolved.  *See*, *e.g.*, *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the non-defaulters is resolved.  This is not because the non-defaulters would be bound by the damage determination against the defaulters, but to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable

defendants.") (citing *In re Uranium Antitrust Litigation,* 617 F.2d 1248, 1261–62 (7th Cir.1980)).

For the foregoing reasons, Plaintiffs respectfully request that this motion be granted, and that the Court enter a default judgment against Defendants Warboys LLC and Enrique Tarrio. Plaintiffs also request a stay of the determination of damages owed by the defaulting Defendants until such time as Plaintiffs can present evidence of the damages owed to them by the defaulting Defendants and the non-defaulting Defendants who are jointly and severally liable. In the event the non-defaulting Defendants' motions to dismiss are granted, Plaintiffs will move for an award of damages for a sum certain against the defaulting Defendants. If the Court denies one or more of Defendants' motions to dismiss, Plaintiffs seek to postpone adjudication on damages until such time as Plaintiffs have had an opportunity to present evidence of the harm for which they are entitled to relief for a sum certain. A proposed order is filed concurrently with this motion.

Dated: October 29, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Janette McCarthy-Wallace* | */s/ Joseph M. Sellers* |
| Janette McCarthy-Wallace (*pro hac vice* motion pending) | Joseph M. Sellers, Bar No. 318410 |
| Anthony P. Ashton, Bar No. MD25220 | Brian Corman, Bar No. 1008635 |
| Anna Kathryn Barnes, Bar No. 1719493 | Alison S. Deich, Bar No. 1572878 |
| NAACP | COHEN MILSTEIN SELLERS & TOLL PLLC |
| Office of General Counsel | 1100 New York Avenue, N.W. Fifth Floor |
| 4805 Mount Hope Drive | Washington, DC 20005 |
| Baltimore, MD 21215 | Telephone: (202) 408-4600 |
| Telephone: (410) 580-5777 | Facsimile: (202) 408-4699 |
| jlouard@naacpnet.org | jsellers@cohenmilstein.com |
| aashton@naacpnet.org | bcorman@cohenmilstein.com |
| | adeich@cohenmilstein.com |

Robert B. McDuff (admitted pro hac vice)
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
601-259-8484
rbm@mcdufflaw.com

CERTIFICATE OF SERVICE

I certify that on October 29, 2021, a copy of the foregoing was filed with the Clerk using the Court's CM/ECF system, which will send a copy to all counsel of record.

<u>Joseph M. Sellers</u>
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Fifth Floor  Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
jsellers@cohenmilstein.com