**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BENNIE G. THOMPSON,
*in his personal capacity*,

and

KAREN R. BASS, *in her personal capacity*,

and

STEPHEN I. COHEN, *in his personal capacity*,

and

VERONICA ESCOBAR, *in her personal capacity*,

And

PRAMILA JAYAPAL, *in her personal capacity*,

and

HENRY C. JOHNSON, Jr.,
*in his personal capacity*,

and

MARCIA C. KAPTUR, *in her personal capacity*,

and

BARBARA J. LEE,  *in her personal capacity*,

and

JERROLD NADLER, *in his personal capacity*,

and

MAXINE WATERS, *in her personal capacity*,

and

Civil Action No. 1:21-cv-00400-APM

*responding to the*
**AMENDED COMPLAINT**

PLAINTIFFS HAVE
REQUESTED JURY TRIAL

BONNIE M. WATSON COLEMAN,
*in her personal capacity*,

                              Plaintiffs,

        v.

DONALD J. TRUMP,
"*solely in his personal capacity*"[1]

                and

RUDOLPH W. GIULIANI,

                and

OATH KEEPERS,

                and

PROUD BOYS INTERNATIONAL, L.L.C.,
*A limited liability company under the laws of Texas*

                and

WARBOYS, L.L.C.,
*A limited liability company under the laws of Florida*

                and

ENRIQUE TARRIO

                              Defendants.

## DEFENDANT OATH KEEPER'S  MOTION TO CLARIFY OR MODIFY ORDER ON SCHEDULED ARGUMENT FOR MOTIONS TO DISMISS WITH INCLUDED MEMORANDUM OF LAW

        Comes now the Defendant OATH KEEPERS Inc., and hereby moves the Court to update,

clarify, and/or modify its Order of January 5, 2021, at ECF Dkt. # 52, as follows:

---

[1]        Protocol requires that a current or former elected official be identified with the highest elected office they have held now or in the past.  However, since this would require for any former President calling them by the honorific of President, but this would create hysteria of paranoia, and the Plaintiffs claim to be suing and suing from their individual capacities, it is more circumspect to use official titles for none of the parties.

1)      Counsel enters his appearance not to interfere with the existing posture of this case or the scheduled hearings or timetable, but to try to help avoid any problems with those.

2)      Counsel is not sure, even after reviewing the court file on PACER, whether or not the presiding judge intends to include consideration of the Oath Keeper's Motion to Dismiss in the hearing scheduled for January 10, 2022, and does not intend to press the scheduling of their motion out of the proper timing.

3)      However, because counsel cannot readily discern those plans, an abundance of caution calls for some bridge over the situation.

4)      The Court's January 5, 2022, Order suggests in context that the presiding judge is aware of the withdrawal of counsel for the OATH KEEPERS, previously entered, but has decided to proceed with various Motions to Dismiss by various Defendants.

5)      Normally, the obvious action would be to postpone the hearing, but there are too many other parties affected and the Court might not choose that solution.

6)      Thus, it may be that the Honorable Amit Mehta is not expecting to take up the Motion to Dismiss of the OATH KEEPERS, Inc. at this time, even though it substantially overlaps with other Defendants' Motions to Dismiss.

7)      Counsel notes that Judge Mehta ordered a very precise and detailed schedule of argument for January 10, 2022, and with many parties affected, counsel here is not seeking to disrupt the Court's plans, but to protect them and the Oath Keeper's rights in the best possible compromise and approach.

8)      If the Court intends to take up the Oath Keeper's Motion to Dismiss at another time, they do not object.

9)      Primarily, the Oath Keepers, Inc. by Stewart Rhodes seek to avoid losing rights

by default or non-participation or seeming to abandon their positions, including upon seeing that a couple of Defendants have not answered and have suffered default.  (Counsel will not characterize those events noting that Enrique Tarrio is serving a short jail sentence for a matter that is slightly different than the complaints here.)

10)      The Oath Keepers, Inc. have filed a thorough, well-thought-out and well-presented Motion to Dismiss in *Thompson v. Trump*, 1:21-cv-0400, by prior counsel.

11)      Although, as with any time another attorney steps in, the undersigned counsel might have added some further points, the Oath Keepers, Inc. are pleased to have their prior counsel's Motion to Dismiss presented in the case, and wish to have it considered and decided.

12)      However, it would appear in the current posture that the Oath Keeper's Motion to Dismiss might be deemed orphaned or even abandoned by the withdrawal of their former counsel.

13)      Again, the Oath Keepers are primarily concerned about the possibility of suffering a default (counsel is not expressing his legal analysis but the desire to be cautious of the Oath Keepers, Inc.), or suffering legal consequences from not participating or not pressing forward the very good Motion to Dismiss that their prior attorney filed.

14)      This is especially important because a corporation cannot represent itself *pro se* but required an attorney to appear in court.

15)      Therefore, without an attorney representing them, the Court might be in the position of viewing the thoroughly prepared – and expensive – Motion to Dismiss filed for the Oath Keepers to be abandoned by non-participation -- ***even if counsel does not actually say anything in the oral argument***.

16)      The Oath Keepers, Inc. are unable to raise funds because of false smears and

allegations on both the Left and the Right of the political spectrum.   Those who might normally be supportive with practical help or donations have thrown allegations about Stewart Rhodes, and the well has been poisoned with suspicions and conspiracy theories.

17)     As with many people in this environment, Stewart Rhodes has been "un-personed," turned into less than a full human being, and banned from communicating.  Being "cancelled" as a person has directly interfered with raising legal defense funds.

18)     The OATH KEEPERS, Inc. note that if rampant speculation about Stewart Rhodes were true, then he would not care if the OATH KEEPERS, Inc. is defended in this lawsuit.  But he does care because the rumors are false and he supports and believes in what all of the OATH KEEPERS members signed up for – to defend the rule of law, the Constitution, and the integrity of America's governmental and political institutions.

19)     As a result, the very good work of prior counsel has left a large legal bill unpaid, and prior counsel has withdrawn from the case.  There should be no hint seen here of any disparagement upon prior counsel nor any problem with the Oath Keepers, Inc. other than a lack of financial resources.

20)     Therefore, with full awareness that the Court has ordered a very precise timetable for oral argument, and the relatively short time allotted may not afford any time for this counsel for the OATH KEEPERS to consume any of the limited time available, the OATH KEEPERS, Inc. want to make sure that their extensive Motion to Dismiss is not deemed to be abandoned.

21)     While this situation taxes counsel's analysis like a law school exam question the more one thinks about it, it would seem that the OATH KEEPER's must appear and at least have the possibility of being able to comment in order to be deemed to be prosecuting their motion, and not forfeiting or abandoning their Motion to Dismiss prepared at significant expense.

22)     However, in reality, counsel expects the other Defendants' counsel to do an able job of covering the material in their overlapping Motions to Dismiss.

23)     Furthermore, counsel was concerned that in the tight time allotted for the hearing, explaining these circumstances during the hearing would threaten to disrupt the timetable, and therefore wanted to present these matters in writing rather than confusing the hearing itself.

WHEREFORE, the Defendant OATH KEEPERS, Inc. asks that the Court clarify its Minute Order by Minute Order as to whether the Court will consider any oral argument by said Defendant on January 10, 2022, or instead at another time, that the Court will consider the OATH KEEPER's represented and seeking a decision upon their Motion to Dismiss, and clarifying if any oral argument by the OATH KEEPERS may be considered, if not, obviously, duplicative or unnecessary after any other remarks by the other Defendants.

Dated:  January 8, 2022                          Respectfully submitted, OATH KEEPERS, Inc.
                                                                 *By Counsel*

Jonathon Moseley, Esq.

Jonathon A. Moseley, Esq., VSB #41058
Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Telephone:  (703) 656-1230
Fax: (703) 997-0937
Telephone:  (703) 656-1230
Fax: (703) 997-0937
Contact@JonMoseley.com
Moseley391@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic

filing to the following CM/ECF participant(s), and also mailed a copy to the following by first class U.S. mail, postage prepaid, one single copy to each law firm for distribution internally to all counsel involved from that law firm, to:

> Mr. Joseph M. Sellers, Esq., Bar No. 318410
> Mr. Brian Corman, Esq., Bar No. 1008635
> Ms. Alison S. Deich, Esq., Bar No. 1572878
> (application for admission to be filed)
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 1100 New York Avenue, N.W. Suite 500, East
> Tower Washington, DC 20005
> Telephone: (202) 408-4600
> Facsimile: (202) 408-4699
> jsellers@cohenmilstein.com
> bcorman@cohenmilstein.com
> adeich@cohenmilstein.com
> *Attorneys for Plaintiffs*

> **John Daniel Hull, IV**
> HULL MCGUIRE PC
> 1420 N Street, NW
> Washington, DC 20005
> 202-429-6520
> 412-261-2627 (fax)
> jdhull@hullmcguire.com

> Ms. Janette Louard, Esq.
> (*pro hac vice* motion to be filed)
> Mr. Anthony P. Ashton, Esq., Bar No. MD0096
> Office of General Counsel
> National Association for the Advancment
>      of Colored People ("NAACP")
> 4805 Mount Hope Drive
> Baltimore, Maryland 21215
> Telephone: (410) 580-5777
> jlouard@naacpnet.org
> aashton@naacpnet.org
> *Attorneys for Plaintiffs*

> Mr. Jesse R Binnall, Esq.
> BINNALL LAW GROUP
> 717 King Street, Suite 200
> Alexandria, Virginia 22314
> Telephone:  (703) 888-1943

Facsimile:   (703) 888-1930
Email:  jesse@binnall.com
     *Attorneys for Defendant*
     *Donald J. Trump*

Mr. Joseph D. Sibley, IV, Esq.
CAMARA & SIBLEY, LLP
1108 Lavaca Street, Suite 110263
Austin, Texas 78701
     *Attorneys for Defendant*
     *Rudolph W. Guiliani*

Mr. Kerry Lee Morgan, Esq.
CONSUMER LAW GROUP, P.C.
20601 Sumner
Redford, Michigan 48240-1064
Telephone:  (313) 477-0180
Facsimile:   (734) 281-2524
Email:  kmorganesq@aol.com
     *Former Attorneys for Defendant*
     *Oath Keepers*

     /s/  Jonathon Moseley