# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENNIE G. THOMPSON *et al.,* ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Case No. 1:21-cv-00400-APM |
| ) | |
| DONALD J. TRUMP, *et al.,* ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

| | |
|---|---|
| ERIC SWALWELL, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Case No. 1:21-cv-00586-APM |
| ) | |
| DONALD J. TRUMP, *et al.,* ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

| | |
|---|---|
| JAMES BLASSINGAME and ) | |
| SIDNEY HEMBY, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Case No. 1:21-cv-00858-APM |
| ) | |
| DONALD J. TRUMP, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

CONRAD SMITH, *et al.*,                 )
                                        )
                    *Plaintiffs*,       )
                                        )
        v.                              )        Civil Case No. 1:21-cv-02265-APM
                                        )
DONALD J. TRUMP, *et al.*,              )
                                        )
                    *Defendants.*       )
                                        )

## JOINT STATUS REPORT

Plaintiffs in the above-captioned cases and Defendant President Donald J. Trump submit this joint status report pursuant to the Court's February 16, 2024, Order, as follows:

**Summary of Position of Plaintiffs:**

Before addressing the questions raised by the Court, Defendant Trump proposes below that the Court should stay all consolidated matters as to him while his criminal matter is pending. For the reasons below, Plaintiffs believe that such a stay would be unnecessary and inappropriate under the circumstances relevant to discovery concerning Defendant Trump's immunity defense. In any event, if Defendant Trump intends to seek a stay, he should be required to do so by motion pursuant to Federal Rule of Civil Procedure 7 and Local Civil Rule 7, and Plaintiffs must have an opportunity to respond to the motion with opposing points and authorities pursuant to Local Civil Rule 7(b).

As Plaintiffs would show in response to a motion by Defendant Trump, a stay would be inappropriate here. A stay of civil proceedings pending the outcome of

criminal proceedings is not ordinarily required. *See Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374-75 (D.C. Cir. 1980); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). Rather, a "total stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy," *Weil v. Markowitz*, 829 F.2d 166, 175 (D.C. Cir. 1987), and one not warranted by the circumstances here. If necessary, Defendant Trump may assert his Fifth Amendment rights as to any questions that implicate them without prejudicing himself and without bringing the entire litigation in this case to halt. Plaintiffs' cases already have effectively been stayed against Defendant Trump since he appealed this Court's first denial of his motion to dismiss in February 2022. There is a significant public interest in seeing this case resolved and those who caused the January 6 attack held to account. Given the low risk of prejudice to the Defendant and the continuing significant prejudice to Plaintiffs from Defendant's delays, this case should proceed to discovery as directed by the Court of Appeals.

**Summary of Position of President Trump:**

Based upon the remand from the United States Court of Appeal for the District of Columbia ("D.C. Circuit") in *Blassingame v. Trump*, 87 F.4th 1, 29 (D.C. Cir. 2023), this Court ordered the Parties to file a Joint Status Report, addressing five issues: (1) whether Defendant should file answers at this time; (2) whether the parties wish to pursue discovery as to the immunity question before merits discovery; (3) assuming the parties will first seek immunity-related discovery, the expected parameters of such discovery; (4) a timeline for immunity-related discovery; and (5) any anticipated

complex discovery issues that are likely to arise in this matter. Each of these issues is discussed in detail below.

Before a discussion on these topics, one initial matter for the Court to consider is whether all discovery must be stayed as to President Trump pending the result of his criminal matters, *United States v. Donald J. Trump,* Case No. 1:23-cr-00257 (D.D.C.); *Georgia v. Donald J. Trump, et al.*, Case No. 23SC188947 (Fulton County Superior Court). Indeed, the immunity question itself is currently before the Supreme Court. *See* Donald J. Trump v. United States, No. 23A745 (Petition filed Feb. 12, 2024).

While criminal matters are pending, courts are afforded discretion to stay the cases because "denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case. *Kurd v. Republic of Turkey*, No. CV 18-1117 (CKK), 2022 WL 17961245, at *1 (D.D.C. Dec. 27, 2022) (citing *Sec. & Exchange Comm'n v. Dresser Indus. Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc), cert. denied, 449 U.S. 993 (1980)). Accordingly, this Court should stay all consolidated matters as to President Trump while his criminal matter is pending.

I.     **Whether Defendant Trump should file answers at this time.**

a.     **Position of Plaintiffs:**

While Plaintiffs do not insist that Defendant Trump answer the complaints at this time, he should be directed to provide a summary of the facts and evidence on which he intends to rely to claim immunity in response to an interrogatory or other document governed by the Rules of Civil Procedure.

b.     **Position of President Trump:**

President Trump should not file answers at this time. The D.C. Circuit's opinion remanded this case for the limited purpose of engaging in limited fact discovery based on the immunity issue, not to engage in any merits proceedings. *Blassingame*, 87 F.4th at 29. Specifically, the Circuit Court ordered:

> While we affirm the district court's denial of President Trump's claim of official-act immunity at the current stage of the proceedings, **that does not mean the proceedings now instantly move ahead to engage with the merits of the plaintiffs' claims**…He thus has had no opportunity to dispute the plaintiffs' allegations bearing on the immunity question or to introduce his own facts pertaining to the issue. He must be afforded that opportunity **before the proceedings can move ahead to the merits**, including before any merits-related Discovery.

*Blassingame*, 87 F.4th at 29 (emphasis added). Accordingly, any matter outside of limited scope discovery on immunity would be beyond what is permissible at this point under the DC Circuit's opinion, including filing answers.

In determining whether to require President Trump to file an answer, this Court must consider whether it is a pretrial matter or burden of litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Supreme Court precedent "emphasizes that even such pretrial matters as discovery are to be avoided if possible[.]" *Id.* (citing *Harlow*

5

*v. Fitzgerald,* 457 U.S. 800, 817 (1982)). Moreover, the Supreme Court "recognized an entitlement not to stand trial or face the *other burdens of litigation.*" *Id.* (emphasis added). Pretrial matters and the burdens of litigation include filing of an answer.

Additionally, Plaintiffs' complaints include many allegations that do not go to the issue of immunity. Requiring President Trump to respond to every allegation would exceed the limitations expressed by the *Blassingame* opinion. Accordingly, ordering President Trump to answer Plaintiffs' complaints would force him to incur a burden of litigation and proceed on the merits of Plaintiffs' claims in violation of the *Blassingame* opinion and Supreme Court precedent.

## II. Whether the parties wish to pursue discovery as to the immunity question before merits discovery.

### a. Position of Plaintiffs:

The Court should require Defendant to state the factual basis for his immunity defense, as that will help inform the discovery Plaintiffs may need to contest the claim to immunity and ensure that these proceedings are not delayed unnecessarily. *See Blassingame v. Trump*, 87 F.4th 1, 29 (D.C. Cir. 2023) (immunity discovery may be warranted if "there is a need to develop facts or resolve factual disputes to facilitate deciding a threshold question of immunity"). In doing so, Defendant should identify facts, if any, "different from those the [Plaintiffs] allege" in the complaints, *Anderson v. Creighton*, 483 U.S. 635, 646-47 n.6 (1987), as well as what particular evidence he believes he needs to move for summary judgment.

b.     **Position of President Trump:**

Yes, the Parties should pursue discovery as to immunity before any merits discovery pursuant to the *Blassingame* opinion, as cited above; however, all cases should be stayed as to President Trump due to his criminal case, as articulated above.

## III.   Assuming the parties will first seek immunity-related discovery, the expected parameters of such discovery.

a.     **Position of Plaintiffs:**

In addition to discovery of the factual bases Defendant identifies for his immunity claim, Plaintiffs must be afforded the opportunity to seek additional discovery that bears on the immunity analysis.

b.     **Position of President Trump:**

The limited scope discovery should pertain only to the immunity issue, which focuses on the question of whether President Trump's actions were "official acts." *Blassingame*, 87 F.4th at 3 ("*Nixon* established a President's absolute immunity from civil damages claims predicated on his official acts."). Pursuant to *Blassingame*, the discovery allowed must focus on the objective evidence regarding whether the President's participation in the event at the ellipse on January 6 was "clothed in the trappings of an official function based on objective indicia" or does it "bear[] the hallmarks of re-election campaign activity"? *Blassingame*, 87 F.4th at 21. This would include evidence regarding such factors as government participation in funding and organization of the event, *id.* ("if an activity is organized and promoted by official White House channels and government officials and funded with public resources, it is more likely an official presidential undertaking than if it is organized, promoted,

and funded by campaign channels, personnel, and resources.") (citing Payment of Expenses, 6 Op. O.L.C. at 215–17)); and how it was viewed and treated within the executive branch, *id.* ("if the President's (and executive branch's) own treatment of the matter exhibits that he views himself to be engaged in private activity as a candidate, there is no cognizable public interest in assuring he can carry out that quintessentially unofficial function with boldness.").

As a practical matter, this will require discovery of the various executive branch agencies (e.g., the Department of the Interior, the Secret Service) and White House personnel, as well as other third parties, involved in the planning and preparation of the event.

## IV.   Timeline for immunity-related discovery.

### a.   Position of Plaintiffs:

Plaintiffs cannot reliably estimate the time necessary to complete discovery relevant to the immunity issue until Defendant has set forth all grounds on which he will rely to support his claim to immunity. Therefore, Plaintiffs propose that Defendant Trump  be directed to identify the facts that establish his immunity claim and the evidence he expects to obtain in discovery to support it within 30 days, and that Plaintiff be required to propose a timeline for discovery within 10 days thereafter, including a deadline by which Defendant would be required to file a motion for summary judgment or the case would automatically proceed to full merits discovery.

Plaintiffs further request that the Court convene monthly status conferences to ensure that the immunity issue can be resolved with dispatch.

> **b.      Position of President Trump:**

Due to the discovery issues set forth below, we expect this discovery to take nine months, at minimum.

> **V.      Any anticipated complex discovery issues that are likely to arise in this matter.**

> **a.      Position of Plaintiffs:**

Plaintiffs believe it is premature to say whether any complex discovery issues are likely to arise before Defendant identifies the factual basis for his immunity defense. As there are a number of sources of publicly available information that may bear on the immunity defense, such as the Final Report of the January 6 Committee, testimony from other legal proceedings and other public reporting, discovery issues that might ordinarily require adjudication may have already been resolved or the discovered information produced in other forums.

> **b.      Position of President Trump:**

As set forth above, these matters should be stayed as to President Trump. In addition to that issue, there are multiple additional complex discovery issues including but not limited to the following:

Many of the potential witnesses are current or former governmental officials or entities, who may be represented by the government. Discovery from the federal government will likely be complex for a variety of reasons including but not limited to the provisions of *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951), the

Presidential Records Act, 44 U.S.C. §§ 2201-2209 et seq., and Executive Privilege. *United States v. Nixon*, 418 U.S. 683, 689 (1974) (affirming that the judiciary must weigh claims of executive privilege). Setting aside the length of time related to *Touhy* requests, the White House records will have to be gathered by the National Archives and Records Administration, which may still be in the process of processing and indexing the records. After a review for responsiveness, there will also need to be a review for privilege. This will take substantial time.

Moreover, in addition to the criminal case pending against President Trump noted above, there may be additional witnesses who may have their own criminal cases pending or otherwise invoke their Fifth Amendment rights requiring additional time for the parties and this Court to work through these issues.

From a purely logistical standpoint, the number of potential documents and potential witnesses counsels in favor of allowing substantial time for the parties to conduct thorough discovery on this critical issue. This will take significant time.

Dated: February 22, 2024                          Respectfully submitted,

/s/ Joseph M. Sellers                               /s/ Jesse Binnall
Joseph M. Sellers, Bar No. 318410        Jesse R. Binnall VA022
Brian Corman, Bar No. 1008635            BINNALL LAW GROUP, PLLC
Alison S. Deich, Bar No. 1572878          717 King Street, Suite 200
COHEN MILSTEIN SELLERS & TOLL PLLC    Alexandria, VA  22314
1100 New York Avenue, N.W.                 Telephone: (703) 888-1943
Fifth Floor                                             Facsimile: (703) 888-1930
Washington, DC 20005                          jesse@binnall.com
Telephone: (202) 408-4600
Facsimile: (202) 408-4699                      David A. Warrington
jsellers@cohenmilstein.com                    D.C. Bar No. 1616846
bcorman@cohenmilstein.com                 Jonathan M. Shaw
adeich@cohenmilstein.com                     D.C. Bar No. 446249

Janette McCarthy-Wallace
Bar No. OH066257
Anthony P. Ashton,
Bar No. MD25220
Anna Kathryn Barnes,
D.C. Bar No. 1719493
NAACP
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs Hon. Bennie G. Thompson, et al.*

Matthew Kaiser (D.C. Bar No. 486272)
Sarah Fink (D.C. Bar No. 166663)
KAISER DILLON PLLC
1099 Fourteenth Street, N.W., 8th Fl.
Washington, D.C. 20005
Tel: (202) 640-2850
mkaiser@kaiserdillon.com
sfink@kaiserdillon.com

Philip Andonian (D.C. Bar No. 490792)
Joseph Caleb (D.C. Bar No. 495383)
CALEB ANDONIAN PLLC
1100 H Street, N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

Patrick A. Malone (Bar No. 397142)
Daniel Scialpi (Bar No. 997556)
(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street, N.W., Suite 800
Washington, D.C. 20005
P: 202-742-1500

Gary M. Lawkowski
D.C. Bar No. 1781747
DHILLON LAW GROUP, INC.
2121 Eisenhower Ave, Suite 402
Alexandria, Virginia 22314
Tel: (703) 574-1206
Fax: (415) 520-6593
dwarrington@dhillonlaw.com
jshaw@dhillonlaw.com
glawkowski@dhillonlaw.com

*Attorneys for Defendant Donald J. Trump*

F: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler (Bar No. 1008922)
Kristy Parker (Bar No. 1542111)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Ave. NW, #163
Washington, D.C. 20006
P: 202-579-4582
cameron.kistler@protectdemocracy.org
erica.newland@protectdemocracy.org
kristy.parker@protectdemocracy.org

Genevieve C. Nadeau (Bar No. 979410)
UNITED TO PROTECT DEMOCRACY
15 Main St., Suite 312
Watertown, MA 02472
P: 202-579-4582
Genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James*
*Blassingame and Sidney Hemby*


Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
  UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC  20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
mepstein@lawyerscommittee.org


Faith E. Gay, pro hac vice
Joshua S. Margolin, pro hac vice
Claire O'Brien, pro hac vice
Elizabeth H. Snow, pro hac vice
Esther D. Ness, pro hac vice
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104

Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
eness@selendygay.com

William J. Blechman, pro hac vice
Elizabeth B. Honkonen, pro hac vice
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

## CERTIFICATE OF SERVICE

I certify that on February 22, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/____
Jesse R. Binnall, VA022

*Attorney for President Donald J. Trump*