UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE, et al.,          )<br>                                              )<br>        *Plaintiffs*,                      )<br>                                              )<br>v.                                          )<br>                                              )<br>DONALD J. TRUMP, et al.,    )<br>                                              )<br>        *Defendants*.                 )<br>                                              ) | Case No. 1:21-cv-00400 (APM) |

## JOINT STATUS REPORT

The Court held a status conference on February 23, 2024, at which the Court directed the parties to confer and report back on which objective facts each side in this proceeding anticipates being contested. Specifically, the Court asked the parties to address: (1) what are the objective facts that bear on the availability of official act immunity; (2) in lieu of commencing discovery at this time, to what extent can the parties agree to those factual allegations in the complaints that bear on assessing official act immunity; and (3) whether there will be other areas that either party believes will need further development and discovery and, if so, what discovery may be sought and why.

The parties have conferred and report their respective positions as follows.

**Summary of Plaintiffs' Position**

As the Court directed, Plaintiffs in these consolidated cases prepared factual stipulations drawn from their respective complaints that are relevant to the adjudication of whether Defendant Trump's conduct at issue in this litigation was that of an office-holder or an office-seeker. A copy of those stipulations is attached as Exhibit 1. Plaintiffs sent those proposed stipulations to counsel

for Defendant Trump on March 3, and the parties scheduled an in-person meeting for March 6. Late in the day on March 5, Defendant Trump's counsel informed Plaintiffs that Defendant Trump would not agree to any of the proposed stipulations out of concern that they might lead to his self-incrimination and risk his defense in the pending criminal case of *United States v. Trump*, No. 23-cr-257 (D.D.C.), and therefore they believed the scheduled in-person meeting was not necessary. Instead, Defendant's counsel asked Plaintiffs to consent to a stay of all discovery in these consolidated actions until the trial in the pending criminal case had concluded. Plaintiffs declined. As these cases have been pending for three years, the Defendant should be directed to file his stay motion within seven days in order that this issue can be resolved as soon as possible. Plaintiffs will file a timely opposition.

In the meantime, these proceedings should move forward. A stay would be unwarranted because the immunity question before the Supreme Court in *United States v. Trump* is different from the one at issue in this civil case and poses no reason to further delay this case. In *United States v. Trump*, the question is whether Defendant is entitled to immunity from criminal prosecution *at all* for his official acts. Here, the availability of presidential immunity from civil damages claims is well established in certain circumstances and the issue is whether Defendant's acts were generally, in fact, "official." In any event, Defendant is not entitled to a stay of the litigation over the claim to immunity from civil litigation in order to maintain his Fifth Amendment right in the criminal case.

Leaving aside the issue of a stay, Defendant is mistaken in opposing Plaintiffs' request that he be required to set forth in detail his version of the objective facts on which he plans to rely to establish his immunity or identify any facts in dispute that he claims would require discovery. Indeed, it is the minimum he is required to do in order to avoid proceeding to merits discovery.

As the D.C. Circuit explained on remand, Defendant Trump (1) must be offered the "*opportunity*" to challenge Plaintiffs' allegations and resolve his immunity defense before merits discovery, and (2) discovery "*might* be in order if the circumstances warrant it." *Blassingame v. Trump*, 87 F.4th 1, 29 (D.C. Cir. 2023) (emphasis added).

Accordingly, Trump should be required to demonstrate that circumstances exist to warrant discovery that is needed to support his claim to immunity. Much, and perhaps all, of the evidence relevant to the adjudication of Defendant Trump's immunity claim may already be available from public sources. The January 6th Commission, for example, compiled a voluminous record, including sworn depositions, most of which is available to the public. Other sources of information were also compiled by media coverage and elsewhere. Virtually all of the factual stipulations Plaintiffs proposed, for example, were drawn from publicly-available information that would likely require little or no discovery for their verification. In the event Trump seeks to conduct discovery beyond these publicly-available sources of information, he should be required to justify the need for such discovery and its likely relevance to the immunity issue.

Ultimately, to demonstrate the need for discovery, Trump should demonstrate that it will likely lead to evidence that would permit him to demonstrate the *absence* of a factual dispute as to his entitlement to immunity. That is the standard of proof that he must meet to carry his burden on any summary judgment motion asserting his claim of absolute immunity. *See* Fed. R. Civ. P. 56(a). Thus, Defendant Trump should be directed to identify the factual basis for his claim to immunity that would allow the parties and the Court to assess whether the circumstances warrant an immunity discovery period and, if so, the scope of any such discovery.

An appropriate first step would require Trump to identify those factual stipulations from the attached Exhibit to which he agrees and, for those stipulations that he disputes, the grounds for

each such dispute. That is the ordinary requirement of any defendant who loses a motion to dismiss and must answer the complaint. *See* Fed. R. Civ. P. 12(a)(4)(A). It is not enough for Defendant to vaguely and sweepingly assert that Plaintiffs' proposed stipulations contain "multiple contested legal conclusions" that allegedly "go beyond objective statements of matters of public record." And the Court should set a deadline by which Defendant Trump must detail the factual basis for his claim of immunity beyond that already rejected by this court and the appellate court and articulate the need for discovery to support his claim to immunity and the scope and duration of any such discovery.

**Summary of Defendant's Position**

Defendant disagrees with the characterization of his position as set forth by Plaintiffs. As stated before and repeated below, Defendant should not be required to stipulate to facts that would essentially give a roadmap of the Defendant's defense strategy and positions to the prosecution in the concurrent criminal litigation as the same operative facts are at issue in the criminal case as here. When the Plaintiffs contend that they are merely providing facts drawn from "publicly available sources" and that should be easily conceded, this is an inaccurate portrait of the Plaintiffs' proposed stipulations. Even if it were an accurate description of those stipulations, the mere fact that some portion of the information or allegation may be publicly-available does not render the proposed stipulation an uncontestable fact. Nor does this change the calculus of avoiding providing a roadmap to the prosecution by conceding contesting facts for convenience of the plaintiffs. Indeed, even conceding or disputing which facts may be material to the determination of the immunity question is precisely the roadmap the Special Counsel would find useful.

At the February 24, 2024, status conference defendant's counsel provided a reasonable approach to third-party discovery that would avoid much of the problems associated with the plaintiffs' request for a roadmap of the defense strategy, but the plaintiffs declined that approach.

Now, in light of the February 28, 2024 United States Supreme Court Order granting President Trump's Petition for Writ of Certiorari in *Donald J. Trump v. United States*, Case No. 23-939 (S.Ct. Feb. 28, 2024) and the ongoing criminal proceedings against President Trump, President Trump intends to file a Motion to Stay all proceedings in this matter no later than 14 days from today.

The issue of presidential immunity is a key issue at this stage in these proceedings. Indeed, this case cannot move forward with respect to President Trump until this issue is resolved. On February 28, 2024, the United States Supreme Court granted President Trump's Petition for Writ of Certiorari in *Donald J. Trump v. United States*, Case No. 23-939 (S.Ct. Feb. 28, 2024). The sole question for the Court's consideration is "whether and if so to what extent does a former president enjoy presidential immunity from criminal prosecution for conduct alleged to involve official acts during his tenure in office."

The Court's consideration and resolution of this question is likely to be highly relevant to the question of presidential immunity in civil cases presented in this matter. To wit, it is highly likely that in resolving the question presented in *Trump*, the Court will set forth at least some material factors for assessing presidential immunity. These factors are determinative for President Trump to adequately address the questions posed by the Court at the February 23 status conference. The Court's first question—what objective facts are necessary to establish official act immunity—speaks directly to the issues that are likely to be addressed in *Trump*. The Court's subsequent

5

questions follow from the identification of relevant factors.  Accordingly, principles of sound judicial economy, as well as the underlying imperative of protecting persons who are immune from suit from the burdens of litigation, counsel against stipulating to answers to the Court's questions until after the Supreme Court resolves *Trump*.

This view is bolstered by the expedited briefing schedule set by the Court in *Trump*: the Court ordered Petitioner's brief on the merits to be filed on or before March 19, 2024, Respondent's brief on the merits to be filed on or before April 8, 2024, and Petitioner's reply brief, if any, to be filed on or before April 15, 2024, and set oral argument for April 25, 2024.  Thus, prudently waiting for the Court to address *Trump* is unlikely to lead to excessive delay.

In addition, as has been previously noted, there are multiple criminal proceedings pending with respect to President Trump, including two that concern many of the alleged facts in this matter.  *See United States v. Donald J. Trump,* Case No. 1:23-cr-00257 (D.D.C.); *Georgia v. Donald J. Trump, et al.,* Case No. 23SC188947 (Fulton County Superior Court).

In any event, the 97 proposed "stipulations of fact" provided to President Trump by the Plaintiffs on March 3, 2024, were a far cry from mere facts pulled from publicly-available sources. To the contrary, the Plaintiffs' proposed stipulations of fact contained multiple contested legal conclusions.  For example, they referred to "Trump's personal Twitter account" at least 33 times. Yet a considered judgment of the Second Circuit has held that Twitter account was required to be preserved as official records, as the account had been consistently used as an important tool of governance and executive outreach and because there was substantial and pervasive government involvement with and control over the account.  *See Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 235–36 (2d Cir. 2019) cert. granted, judgment vacated as moot sub

6

nom. This is, and will be, a hotly contested legal and factual issue and addressing these proposed stipulations of fact—which go beyond objective statements of matters of public record—would risk hamstringing President Trump's ability to prepare his criminal defense and properly contest disputed factual allegations in those proceedings. Engaging in any effort to identify and agree to facts in this civil litigation while the current criminal matters are pending would expose the defense theory to the prosecution in advance of the criminal trial and prejudice President Trump's defense in that case. *Kurd v. Republic of Turkey*, No. CV 18-1117 (CKK), 2022 WL 17961245, at *1 (D.D.C. Dec. 27, 2022) (internal citations omitted). Further, engaging in this effort, especially while the immunity question is before the Supreme Court, is a burden of litigation that immunity exists to avoid. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("even such pretrial matters as discovery are to be avoided if possible[.]").

Thus, while the parties have conferred in good faith, considering the surrounding circumstances, President Trump is unable to agree to stipulate to facts at this time and intends to move for a stay of these proceedings within 14 days.

Dated: March 8, 2024

/s/ Joseph M. Sellers
Joseph M. Sellers, (D.C. Bar No. 318410)
Brian Corman, Bar (D.C. Bar No. 1008635)
Alison S. Deich, Bar (D.C. Bar No. 1572878)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W. Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com

/s/ David A. Warrington
David A. Warrington
D.C. Bar No. 1616846
Jonathan M. Shaw
D.C. Bar No. 446249
Gary M. Lawkowski
D.C. Bar No. 1781747
DHILLON LAW GROUP, INC.
2121 Eisenhower Ave, Suite 402
Alexandria, Virginia 22314
Tel: (703) 574-1206
Fax: (415) 520-6593
dwarrington@dhillonlaw.com
jshaw@dhllonlaw.com

Janette McCarthy-Wallace
(Bar No. OH066257)
Anthony P. Ashton, (Bar No. MD25220)
Anna Kathryn Barnes Barry,
(D.C. Bar No. 1719493)
NAACP
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs Hon. Bennie G. Thompson, et al.*

Matthew Kaiser (D.C. Bar No. 486272)
Sarah Fink (D.C. Bar No. 166663)
KAISER PLLC
1099 Fourteenth Street, N.W., 8th Fl.
Washington, D.C. 20005
Tel: (202) 640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

Philip Andonian (D.C. Bar No. 490792)
Joseph Caleb (D.C. Bar No. 495383)
CALEBANDONIAN PLLC
1100 H Street, N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

Patrick A. Malone (Bar No. 397142)
Daniel Scialpi (Bar No. 997556)
(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street, N.W., Suite 800
Washington, D.C. 20005
P: 202-742-1500
F: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

glawkowski@dhillonlaw.com

Jesse R. Binnall VA022
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA  22314
Telephone: (703) 888-1943
Facsimile: (703) 888-1930
jesse@binnall.com

*Attorneys for Defendant Donald J. Trump*

8

Cameron Kistler (Bar No. 1008922)
Kristy Parker (Bar No. 1542111)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Ave. NW, #163
Washington, D.C. 20006
P: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org

Genevieve C. Nadeau (Bar No. 979410)
UNITED TO PROTECT DEMOCRACY
15 Main St., Suite 312
Watertown, MA 02472
P: 202-579-4582
Genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame and Sidney Hemby*

/s/ Edward G. Caspar
Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC  20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
mepstein@lawyerscommittee.org

Faith E. Gay, pro hac vice
Joshua S. Margolin, pro hac vice
Claire O'Brien, pro hac vice
Elizabeth H. Snow, pro hac vice
Esther D. Ness, pro hac vice
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
eness@selendygay.com

William J. Blechman, pro hac vice
Elizabeth B. Honkonen, pro hac vice
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al.*