# Exhibit 1

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


BARBARA J. LEE, ET AL.,            )
                                   )
        Plaintiffs,                )
                                   )   CV No. 21-400
     vs.                           )   Washington, D.C.
                                   )   February 23, 2024
DONALD J. TRUMP, ET AL.,           )   1:30 p.m.
                                   )
        Defendants.                )
_____)


      TRANSCRIPT OF JOINT STATUS CONFERENCE PROCEEDINGS
          BEFORE THE HONORABLE AMIT P. MEHTA
             UNITED STATES DISTRICT JUDGE

APPEARANCES:

For Lee Plaintiffs:         Joseph M. Sellers
                            COHEN MILSTEIN
                            SELLERS & TOLL PLLC
                            1100 New York Avenue, NW
                            Suite 500 East Tower
                            Washington, D.C. 20005
                            (202) 408-4604
                            Email:
                            jsellers@cohenmilstein.com
```

```
APPEARANCES CONTINUED:

For Smith Plaintiffs:        Edward G. Caspar
                             LAWYERS' COMMITTEE FOR
                             CIVIL RIGHTS UNDER LAW
                             1500 K Street NW
                             Suite 900
                             Washington, D.C. 20005
                             (202) 662-8318
                             Email:
                             ecaspar@lawyerscommittee.org


For Plaintiff
James Blassingame:           Kristy Parker
                             PROTECT DEMOCRACY
                             2020 Pennsylvania Avenue NW
                             Suite 163
                             Washington, D.C. 20006
                             (202) 579-4582
                             Email:
                             kristy.parker
                             @protectdemocracy.org

For Plaintiff
Eric Swalwell:               Philip C. Andonian
                             CALEB ANDONIAN PLLC
                             1100 H Street, N.W.
                             Suite 315
                             Washington, D.C. 20005
                             (202) 953-9850
                             Email: phil@calebandonian.com
```

```
APPEARANCES CONTINUED:

For Plaintiffs
Blassingame and Hemby:        Patrick A. Malone
                              PATRICK MALONE
                              & ASSOCIATES, P.C.
                              1310 L Street, NW
                              Suite 800
                              Washington, D.C. 20005
                              (202) 742-1500
                              Email:
                              pmalone@patrickmalonelaw.com


For Defendant
Donald J. Trump:              David Alan Warrington
                              Jonathan Mark Shaw
                              DHILLON LAW GROUP, INC.
                              2121 Eisenhower Avenue
                              Suite 608
                              Alexandria, VA 22314
                              (703) 574-1206
                              Email:
                              DWarrington@dhillonlaw.com

                              Jesse R. Binnall
                              BINNALL LAW GROUP
                              717 King Street
                              Suite 200
                              Alexandria, VA 22314
                              (703) 888-1943
                              Email: jesse@binnall.com

Court Reporter:               William P. Zaremba
                              Registered Merit Reporter
                              Certified Realtime Reporter
                              Official Court Reporter
                              E. Barrett Prettyman CH
                              333 Constitution Avenue, NW
                              Washington, D.C. 20001
                              (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

1     defendant's response and whatever they are pursuing here.
2             Well, we don't have -- what we're looking for is
3     something analogous to if former President Trump were to be,
4     in fact, setting forth something like a complaint.  He lays
5     out what he's basically asserting as the basis, which is
6     something that I think he has to do at some point fairly
7     soon and not simply conduct a lot of third-party discovery,
8     and then nine months later figure out, well, I guess we need
9     more discovery.  That is a recipe for indefinite discovery.
10            So we really, again, emphasize the value of some
11    kind of description of the kind of evidence in which former
12    President Trump is going to rely, and a clear schedule and
13    pathway to get to summary judgment soon.
14            Thank you.
15            THE COURT:  Okay.
16            All right.  This has been a helpful discussion to
17    think through what I hope is a meaningful and efficient way
18    forward.
19            Here's what I think you all ought to do.
20    I'm going to give you two weeks to meet and confer and go
21    through the complaint and identify what facts can be
22    stipulated to, what facts are in dispute, and if there are
23    disputed facts, what discovery you think you need to
24    establish the facts that you wish to establish.
25            That's not in any way capping potential additional

1  facts that are outside the complaint, but it's got to be a
2  starting point, because, as I said, I really -- and I
3  haven't really heard anybody say otherwise, there really
4  are, just as I said, three buckets of conduct:  It's
5  communications, the rally, and post-rally action or
6  inaction.  And, you know, at least one of that category, the
7  communications, it seems to me, ought not to require that
8  much discovery.
9       And, you know, the defense at some point will
10 either be prepared to say, yes, he tweeted this, or, no, he
11 didn't tweet it, where he was when he tweeted it, et cetera.
12      And maybe there's some third-party discovery
13 that's needed for the rally, but even that I'm not so sure,
14 given all the other information that's already out there.
15      So I think it would be productive if you all sort
16 of put your heads together and had a meaningful conversation
17 about what you can agree to, what you can't agree to, and
18 what's needed to -- in terms of discovery, to sort of hash
19 out those disagreements.
20      MR. WARRINGTON:  May I approach, Your Honor?
21      THE COURT:  Yeah, of course.
22      MR. WARRINGTON:  Based on what I just heard
23 Your Honor say, it seems to me that you're asking us to go
24 through the complaint and essentially admit or deny facts in
25 the complaint.  I think the *Blassingame* opinion from the

1   Court of Appeals is very clear that this is not to go to any
2   of the merits of the case, this is solely to go to the
3   immunity question.
4           THE COURT:  Yes.
5           On the other hand, sometimes the line is going to
6   blur.
7           In other words, I mean, again, just take the
8   December 19th tweet, that is part of the immunity question
9   and it's also part of the merits.
10          And the questions that go to immunity may have
11  less to do with the merits, such as where the President was
12  when he sent the tweet, you know, et cetera.
13          But I don't see how we can avoid some overlap.
14  I mean, that's just -- that's inevitable.
15          MR. WARRINGTON:  I think we can avoid the overlap
16  if we're not engaging in an exercise that actually engages
17  in the merits, which this necessarily does.
18          THE COURT:  I'm not asking you to file an answer.
19  I'm asking you to get together to tell me what you can agree
20  to in terms of facts, stipulated facts based upon what's in
21  the complaint, what you can agree to, and what you need in
22  terms of discovery to establish the facts you want.
23          MR. WARRINGTON:  And, again, the second part of
24  that runs afoul of essentially laying out what the defense
25  would be in their criminal case.

1   THE COURT: Well, I'm not so sure I --
2   MR. WARRINGTON: And also --
3   THE COURT: I mean, I don't see that, at least not
4   in a way that is concrete; in other words, you haven't
5   spelled out what you mean.
6   I can see it being possible, but you haven't
7   spelled out how, for example, admitting to, you know, that
8   he sent a tweet and where he was when he sent a tweet or who
9   was in the room during a particular phone call or how that
10  in any way is going to impair the defense in the criminal
11  case.
12  MR. WARRINGTON: Well, the first part of it,
13  admitting to the tweet, that's no different than filing an
14  answer on that contested fact, okay?
15  Or even if it's not a contested fact, it's no
16  different.
17  THE COURT: I get it.
18  But you've said more than that. You've said it
19  might impair the defense, and I'm not quite sure that's
20  necessarily -- it may be.
21  MR. WARRINGTON: I was going to get to that.
22  THE COURT: Yeah.
23  Look, I think this is what makes the most sense.
24  And you all ought to sort of sharpen your pencils,
25  figure out what the defense really is going to contest in

C E R T I F I C A T E

I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.

Date:__February 27, 2024___    

                                      William P. Zaremba, RMR, CRR