# Exhibit 2

```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


BARBARA J. LEE, ET AL.,              )
                                     )
         Plaintiffs,                 )
                                     )    CV No. 21-400
    vs.                              )    Washington, D.C.
                                     )    March 12, 2024
DONALD J. TRUMP, ET AL.,             )    2:30 p.m.
                                     )
         Defendants.                 )
_____)


       TRANSCRIPT OF JOINT STATUS CONFERENCE PROCEEDINGS
             BEFORE THE HONORABLE AMIT P. MEHTA
                UNITED STATES DISTRICT JUDGE

APPEARANCES:

For Lee Plaintiffs:           Joseph M. Sellers
                              COHEN MILSTEIN
                              SELLERS & TOLL PLLC
                              1100 New York Avenue, NW
                              Suite 500 East Tower
                              Washington, D.C. 20005
                              (202) 408-4604
                              Email:
                              jsellers@cohenmilstein.com
```

```
APPEARANCES CONTINUED:

For Smith Plaintiffs:        Edward G. Caspar
                             LAWYERS' COMMITTEE FOR
                             CIVIL RIGHTS UNDER LAW
                             1500 K Street NW
                             Suite 900
                             Washington, D.C. 20005
                             (202) 662-8318
                             Email:
                             ecaspar@lawyerscommittee.org


For Plaintiff
James Blassingame:           Kristy Parker
                             PROTECT DEMOCRACY
                             2020 Pennsylvania Avenue NW
                             Suite 163
                             Washington, D.C. 20006
                             (202) 579-4582
                             Email:
                             kristy.parker
                             @protectdemocracy.org
```

```
APPEARANCES CONTINUED:

For Plaintiff
Eric Swalwell
and Sandra Garza:          Philip C. Andonian
                           CALEB ANDONIAN PLLC
                           1100 H Street, N.W.
                           Suite 315
                           Washington, D.C. 20005
                           (202) 953-9850
                           Email: phil@calebandonian.com

                           Matthew G. Kaiser
                           KAISER PLLC
                           1099 14th Street NW
                           8th Floor West
                           Washington, D.C. 20005
                           (202) 640-2850
                           Email: mkaiser@kaiserlaw.com

                           Mark Steven Zaid
                           LAW OFFICES OF
                           MARK S. ZAID, P.C.
                           1250 Connecticut Avenue, NW
                           Suite 700
                           Washington, D.C. 20036
                           (202) 454-2809
                           Email: Mark@MarkZaid.com
```

```
APPEARANCES CONTINUED:

For Plaintiffs
Blassingame and Hemby:      Patrick A. Malone
                            PATRICK MALONE
                            & ASSOCIATES, P.C.
                            1310 L Street, NW
                            Suite 800
                            Washington, D.C. 20005
                            (202) 742-1500
                            Email:
                            pmalone@patrickmalonelaw.com


For Defendant
Donald J. Trump:            David Alan Warrington
                            Jonathan Mark Shaw
                            Gary Lawkowski
                            Jonathan Mark Shaw
                            DHILLON LAW GROUP, INC.
                            2121 Eisenhower Avenue
                            Suite 608
                            Alexandria, VA 22314
                            (703) 574-1206
                            Email:
                            DWarrington@dhillonlaw.com

                            Jesse R. Binnall
                            BINNALL LAW GROUP
                            717 King Street
                            Suite 200
                            Alexandria, VA 22314
                            (703) 888-1943
                            Email: jesse@binnall.com

Court Reporter:             William P. Zaremba
                            Registered Merit Reporter
                            Certified Realtime Reporter
                            Official Court Reporter
                            E. Barrett Prettyman CH
                            333 Constitution Avenue, NW
                            Washington, D.C. 20001
                            (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

```
 1   of being over quicker just --
 2              THE COURT:  You may have more insight on this than
 3   the rest of us.
 4              MR. WARRINGTON:  I don't claim to have any extra
 5   insight, but it seems to me that that would be moving along
 6   quicker than what I've observed in Georgia.
 7              THE COURT:  Right.
 8              MR. WARRINGTON:  But that's why we -- and
 9   certainly if the Court decides -- wants us to brief the stay
10   quicker, we're happy to do that.
11              We think it's -- the stay is the appropriate
12   mechanism here.  Unfortunately, I don't -- none of us
13   control the other case, but we do believe that it warrants a
14   stay for all the reasons that we've stated previously.
15              THE COURT:  Okay.  Thanks, Mr. Warrington.
16              So, Mr. Sellers, I guess the first question for
17   you -- and I don't mean to preempt whatever else you'd like
18   to say, and that is, given the posture we're in, how do we
19   get through this without at least me resolving the stay
20   issue first?
21              Because it seems to me that what you really care
22   about is getting a position from them, and that would either
23   mean actually getting a position or an invocation of the
24   Fifth, and the Fifth could only be invoked if I denied their
25   stay.  So it seems to me to be kind of a threshold question
```

1    that I would need to grapple with, but I'm happy to hear
2    your thoughts.
3            MR. SELLERS:  Yeah.
4            Your Honor, I think in the end, we come to the
5    conclusion that you were positing, but let me just make a
6    few observations before then.
7            First of all, as the Court is aware, the
8    D.C. Circuit ruled in the appeals from this case.  And
9    President Trump declined to seek review in that case, so we
10   are left with the D.C. Circuit decision as controlling
11   precedent here.
12           None of us knows what the Supreme Court may do
13   with respect to the criminal indictment immunity issue.  As
14   you know, in another Court in this building, the Court ruled
15   that there was no immunity available from a criminal
16   indictment, and D.C. Circuit unanimously held that same way.
17   So, you know, we -- I think the criminal case in our view
18   has a parallel track.  I don't necessarily think -- we
19   necessarily think it will necessarily involve the issues
20   here.
21           The example that counsel gave in their -- in the
22   Status Report is, I think, particularly telling, because we
23   simply ask them to stipulate that the particular Twitter
24   statements, where it came from, President Trump's private
25   account.

1                  They responded by saying something about the
2       Second Circuit ruling as to whether that was a partially
3       official account and the like.
4                  That's the argument that goes to the merits of the
5       issues of whether it's an official action or not.  It's not
6       the question factually.  It's hard to see how there's much
7       dispute that that came from President Trump's private
8       Twitter account.
9                  So there is definitely discovery that we think can
10      be done.  And I thought the Court's proposal that we proceed
11      with these stipulations was a very valuable suggestion.  As
12      you know, we proceeded down that path and ultimately
13      couldn't make any progress.
14                 So if there's -- if ultimately we're going to be
15      stymied by any ability to get -- and I'd say one final
16      thing, which is:  We're not convinced that there will be
17      need for much discovery eventually, as there's a lot of
18      material out there.  And before anybody should undertake
19      discovery, we think there ought to be some careful
20      examination of what's publicly available from the
21      January 6th Commission and other places.
22                 This case has been here for three years, I know
23      you're aware of that, and so, you know, our clients really
24      want to move this ahead as quickly as possible.  If it's
25      necessary to have a ruling on the stay motion, we'd ask that

1  the Court set an expedited briefing schedule and attend to a
2  ruling as quickly as it can.
3           But we just maintain that there are facets of this
4  fact gathering that we think could be undertaken.  And one
5  of them is the example you proposed, but it may be more
6  efficient to rule on the stay motion -- request.  And then
7  if the Court grants a stay, so be it.  And if the Court
8  denies it, then that no longer encumbers us in discussing
9  how to proceed with the fact gathering here.
10          THE COURT:  I guess I should have shared one more
11 observation with Mr. Warrington, and that is, I mean, I did
12 look through the proposed stipulations, and it wasn't --
13 I would readily concede that some of them would necessarily
14 implicate a potential Fifth Amendment privilege, but not
15 all.
16          You know, there are some, for example, facts
17 surrounding who funded the January 6th rally, who organized
18 it, et cetera.  It's not clear to me that those really do
19 implicate any Fifth Amendment privileges, and those --
20 frankly, those kind of facts really are central to moving
21 this forward, it seems to me.  And so whether, you know, how
22 we do this and -- remains to be seen, I think.
23          But one possibility is that if third-party-type
24 discovery goes forward, you know, that could include some
25 number of interrogatories directed to the defendant that, at

C E R T I F I C A T E

      I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.


Date:__March 12, 2024_____   
                                            William P. Zaremba, RMR, CRR