IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-00400 (APM) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT TARRIO'S MOTION TO JOIN DEFENDANT DONALD J. TRUMP'S MOTION TO STAY**

Plaintiffs in *Lee v. Trump*, No. 1:21-cv-00400-APM, and *Smith v. Trump*, No. 1:21-cv-02265-APM, by and through counsel, submit this Opposition to Defendant Enrique Tarrio's Motion to Join Defendant Donald J. Trump's Motion to Stay, Dkt. 90.

Defendant Tarrio seeks to stay the consolidated cases against him pending ultimate resolution of *United States v. Trump*, No. 1:23-cr-257 (D.D.C. filed Aug. 1, 2023), a criminal case that is unrelated to him. Tarrio's "single-page placeholder document" should be denied for failing to comply with this Court's rules. *Elliott v. Fed. Bureau of Prisons*, 547 F. Supp. 2d 15, 20 (D.D.C. 2008); *Bartlett v. Overslaugh*, 2015 WL 12964649, at *2 (D.D.C. Jan. 13, 2015); D.D.C. Local Rule 7(a) ("Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts."). Tarrio's motion should be denied because he has failed to carry his burden of showing any stay is justified. *See Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. UPMC McKeesport*,

2022 WL 3644808, at *3 (D.D.C. Aug. 24, 2022).[1]  Besides a vague reference to "the interest of judicial economy and [] any other applicable respect," Tarrio makes no attempt to carry his burden.

"A total stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy appropriate for extraordinary circumstances."  *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987) (citations omitted).  In evaluating motions to stay, courts consider "(1) the relationship between the civil and criminal actions; (2) the burden on the court; (3) the hardships or inequalities the parties would face if a stay was granted; and (4) the duration of the requested stay."  *Bush v. Semyenova*, 255 F. Supp. 3d 235, 238 (D.D.C. 2017) (quotation marks omitted).  All four factors weigh decisively against Defendant Tarrio's motion.

First, there is no relationship between *United States v. Trump* and the civil proceedings against Tarrio.  As Tarrio concedes, "no official act immunity issue or other Trump defense in the cases discussed in [Trump's motion to stay] . . . affect[s] him."  Dkt. 91.

Second, staying the case against Tarrio would not lessen the burden on the Court.  There is no reason to suspect a resolution of *United States v. Trump*, an unrelated criminal case, will in any way modify or streamline discovery as to Tarrio here.  *See Asylumworks v. Mayorkas*, 2021 WL 2227335, at *5 (D.D.C. June 1, 2021) (denying stay where it was unclear how or if the outcome of another proceeding would impact movant's case).  And judicial economy would only suffer by staying the proceedings and interrupting the progress being made in discovery in *Smith*.

Third, Tarrio has made no showing that he would face prejudice absent a stay.  *See Horn v. District of Columbia*, 210 F.R.D. 13, 15 (D.D.C. 2002) (a movant seeking a stay must "make a clear showing of hardship or inequality if required to go forward with the civil case while the criminal investigation is pending") (citation omitted).  This is especially true because Tarrio is a

---

[1] The Court should also reject Defendant Trump's motion to stay for the reasons stated in Plaintiffs' opposition to that motion, Dkt. 93.

defendant in a related civil proceeding, *District of Columbia v. Proud Boys Int'l, L.L.C.*, No. 1:21-cv-03267-APM (D.D.C. filed Dec. 14, 2021), in which Trump is not a defendant and in which Tarrio must participate regardless of the outcome of Trump's stay motion in these cases. Indeed, the consolidated cases against Tarrio in which he is a defendant (*Lee* and *Smith*) have never been stayed as to him, and Tarrio has generally participated in discovery in *Smith*. However, Plaintiffs would suffer severe prejudice from "[a]dding an indefinite amount of time on top of" an already years-old litigation. *Horn*, 210 F.R.D. at *1; *see also* Dkt. 93, at 21–23.

Fourth, Tarrio has not attempted to and could not show there is a "pressing need" for the indefinite stay he seeks. *Campaign Legal Ctr. v. 45Committee*, 2022 WL 3088595, at *1 (D.D.C. July 18, 2022) (Mehta, J.); *see also* Dkt. 93, at 23–25.

## CONCLUSION

Plaintiffs respectfully request the Court deny Defendant Tarrio's motion to join Defendant Trump's motion to stay.

Respectfully submitted,

By: */s/ Marc P. Epstein*
Marc P. Epstein

Date: April 3, 2024

| | |
|---|---|
| Jon Greenbaum, D.C. Bar No. 489887 | Joseph M. Sellers, Bar No. 318410 |
| Edward G. Caspar, D.C. Bar No. 1644168 | Brian Corman, Bar No. 1008635 |
| Marc P. Epstein, D.C. Bar No. 90003967 | Alison S. Deich, Bar No. 1572878 |
| LAWYERS' COMMITTEE FOR | COHEN MILSTEIN SELLERS & TOLL PLLC |
| CIVIL RIGHTS UNDER LAW | 1100 New York Avenue N.W. Fifth Floor |
| 1500 K Street N.W. Suite 900 | Washington, D.C. 20005 |
| Washington, D.C. 20005 | Telephone: 202-408-4600 |
| Telephone: 202-662-8390 | Facsimile: 202-408-4699 |
| jgreenbaum@lawyerscommittee.org | jsellers@cohenmilstein.com |
| ecaspar@lawyerscommittee.com | bcorman@cohenmilstein.com |
| mepstein@lawyerscommittee.org | adeich@cohenmilstein.com |

Faith E. Gay, pro hac vice
Joshua S. Margolin, pro hac vice
Claire O'Brien, pro hac vice
Elizabeth H. Snow, pro hac vice
Babak Ghafarzade, pro hac vice
Esther D. Ness, pro hac vice
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

William J. Blechman, pro hac vice
Elizabeth B. Honkonen, pro hac vice
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al*.

Janette McCarthy-Wallace, Bar No. OH066257
Anthony P. Ashton, Bar No. MD25220
Anna Kathryn Barnes Barry,
D.C. Bar No. 1719493
NAACP
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means. Dated: April 3, 2024

*/s/ Marc P. Epstein*
Marc P. Epstein