**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BARBARA J. LEE *et al.*, <br>　　　　*Plaintiffs*, <br>　　v. <br>DONALD J. TRUMP *et al.*, <br>　　　　*Defendants*. | Case No. 21-cv-00400 (APM) <br>(lead case) |
| ERIC SWALWELL, <br>　　　　*Plaintiff*, <br>　　v. <br>DONALD J. TRUMP *et al.*, <br>　　　　*Defendants*. | Case No. 21-cv-00586 (APM) <br>(consolidated case) |
| JAMES BLASSINGAME *et. al.*, <br>　　　　*Plaintiffs*, <br>　　v. <br>DONALD J. TRUMP, <br>　　　　*Defendant*. | Case No. 21-cv-00858 (APM) <br>(consolidated case) |
| CONRAD SMITH *et al.*, <br>　　　　*Plaintiffs*, <br>　　v. <br>DONALD J. TRUMP *et al.*, <br>　　　　*Defendants*. | Case No. 21-cv-02265 (APM) <br>(consolidated case) |
| MARCUS J. MOORE *et al.*, <br>　　　　*Plaintiffs*, <br>　　v. <br>DONALD J. TRUMP, <br>　　　　*Defendant*. | Case No. 22-cv-00010 (APM) <br>(consolidated case) |

| | |
|---|---|
| BOBBY TABRON *et al.*,<br>        *Plaintiff*,<br>    v.<br>DONALD J. TRUMP,<br>        *Defendants*. | Case No. 22-cv-00011 (APM)<br>(consolidated case) |
| BRIANA KIRKLAND,<br>        *Plaintiff*,<br>    v.<br>DONALD J. TRUMP,<br>        *Defendant*. | Case No. 22-cv-00034 (APM)<br>(consolidated case) |
| SANDRA GARZA,<br>        *Plaintiff*,<br>    v.<br>DONALD J. TRUMP *et al.*,<br>        *Defendants*. | Case No. 23-cv-00038 (APM)<br>(consolidated case) |

**JOINT STATUS REPORT**

Since the parties' submission of their last Joint Status Report to the Court, both sides have continued to work cooperatively; however, as each party respectively elaborates upon below, a discovery dispute has arisen regarding the number of interrogatories that Plaintiffs are permitted to propound, and for which Court intervention is requested. Setting this disputed discovery matter aside, the parties jointly report the following:

1. Both sides have continued to address various discovery requests and their corresponding responses and objections.

2. With one exception, neither party is awaiting further productions related to their Rule 45 subpoenas issued to a non-party witness, and both parties have received the other's respective productions. That one exception relates to the subpoena served on the D.C.

1

Metropolitan Police Department. On September 5, counsel for DCPMD, Teresa Quon, promised a supplemental production in "3-4 weeks." No supplemental production has been received and Ms. Quon has not yet responded to a request for an update. Defendant Trump has represented to Plaintiffs that he is preparing a privilege log for the NARA production that will be provided to Plaintiffs shortly.

3. Pursuant to the Court's minute order dated September 9, 2024, on September 30, 2024, the parties exchanged the declarations upon which they respectively intend to rely at summary judgment. Plaintiffs sent five declarations, and Defendant Trump sent two declarations. Defendant Trump also provided Plaintiffs with a subpoena indicating his intention to obtain the testimony of one witness, Daniel Scavino, via oral deposition on October 21, 2024, or at such other agreed to time.

4. Both parties have indicated their intent to take, or appear at, one or more depositions. The scheduling for such depositions is underway and the Parties anticipate that depositions will be completed by the October 28, 2024, immunity-related discovery deadline.

**Plaintiffs' Report:**

On October 4, 2024, counsel for Plaintiffs and Defendant Trump participated in a Meet and Confer ("Meet and Confer") to address several objections that Defendant Trump had raised pursuant to Plaintiffs' First Set of Interrogatories and Fourth Set of Requests for Admission. Following this Meet and Confer, the parties remain in disagreement as to the number of interrogatories for which Plaintiffs are entitled to a response from Defendant Trump, and therefore seek to raise this issue before the Court.

Plaintiffs have served on Defendant Trump three sets of interrogatories totaling twelve interrogatories. The First Set of Interrogatories contains one interrogatory asking that for any denial

of a request for admission (RFA), Defendant Trump explain the basis for that denial. Plaintiffs have served a Second and Third Set of Interrogatories, totaling an additional eleven interrogatories. Responses to the Second and Third Set of Interrogatories are due later this month.

On September 13, 2024, in his supplemental response to Plaintiffs' First Set of Interrogatories, Defendant Trump represented that he would not be responding to any further interrogatories. Defendant Trump's stated reason for his refusal to respond to Plaintiffs' outstanding interrogatories was his belief that Plaintiffs have exceeded their allotment of 25 interrogatories, as Trump has provided explanations for more than 25 denials to RFAs (in response to Interrogatory Number 1).

Plaintiffs contend that they have not exceeded the number of interrogatories allotted them under the Federal Civil Rules of Procedure. The discovery in this case includes eight consolidated cases with multiple plaintiffs in each case, and Rule 33 permits each party in each case to serve on any other party no more than 25 interrogatories. Fed. R. Civ. P. 33. As these consolidated cases could have been pursued independently, Plaintiffs in each case are entitled to complete discovery permitted under the Rules, and the consolidated Plaintiffs have not exceeded their allotted number of interrogatories. To date, Defendant Trump has only provided explanations for 92 RFA denials, which is well below the number of interrogatories permitted. Even if only 25 interrogatories were permitted in each of the eight consolidated cases (as opposed to each party), the limit would be 200 interrogatories.

During the Meet and Confer, Defendant Trump affirmed that this objection means he does not plan to provide any response at all to Plaintiffs' Second and Third Sets of Interrogatories , which are contention interrogatories. These contention interrogatories primarily mirror Defendant Trump's own contention interrogatories, to which Plaintiffs have already replied. Given the approaching close of the immunity-related discovery period, it is now a wholly appropriate stage

for Defendant Trump to likewise provide contention interrogatory responses.

In addition, at the Meet and Confer, Defendant Trump stated that he will no longer provide interrogatory responses in connection with any further RFA denials. Plaintiffs offered that Defendant Trump provide interrogatory responses for a small set of RFA denials still outstanding, but Defendant rejected that offer. If permitted, Defendant's objection will result in a non-response to a significant number of Plaintiffs' outstanding discovery requests, including contention interrogatories that Defendant agrees are entirely appropriate, as they mirror Defendant's own contention interrogatories.

Plaintiffs presented this reasoning to Defendant Trump at the Meet and Confer; however, the parties could not reach agreement on the issue and have reached an impasse. Therefore, Plaintiffs seek this Court's intervention and request that Defendant Trump be ordered to respond to Plaintiffs' outstanding interrogatories and provide the basis for any additional RFAs to which he responds with a denial.

**Defendant Trump's Report**

To date, Plaintiffs have served five sets of requests for admission on President Trump, comprising some 340 requests. As many of the individual requests are, in fact, compound and seek admissions concerning multiple facts, the true number of requested admissions is higher than that. Plaintiffs paired these admissions with a set of interrogatories—*expressly served on behalf of all plaintiffs in these actions*—demanding a full explanation of the basis of anything other than an unqualified admission. For the first 92 requests that President Trump did not unqualifiedly admit, he provided accompanying interrogatory responses—essentially responses to 92 contention interrogatories—before objecting, in connection with service of his responses to plaintiffs' fourth set of requests for admission, to providing an additional 65 such interrogatory responses.

During today's meet and confer, plaintiffs offered to forego 18 of those additional 65

interrogatory responses (and perhaps a few more depending on the resolution of certain questions posed by plaintiffs with respect to the basis for the responses to those requests for admission). In any event, however, simply responding to the ones that plaintiffs are insisting upon will require President Trump to respond to approximately 120 interrogatories in total, even before considering the additional contention interrogatories that plaintiffs also want answered and the additional interrogatory responses, which will inevitably be generated by forthcoming denials or qualified responses to portions of Plaintiffs' Fifth Set of Requests for Admissions.

There is no dispute that plaintiffs have already had answers to 92 interrogatories as such matters are determined under Rule 33(a)(1), which imposes a limit of 25, including all discrete subparts. As one federal judge recently explained in a thorough opinion addressing precisely this topic, "in the context of interrogatories that seek additional information regarding a party's denials of requests for admission, there is a robust consensus that each request for admission constitutes a discrete subpart and a separate interrogatory." *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 104–05 (W.D. Tex. 2020). Among other authorities, the *Superior Sales* court cited: *Trusz v. UBS Realty Invs. LLC*, No. 3:09-CV-268, 2011 WL 1628005, at *3 (D. Conn. Apr. 27, 2011) (holding that where "plaintiff asks defendant ... to identify all actions that it took to admit or deny more than two hundred of plaintiff's Requests for Admission.... this single interrogatory is actually more than two hundred separate interrogatories"); *Constr. Sys., Inc. v. Gen. Cas. Co. of Wis.*, No. 9-3697, 2011 WL 13312221, at *3 (D. Minn. Apr. 22, 2011) (collecting cases and noting "[n]umerous jurisdictions are in agreement" that "an interrogatory that asks for the factual and documentary bases for the denial of each [request for admission] constitutes ... multiple interrogatories"); *Estate of Fahner ex rel. Fahner v. County of Wayne*, No. 08-cv-14344, 2009 WL 4644788, at *2 (E.D. Mich. Dec. 3, 2009) ("Plaintiff has effectively turned twenty-seven Requests for Admission into a potential 270 interrogatories by making an additional ten inquiries for each denied Request for

5

Admission"); *Wildearth Guardians v. Pub. Serv. Co. of Colo.*, No. 09-CV-01862-ZLW-MEH, 2010 WL 5464313 at *3-4 (D. Colo. Dec. 29, 2010) (interrogatory that "request[ed] the factual basis for each denial or denial in part to [the defendant's] requests for admissions" counted as 116 interrogatories, corresponding to each of the 116 denials or partial denials of a request for admission); and *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("[The purpose of requests for admission] is to eliminate from the trial matters as to which there is no genuine dispute. Therefore, requests for admissions are not principally discovery devices. Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a).")

Thus, we are left with plaintiffs' too-clever-by-half argument that each of the eight plaintiffs should get 25 interrogatories for just this limited, immunity phase of the case. President Trump respectfully submits that such a burdensome, one-sided rule, which would allow the plaintiffs, by coordinating their efforts, so easily to bypass the limits on interrogatories, could not possibly have been within the Court's contemplation when it consolidated these matters for this limited purpose. Nor was it contemplated by any party, as shown by the fact that the various plaintiffs did not serve separate interrogatories but rather all adopted—and received answers to—a unified set of interrogatories. And that fact is fatal to plaintiff's theory concerning how they might have evaded the limit by coordination because they simply did not do so; each plaintiff, by joining in the 92 interrogatories answered to date, has posed and received answers to 92 interrogatories on its own account.

That plaintiffs appear to regret their abusive overuse of requests for admission coupled with what they now apparently deem an ill-considered use of their limited interrogatories does not counsel in favor of requiring President Trump to shoulder even more of a burden at this late stage. The irrefutable fact is that President Trump has already borne the burden of responding to 92 interrogatories. He should not be required to do more.

Nor will plaintiffs, who demanded and received a statement laying out President Trump's immunity theory at the beginning of the immunity discovery process and who will have the opportunity to respond to his immunity motion, be substantially prejudiced if they must bear the consequences of their own profligacy with their limited interrogatories.

Finally, President Trump notes that the only issue being raised in this Status Report with respect to either the requests for admission or the interrogatories is the threshold issue of the number that he should be required to respond to. There are other objections—including, for example, whether some of the matters inquired into are within the allowable scope of immunity discovery at all—that are not ripe for resolution at this time (and may never be depending on how the Court resolves this threshold issue).

Dated: October 4, 2024                                    Respectfully submitted,

s/ *Joseph Sellers*                                        /s/ *David Warrington*
Joseph M. Sellers, Bar No. 318410           David A. Warrington, D.C. Bar No.
Brian Corman, Bar No. 1008635               1616846
Alison S. Deich, Bar No. 1572878            Jonathan M. Shaw, D.C. Bar No. 446249
COHEN MILSTEIN SELLERS & TOLL               Gary M. Lawkowski, D.C. Bar No.
PLLC                                        1781747 DHILLON LAW GROUP, INC.
1100 New York Avenue N.W. Fifth Floor       2121 Eisenhower Ave, Suite 402
Washington, D.C. 20005                      Alexandria, Virginia 22314
Telephone: 202-408-4600                     Telephone: (703) 574-1206
Facsimile: 202-408-4699                     Facsimile: (415) 520-6593
jsellers@cohenmilstein.com                  dwarrington@dhillonlaw.com
bcorman@cohenmilstein.com                   jshaw@dhllonlaw.com
adeich@cohenmilstein.com                    glawkowski@dhllonlaw.com

 Janette McCarthy-Wallace, Bar No.           Jesse R. Binnall VA022

OH066257 Anthony P. Ashton, Bar No. MD25220
Anna Kathryn Barnes Barry, D.C. Bar No. 1719493
NAACP Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA  22314
Telephone: (703) 888-1943
Facsimile: (703) 888-1930
jesse@binnall.com

*Attorneys for Defendant Donald J. Trump*

/s/ Matthew Kaiser
Matthew Kaiser, D.C. Bar No. 486272
Sarah Fink, D.C. Bar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

/s/ Patrick Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515

pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland (Bar No. MD0141)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame and Sidney Hemby*

/s/ Edward Caspar
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, D.C. 20005
Telephone: 202-662-8390
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104

9

Telephone: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

/s/ Mark Zaid
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792 Joseph
Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com

joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*

/s/ Patrick Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et al.; Bobby Tabron et al.; and Briana Kirkland*