

2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314

David A. Warrington
Phone: 703.574.1206
DWarrington@dhillonlaw.com

October 17, 2024

*Via ECF*
The Hon. Amit P. Mehta,
United States District Judge
United States District Court for the District
of Columbia

    Re: *Lee v. Trump*, Case No. 21-cv-00400 (APM)

Dear Judge Mehta,

    In accordance with the Court's directive requiring informal submissions regarding discovery matters, we write to request reconsideration of the Court's October 16, 2024, ruling regarding interrogatories (Dkt. No. 126). As a result of that directive, that discovery issue was informally briefed in the context of a status report and therefore was decided on a less complete record than would normally have been before the Court on such a dispute. As a result, the Court would appear to have premised its decision on an incorrect factual assumption.

    Specifically, the Court stated that "had Defendant raised his objection sooner, Plaintiffs could have sought leave for more interrogatories or tailored their interrogatories to the most important denials, or both. It would be unfair to cut off discovery at a time of Defendant's choosing." Dkt. 126 at p. 1. Notably, however, Plaintiffs did not suggest in their portion of the status report that President Trump had only recently raised this objection. Nor could they have done so. If they had made such a suggestion, President Trump would have shown that he first raised this objection on May 31, 2024, in his initial response to Plaintiff's first interrogatory:

> Although phrased as a single request, Interrogatory 1 "contains potentially [78] interrogatories since each denied [or qualified] request for admission, by necessity, raises a line of inquiry that is distinct from its predecessor." *Miller v. Holzmann*, 240 F.R.D. 1, 3 (D.D.C. 2006). As

*Lee v. Trump*,
Case No. 21-cv-00400 (APM)
Page 2

President Trump has denied or qualified 21 requests for admission, each "subpart must be considered a separate interrogatory," counting against plaintiffs' applicable limits. *Id.*; *see also Deutsch v. Arrow Fin. Servs., LLC*, No. 8:08-CV-1469-T-17MAP, 2009 WL 10670785, at *3 (M.D. Fla. May 1, 2009) ("An interrogatory that asks for an explanation for each denial of a request for admission generally does not count only as a single interrogatory, but rather counts as multiple interrogatories for purposes of the numerical limit contained in Fed. R. Civ. P. 33(a).").

President Trump then reiterated this objection multiple times. Thus, Plaintiffs have been on notice of President Trump's objection on this ground since May 31, 2024, and had months "to seek leave for more interrogatories or to tailor their interrogatories to the most important denials, or both." They chose to do neither, instead continuing to insist that President Trump provide answers to their initial RFA-related interrogatories, while also continuing to propound additional RFAs (350 to date).

In short, President Trump did not sandbag Plaintiffs. To the contrary, he went above and beyond to cooperate with their discovery demands, taking on the burden of answering 92 interrogatories—71 of them *after* Plaintiffs had been expressly put on notice of his position with regard to this issue. Now he is effectively being penalized for his cooperation.

We respectfully submit that the Court should reconsider its Order and relieve President Trump of any obligation to respond to additional interrogatories.

Respectfully submitted,

David A. Warrington

cc:   All counsel of record via ECF