UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BARBARA J. LEE, et al.,** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00400 |
| | ) | |
| **DONALD J. TRUMP, et al.,** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### DEFENDANT DONALD J. TRUMP'S
### BRIEF IN SUPPORT OF HIS MOTION TO RECONSIDER

Pursuant to Federal Rule of Civil Procedure 7 and local rule LCvR 7 of the District Court for the District of Columbia, Defendant Donald J. Trump ("President Trump") respectfully files this Brief in Support of His Motion to Reconsider and, in furtherance thereof, states as follows:

As a preliminary matter, President Trump initially raised this request by letter to the Court on October 16, 2024 (Dkt. 127), because this Court's Order dated April 29, 2024, restricted the parties from filing discovery-related motions without leave (Dkt. No. 109). Nevertheless, the Clerk's office rejected our submission and has required that we refile this as a formal motion.

As to the substance of this motion, as a result of Docket 109's directive regarding how discovery matters were to be raised with the Court, this discovery issue relating to interrogatories was informally briefed in the context of a status report and therefore was decided on a less complete record than would normally have

been before the Court on such a dispute.  As a result, the Court appears to have premised its decision on an incorrect factual assumption.

Specifically, the Court stated that "had Defendant raised his objection sooner, Plaintiffs could have sought leave for more interrogatories or tailored their interrogatories to the most important denials, or both.  It would be unfair to cut off discovery at a time of Defendant's choosing."  Dkt. 126 at p. 1.  Notably, however, Plaintiffs did not suggest in their portion of the status report that President Trump had only recently raised this objection.  Nor could they have done so.  If they had made such a suggestion, President Trump would have shown that he first raised this objection on May 31, 2024, in his initial response to Plaintiff's first interrogatory:

> Although phrased as a single request, Interrogatory 1 "contains potentially [78] interrogatories since each denied [or qualified] request for admission, by necessity, raises a line of inquiry that is distinct from its predecessor." *Miller v. Holzmann*, 240 F.R.D. 1, 3 (D.D.C. 2006). As President Trump has denied or qualified 21 requests for admission, each "subpart must be considered a separate interrogatory," counting against plaintiffs' applicable limits. *Id.*; *see also Deutsch v. Arrow Fin. Servs., LLC*, No. 8:08-CV-1469-T-17MAP, 2009 WL 10670785, at *3 (M.D. Fla. May 1, 2009) ("An interrogatory that asks for an explanation for each denial of a request for admission generally does not count only as a single interrogatory, but rather counts as multiple interrogatories for purposes of the numerical limit contained in Fed. R. Civ. P. 33(a).").

President Trump then reiterated this objection, updating the numbers, as he provided further responses to interrogatories.

Thus, Plaintiffs have been on notice of President Trump's objection on this ground since May 31, 2024, and had months "to seek leave for more interrogatories or to tailor their interrogatories to the most important denials, or both."  They chose to do neither, instead continuing to insist that President Trump provide answers to

their initial RFA-related interrogatories, while also continuing to propound additional RFAs (350 to date).

In short, President Trump did not sandbag Plaintiffs. To the contrary, he went above and beyond to cooperate with their discovery demands, taking on the burden of answering 92 interrogatories—71 of them *after* Plaintiffs had been expressly put on notice of his position with regard to this issue. Now, he is effectively being penalized for his cooperation.

A court may grant a motion for reconsideration if there are good reasons for doing so. *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 308 F. Supp. 3d 186, 193 (D.D.C. 2018) (quoting *Cobell v. Norton*, 355 F.Supp.2d 531, 540 (D.D.C. 2005)). "For example, justice may require revision where 'the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has made an error not of reasoning but of apprehension.'" *Id.* "Errors of apprehension may include a Court's failure to consider 'controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court.'" *Jordan v. U.S. Dep't of Labor*, 308 F. Supp. 3d 24, 35 (D.D.C. 2018). In this case, the Court based its ruling on a mistaken assumption concerning when President Trump brought his objection to the Plaintiffs' attention.

Allowing Plaintiffs additional interrogatories would also prejudice President Trump, who abided by the requirements of Rule 33, narrowly tailored his own discovery, and did not inundate Plaintiffs with burdensome and, oftentimes, inappropriate discovery requests. President Trump asked just 15 interrogatories in

consideration of the "limited" immunity discovery allowed by the court of appeals, in contrast to the 92 that he has already borne the burden of answering. Requiring him to respond to an additional 20 interrogatories at this point would be burdensome and unfair.

For these reasons, we respectfully submit that the Court should reconsider its Order and relieve President Trump of any obligation to respond to additional interrogatories.

Dated: October 20, 2024                    Respectfully submitted,


                                           /s/ David A. Warrington
                                           David A. Warrington
                                           Jonathan M. Shaw
                                           Gary M. Lawkowski
                                           DHILLON LAW GROUP, INC.
                                           2121 Eisenhower Ave, Suite 608
                                           Alexandria, Virginia 22314
                                           Tel:  (703) 574-1206
                                           Fax:  (415) 520-6593
                                           dwarrington@dhillonlaw.com
                                           jshaw@dhillonlaw.com
                                           glawkowski@dhillonlaw.com
                                           *Attorneys for Donald J. Trump*

                                           Jesse R. Binnall (VA022)
                                           THE BINNALL LAW GROUP, PLLC
                                           717 King Street, Suite 200
                                           Alexandria, Virginia 22314
                                           Tel:  (703) 888-1943
                                           Fax: (703) 888-1930
                                           jesse@binnall.com

## CERTIFICATE OF SERVICE

I certify that on October 20, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ David A. Warrington
David A. Warrington
*Attorney for Donald J. Trump*