IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARBARA J. LEE, et. al., <br><br> *Plaintiffs,* <br><br> v. <br><br> DONALD J. TRUMP, et. al., <br><br> *Defendants.* | Case No. 21-cv-00400-APM <br><br> Consolidated with Case Nos. <br> 21-cv-00586-APM <br> 21-cv-00858-APM <br> 21-cv-02265-APM <br> 22-cv-00010-APM <br> 22-cv-00011-APM <br> 22-cv-00034-APM <br> 23-cv-00038-APM |

### EMERGENCY MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH

Pursuant to Rules 26(f) and 45(d)(3) of the Federal Rules of Civil Procedure as well as Local Rule 30.1 of the Local Rules for the United States District Court for the District of Columbia, third-party deponent, Daniel J. Scavino, Jr., by and through the undersigned counsel, respectfully requests this Court issue an Order setting a briefing schedule on the scope of any deposition of Mr. Scavino and extend the time within which the parties may take the deposition of Mr. Scavino in these consolidated matters. Counsel for former President Trump have indicated they take no position on Mr. Scavino's request. Counsel for the plaintiffs oppose Mr. Scavino's request.

### I.     Procedural Background

Counsel for former President Donald J. Trump initially served Mr. Scavino, through counsel, with a subpoena for his deposition on September 30, 2024. That subpoena set the date for Mr. Scavino's deposition as October 21, 2024, "or such time as agreed." Upon agreement of counsel for former President Trump and Mr. Scavino, that deposition date was vacated while the parties continued their discussion of the necessity of a deposition of Mr. Scavino. Thereafter, on October 25, 2024, the Court granted the parties' motion for an extension of time within which to

1

conduct third-party depositions, including of Mr. Scavino, extending the deadline for any such deposition to December 4, 2024. Order (Oct. 25, 2024) (ECF No. 131). With no agreement on the necessity of Mr. Scavino's deposition having been reached, on November 27, 2024 at 4:38 PM EST – the eve of the Thanksgiving holiday, counsel for former President Trump served Mr. Scavino, through counsel, with a subpoena for his deposition to be held on December 3, 2024. Roughly an hour later – at 5:40 PM EST – counsel for plaintiffs emailed Mr. Scavino's counsel a "cross-notice of deposition" for Mr. Scavino, indicating the plaintiffs' intent to also depose Mr. Scavino on December 3, 2024. Neither subpoena indicated the scope of the testimony intended to be covered in Mr. Scavino's deposition.

## II.   Legal Standards

Discovery in civil litigation is limited to only nonprivileged matters, "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In considering the relevance of discovery sought in an action, District Courts are instructed to consider: "the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* In addition to depositions, interrogatories, and requests for the production of documents of *parties*, Rule 45 of the Federal Rules of Civil Procedure authorizes any party to issue a subpoena commanding a non-party to appear for a deposition and/or to produce documents. However, such a subpoena can be quashed or modified to protect the rights of a party that has been subpoenaed. Fed. R. Civ. P. 45(d). A subpoena must be quashed or modified when the subpoena subjects its recipient to an undue burden. *Id.* at (d)(3)(A)(i)-(iv).

In addition to the limitations imposed by the Federal Rules of Civil Procedure, the scope of any testimony in this matter is limited by Presidential immunity. As the Supreme Court

articulated more than forty years ago, that, "bare allegations of malice should not suffice to subject government officials either of the costs of trial or to the burdens of broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818 (1982). Most recently, in *Trump v. United States*, 603 U.S. 593 (2024), the Court made clear that, "courts may not inquire into the President's motives [as] [s]uch an inquiry would risk exposing even the most obvious instances of official conduct to judicial examination on the mere allegation of improper purpose, thereby intruding on the Article II interests that immunity seeks to protect." *Id.* at 618. *See also Blassingame v. Trump*, 87 F. 4th 1, 32 (D.C. Cir. 2023) (Katsas, J. concurring) ("As a general matter, motive-based inquiries are 'highly intrusive' and thus inappropriate for scoping out immunity, even in cases involving plausible allegations that the President has acted for some unconstitutional purpose." (citing *Nixon v. Fitzgerald*, 457 U.S. at 756).

    A corollary to Presidential immunity is the fact that federal government officials enjoy qualified immunity when performing their official duties. Qualified immunity is a legal immunity which, "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 230 (2009). The doctrine is intended to broadly protect government officials, "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have know." *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In particular, the Supreme Court has noted that qualified immunity is intended as "an entitlement not to stand trial or face the other burdens of litigation. . . [qualified immunity] is an immunity from suit rather than a mere defense to liability. . . and is effectively lost if a case is erroneously permitted to go to trial."

*Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). The Supreme Court was unequivocal in *Harlow* that: "Until [the] threshold . . . question [of qualified immunity] is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818. Similarly, other District Courts have extended *Harlow*'s reasoning to require that non-party subpoenas be quashed. *See Burkette v. Travis*, 2022 U.S. Dist. LEXIS 103817, at *7-8 (La. M.D. June 10, 2022) ("More importantly, however, quashing the subpoena is proper for the same reasons discovery will be stayed—to allow otherwise would essentially permit [the plaintiff] to circumvent the procedure established by the Fifth Circuit to address qualified immunity.").

**III.    Argument**

Mr. Scavino respectfully requests this Court set a briefing schedule on the scope of what matters any deposition of Mr. Scavino can cover, especially where, as here, neither subpoena addresses the scope of matters that may be covered in Mr. Scavino's deposition.

At bottom, any inquiry of Mr. Scavino will involve actions taken in his official capacity as Deputy Chief of Staff to then-President Trump and anything Mr. Scavino did or did not do will only be for the benefit of an inquiry into President-elect Trump's motives at the time such actions (and/or communications with then-President Trump) occurred, which the Supreme Court has now strictly forbidden. *Trump*, 603 U.S. at 618. Moreover, assuming the Court agrees Mr. Scavino was acting in his official capacity as Deputy Chief of Staff for all conduct relevant to this litigation, he is therefore immune from inquiry in civil litigation. His deposition is therefore precluded unless and until the question of such immunity can be addressed. *Harlow*, 457 U.S. at 818 ( "Until [the] threshold . . . question [of qualified immunity] is resolved, discovery should not be allowed."). While Mr. Scavino appreciates the necessity of noticing his deposition prior to the close of discovery in these matters, these weighty issues of constitutional significance must be resolved prior to Mr. Scavino appearing for any deposition. And both the Court and the

4

parties will benefit from prior testimony that has been elicited from Mr. Scavino – namely, the grand jury testimony taken by the government in its investigation of former President Trump for the same allegations that give rise to the complaints in the instant matters.

In the alternative, were this Court inclined to not consider the scope what matters any deposition of Mr. Scavino can cover, Mr. Scavino respectfully requests plaintiffs' subpoena be quashed. First, as Local Rule 30.1 of the Local Rules for the United States District Court of the District of Columbia makes clear: "Service of a notice of deposition seven days in advance of the date set for taking the deposition shall constitute 'reasonable notice' to a party required by Fed. R. Civ. P. 30(b)" and plaintiffs' subpoena was not served within seven (7) days of the deposition date.[1] Second, the "cross-notice" issued by plaintiffs was improperly served. Neither Rule 45 nor this Court's Local Rules contemplate any such "cross-notice," while service of any kind consistently requires in-person service unless otherwise waived. No such waiver was obtained. Moreover, the rules of civil procedure for New York, where Mr. Scavino resides, provides that any "cross-notice" of a deposition be served, "at least ten (10) days before the date of the examination." CPLR 3107. Accordingly, the plaintiffs' subpoena of Mr. Scavino should be quashed.

## CONCLUSION

In summary, Mr. Scavino requests this Court issue an Order setting a briefing schedule on the scope of any deposition of Mr. Scavino. Mr. Scavino further requests this Court extend

---

[1] Although former President Trump's subpoena of Mr. Scavino was also served less than seven (7) days before the deposition date, that is because Mr. Scavino had agreed to sit for a deposition – should the Court not consider the constitutional issues raised herein – on Wednesday, December 5. Counsel for former President Trump instead modified the deposition date at the request of plaintiffs' counsel.

the time within which he can be deposed in these consolidated matters.  While briefing is pending, Mr. Scavino represents that he will seek the disclosure of the grand jury testimony transcripts of his appearances before the grand jury in the investigation of former President Trump for the events of and leading up to January 6, 2021.  Given the dismissal of the action against former President Trump, the secrecy of these transcripts is no longer as necessary and the transcripts may obviate the need for Mr. Scavino to be deposed at all.

Dated: December 1, 2024

Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Daniel J. Scavino, Jr.*

## CERTIFICATE OF SERVICE

On December 1, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically transmitted to all counsel of record via CM/ECF.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)