**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BARBARA J. LEE *et al.*,<br>        *Plaintiffs*,<br>v.<br>DONALD J. TRUMP *et al.*,<br>        *Defendants*. | Case No. 21-cv-00400 (APM)<br>(lead case) |
| ERIC SWALWELL,<br>        *Plaintiff*,<br>v.<br>DONALD J. TRUMP *et al.*,<br>        *Defendants*. | Case No. 21-cv-00586 (APM)<br>(consolidated case) |
| JAMES BLASSINGAME *et. al.*,<br>        *Plaintiffs*,<br>v.<br>DONALD J. TRUMP,<br>        *Defendant*. | Case No. 21-cv-00858 (APM)<br>(consolidated case) |
| CONRAD SMITH *et al.*,<br>        *Plaintiffs*,<br>v.<br>DONALD J. TRUMP *et al.*,<br>        *Defendants*. | Case No. 21-cv-02265 (APM)<br>(consolidated case) |
| MARCUS J. MOORE *et al.*,<br>        *Plaintiffs*,<br>v.<br>DONALD J. TRUMP,<br>        *Defendant*. | Case No. 22-cv-00010 (APM)<br>(consolidated case) |

| | |
|---|---|
| BOBBY TABRON *et al.*,<br>        *Plaintiff*,<br>v.<br>DONALD J. TRUMP,<br>        *Defendants.* | Case No. 22-cv-00011 (APM)<br><br>(consolidated case) |
| BRIANA KIRKLAND,<br>        *Plaintiff*,<br>v.<br>DONALD J. TRUMP,<br>        *Defendant.* | Case No. 22-cv-00034 (APM)<br><br>(consolidated case) |
| SANDRA GARZA,<br>        *Plaintiff*,<br>v.<br>DONALD J. TRUMP *et al.*,<br>        *Defendants.* | Case No. 23-cv-00038 (APM)<br><br>(consolidated case) |

**PLAINTIFFS' OPPOSITION TO DANIEL J. SCAVINO JR.'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH**

Plaintiffs respectfully oppose Daniel J. Scavino, Jr.'s Emergency Motion for Protective Order and/or to Quash, ECF No. 134 ("Motion" or "Mot."). Plaintiffs have been corresponding with Mr. Scavino's counsel regarding his deposition since October 16, 2024. Nevertheless, Plaintiffs received no indication that Mr. Scavino would seek to quash the subpoenas for his testimony until November 30, 2024 (the Saturday after Thanksgiving and just three calendar days before Mr. Scavino's scheduled deposition), when Mr. Scavino requested to delay his deposition by 45 days. Because Mr. Scavino has not articulated any legally adequate basis to modify or quash the parties' subpoenas at this late juncture, Plaintiffs request that the Court deny the motion for a protective order and leave unchanged the December 4, 2024 deadline for immunity discovery. As the deposition of Mr. Scavino was originally noticed by President Trump, the Plaintiffs take no position on whether Mr. Scavino is ordered to appear for his deposition tomorrow. But if

1

the deposition does not occur before December 4, 2024, any testimony from the deposition should be excluded from the immunity stage of the litigation.

### I. Background

Mr. Scavino acknowledges that, on September 30, 2024, counsel for former President Trump served him with a subpoena for his deposition. Mot. at 1. Since then, Plaintiffs' counsel has repeatedly cross-noticed the deposition and engaged in extensive discussions with Mr. Scavino's attorney, as illustrated by the following timeline:

**9/30/24:**
- Former President Trump's counsel served a deposition subpoena upon Daniel Scavino, which scheduled the deposition for October 21, 2024 at 5:00 PM, or such other time as agreed.

**10/16/24:**
- Plaintiffs' counsel Joseph Sellers emailed Daniel Scavino's attorney, Stanley Woodward, as well as former President Trump's counsel, inquiring about the date of Mr. Scavino's deposition.

**10/18/24:**
- Plaintiffs' counsel, Edward Caspar, emailed Mr. Woodward, with former President Trump's counsel cc'd, regarding the scheduling of Mr. Scavino's deposition and stating that the consolidated Plaintiffs intended to participate in any such deposition.

**10/21/24:**
- Mr. Scavino's attorney, Mr. Woodward, responded to Plaintiffs' counsel via email that he did not accept service of any subpoenas and requested that counsel find a time to discuss the matter.

**10/22/24:**
- Plaintiffs' counsel emailed Mr. Woodward and former President Trump's counsel proposing several times that week when they would be available to meet and confer regarding Mr. Scavino's deposition.

**10/23/24:**
- Having received no response, Plaintiffs' counsel sent a follow up email to Mr. Woodward and former President Trump's counsel requesting that they provide times when they could be available to meet and confer about Mr. Scavino's deposition.

**10/25/24:**
- Having still received no response, Plaintiffs' counsel Edward Caspar emailed Mr. Scavino's attorney Mr. Woodward, stating that Mr. Woodward had suggested they hold a meeting to discuss the subpoenas but had not responded to Plaintiffs' requests to schedule such a meeting.

**10/28/24:**
- Plaintiffs' counsel engaged a process server, Capitol Process Services, Inc., to assist with serving a cross-notice deposition subpoena and witness check of $105.00 for Daniel Scavino.

- Plaintiffs' counsel Joseph Sellers emailed Mr. Woodward informing him that Plaintiffs were cross-noticing Mr. Scavino's deposition and attaching a deposition subpoena thereto.
    - The email also stated that Plaintiffs had sent a subpoena and witness check to what they understood to be Mr. Scavino's residential address.
    - The email further asked whether Mr. Woodward would accept service of the attached subpoena on Mr. Scavino's behalf.

- Mr. Woodward and Plaintiffs' counsel agreed over email that they would meet regarding the subpoenas on the morning of October 29, 2024.

**10/29/24**:
- Plaintiffs' counsel and Mr. Woodward met regarding the subpoenas.

- As memorialized in an email sent by Plaintiffs' counsel Edward Caspar to Mr. Woodward at 11:58 AM, Mr. Woodward indicated during their meeting that he would confer with his client and consider accepting service of the deposition subpoena sent to him by Joseph Sellers on October 28, 2024.

- Mr. Woodward had also stated during that meeting that he was considering whether to file a motion to narrow the scope of the immunity deposition.

- Plaintiffs received an affidavit of due diligence from the process server stating they were unable to serve Daniel Scavino at the address listed on the subpoena, which was the same as the address listed on the deposition subpoena that former President Trump had issued to Daniel Scavino on September 30, 2024.

**10/30/24:**
- At Plaintiffs' request, the process server attempted to serve the deposition subpoena and witness check through Mr. Scavino's attorney, Mr. Woodward. These service attempts were unsuccessful.

**10/31/24:**
- The process server again attempted to serve the deposition subpoena upon Mr. Woodward. These service attempts were also unsuccessful.

**11/1/24:**
- Plaintiffs received an affidavit of due diligence from the process server stating that they were unsuccessful in their attempts to serve Daniel Scavino through his attorney, Stanley Woodward.
    - The affidavit states that on October 31, 2024 at 7:00 PM, the process server spoke with Mr. Woodward over the phone, and Mr. Woodward refused to accept service of process.

**11/6/24:**
- Plaintiffs' counsel Edward Caspar emailed Mr. Woodward asking him to confirm whether he could accept service of the deposition subpoena sent by Joseph Sellers (which was sent on October 28, 2024).

- At 8:09 PM Mr. Woodward replied to the email but did not address whether he would accept service of the deposition subpoena.

**11/8/24:**
- Plaintiffs' counsel Edward Caspar again emailed Mr. Woodward asking whether he would accept service of the deposition subpoena previously sent by Joseph Sellers.

3

**11/11/24:**
- Plaintiffs' counsel Edward Caspar once more emailed Mr. Woodward asking whether he would accept service of the deposition subpoena.

**11/27/24:**
- At 4:38 PM, former President Trump's counsel emailed to Mr. Woodward and Plaintiffs' counsel a "Notice of Deposition of Daniel J. Scavino," which stated that the deposition would be conducted via Zoom on December 3, 2024.

- At 5:40 PM, Plaintiffs' counsel Brian Corman emailed the Plaintiffs' Cross-Notice of Deposition of Mr. Scavino to Mr. Woodward and former President Trump's counsel.

**11/30/24:**
- Mr. Woodward emailed Plaintiffs' counsel and former President Trump's counsel requesting consent to a motion to delay Mr. Scavino's deposition by 45 days and to have the court set a briefing schedule regarding the parameters of permissible testimony at the deposition.

**12/1/2024:**
- Plaintiffs' counsel Joseph Sellers responded to Mr. Woodward's email stating that the Plaintiffs remained prepared to proceed with Mr. Scavino's deposition as scheduled on December 3, 2024, and noting that Mr. Woodward had waited until the Saturday afternoon before the deposition to raise his request, which would delay the deposition until after the court-ordered deadline for conducting immunity-related fact discovery.

- Former President Trump's counsel David Warrington replied to Plaintiffs' counsel Joseph Sellers as well as Mr. Woodward indicating that they intended to go forward with Mr. Scavino's deposition as noticed on December 3, 2024.

**12/2/2024**
- Without conferring any further with Plaintiffs, Mr. Scavino filed his Emergency Motion for Protective Order and/or to Quash, ECF No. 134.

    II.     **Argument**

Mr. Scavino's Motion rests on a series of inaccurate statements about the anticipated scope of the deposition and Plaintiffs' repeated attempts to serve him with a Rule 45 subpoena.

First, Mr. Scavino argues that "any inquiry of [him] will involve actions taken in his official capacity as Deputy Chief of Staff to then-President Trump." Mot. at 4. But that is beside the point. Mr. Scavino is not a Defendant in this case; rather, he is being asked to give testimony as a fact witness. And the doctrine of qualified immunity does not protect officials from serving as a fact witness in litigation against other people. *See, e.g.*, *Nero v. Mosby*, No. CV 16-1304, 2017 WL 1048259, at *2 (D. Md. Mar. 20, 2017)

(defendant possibly entitled to qualified immunity "must, in any event, act as a witness in regard to facts" relevant to litigation against other parties).

At the same time, Mr. Scavino suggests that his testimony "will only be for the benefit of an inquiry into President-elect Trump's motives." Mot. at 4. Not so. The parties are aware of the D.C. Circuit's decision stating that "the President's official immunity insulates all of his official actions from civil damages liability, regardless of their legality or his motives," *Blassingame v. Trump*, 87 F.4th 1, 14 (D.C. Cir. 2023), and Plaintiffs will proceed accordingly during Mr. Scavino's deposition. Plaintiffs have already deposed two witnesses against this legal backdrop.

Mr. Scavino also argues that "both the Court and the parties will benefit from prior testimony that has been elicited from Mr. Scavino – namely, the grand jury testimony taken by the government in its investigation of former President Trump for the same allegations that give rise to the complaints in the instant matters." Mot. at 4-5. While that testimony may prove relevant, Mr. Scavino cites no authority (nor are Plaintiffs aware of any) supporting the proposition that giving grand jury testimony excuses a witness from sitting for a deposition in separate civil litigation where he would be subject to cross-examination by different parties.

Finally, Mr. Scavino argues that Plaintiffs' subpoena should be quashed because it was not served at least ten days before the deposition. Mot. at 5. This argument elevates form over substance. As detailed above, Plaintiffs first sent a copy of a deposition subpoena to Mr. Scavino's attorney on October 28, 2024, but Mr. Scavino's attorney would not accept service. Plaintiffs hired a process server who was unsuccessful in personally serving Mr. Scavino. For the next month, Mr. Scavino's attorney also repeatedly refused to accept service. And, on November 27, 2024, approximately one hour after former President Trump sent a deposition notice with the date and time of Mr. Scavino's deposition, Plaintiffs sent their cross-notice on the same email chain, and Mr. Scavino's attorney then agreed to accept service. In short, Plaintiffs have given Mr. Scavino more than adequate notice of their intent to conduct examination at the deposition that former President Trump noticed; Plaintiffs should not be prejudiced by Mr. Scavino's decision to accept service of former President Trump's deposition subpoena but reject Plaintiffs' cross-notice served by the same means.

Consequently, Plaintiffs request that the Court deny the motion for a protective order and leave unchanged the December 4 deadline for immunity discovery.

Dated: December 2, 2024

s/ *Joseph Sellers*
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W., Suite 800
Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com

Janette McCarthy-Wallace, Bar No. OH066257
Anthony P. Ashton, Bar No. MD25220
D.C. Bar No. 1719493
NAACP Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

/s/ Matthew Kaiser
Matthew Kaiser, D.C. Bar No. 486272
Sarah Fink, D.C. Bar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

6

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

/s/ Patrick Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland (Bar No. MD0141)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame and Sidney Hemby*

/s/ Edward Caspar
Edward G. Caspar, D.C. Bar No. 1644168

7

David Brody, D.C. Bar No. 1021476
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, D.C. 20005
Telephone: 202-662-8390
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

/s/ Mark Zaid
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011

Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
Daniel Csigirinszkij, D.C. Bar No. 90017805
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com
dcsigirinszkij@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792 Joseph
Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*

/s/ Patrick Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et al.; Bobby Tabron et al.; and Briana Kirkland*

9