UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARBARA J. LEE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 21-cv-400 (APM) |
| DONALD J. TRUMP, et al., | ) |
| Defendants. | ) |

## ORDER

At the hearing held on January 6, 2025, Plaintiffs asked permission to file a cross-motion for summary judgment on the question of President Trump's official-act immunity from suit. Tr. of Jan. 6, 2025 Disc. Hr'g, ECF No. 147, at 15–16. The court has considered the request, and it is denied.

In *Blassingame v. Trump*, the D.C. Circuit emphasized that it was up to President Trump whether to move for summary judgment based on official-act immunity, and that "[a]t the summary-judgment stage—and throughout—President Trump bears the burden of establishing that he is entitled to" such protection. 87 F.4th 1, 30 (D.C. Cir. 2023). The D.C. Circuit did not contemplate the need for a cross-motion on the issue from Plaintiffs.

Nor is there an apparent need for one. Say this court were to deny President Trump's motion for summary judgment on a factual record free of material disputes, because he failed to prove that the acts alleged were official in nature. That order would be immediately appealable, regardless of whether the court simultaneously entered judgment in Plaintiffs' favor on the immunity claim. *See Blassingame*, 87 F.4th at 12 ("[A]n order denying a claim of official

immunity is an immediately appealable collateral order." (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 742–43 (1982))).  Granting Plaintiffs' cross-motion would thus serve no purpose.

On the other hand, if this court were to deny President Trump's motion for summary judgment because there were one or more genuine disputes of material fact, then *Blassingame* seemingly contemplates a contested evidentiary hearing on the matter.  The D.C. Circuit emphasized that President Trump bears the burden of establishing immunity at the summary-judgment stage "and throughout." *Id.* at 30.  The court reads the word "throughout" as alluding to the possibility of a contested evidentiary hearing if a genuine dispute of material fact exists.  A cross-motion from Plaintiffs would not obviate or diminish that prospect.

Accordingly, not seeing the benefit of a cross-motion from Plaintiffs on a claim for which President Trump bears the burden of proof, the court denies Plaintiffs' request to file a cross-motion for summary judgment on the claim of official-act immunity.

Dated: February 7, 2025

Amit P. Mehta
United States District Judge