# Exhibit 196

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH *et. al.*, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Case No. 1:21-cv-02265-APM |
| ) | |
| DONALD J. TRUMP *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## DONALD J. TRUMP FOR PRESIDENT CAMPAIGN, INC.'S OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Donald J. Trump for President Campaign, Inc. (the "Trump Campaign"), by counsel, objects to Plaintiffs' Second Set of Interrogatories as follows:

### Objections to Definitions

Objection to definition of "entity other than natural person[s]" as being vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence proportionate to the needs of the case. An entity cannot be expected to include every "affiliate," "attorney," "consultant," or "person or entity, directly or indirectly, wholly or in part, associated with" the entity. In particular, sub-definition 4(c) is particularly vague, overbroad, unduly burdensome, and unreasonable, given that it expects the responding party to be able identify and answer for any person or entity "acting *or purporting to act* on behalf of" any of the categories of people identified in 4(a) or (b). (emphasis added).

1

Objection to the definition of "January 6, 2021" as vague and for including "the violent acts of Defendants as alleged in the Amended Complaint." The Amended Complaint alleges no violent acts as to any named Defendants, and in particular, does not allege any violent act or acts as to the responding Defendants, Trump Campaign and MAGA PAC.

Objection to the definition of "Federal Government Official" and "State Government Official as overbroad, vague, and likely to cause confusion as it includes any member of any branch of government.

### Objection to Relevant Time Period

The only remaining count applicable to Defendant Trump Campaign is Count I, Conspiracy to Interfere with Civil Rights, alleging that the violent protests that occurred at the Capitol on January 6, 2021 were somehow planned by the defendants. Plaintiffs have alleged no facts to indicate when such a conspiracy was undertaken, other than to say in Paragraph 5, which states:

> As detailed below, Defendants conspired to use force, intimidation, and threats to prevent Joe Biden and Kamala Harris from taking office, to prevent Congress from counting the electoral votes, and to prevent the Capitol Police from carrying out their lawful duties. *Defendants' efforts began in earnest in or about November 2020, when incoming election results showed TRUMP trailing Biden and Harris in the Presidential Election.* (emphasis added)

Plaintiffs allege various public statements made by President Trump prior to November 2020, expressing his First Amendment protected opinion that mail-in voting was a recipe for disaster (an opinion shared and held, to this date, by millions

2

of Americans), but they make no allegations as to how these public statements were made as part of any active conspiracy to incite violent riots on January 6, 2021.

Given the expansive scope of discovery, the relevant time period is extremely important and must, by rule, be narrowly tailored to lead to the discovery of evidence that is proportionate to the needs of the case. The reasonable time period for this case is November 1, 2020, through January 31, 2021.

## INTERROGATORIES

2. Identify the name, position, tenure of employment or volunteer period, and contact information of each person in Your organization who at any time had log-in information for the following Social Media accounts:

      a. The Twitter accounts @TeamTrump and @MAGAActionPAC;
      b. The Facebook account for Donald J. Trump;
      c. The Instagram handle @teamtrump;
      d. The Parler handle @teamtrump;
      e. The Twitch handle @donaldtrump; and
      f. The YouTube handle @DonaldJTrumpforPresident.

**OBJECTION:** As an initial matter, the Trump Campaign continues to maintain that Plaintiff's First Set of Interrogatories to the Trump Campaign was a 12-part interrogatory therefore these second requests begin at request number 13. The Trump Campaign further objects on the grounds that this Interrogatory is overly broad, unduly burdensome, vague, not relevant to any party's claim or defense or proportional to the needs of the case. Given the broad scope of anyone who had access

to these accounts, and without an appropriate limiting time period, this Interrogatory seeks the identities of persons who are irrelevant to this case.

Additionally, there is no date range limitation to this interrogatory, making it inherently overbroad and seeking information not relevant to the case. To the extent that you are seeking information about social media accounts that did not belong to and were not operated by the campaign, it is overly broad and unduly burdensome for the Campaign to find out if any person within the organization ever had login credentials to such accounts. Moreover, to the extent that any member of the Campaign may have had access to any of the above-listed social media accounts, the request is overly burdensome as requiring information to which the Campaign no longer has access.

**ANSWER:** Without waiving the above objections, the Trump Campaign answers as follows: As an initial matter, the Twitter account @MAGAActionPAC was not a campaign account and the campaign had no access to it. Michael Hahn, Social Media Strategist, was the head of campaign social media, and his team had access to all campaign social media accounts:

1. Michael Hahn
    a. Duration of access: 2016-2021.
    b. Mikehahn3612@gmail.com.
2. Ryann McEnany
    a. Duration of access: 2016-2021.
    b. Kmcenany@fuse.net.
3. Joe Karwacki
    a. Duration of access: 2019-2021.
    b. Joseph.c.karwacki@gmail.com.
4. Liam Nahill
    a. Duration of access: 2016-2021.
5. Darren Centinello

4

      a. Duration of access: 2016-2021.
      b. Dcent474@yahoo.com
6. Brandon Hedger
      a. Mr. Hedger had authorization to access the above social media accounts but did not possess login information.
      b. Duration of access: 2016-2021.
      c. Branhedger@gmail.com.

3. For each individual listed in Your Responses to Plaintiffs' Interrogatories No. 1 or No. 2, confirm whether Your organization provided any such individual an email address.

**OBJECTION:** The Trump Campaign objects on the grounds that this Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. Given the overly broad nature of Interrogatories No. 1 and No. 2, and lack of date limitation, this request similarly seeks information that is not reasonably related to the claims in this case or to discoverable information.

**ANSWER:** Without waiving the above objections, the Trump Campaign answers as follows: all identified persons had @donaldtrump.com email addresses provided by the campaign.

4. For each individual listed in Your Responses to Plaintiffs' Interrogatories No. 1 or No. 2, state whether at any time Your organization provided any such individual with a cellphone or cellphone number, or paid in whole or in part any such individual's cellphone bills covering communications made during the relevant time period.

5

OBJECTION: The Trump Campaign objects on the grounds that this Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. Given the overly broad nature of Interrogatories No. 1 and No. 2, and lack of date limitation, this request similarly seeks information that is not reasonably related to the claims in this case or to discoverable information. Moreover, it is overly burdensome to the extent that it requires information to which the Campaign no longer has access.

ANSWER: Without waiving the above objections, the Trump Campaign answers as follows: With few exceptions, the campaign did not provide cell phones or cell phone numbers to its members, nor did it pay in whole or in part their cell phone bills. The Trump Campaign is aware of the following exceptions: Mike Hahn and Ryann McEnany are believed to have had campaign cell phones. Mike Hahn's campaign cell phone number was (202) 897-5925.

5. Describe what formal or informal role or position Donald J. Trump served in Donald J. Trump For President, Inc. and describe his responsibilities or authorities therein.

OBJECTION: The Trump Campaign objects on the grounds that this Interrogatory is vague and ambiguous as to the information sought about the "formal or informal role" of a presidential candidate in a presidential campaign, and overly burdensome to the extent that it seeks information equally available to Plaintiffs from public sources as to Defendants.

**ANSWER:** Without waiving the above objections, the Trump Campaign answers as follows: Donald J. Trump's role in the Trump Campaign was as candidate for President of the United States. Please refer to FEC rules and regulations for more information about the duties of a candidate. In addition, President Trump's responsibilities as a candidate were to promote the many successes of his time in office and to earn the support of American voters, which he did, to the tune of over 74 million, the most votes of any incumbent president in U.S. history.

## Verification

I, John Osa, state and affirm under oath and under penalty of perjury, that the facts stated above are true and correct to the best of my knowledge.

_____    6/5/24
John Osa                              Date

Dated: June 05, 2024

Respectfully submitted,

/s/ *Jason C. Greaves*
Jason C. Greaves (DC1033617)
Jesse R. Binnall (VA022)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
jason@binnall.com

*Attorneys for Donald J. Trump for President, Inc.*

8

## CERTIFICATE OF SERVICE

I certify that on June 05, 2024, a copy of the foregoing was sent by electronic mail to all counsel of record.

*/s/ Jason C. Greaves*
Jason C. Greaves

*Attorney for Donald J. Trump for President, Inc.*