# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE *et al.*, | |
| *Plaintiffs,* | No. 21-cv-00400 (APM) |
| v. | (lead case) |
| DONALD J. TRUMP *et al.*, | |
| *Defendants.* | |
| ERIC SWALWELL, | |
| *Plaintiff,* | No. 21-cv-00586 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP *et al.*, | |
| *Defendants*. | |
| JAMES BLASSINGAME *et al.*, | |
| *Plaintiffs,* | No. 21-cv-00858 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP, | |
| *Defendants*. | |
| CONRAD SMITH *et al.*, | |
| *Plaintiffs,* | No. 21-cv-02265 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP *et al*., | |
| *Defendant*. | |

| MARCUS J. MOORE *et al.,* | |
|---|---|
| *Plaintiffs,* | No. 22-cv-00010 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP, | |
| *Defendant.* | |

| BOBBY TABRON *et al.,* | |
|---|---|
| *Plaintiffs,* | No. 22-cv-00011 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP, | |
| *Defendant.* | |

| BRIANA KIRKLAND, | |
|---|---|
| *Plaintiff,* | No. 22-cv-00034 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP, | |
| *Defendant.* | |

| SANDRA GARZA, | |
|---|---|
| *Plaintiff,* | No. 22-cv-00038 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP *et al.,* | |
| *Defendants.* | |

## PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Evidence 201, Plaintiffs respectfully request that the Court take judicial notice of the following items in connection with their concurrently filed opposition to Defendant Trump's motion for summary judgment: (1) public records and information available on government websites, (2) documents and facts contained in public records of judicial proceedings, and (3) documents and facts available on reliable public webpages and not subject to reasonable dispute.  A complete list of the items of which Plaintiffs seek judicial notice is attached as **Appendix A**.

**ARGUMENT**

Under Federal Rule 201, a court may take judicial notice of any adjudicative fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  Facts subject to judicial notice thus include those "contained in public records of other proceedings, and of historical, political, or statistical facts, and any other facts that are verifiable with certainty."  *Johnson v. Comm'n on Pres. Debates*, 202 F. Supp. 3d 159, 167 (D.D.C. 2016), *aff'd*, 869 F.3d 976 (D.C. Cir. 2017) (cleaned up).  Judicial notice of such facts is mandatory "if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

All Exhibits for which Plaintiffs seek judicial notice (Exs. 50–51, 63, 66, 70, 78, 110, 119, 153, 155–58, 175–77, 200, 234) have been verified by the concurrently filed Declaration of Edward Caspar as true and accurate copies of the documents they purport to be.  The documents and facts described below are either generally known within the Court's jurisdiction or derived from sources whose accuracy cannot reasonably be questioned.  Accordingly, the Court should take judicial notice of these items.

## A.    Public Records and Information on Government Websites

Courts may take notice "of public records and government documents available from reliable sources." *Johnson*, 202 F. Supp. 3d at 167 (D.D.C. 2016). Documents and information available on government websites are thus properly subject to judicial notice. *Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies."); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (finding it "appropriate to take judicial notice of [information on government website], as it was made publicly available by government entities [], and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein"); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

Plaintiffs request that the Court take judicial notice of the below facts, all of which appear on webpages published by the United States National Archives and Records Administration (NARA) and are not subject to reasonable dispute:

- The 2020 presidential election was held on November 3, 2020. *2020 Electoral College Results*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

- On December 14, 2020, the electors of each state cast their votes for the President and Vice President. *2020 Electoral College Results*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

- President Joseph R. Biden received 306 votes from the Electoral College. *2020 Electoral College Results*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

- Defendant Trump received 232 votes from the Electoral College. *2020 Electoral College Results*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

- While each candidate running for President "has their own group of electors (known as a slate)" that are "generally chosen by the candidate's political party" within the state, the electors who actually cast their votes as part of the Electoral College are selected

by the voters of their respective states in the general election, and are subsequently identified in a Certificate of Ascertainment prepared by the state's Executive. *What is the Electoral College?*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

- When the individuals appointed as a state's electors meet to cast their votes for President and Vice President, their votes are recorded on a Certificate of Vote, which is prepared at the meeting by the electors. *What is the Electoral College?*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

- The Certificate of Vote is sent to Congress, where the votes are counted in a joint session of Congress on the 6th of January in the year following the meeting of the electors. *What is the Electoral College?*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

- The Certificate of Vote is also sent to the National Archives as part of the official records of the Presidential election. *What is the Electoral College?*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

- The social media accounts @POTUS and @WhiteHouse are "institutional accounts" that "transfer to the incoming administration." *Presidential Transitions*, Nat'l Archives (NARA), https://www.archives.gov/presidential-records/support-to-the-white-house/presidential-transitions.

- Exhibit 158, which is a public webpage administered by NARA for the Donald J. Trump Presidential Library, entitled "Archived Social Media," and available at https://www.trumplibrary.gov/research/archived-social-media and produced in this litigation as PLAINTIFFS_00070029.

- The transfer of the social media accounts @POTUS and @WhiteHouse is in line with the "conventional practice" to transfer "institutional accounts on social media . . . to the incoming administration." Ex. 158 (PLAINTIFFS_00070029).

Plaintiffs also request that the Court take judicial notice of the below documents and facts reflecting the actions and statements of government actors, as these items are likewise public records available on government websites and therefore not subject to reasonable dispute. *Democracy Forward Found. v. White House Off. of Am. Innovation*, 356 F. Supp. 3d 61, 68 (D.D.C. 2019) (taking judicial notice of a "White House Press Release as it is a government document available from a reliable source"); *Freedom From Religion Found., Inc. v. City of Green Bay*, 581 F. Supp. 2d 1019, 1024 n.1 (E.D. Wis. 2008) (taking judicial notice of city council meeting minutes available on a government website); *Catholic League for Religious & Civil Rights*

*v. City & Cnty. of San Francisco*, 464 F. Supp. 2d 938, 941 (N.D. Cal. 2006) (taking judicial notice of resolutions and bills before city board of supervisors as "matters of public record").

- On November 17, 2020, election officials in Wayne County, Michigan unanimously certified the election results for President Biden.  Minutes of November 17, 2020 Meeting, Wayne County Board of Canvassers, https://www.waynecounty.com/documents/clerk/111720_wcbc_minutes.pdf, at 5 ("Vice-Chair Kinloch, duly supported by Member Wilson moved for certification of the November 3, 2020 General Election . . . The motion was adopted unanimously by a voice vote.").

- Exhibit 234, which is a December 4, 2020 Arizona House of Representatives News Release entitled "Speaker Bowers Addresses Calls for Legislature to Overturn 2020 Certified Election Results," available at https://www.azleg.gov/press/house/54LEG/2R/201204STATEMENT.pdf.

- Exhibit 176, which is U.S. House of Representatives Resolution No. 117-216 (2021), available at https://www.congress.gov/congressional-report/117th-congress/house-report/216/1.

Plaintiffs additionally request that the Court take judicial notice of the below data obtained from the Federal Election Commission (FEC) website.  Courts in this District have taken judicial notice of FEC data.  *Johnson*, 202 F. Supp. 3d at 167 (taking judicial notice of "political and statistical facts that the Federal Election Commission has posted on the web"); *De La Fuente v. DNC Services Corp.*, 2019 WL 1778948, at *8 n. 13 (D.D.C. Apr. 23, 2019) (taking judicial notice of the DNC's public filings with the FEC).

- Exhibit 63, which is a spreadsheet containing the results from a search of online FEC records of disbursements made by Make America Great Again PAC to Justin Caporale, Ronald Holden, Kiran Menon, Maggie Mulvaney, James Oaks, Megan Powers, Hannah Salem, Tim Unes, William Wilson, and Caroline Wren from January 1, 2015 through March 1, 2021.  The data was obtained by running the search parameters depicted in Exhibit 64 through the FEC website search tool available at https://www.fec.gov/data/disbursements/?data_type=processed&two_year_transaction_period=2026&min_date=01%2F01%2F2025&max_date=12%2F31%2F2026. Caspar Decl. ¶ 17.

- Exhibit 78, which is a spreadsheet containing the results from a search of online FEC records of disbursements made by Make America Great Again PAC to "Salem Strategies" between January 1, 2015 and March 1, 2021.  The data was obtained by running the search parameters depicted in Exhibit 79 through the FEC website search tool available at https://www.fec.gov/data/disbursements/?data_type=processed&two

_year_transaction_period=2026&min_date=01%2F01%2F2025&max_date=12%2F3
1%2F2026.  Caspar Decl. ¶ 32.

- Exhibit 70, which is a spreadsheet containing the results from a search of online FEC records of disbursements made by Make America Great Again PAC to "Event Strategies Inc" and/or "ESI" between January 1, 2015 and March 1, 2021.  The data was obtained by running the search parameters depicted in Exhibit 71 through the FEC website search tool available at https://www.fec.gov/data/disbursements/?data _type=processed&two_year_transaction_period=2026&min_date=01%2F01%2F202 5&max_date=12%2F31%2F2026.  Caspar Decl. ¶ 24.

- Exhibit 110, which is a document depicting the search results for "Women for America First" in the FEC's online records of "Candidate and Committee Profiles," obtained from https://www.fec.gov/data/.

- Exhibit 66, which is a spreadsheet containing the results from a search of online FEC records of disbursements made by Make America Great Again PAC between November 1, 2020 and March 31, 2021, produced in this litigation as PLAINTIFFS_00070028.  The data was obtained by running the search parameters depicted in Exhibit 67 through the FEC website search tool available at https://www.fec.gov/data/disbursements/?data_type=processed&two_year_transactio n_period=2026&min_date=01%2F01%2F2025&max_date=12%2F31%2F2026. Caspar Decl. ¶ 20.

**B.    Documents and Facts Contained in Public Records of Judicial Proceedings**

Plaintiffs request that the Court take judicial notice of documents and facts from relevant judicial proceedings.  Courts routinely "take judicial notice of facts contained in public records of other proceedings[.]"  *Al–Aulaqi v. Panetta*, 35 F. Supp. 3d 56, 67 (D.D.C. 2014) (citing *Covad Comms. Co. v. Bell Atlantic Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)); *see also Clark v. D.C.*, 241 F. Supp. 3d 24, 34 (D.D.C. Mar. 14, 2017) ("the Court may take judicial notice of docket sheets which are public records"); *Rogers v. D.C.*, 880 F. Supp. 2d 163, 166 (D.D.C. 2012) ("[T]his Court may take judicial notice of public records, for evidentiary purposes, and a D.C. Superior Court docket sheet certainly satisfies that standard.").

Plaintiffs request that the Court take judicial notice of the following documents and facts from relevant judicial proceedings:

- Exhibits 50–51 and 155–57, which are filings from the case initially captioned *Knight First Amendment Institute at Columbia University v. Donald J. Trump*, No. 1:17-cv-

05205 (S.D.N.Y.) ("*Knight* Litigation").

- The *Knight* Litigation was initiated against Defendant Trump in July 2017, *see* Ex. 155 (Complaint, *Knight* Litigation, No. 1:17-cv-05205 at Dkt. 1), and ended on April 5, 2021, when the U.S. Supreme Court granted the petition for a writ of certiorari, vacated the judgment, and remanded to the Second Circuit to dismiss as moot, Ex. 156 at 1220 (*Biden v. Knight First. Amend. Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021)).

- In one of his *Knight* Litigation filings, Defendant Trump stated that "[s]ince its inception in 2009, Donald Trump has used his personal account [@realDonaldTrump] to convey his views to his Twitter followers and the world at large." Ex. 51 at 15 (Reply Br. for Appellants, *Knight First Amend. Inst. at Columbia Univ. v. Donald J. Trump*, No. 18-1691 (2d Cir. Oct. 26, 2018)).

- In a separate *Knight* Litigation filing, Defendant Trump stated that "the President's blocking of the individual respondents' accounts from his personal Twitter account cannot amount to state action that is attributed to the United States government." Ex. 157 at 2, 10 (Reply Br. for the Petitioners, *Trump v. Knight First Amend. Inst. at Columbia Univ.*, No. 20-197 (U.S. Oct. 6, 2020)).

- Defendant Trump also stated during the *Knight* Litigation that "[h]is use of the [@realDonaldTrump] account to make statements about official matters does not alter the fundamentally private, rather than governmental, nature of that authority." Ex. 51 at 1 (Reply Br. for Appellants, *Knight First Amend. Inst. at Columbia Univ. v. Donald J. Trump*, No. 18-1691 (2d Cir. Oct. 26, 2018)).

- In a *Knight* Litigation Supreme Court filing, Defendant Trump and his administration stated that "[a]lthough President Trump is currently a public official, the @realDonaldTrump account belongs to him in his personal capacity, not his official one. He created and began frequent use of that account in 2009, well before taking public office, [and] . . . he will continue to have control over the @realDonaldTrump account after his term of office has completed." Ex. 50 at 13 (Pet. for Writ of Certiorari, *Donald J. Trump v. Knight First Amend. Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021), No. 20-197 ("*Knight* Cert. Pet.")).

- In the same Supreme Court filing, Defendant Trump and his administration stated: "Before assuming the presidency in January 2017, Mr. Trump used his personal account to tweet about a variety of topics, including popular culture and politics. Since his inauguration, President Trump has continued to use the account for those personal purposes, but he also has used the account to communicate with the public about official actions and policies of his administration." Ex. 50 at 4–5 (*Knight* Cert. Pet.).

- In the same Supreme Court filing, Defendant Trump and his administration stated that the @White House and @POTUS accounts were "government Twitter accounts" operated by "[t]he White House and White House staff" under Defendant Trump's control only "by virtue of his office." Ex. 50 at 5, 13 (*Knight* Cert. Pet.).

- During the *Knight* Litigation, Defendant Trump and his administration stated that the

Twitter account @realDonaldTrump "belongs to and is controlled by Donald Trump in his personal capacity," that he created and began use of the account in 2009, and that he would "continue to have control over the account after he leaves office." Ex. 51 at 5–7 (Reply Br. for Appellants, *Knight First Amend. Inst. at Columbia Univ. v. Donald J. Trump*, No. 18-1691 (2d Cir. Oct. 26, 2018)).

- Exhibit 175, which is a transcript from the plea hearing of Kenneth Chesebro in *Georgia v. Chesebro*, No. 23SC188947 (Ga. Sup. Ct. Oct. 20, 2023), accessible online at https://www.fultonclerk.org/DocumentCenter/View/4138/141-PLEA-TRANSCRIPT-01-08-2024. During that hearing, Mr. Chesebro pleaded guilty for conspiracy to commit filing false documents and agreed that, had the case gone to trial, the state would have shown that he and others conspired with fraudulent electors to "hold themselves out as the duly elected and qualified electors for the President and Vice President from Georgia following the November 3rd, 2020, presidential election." *Id.* at 15–19, 21–22.

- Exhibit 177, which is an emergency petition to bypass the Court of Appeals with a motion to accept opening brief filed on behalf of Defendant Trump in the Supreme Court of Wisconsin, in the case captioned *Trump v. Biden*, No. 2020AP2038 (Wis. Dec. 11, 2020), accessible at https://www.justsecurity.org/wp-content/uploads/2022/06/january-6-clearinghouse-judge-emergency-petition-wisconsin.pdf.

- Exhibit 200, which is captioned as the "Motion of Donald J. Trump, President of the United States, to Intervene in His Personal Capacity as Candidate for Re-Election" in *Texas v. Pennsylvania*, No. 22O155 (U.S. Dec. 9, 2020).

- Defendant Trump claimed his right to intervene in *Texas v. Pennsylvania* was based on his "unique and substantial personal interests as a candidate for re-election to the Office of President." Ex. 200 at 3.

- Exhibit 119, which is the Supreme Court's Order in *Texas v. Pennsylvania*, 592 U.S. ___ (2020) (No. 22O155), available at https://www.supremecourt.gov/orders/courtorders/121120zr_p860.pdf, in which the Supreme Court denied the State of Texas's motion to file a bill of complaint on the grounds that Texas lacked standing and denied as moot Defendant Trump's intervention motion.

In addition to the above, Plaintiffs also request that the Court take judicial notice of certain lawsuits filed by Defendant Trump and/or Donald J. Trump for President, Inc. challenging the results of the 2020 presidential election. These lawsuits are described in **Appendix B**. Plaintiffs specifically request that the Court take judicial notice of the following aspects of those proceedings:

- On December 4, 2020, Donald J. Trump, in his capacity as a candidate for President, Donald J. Trump for President, Inc., and David J. Shafer filed *Trump v. Raffensperger*,

No. 2020CV343255 (Fulton Cnty. Super. Ct.), S21M0561 (Ga. Supr. Ct.), which was voluntarily dismissed on January 7, 2021.  *See* App. B at row 1.

- On December 31, 2020, Donald Trump, in his capacity as a candidate for President, filed *Trump v. Kemp*, No. 1:20-cv-05310 (N.D. Ga.), which was voluntarily dismissed on January 8, 2021.  *See* App. B at row 2.

- On November 11, 2020, Donald J. Trump for President, Inc., Matthew Seely, Alexandra Seely, Philip O'Halloran, Eric Ostergren, Marian Sheridan, Mercedes Wirsing, and Cameron Tarsa filed *Donald J. Trump for President, Inc., v. Benson*, No. 1:20-cv-01083 (W.D. Mich.), which was voluntarily dismissed November 19, 2020. *See* App. B at row 3.

- On August 4, 2020, Donald J. Trump for President, Inc., the Republican National Committee, and the Nevada Republican Party filed *Donald J. Trump for President, Inc., v. Cegavske*, No. 2:20-cv-01445 (D. Nev.), which was dismissed for lack of standing on September 18, 2020.  *See* App. B at row 4.

- On June 29, 2020, Donald J. Trump for President, Inc., Glenn Thompson, Mike Kelly, John Joyce, Guy Reschenthaler, the Republican National Committee, Melanie Stringhill Patterson, and Clayton David Show filed *Donald J. Trump for President, Inc., v. Boockvar*, No. 2:20-cv-0966 (W.D. Pa.).  *See* App. B at row 5.  On October 10, 2020, the court granted summary judgment in favor of defendants as to the federal claims and declined to exercise supplemental jurisdiction over the state law claims.  *See* App. B at row 5.

- On November 5, 2020, Donald J. Trump for President, Inc. filed *Donald J. Trump for President, Inc., v. Philadelphia County Board of Elections*, No. 2:20-cv-05533 (E.D. Pa.).  *See* App. B at row 6.   On November 18, 2020, the court denied a motion for emergency injunction pursuant to an agreement between the parties.  *See* App. B at row 6, n.1.  On January 8, 2021, the case was voluntarily dismissed.  *See* App. B at row 6.

- On November 9, 2020, Donald J. Trump for President, Inc., David John Henry, and Lawrence Roberts filed *Donald J. Trump for President, Inc., v. Boockvar*, No. 4:20-cv-02078 (M.D. Pa.) which was dismissed on November 21, 2020 for failure to state a claim.  *See* App. B at row 7.

- In its November 21, 2020 order dismissing the Trump Campaign's election fraud claims, the U.S. District Court for the Middle District of Pennsylvania stated:  "[T]his Court has been presented with strained legal arguments without merit and speculative accusations, unpled in the operative complaint and unsupported by evidence.  In the United States of America, this cannot justify the disenfranchisement of a single voter, let alone all the voters of its sixth most populated state.  Our people, laws, and institutions demand more."  *Donald J. Trump for President, Inc. v. Boockvar*, 502 F. Supp. 3d 899 (M.D. Pa. 2020), *aff'd sub nom. Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 F. App'x 377 (3d Cir. 2020).

- On November 27, 2020, the U.S. Court for Appeals for the Third Circuit affirmed the

decision in *Donald J. Trump for President, Inc. v. Boockvar*, stating: "This is an extraordinary case. A sitting president who did not prevail in his bid for reelection has asked for federal court help in setting aside the popular vote based on disputed issues of election administration, issues he plainly could have raised before the vote occurred. Calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here." *Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 F. App'x 377 (3d Cir. 2020).

- On December 1, 2020, Donald J. Trump, Donald Trump for President, Inc., and Mike Pence filed *Trump v. Evers*, No. 2020AP001971 (Wis. Supr. Ct.), which was dismissed on December 3, 2020 for improper venue. *See* App. B at row 8.

- On December 2, 2020, Donald J. Trump, in his capacity as candidate for President, filed *Trump v. Wisconsin Elections Commission*, No. 2:20-cv-01785 (E.D. Wis.), which was dismissed on December 12, 2020 because the "Electors Clause claims fail[ed] as a matter of law and fact." *See* App. B at row 9.

- On December 3, 2020, Donald J. Trump, in his capacity as candidate for President, Michael R. Pence, and Donald J. Trump for President, Inc. filed *Trump v. Biden*, No. 2020CV007092 (Milwaukee Cir. Ct.). *See* App. B. at row 10. On December 14, 2020, the Wisconsin Supreme affirmed. *See* App. B at row 10.

## C.    Documents and Facts Available on Reliable Public Webpages

Courts have taken judicial notice of facts sourced from publicly available webpages whose legitimacy is not questioned, as long as the facts are not subject to reasonable dispute. *See BYD Co. Ltd. v. All. for Am. Mfg.*, 554 F. Supp. 3d 1, 13 (D.D.C. 2021), *aff'd*, 2022 WL 1463866 (D.C. Cir. May 10, 2022) (taking judicial notice of source code, as "[a]nyone with a web browser can view a webpage's source code, so it is verifiable with certainty"); *Phillips v. Spencer*, 390 F. Supp. 3d 136, 145 n.3 (D.D.C. 2019) (taking judicial notice of representations made on plaintiff's business website); *Arroyo v. Davi, LLC*, 2022 WL 256867, at *2 (E.D. Cal. Jan. 27, 2022) (explaining that, "[a]s a general matter, websites and their contents may be proper subjects for judicial notice" (internal citations and quotations omitted)).

Plaintiffs request the Court take judicial notice of Exhibit 153, which is a tweet posted by @realDonaldTrump on May 31, 2019. Plaintiffs also request that the Court take judicial notice that the tweet states: "I will be announcing my Second Term Presidential Run with First Lady

Melania, Vice President Mike Pence, and Second Lady Karen Pence on June 18th in Orlando, Florida, at the 20,000 seat Amway Center. Join us for this Historic Rally! Tickets: https://www.donaldjtrump.com/rallies-jun-orla-flor-2019."  Ex. 153.  The tweet and its content may be judicially noticed because the tweet is publicly available, and its existence and content are not subject to reasonable dispute.  Indeed, courts routinely take judicial notice of posts on social media websites, including tweets.  *See, e.g.*, *United States v. Flynn*, 507 F. Supp. 3d 116, 126 (D.D.C. 2020) (taking judicial notice of a tweet posted by @realDonaldTrump); *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 263 (S.D.N.Y. 2019), *aff'd*, 788 F. App'x 85 (2d Cir. 2019) (taking judicial notice of tweets); *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (taking judicial notice of social media websites, as "[i]n general, websites and their contents may be judicially noticed"); *Haas Automation, Inc. v. Steiner*, 2024 WL 4440914, at *3 (C.D. Cal. Sept. 25, 2024) (taking judicial notice of tweets because they "are public, not subject to reasonable dispute, and their authenticity is not questioned").

Plaintiffs also request judicial notice of a fact ascertainable from Exhibit 154, which is a publicly available C-SPAN webpage containing a video of Defendant Trump's speech accepting the Republican presidential nomination at the 2020 Republican National Convention.  Ex. 154 (*President Trump Speaks at 2020 Republican National Convention*, C-SPAN (Aug. 27, 2020), https://www.c-span.org/program/republican-national-convention/president-trump-speaks-at-2020-republican-national-convention/552108).  Plaintiffs request only that the Court take judicial notice of the fact that Defendant Trump's speech accepting the nomination took place on the South Lawn of the White House, *see id.*; the Court need not take notice of Defendant Trump's statements. This fact may be judicially noticed because it is not subject to reasonable dispute, as the speech

"was televised on C-SPAN and saved on their website." *Watkins v. Cable News Network, Inc.*, 2018 WL 1970747, at *1 (D. Md. Apr. 25, 2018) (taking judicial notice of online C-SPAN video).

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court take judicial notice of the items listed in **Appendix A**.

Dated:  February 28, 2025                        Respectfully submitted,

*/s/ Edward G. Caspar*
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: 202-662-8600
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
esnow@selendygay.com
eness@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

*/s/ Joseph Sellers*
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
Nina Jaffe-Geffner, Bar No. 90011459 (application for admission forthcoming)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W.
Eighth Floor Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com
njaffegeffner@cohenmilstein.com

Janette McCarthy-Wallace, Bar No. OH066257
Anthony P. Ashton, Bar No. MD25220
NAACP
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

*/s/ Matthew Kaiser*
Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
bozinsky@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315

Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*


/s/ Patrick Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland (Bar No. MD0141)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame and*
*Sidney Hemby*


/s/ Mark Zaid
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.

- 13 -

1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
Daniel Csigirinszkij, D.C. Bar No. 90017805
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com
dcsigirinszkij@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*


*/s/ Patrick Malone*
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et al.;*
*Bobby Tabron et al.; and Briana Kirkland*

**CERTIFICATE OF SERVICE**

I certify that on February 28, 2025, a copy of the foregoing was filed with the Clerk of Court using the Court's CM/ECF system, which will send a copy to all counsel of record. Plaintiffs are serving pro se defendants with copies of the Motion and Proposed Order via first class mail or other permitted means.

*/s/ Edward G. Caspar*
Edward G. Caspar

**APPENDIX A**

Plaintiffs request the Court take judicial notice of the following facts and documents:

1.  The 2020 presidential election was held on November 3, 2020. *2020 Electoral College Results*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

2.  On December 14, 2020, the electors of each state cast their votes for the President and Vice President. *2020 Electoral College Results*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

3.  President Joseph R. Biden received 306 votes from the Electoral College. *2020 Electoral College Results*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

4.  Defendant Trump received 232 votes from the Electoral College. *2020 Electoral College Results*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

5.  While each candidate running for President "has their own group of electors (known as a slate)" that are "generally chosen by the candidate's political party" within the state, the electors who actually cast their votes as part of the Electoral College are selected by the voters of their respective states in the general election, and are subsequently identified in a Certificate of Ascertainment prepared by the state's Executive. *What is the Electoral College?*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

6.  When the individuals appointed as a state's electors meet to cast their votes for President and Vice President, their votes are recorded on a Certificate of Vote, which is prepared at the meeting by the electors. *What is the Electoral College?*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

7.  The Certificate of Vote is sent to Congress, where the votes are counted in a joint session of Congress on the 6th of January in the year following the meeting of the electors. *What is the Electoral College?*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

8.  The Certificate of Vote is also sent to the National Archives as part of the official records of the Presidential election. *What is the Electoral College?*, Nat'l Archives (NARA), https://www.archives.gov/electoral-college/2020.

9.  The social media accounts @POTUS and @WhiteHouse are "institutional accounts" that "transfer to the incoming administration." Nat'l Archives (NARA), *Presidential Transitions*, https://www.archives.gov/presidential-records/support-to-the-whitehouse/presidential- transitions.

10. Exhibit 158, which is a public webpage administered by NARA for the Donald J. Trump Presidential Library, entitled "Archived Social Media," and available at https://www.trumplibrary.gov/research/archived-social-media and produced in this litigation as PLAINTIFFS_00070029.

11. The transfer of the social media accounts @POTUS and @WhiteHouse is in line with the "conventional practice" to transfer "institutional accounts on social media . . . to the incoming administration." Ex. 158 (PLAINTIFFS_00070029).

12. On November 17, 2020, election officials in Wayne County, Michigan unanimously certified the election results for President Biden. Minutes of November 17, 2020 Meeting, Wayne County Board of Canvassers, https://www.waynecounty.com/ documents/clerk/111720_wcbc_minutes.pdf, at 5 ("Vice-Chair Kinloch, duly supported by Member Wilson moved for certification of the November 3, 2020 General Election . . . The motion was adopted unanimously by a voice vote.").

13. Exhibit 234, which is a December 4, 2020 Arizona House of Representatives News Release entitled "Speaker Bowers Addresses Calls for Legislature to Overturn 2020 Certified Election Results," available at https://www.azleg.gov/press/house/54LEG/2R/ 201204STATEMENT.pdf.

14. Exhibit 176, which is U.S. House of Representatives Resolution No. 117-216 (2021), available at https://www.congress.gov/congressional-report/117th-congress/house-report /216/1.

15. Exhibit 63, which is a spreadsheet containing the results from a search of online FEC records of disbursements made by Make America Great Again PAC to Justin Caporale, Ronald Holden, Kiran Menon, Maggie Mulvaney, James Oaks, Megan Powers, Hannah Salem, Tim Unes, William Wilson, and Caroline Wren from January 1, 2015 through March 1, 2021. The data was obtained by running the search parameters depicted in Exhibit 64 through the FEC website search tool available at https://www.fec.gov/data/disbursements/?data_type=processed&two_year_transaction_p eriod=2026&min_date=01%2F01%2F2025&max_date=12%2F31%2F2026. Caspar Decl. ¶ 16.

16. Exhibit 78, which is a spreadsheet containing the results from a search of online FEC records of disbursements made by Make America Great Again PAC to "Salem Strategies" between January 1, 2015 and March 1, 2021. The data was obtained by running the search parameters depicted in Exhibit 79 through the FEC website search tool available at https://www.fec.gov/data/disbursements/?data_type=processed&two_year_transaction_p eriod=2026&min_date=01%2F01%2F2025&max_date=12%2F31%2F2026. Caspar Decl. ¶ 31.

17. Exhibit 70, which is a spreadsheet containing the results from a search of online FEC records of disbursements made by Make America Great Again PAC to "Event Strategies Inc" and/or "ESI" between January 1, 2015 and March 1, 2021. The data was obtained by running the search parameters depicted in Exhibit 71 through the FEC website search tool available at https://www.fec.gov/data/disbursements/?data_type=processed&two_ year_transaction_period=2026&min_date=01%2F01%2F2025&max_date=12%2F31%2 F2026. Caspar Decl. ¶ 23.

18. Exhibit 110, which is a document depicting the search results for "Women for America First" in the FEC's online records of "Candidate and Committee Profiles," obtained from

https://www.fec.gov/data/.

19. Exhibit 66, which is a spreadsheet containing the results from a search of online FEC records of disbursements made by Make America Great Again PAC between November 1, 2020 and March 31, 2021, produced in this litigation as PLAINTIFFS_0070028. The data was obtained by running the search parameters depicted in Exhibit 67 through the FEC website search tool available at https://www.fec.gov/data/disbursements/?data_type=processed&two_year_transaction_period=2026&min_date=01%2F01%2F2025&max_date=12%2F31%2F2026. Caspar Decl. ¶ 19.

20. Exhibits 50–51 and 155–57 which are filings from the case initially captioned *Knight First Amendment Institute at Columbia Univ. v. Donald J. Trump*, No. 1:17-cv-05205 (S.D.N.Y.) ("Knight Litigation").

21. The *Knight* Litigation was initiated against Defendant Trump in July 2017, *see* Ex. 155 (Complaint, *Knight* Litigation, No. 1:17-cv-05205 at Dkt. 1), and ended on April 5, 2021, when the U.S. Supreme Court granted the petition for a writ of certiorari, vacated the judgment, and remanded to the Second Circuit to dismiss as moot, Ex. 156 at 1220 (*Biden v. Knight First. Amend. Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021)).

22. In one of his *Knight* Litigation filings, Defendant Trump stated that "[s]ince its inception in 2009, Donald Trump has used his personal account [@realDonaldTrump] to convey his views to his Twitter followers and the world at large." Ex. 51 at 15 (Reply Br. for Appellants, *Knight First Amend. Inst. at Columbia Univ. v. Donald J. Trump*, No. 18-1691 (2d Cir. Oct. 26, 2018)).

23. In a separate *Knight* Litigation filing, Defendant Trump stated that "the President's blocking of the individual respondents' accounts from his personal Twitter account cannot amount to state action that is attributed to the United States government." Ex. 157 at 2, 10 (Reply Br. for the Petitioners, *Trump v. Knight First Amend. Inst. at Columbia Univ.*, No. 20-197 (U.S. Oct. 6, 2020)).

24. Defendant Trump also stated during the Knight Litigation that "[h]is use of the [@realDonaldTrump] account to make statements about official matters does not alter the fundamentally private, rather than governmental, nature of that authority." Ex. 51 at 1 (Reply Br. for Appellants, *Knight First Amend. Inst. at Columbia Univ. v. Donald J. Trump*, No. 18-1691 (2d Cir. Oct. 26, 2018)).

25. In a *Knight* Litigation Supreme Court filing, Defendant Trump and his administration stated that "[a]lthough President Trump is currently a public official, the @realDonaldTrump account belongs to him in his personal capacity, not his official one. He created and began frequent use of that account in 2009, well before taking public office, [and] . . . he will continue to have control over the @realDonaldTrump account after his term of office has completed." Ex. 50 at 13 (Pet. for Writ of Certiorari, *Donald J. Trump v. Knight First Amend. Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021), No. 20-197 ("*Knight* Cert. Petition")).

26. In the same Supreme Court filing, Defendant Trump and his administration stated: "Before assuming the presidency in January 2017, Mr. Trump used his personal account to tweet

about a variety of topics, including popular culture and politics.  Since his inauguration, President Trump has continued to use the account for those personal purposes, but he also has used the account to communicate with the public about official actions and policies of his administration."  Ex. 50 at 4–5 (*Knight* Cert. Pet.).

27. In the same Supreme Court filing, Defendant Trump and his administration stated that the @White House and @POTUS accounts were "government Twitter accounts" operated by "[t]he White House and White House staff" under Defendant Trump's control only "by virtue of his office."  Ex. 50 at 5, 13 (*Knight* Cert. Pet.).

28. During the *Knight* Litigation, Defendant Trump and his administration stated that the Twitter account @realDonaldTrump "belongs to and is controlled by Donald Trump in his personal capacity," that he created and began use of the account in 2009, and that he would "continue to have control over the account after he leaves office."  Ex. 51 at 5–7 (Reply Br. for Appellants, *Knight First Amend. Inst. at Columbia Univ. v. Donald J. Trump*, No. 18-1691 (2d Cir. Oct. 26, 2018)).

29. Exhibit 175, which is a transcript from the plea hearing of Kenneth Chesebro in *Georgia v. Chesebro*, No. 23SC188947 (Ga. Sup. Ct. Oct. 20, 2023), accessible online at https://www.fultonclerk.org/DocumentCenter/View/4138/141-PLEA-TRANSCRIPT-01-08-2024.  During that hearing, Mr. Chesebro pleaded guilty for conspiracy to commit filing false documents and agreed that, had the case gone to trial, the state would have shown that he and others conspired with fraudulent electors to "hold themselves out as the duly elected and qualified electors for the President and Vice President from Georgia following the November 3rd, 2020, presidential election."  *Id.* at 15–19, 21–22.

30. Exhibit 177, which is an emergency petition to bypass the Court of Appeals with a motion to accept opening brief filed on behalf of Defendant Trump in the Supreme Court of Wisconsin, in the case captioned *Trump v. Biden*, No. 2020AP2038 (Wis. Dec. 11, 2020), accessible at https://www.justsecurity.org/wp-content/uploads/2022/06/january-6-clearinghouse-judge-emergency-petition-wisconsin.pdf.

31. Exhibit 200, which is captioned as the "Motion of Donald J. Trump, President of the United States, to Intervene in His Personal Capacity as Candidate for Re-Election" in *Texas v. Pennsylvania*, No. 22O155 (U.S. Dec. 9, 2020).

32. That Defendant Trump claimed his right to intervene in *Texas v. Pennsylvania* was based on his "unique and substantial personal interests as a candidate for re-election to the Office of President."  Ex. 200 at 3.

33. Exhibit 119, which is the Supreme Court's Order in *Texas v. Pennsylvania*, 592 U.S. ___ (2020) (No. 22O155), available at https://www.supremecourt.gov/orders/courtorders/121120zr_p860.pdf, in which the Supreme Court denied the State of Texas's motion to file a bill of complaint on the grounds that Texas lacked standing and denied as moot Defendant Trump's intervention motion.

34. On December 4, 2020, Donald J. Trump, in his capacity as a candidate for President, Donald J. Trump for President, Inc., and David J. Shafer filed *Trump v. Raffensperger*, No. 2020CV343255 (Fulton Cnty. Super. Ct.), S21M0561 (Ga. Supr. Ct.), which was

voluntarily dismissed on January 7, 2021.  *See* App. B at row 1.

35. On December 31, 2020, Donald Trump, in his personal capacity as a candidate for President, filed *Trump v. Kemp*, No. 1:20-cv-05310 (N.D. Ga.), which was voluntarily dismissed on January 8, 2021.  *See* App. B at row 2.

36. On November 11, 2020, Donald J. Trump for President, Inc., Matthew Seely, Alexandra Seely, Philip O'Halloran, Eric Ostergren, Marian Sheridan, Mercedes Wirsing, and Cameron Tarsa filed *Donald J. Trump for President, Inc., v. Benson*, No. 1:20-cv-01083 (W.D. Mich.), which was voluntarily dismissed November 19, 2020.  *See* App. B at row 3.

37. On August 4, 2020, Donald J. Trump for President, Inc., the Republican National Committee, and the Nevada Republican Party filed *Donald J. Trump for President, Inc., v. Cegavske*, No. 2:20-cv-01445 (D. Nev.), which was dismissed for lack of standing on September 18, 2020.  *See* App. B at row 4.

38. On June 29, 2020, Donald J. Trump for President, Inc., Glenn Thompson, Mike Kelly, John Joyce, Guy Reschenthaler, the Republican National Committee, Melanie Stringhill Patterson, and Clayton David Show filed *Donald J. Trump for President, Inc., v. Boockvar*, No. 2:20-cv-0966 (W.D. Pa.).  *See* App. B at row 5.  On October 10, 2020, the court granted summary judgment in favor of defendants as to the federal claims and declined to exercise supplemental jurisdiction over the state law claims.  *See* App. B at row 5.

39. On November 5, 2020, Donald J. Trump for President, Inc. filed *Donald J. Trump for President, Inc., v. Philadelphia County Board of Elections*, No. 2:20-cv-05533 (E.D. Pa.).  *See* App. B at row 6.  On November 18, 2020, the court denied a motion for emergency injunction pursuant to an agreement between the parties.  *See* App. B at row 6, n.1.  On January 8, 2021, the case was voluntarily dismissed.  *See* App. B at row 6.

40. On November 9, 2020, Donald J. Trump for President, Inc., David John Henry, and Lawrence Roberts filed *Donald J. Trump for President, Inc., v. Boockvar*, No. 4:20-cv-02078 (M.D. Pa.) which was dismissed on November 21, 2020 for failure to state a claim. *See* App. B at row 7.

41. In its November 21, 2020 order dismissing the Trump Campaign's election fraud claims, the U.S. District Court for the Middle District of Pennsylvania stated:  "[T]his Court has been presented with strained legal arguments without merit and speculative accusations, unpled in the operative complaint and unsupported by evidence.  In the United States of America, this cannot justify the disenfranchisement of a single voter, let alone all the voters of its sixth most populated state.  Our people, laws, and institutions demand more."  *Donald J. Trump for President, Inc. v. Boockvar*, 502 F. Supp. 3d 899 (M.D. Pa. 2020), *aff'd sub nom. Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 F. App'x 377 (3d Cir. 2020).

42. On November 27, 2020, the U.S. Court for Appeals for the Third Circuit affirmed the decision in *Donald J. Trump for President, Inc. v. Boockvar*, stating:  "This is an extraordinary case.  A sitting president who did not prevail in his bid for reelection has asked for federal court help in setting aside the popular vote based on disputed issues of

election administration, issues he plainly could have raised before the vote occurred. Calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here." *Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 F. App'x 377 (3d Cir. 2020).

43. On December 1, 2020, Donald J. Trump, Donald Trump for President, Inc., and Mike Pence filed *Trump v. Evers*, No. 2020AP001971 (Wis. Supr. Ct.), which was dismissed on December 3, 2020 for improper venue. *See* App. B at row 8.

44. On December 2, 2020, Donald J. Trump, as candidate for President, filed *Trump v. Wisconsin Elections Commission*, No. 2:20-cv-01785 (E.D. Wis.), which was dismissed on December 12, 2020 because the "Electors Clause claims fail[ed] as a matter of law and fact." *See* App. B at row 9.

45. On December 3, 2020, Donald J. Trump, in his capacity as candidate for President, Michael R. Pence, and Donald J. Trump for President, Inc. filed *Trump v. Biden*, No. 2020CV007092 (Milwaukee Cir. Ct.). *See* App. B. at row 10. On December 14, 2020, the Wisconsin Supreme affirmed. *See* App. B at row 10.

46. Exhibit 153, which is a post made on May 31, 2019 by the @realDonaldTrump Twitter account.

47. The @realDonaldTrump tweet in Exhibit 153 states: "I will be announcing my Second Term Presidential Run with First Lady Melania, Vice President Mike Pence, and Second Lady Karen Pence on June 18th in Orlando, Florida, at the 20,000 seat Amway Center. Join us for this Historic Rally! Tickets: https://www.donaldjtrump.com/rallies-jun-orla-flor-2019."

48. Defendant Trump's speech accepting the Republican presidential nomination at the 2020 Republican National Convention took place on the South Lawn of the White House. Ex. 154 (*President Trump Speaks at 2020 Republican National Convention*, C-SPAN (Aug. 27, 2020), https://www.c-span.org/program/republican-national-convention/president-trump-speaks-at-2020-republican-national-convention/552108).

**APPENDIX B**

| No. | Case | Plaintiffs | Date Filed | Date of Dismissal, Disposition, or Denial of Relief | Nature of Dismissal, Disposition, or Denial of Relief |
|---|---|---|---|---|---|
| 1 | ***Trump v. Raffensperger***, No. 2020CV343255 (Fulton Cnty. Super. Ct.), No. S21M0561 (Ga. Supr. Ct.) | • Donald J. Trump<br>• Donald J. Trump for President, Inc.<br>• David J. Shafer | 12/04/2020 | 1/07/2021 | Voluntarily dismissed.[1] |
| 2 | ***Trump v. Kemp***, No. 1:20-cv-05310 (N.D. Ga.) | • Donald Trump | 12/31/2020 | 1/08/2021 | Voluntarily dismissed.[2] Dkt. 22. |
| 3 | ***Donald J. Trump for President, Inc. v. Benson***, No. 1:20-cv-01083 (W.D. Mich.) | • Donald J. Trump for President, Inc.<br>• Matthew Seely<br>• Alexandra Seely<br>• Philip O'Halloran<br>• Eric Ostergren<br>• Marian Sheridan<br>• Mercedes Wirsing<br>• Cameron Tarsa | 11/11/2020 | 11/19/2020 | Voluntarily dismissed.  Dkt. 33. |
| 4 | ***Donald J. Trump for President, Inc. v. Cegavske***, No. 2:20-cv-01445 (D. Nev.) | • Donald J. Trump for President, Inc.<br>• Republican National Committee<br>• Nevada Republican Party | 8/4/2020 | 9/18/2020 | Dismissed for lack of standing. Dkt. 47. |
| 5 | ***Donald J. Trump for President, Inc. v. Boockvar***, No. 2:20-cv-0966 (W.D. Pa.) | • Donald J. Trump for President, Inc.<br>• Glenn Thompson<br>• Mike Kelly<br>• John Joyce<br>• Guy Reschenthaler<br>• Republican National Committee<br>• Melanie Stringhill | 6/29/2020 | 10/10/2020 | Court found in favor of defendants as to all federal claims and declined to exercise supplemental jurisdiction over state law claims.  Dkt. 575. |

---

[1] Where, as here, no docket number is cited, the court organizes its docket by date only.

[2] The matter was voluntarily dismissed two days after the court denied Defendant Trump's motion tor emergency relief, holding that Defendant Trump lacked standing and failed to establish likelihood of success on the merits. *Trump v. Kemp*, 511 F. Supp. 3d 1325 (N.D. Ga. 2021).

| No. | Case | Plaintiffs | Date Filed | Date of Dismissal, Disposition, or Denial of Relief | Nature of Dismissal, Disposition, or Denial of Relief |
|---|---|---|---|---|---|
| | | • Patterson<br>• Clayton David Show | | | |
| 6 | *Donald J. Trump for President, Inc. v. Philadelphia County Board of Elections*, No. 2:20-cv-05533 (E.D. Pa.) | • Donald J. Trump for President, Inc. | 11/5/2020 | 1/08/2021[3] | Voluntarily dismissed. Dkt. 12. |
| 7 | *Donald J. Trump for President, Inc. v. Boockvar*, No. 4:20-cv-02078 (M.D. Pa.); No. 20-3371 (3d Cir.) | • Donald J. Trump for President, Inc.<br>• David John Henry<br>• Lawrence Roberts<br><br>*Intervenor Plaintiffs*:<br><br>• Kathy Barnette<br>• Sean Parnell<br>• Luke Negron<br>• David Torres<br>• Clay Breece<br>• Dasha Pruett<br>• Daryl Metcalfe<br>• Cris Dush<br>• Thomas Sankey<br>• Kathy Rapp<br>• Robert Kaufman<br>• Stephanie Borowicz<br>• PA Voters Alliances | 11/9/2020 | 11/21/2020 | Dismissed for failure to state a claim. Dkts. 202, 203. |
| 8 | *Trump v. Evers*, No. 2020AP001971 (Wis. Supr. Ct.) | • Donald J. Trump<br>• Donald Trump for President, Inc.<br>• Mike Pence | 12/01/2020 | 12/03/2020 | Petition for leave to commence original action denied for improper venue. |
| 9 | *Trump v. Wisconsin Elections Commission*, | • Donald J. Trump | 12/02/2020 | 12/12/2020 (E.D. Wis.) | Dismissed on the merits. 506 F. Supp. 3d 620, 639. |

---

[3] On November 18, 2020, the court denied a motion for emergency injunction pursuant to an agreement between the parties. Transcript of Hearing on Motion for Emergency Injunction, *Donald J. Trump for President, Inc. v. Philadelphia County Board of Elections*, No. 2:20-cv-05533 (E.D. Pa. Nov. 518, 2020), Dkt. 7 at 41:18–21.

| No. | Case | Plaintiffs | Date Filed | Date of Dismissal, Disposition, or Denial of Relief | Nature of Dismissal, Disposition, or Denial of Relief |
|---|---|---|---|---|---|
| | No. 2:20-cv-01785 (E.D. Wis.) | | | 12/24/2020 (7th Circuit) | Dismissal affirmed. 983 F.3d 919. |
| 10 | ***Trump v. Biden***, No. 2020CV007092; No. 2020CV002514 (Consolidated Appeal, Milwaukee Cir. Ct.); No. 2020AP002038 (Wis. Supr. Ct.); No. 882 (U.S.) | • Donald J. Trump<br>• Michael R. Pence<br>• Donald J. Trump for President, Inc. | 12/03/2020 | 12/14/2020 | Wisconsin Supreme Court affirmed decision finding plaintiffs not entitled to relief, holding that some claims were meritless on their face and others failed under the doctrine of laches. 394 Wis. 2d 629, 633. |