# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE et al., <br><br>     Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br>     Defendants. | Case No. 21-cv-00400 (APM) <br><br> (lead case) |
| ERIC SWALWELL, <br><br>     Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br>     Defendants. | Case No. 21-cv-00586 (APM) <br><br> (consolidated case) |
| JAMES BLASSINGAME *et. al.*, <br><br>     Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br>     Defendants. | Case No. 21-cv-00858 (APM) <br><br> (consolidated case) |

| | |
|---|---|
| CONRAD SMITH *et. al.*,<br><br>            Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>            Defendants. | Case No. 21-cv-02265 (APM)<br><br>(consolidated case) |
| MARCUS J. MOORE *et. al.*,<br><br>            Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>            Defendant. | Case No. 22-cv-00010 (APM)<br><br>(consolidated case) |
| BOBBY TABRON *et. al.*,<br><br>            Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>            Defendant. | Case No. 22-cv-00011 (APM)<br><br>(consolidated case) |

| | |
|---|---|
| BRIANA KIRKLAND,<br><br>        Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>        Defendant. | Case No. 22-cv-00034 (APM)<br><br>(consolidated case) |
| SANDRA GARZA,<br><br>        Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>       Defendants. | Case No. 23-cv-00038 (APM)<br><br>(consolidated case) |

**NONPARTY DANIEL J. SCAVINO'S MOTION TO SEAL CERTAIN EXHIBITS TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

Mark P. Nobile
Schulman Bhattacharya, LLC
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
Telephone: (240) 356-8557

*Counsel for Nonparty Daniel J. Scavino*

Nonparty Daniel J. Scavino, through the undersigned counsel, respectfully moves this Court to maintain Exhibits 68, 69, and 103 (collectively, the "Sealed Exhibits"), filed by Plaintiffs in support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment (Feb. 28, 2025) (ECF No. 152), under seal and to require the redaction of any reference to the contents of the Sealed Exhibits in any court filing.[1] Pursuant to the stipulated protective order, the Sealed Exhibits have been provisionally maintained under seal to allow Mr. Scavino, as the designating party, to move to formally seal these documents. Sealed Motion for Leave to File Document Under Seal (Feb. 28, 2025) (ECF No. 155). *See also* Order Adopting Stipulated Protective Order (May 15, 2024) (ECF No. 112).

## LEGAL STANDARD

"[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *Primas v. District of Columbia*, 719 F.3d 693, 698 (D.C. Cir. 2013) (quoting *EEOC v. National Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)) (also quoting *Johnson v. Greater Southeast Community Hospital Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). The D.C. Circuit has identified six factors, "that might act to overcome this presumption":

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

---

[1] The action *Barbara J. Lee et al., v. Donald J. Trump et. al.*, 21-cv-00400 (APM) (D.D.C.) was dubbed the lead case after consolidation with seven related civil actions. For ease of reference, all cited filings in this motion will cite to the ECF Number in the *Lee* case.

1

*Primas*, 719 F.3d at 698-99 (quoting *National Children's Center*, 98 F.3d at 1409) (citing *United States v. Hubbard*, 650 F.2d 298, 317-22 (D.C. Cir. 1980)).

**ARGUMENT**

The Sealed Exhibits should remain under seal. As explained below, the *Hubbard* factors weigh in favor of maintaining these materials under seal. Further, the Stipulated Protective Order in these consolidated cases designates that material of this exact nature can be maintained under seal where a party has designated them as confidential.

I. **The *Hubbard* Factors Weigh in Favor of Maintaining the Material Under Seal**

The first *Hubbard* factor, the need for public access to the documents at issue, weighs in favor of granting Mr. Scavino's Motion to Seal. *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980). Courts in this District have noted that there is little public interest in accessing "original source documents." S*ee e.g. In re McCormick & Company, Inc., Pepper Products Marketing and Sales Practices Litigation*, 316 F. Supp. 3d 455, 470 (D.D.C. 2018) ("Finally, and importantly, disclosing original source documents, as opposed to pleadings and declarations, may be of less value to public's understanding of the judicial process.") (citing *Hyatt v. Lee*, 251 F. Supp. 3d 181, 185 (D.D.C. 2017) ("[H]aving reviewed proposed redactions - including the Court's rulings on dispositive motions - the Court notes that [the first *Hubbard*] factor weighs heavily in favor of disclosing the Court's orders and those materials relied upon by the Court . . . [but] it does *not weigh as heavily for disclosing confidential patent information ancillary to the Court's orders or the parties' briefs*[.]" (emphasis added)). The Sealed Exhibits are not materials upon which Defendant's Motion to Reconsider is likely to be decided. Even if they were, the public need not access these "original source documents" to adequately understand the Court's eventual decision.

The second *Hubbard* factor, the extent of previous public access to the documents, weighs in favor of granting Mr. Scavino's Motion to Seal. *Hubbard*, 650 F.2d at 318. To Mr. Scavino's knowledge, the Sealed Exhibits have never been part of the public record and consist of private logistical and strategic deliberations for the first presidential administration of President Donald Trump.

The third *Hubbard* factor, the fact that someone has objected to disclosure, weighs heavily in favor of granting Mr. Scavino's Motion to Seal. *Id.* at 319. Mr. Scavino, a nonparty to this action, objects to the disclosure of the Sealed Exhibits. Courts have held that a nonparty's objection to disclosure is a very compelling factor for maintaining the material under seal. *See e.g. id.* ("An important element in this case is the fact that the party from whom the documents were seized was not made a defendant in the proceedings and now objects to public disclosure . . . where a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great and the public interest in access to [these] materials . . . is especially small.").

The fourth *Hubbard* factor, the strength of any property and privacy interests asserted, weighs in favor of granting Mr. Scavino's Motion to Seal. *Id.* at 320. Such factor is considered, "by examining the objecting party's privacy interest in the particular documents . . . rather than the effect that unsealing the documents would have on the party's property and privacy interests generally[.]" *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009). As stated herein, the Sealed Exhibits are confidential emails consisting of private logistical and strategic deliberations, essentially amounting to proprietary executive branch information. *Hubbard*, 650 F.2d at 320 ("That the documents were seized from non-public areas of Church premises is undisputed. Accordingly, the Church's 'standing' to assert the kinds of generalized interests . . . is unquestionably strong."). *See also United States v. All Ass*ets *Held at Bank Julius Baer & Co.,*

3

*Ltd.*, 520 F. Supp. 3d 71, 83 (D.D.C. 2020) ("Valid privacy and property interests are not limited to personal details, but may also include confidential business information that should be kept private for competitive business reasons." (citing *Tavourlareas v. Wash. Post. Co.*, 111 F.R.D. 653, 655-66 (D.D.C. 1986)). While there is a public aspect to what was discussed in these emails, the proper analysis is whether the specific information has yet been revealed to the public and whether its disclosure could lead to loss of a competitive advantage. *Compare Michaels v. NCO Financial Systems Inc.*, 2023 WL 4857413, at *5 (D.D.C. July 31, 2023) (finding the fourth *Hubbard* factor weighing against disclosure where the documents at issue, "contain confidential and proprietary business information relating to [Defendants'] responsibilities and policies and procedures as Subservicers for [NCSLT].") *with United States v. Puma*, 666 F. Supp. 3d 7, 15 (D.D.C. 2023) (finding the fourth *Hubbard* factor weighing in favor of disclosure of video exhibits used in a criminal defendant's sentencing where, "[t]he public nature of the conduct depicted in these videos, however, outweighs [Defendant's] objections."). Given that the Sealed Exhibits are emails that discuss, *inter alia*, private communications strategy and logistics for a then-potential presidential speech, there are clear and strong property and privacy interests asserted. Further, most (if not all) of the parties that sent or received the Sealed Exhibits were members of President Trump's first presidential administration and remain members of his current presidential administration.

The fifth *Hubbard* factor, the possibility of prejudice to those opposing disclosure, weighs in favor of granting Mr. Scavino's Motion to Seal. *Hubbard*, 650 F.2d at 320-21. Courts have noted that exposure to potential "public humiliation and degradation" can satisfy this factor. *In re National Broadcasting Co., Inc.*, 653 F.2d 609, 613, 620 (D.C. Cir. 1981). While Mr. Scavino's receipt of the Sealed Exhibits was legitimate and the contents of the Sealed Exhibits are inoffensive, the current political climate and the observable news cycles over the last nine years

4

have demonstrated that revealing inoffensive details about one's involvement with President Trump's administration, particularly in the matters discussed in the Sealed Exhibits, would likely to lead to public degradation that would be avoided if the Sealed Exhibits remained under seal.[2]

The sixth *Hubbard* factor, the purposes for which the documents were introduced during the judicial proceedings, also weighs in favor of granting Mr. Scavino's Motion to Seal. *Hubbard*, 650 F.2d at 320-21. The Sealed Exhibits are documents that were exchanged in discovery and, therefore, are afforded a stronger presumption of privacy. *See Friedman v. Sebelius*, 672 F. Supp. 2d 54, 61 (D.D.C. 2009) ("If the documents were obtained through discovery . . . they are afforded a stronger presumption of privacy, as those materials typically are not publicly accessible." (citing *Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1411 (D.C. Cir. 1996))). Further, and as stated herein, these documents are unlikely to have any weight in the decision that the Court reaches on the pending motion. Courts have observed that the public has a negligible interest in accessing documents which do not play a substantial role in court decisions. *See United States v. Puma*, 666 F. Supp. 3d 7, 17 (D.D.C. 2023) ("It is true that the presumption of access to documents that do not serve as the basis for a substantive determination . . . is appreciably weaker." (quoting *United States v. Graham*, 257 F.3d 143, 151 (2d Cir. 2001))).

## II.     The Sealed Exhibits Were Previously Disclosed to a Grand Jury

In their filings in the Southern District of New York subpoena enforcement action against Mr. Scavino, Plaintiffs make it abundantly clear that all documents that they sought (and eventually received) from Mr. Scavino were documents previously provided to a grand jury. *See e.g.* Letter,

---

[2] *See e.g.* Sarah N. Lynch, *Trump's attorney general pick Bondi question his 2020 election defeat*, REUTERS https://www.reuters.com/world/us/trumps-attorney-general-pick-bondi-questioned-his-2020-election-defeat-2024-11-22/ (last updated Nov. 22, 2024) (quoting a former federal prosecutor's claim that now-Attorney General Pam Bondi's statements acknowledging reports of fraud in the 2020 election, "should be disqualifying for anyone to be an attorney general[.]").

5

*Conrad Smith et al. v. Daniel Scavino*, 1:24-mc-00566 (S.D.N.Y.), at 2 (Dec. 9, 2024) (ECF No. 001) ("On November 8, [Plaintiffs] confirmed they would accept the grand jury productions as Mr. Scavino's response to the subpoena."). This disclosure in Plaintiffs' filings implicates the secrecy of the grand jury process. Even materials that are simply "ancillary" to "matters occurring before the grand jury" are afforded a higher level of secrecy and, when referenced on the public docket, are to be kept under seal. *See In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499-501 (D.C. Cir. 1998) ("The secrecy of grand jury proceedings is today preserved through Fed. R. Crim. P. 6(e). Grand jurors, prosecutors, stenographers and others are forbidden from disclosing 'matters occurring before the grand jury.' This phrase - 'matters occurring before the grand jury' - includes not only what has occurred and what is occurring, but also what is likely to occur."). Given Plaintiffs' prior representation that all materials sought and received from Mr. Scavino were previously produced to a grand jury, public disclosure of the Sealed Exhibits would effectively disclose proceedings before the grand jury. Therefore, the Sealed Exhibits should remain sealed.

### III. The Operative Protective Order Squarely States that Material of this Nature Shall Be Maintained Under Seal

Alongside the *Hubbard* factors favoring Mr. Scavino's motion, the operative stipulated protective order states that any confidential executive branch information could be designated as confidential and filed under seal. *See* Protective Order, at 4 ("Confidential Material . . . includes any Discovery Material that a Designating Party reasonably and in good faith believes constitutes or discloses information that is not available to the public and that constitutes or discloses . . . (8) confidential and sensitive political records relating to the performance of duties in the executive branch of the United States government[.]"). The Protective Order only limits that filings made under seal must be, "done in accordance with Local Civil Rule ("LCvR") 5.1(h) or other applicable

6

rule governing the sealing of documents." Protective Order, at 9. LCvR 5.1(h) notes only that, "[a]bsent statutory authority, no case or document may be sealed without an order from the Court."

Courts in this District have held that the existence of a protective order alone does not override the presumption of public access to judicial proceedings. *See e.g. In re Mccormick*, 316 F. Supp. 3d at 464 ("[T]he District Court cannot abdicate its responsibility to . . . determine whether filings should be made available to the public by allowing the parties to control public access pursuant to a protective order." (internal quotation marks omitted) (quoting A*ristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F.Supp.2d 1, 20 (D.D.C. 2010) (quoting P*rocter & Gamble v. Bankers Trust,* 78 F.3d 219, 227 (6th Cir. 1996))). However, the existence of a Protective Order which squarely anticipates the confidential treatment of the material subject to this motion, combined with the analysis of the *Hubbard* factors favorable to Mr. Scavino's motion and the grand jury secrecy concerns highlighted herein, should enable this Court to grant Mr. Scavino's motion to seal.

## **CONCLUSION**

For the foregoing reasons, Nonparty Daniel J. Scavino respectfully requests that the Court maintain Exhibits 68, 69, and 103 to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment under seal, and require the redaction of any references to the contents of the exhibits in any court filings.

[SIGNATURE ON NEXT PAGE]

Dated: March 7, 2025

                                      **SCHULMAN BHATTACHARYA, LLC**

By:   /s/ Mark P. Nobile
          Mark P. Nobile (D.C. Bar #1780761)
          6116 Executive Boulevard, Suite 425
          North Bethesda, Maryland 20852
          Tel.: (240) 356-8557
          Facsimile: (240) 356-8558
          Email: mnobile@schulmanbh.com

## CERTIFICATE OF SERVICE

      I hereby certify that on Friday, March 7, 2025, a true and correct copy of the above-filing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which also served copies on counsel of record for all parties.

/s/ Mark P. Nobile
Mark P. Nobile
