**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BARBARA J. LEE *et al*., | |
| Plaintiffs, | Case No. 21-cv-00400 (APM) |
| v. | (lead case) |
| DONALD J. TRUMP *et al.*, | |
| Defendants. | |
| ERIC SWALWELL, | |
| Plaintiff, | Case No. 21-cv-00586 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP *et al.*, | |
| Defendants. | |
| JAMES BLASSINGAME *et al.*, | |
| Plaintiffs, | Case No. 21-cv-00858 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP *et al.*, | |
| Defendants. | |
| CONRAD SMITH *et al.*, | |
| Plaintiffs, | Case No. 21-cv-02265 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP *et al.*, | |
| Defendants. | |

MARCUS J. MOORE *et al.*,

        Plaintiffs,

    v.

DONALD J. TRUMP,

        Defendant.

Case No. 22-cv-00010 (APM)

(consolidated case)

BOBBY TABRON *et al.*,

        Plaintiffs,

    v.

DONALD J. TRUMP,

        Defendant.

Case No. 22-CV-00011 (APM)

(consolidated case)

BRIANNA KIRKLAND,

        Plaintiff,

    v.

DONALD J. TRUMP,

        Defendant.

Case No. 22-CV-00034 (APM)

(consolidated case)

SANDRA GARZA,

        Plaintiff,

    v.

DONALD J. TRUMP,

        Defendant.

Case No. 22-CV-00038 (APM)

(consolidated case)

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO NONPARTY DANIEL J. SCAVINO'S MOTION TO SEAL
CERTAIN EXHIBITS TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

Plaintiffs in the above-captioned consolidated cases (the "Plaintiffs") submit this response in opposition to Nonparty Daniel J. Scavino's ("Movant") Motion to Seal Certain Exhibits to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, ECF No. 162 ("Mot."). As shown below, Movant has failed to overcome the strong presumption in favor of public access to judicial proceedings, especially considering the national public interest in the question before the Court—whether the President has immunity from civil liability for his acts related to the January 6, 2021 attack on the United States Capitol.

**LEGAL STANDARD**

There is a "'strong presumption in favor of public access to judicial proceedings.'" *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). That presumption may be outweighed only in certain cases in which there are strong opposing interests. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). Specifically, when a court is presented with a motion to seal or unseal, it should weigh the following six factors originally articulated in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)):

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife*, 865 F.3d at 665 (citation omitted). A seal may be maintained only "if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the

interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires." *Id.* at 665–66 (citation omitted).

## ARGUMENT

Mr. Scavino's request for a blanket seal[1] of the Exhibits should be denied. The *Hubbard* factors strongly favor disclosure. Mr. Scavino has failed to assert any property or privacy interest as it relates to him. And contrary to his assertions, the Exhibits contain no sensitive or confidential information related to "the performance of duties in the executive branch of the United States Government" that would fall within the scope of the operative Protective Order. Protective Order, ECF No. 112, at 4, ¶ 1(a). Rather, the public's interest in fully understanding this Court's determination of the immunity question before it significantly favors disclosure; prior, coincidental disclosure of the Exhibits to a grand jury is irrelevant; and the Exhibits do not fall within the scope of the operative Protective Order or otherwise merit sealing.

### I.    The *Hubbard* Factors Strongly Weigh in Favor of Public Disclosure.

The first *Hubbard* factor, the need for public access to the documents at issue, weighs strongly in favor of public disclosure. The D.C. Circuit has held that in cases of "major public importance" relating to the conduct of government officials, this factor weighs heavily in favor of disclosure. *In re Nat'l Broad. Co., Inc.*, 653 F.2d 609, 614, 621 (D.C. Cir. 1981). The January 6th attack on the Capitol, which is at the core of Plaintiffs' case, is one such event of "deep national importance and public interest." *United States v. Jackson*, No. CR 21-MJ-115, 2021 WL 1026127, at *6 (D.D.C. Mar. 17, 2021). Courts have repeatedly recognized the public's right to understand

---

[1] Plaintiffs have separately consented to a Motion to Seal from two other third parties who proposed to replace certain other exhibits with identical versions redacting private phone numbers and email addresses not relevant to the merits of the Brief. ECF No. 160. Mr. Scavino seeks far more expansive sealing.

such historic events, even where substantial information is already available. *See, e.g.*, *United States v. Puma*, 666 F. Supp. 3d 7, 13 (D.D.C. 2023) ("On respondents' side of the scales is the incremental gain in public understanding of an immensely important historical occurrence . . . not inconsequential despite the already widespread dissemination of [information sought to be sealed]." (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978))). The Exhibits at issue here bear on the Court's determination whether President Trump is immune from civil liability for his role in the January 6 attack, which is of national importance and public interest. As such, the need for public access to the evidentiary record on which this Court bases its immunity decision weighs decidedly in favor of unsealing the Exhibits.

The second *Hubbard* factor, the extent of previous public access, also strongly weighs in favor of disclosure. The Exhibits largely consist of information already known to the public, such as which broadcasting stations were used to televise January 6th and links to social media posts and advertisements, all of which are public information. *See* Brief, ECF No. 152, Ex. 69. Indeed, publicly available documents from the House Select Committee investigation of the January 6 Attack contain substantially the same information as the Exhibits. *See* Interview of Gary Coby at 151-54, Select Committee to Investigate the January 6th Attack on the U.S. Capitol (Feb. 23, 2022) (reading out most of the thread contained in Exhibits 68 and 69);[2] Interview of Timothy Murtaugh at 163, Select Committee to Investigate the January 6th Attack on the U.S. Capitol (May 19, 2022) (containing the exact language of the email forwarded in Exhibit 103).[3]

---

[2]    Available    at    https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000050111/pdf/GPO-J6-TRANSCRIPT-CTRL0000050111.pdf.
[3]    Available    at    https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000083780/pdf/GPO-J6-TRANSCRIPT-CTRL0000083780.pdf.

The third *Hubbard* factor, the identity of the person objecting to disclosure, strongly weighs in favor of disclosure. Although Movant is not a party to the present litigation, he is far from a neutral third party. He coordinated with Trump campaign personnel on the details of the January 5 and 6 political rallies, including the identities of speakers, *see* Final Report, Select Committee to Investigate the January 6th Attack on the U.S. Capitol, at 535-36 (Dec. 22, 2022),[4] and he currently serves as one of President Trump's senior advisors.[5]

The fourth *Hubbard* factor, the strength of the property and privacy interests asserted, further strongly weighs in favor of disclosure for two reasons. First, contrary to Movants bold assertion, the Exhibits do not contain any sensitive, business information or "proprietary executive branch information." *See* Mot. at 3. Rather, the Exhibits consist of emails exchanged by Trump campaign email accounts, rather than official government email addresses, and the subject matter concerns Defendants' planning and promotion for (public) political events around January 6th, not presidential duties.[6] Movant has provided no legal support for the proposition that logistical planning for a widely publicized and televised public campaign event constitutes a protected

---

[4] Available at https://www.govinfo.gov/content/pkg/GPO-J6-REPORT/pdf/GPO-J6-REPORT.pdf.

[5] Jesus Mesa, *Donald Trump Names Four to White House Senior Staff*, Newsweek (Nov. 13, 2024, 12:02 PM), https://www.newsweek.com/donald-trump-white-house-senior-staff-1985212.

[6] For purposes of resolving this motion, the Court need not resolve the ultimate question whether the Save America Rally on January 6 was a political event. It is enough to note that the specific documents at issue involved campaign staff or affiliates and concerned logistical planning for a rally—not executive branch secrets.

property or privacy interest.[7] Second, Mr. Scavino has not argued that public disclosure of the Exhibits would affect *his* property or privacy interests. *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 59 (D.D.C. 2009) ("The fourth *Hubbard* factor concerns the property and privacy interests of the *party objecting to disclosure*." (emphasis added)).

The fifth *Hubbard* factor, the possibility of prejudice to those opposing disclosure, also substantially weighs in favor of public disclosure. Movant does not contend that disclosure of the Exhibits will prejudice him in any future litigation; rather he argues only that "details about one's involvement with President Trump's administration . . . would likely lead to public degradation." Mot. at 5. His argument borders on frivolous. Were it so, then surely Movant would not have agreed to serve as an official senior advisor to President Trump in his second term. Movant's association with Defendant Trump's administration is no secret, and assuming *arguendo* that Movant sustained "public degradation," then by his logic[8] it would result from that association and not the Exhibits' contents. Moreover, although "public humiliation and degradation" can be a form of prejudice, courts have noted that this kind of practical and personal prejudice does not weigh strongly against disclosure. *Puma*, 666 F. Supp. 3d at 16. Rather, the "public degradation" Movant

---

[7] All of the cases cited in Mr. Scavino's Motion in support of this factor either actually support *Plaintiffs'* position or concern disputed documents that contained actual sensitive business information that was kept private for competitive business reasons. Mot. at 3–4; *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 520 F. Supp. 3d 71, 83 (D.D.C. 2020) (granting motion to unseal upon finding no intimate personal details and that "allegations of wrongdoing do not implicate privacy interests" (citation omitted)); *Tavourlareas v. Wash. Post Co.*, 111 F.R.D. 653, 655–56 (D.D.C. 1986) (granting sealing upon specific showing that information would harm business); *Michaels v. NCO Fin. Sys. Inc.*, No. 16-cv-1339-ACR-ZMF, 2023 WL 4857413, at *5 (D.D.C. July 31, 2023) (denying motion to unseal "confidential and proprietary business information" reflecting "responsibilities and policies and procedures"). No such confidential or sensitive information exists in the Exhibits at issue here.

[8] Alternatively, Mr. Scavino seems to be arguing that he would suffer "public degradation" for his already public role in the events concerning January 6. Either way he argues the point, he fails to meet his *Hubbard* burden.

fears amounts only to "generalized reputational harm," which is insufficient to establish prejudice of the kind meriting the sealing of court records. *Friedman*, 672 F. Supp. 2d at 60; Mot. at 4–5.

The sixth and final *Hubbard* factor, the purposes for which the documents were introduced, additionally and strongly weighs in favor of disclosure. "[T]he D.C. Circuit has held that there is 'a strong presumption of public access to documents that a litigant submits with the intention that the court will rely on them.'" *In re Application for Access to Video Exhibits*, 575 F. Supp. 3d at 114 (citation omitted) (finding that this factor weighed in favor of disclosure where exhibits were introduced to influence the Court's decision to detain Defendant, and Defendant made no claim they were introduced for any other purpose). Here, each Exhibit is intended to support Plaintiffs' argument that Defendant Trump's acts in relation to Plaintiffs' claims against him were not official acts of a president but the acts of a candidate for office and that he should not be immune from civil liability arising from such acts. *See* Plaintiffs' Counterstatement and Statement of Undisputed Facts in Support of Opposition to Defendant's Motion for Summary Judgment, ECF No. 152-1 at 81, 93, 97-98, 128-29, 174, 182, 200-02, 208  (citing Exhibits 68, 69, 103 extensively); *Puma*, 666 F. Supp. 3d at 17 (finding this factor weighed in favor of disclosure because they were introduced to influence the Court's decision); *Friedman*, 672 F. Supp. 2d at 61 (finding this factor weighed in favor of disclosure where documents at issue were introduced to support a motion for preliminary injunction).

In sum, all *Hubbard* factors strongly weigh in favor of disclosure and the Court should deny the Motion to Seal.

## II.    The Coincidental Prior Disclosure to a Grand Jury Is Irrelevant.

The mere fact that documents from a non-governmental source, such as a witness not bound by Federal Rule of Criminal Procedure 6(e), were also presented to a grand jury does not restrict

disclosure. *See In re Sealed Motion*, 880 F.2d 1367, 1372 (D.C. Cir. 1989) ("[A] witness is not bound to secrecy by [Federal Rule 6(e)]." (quotations omitted)). Indeed, absent Movant's own reference to this fact in his Motion to Seal, there would be no indication that these documents ever were provided to a grand jury. Further, Movant waived any right to secrecy under Rule 6(e) when he himself produced the Exhibits to Plaintiffs through discovery. *See id.* Accordingly, the coincidental fact that the documents at issue were also submitted to a grand jury conducting its own investigation lends no support to the motion to seal.

### III.     The Exhibits Are Not Confidential and Do Not Fall Within the Scope of the Protective Order.

The Stipulated Protective Order permits parties to assert confidentiality for materials that are not public and that disclose, among other things, "confidential and sensitive political records relating to the performance of duties in the executive branch of the United States government." Protective Order, ECF at 4, ¶ 1(a)(8). Contrary to Movant's assertions, the Exhibits do not constitute such records. *See* Mot. at 6. The Exhibits reference no government action of any sort but concern only information related to the Trump campaign. Moreover, the subject matter of the Exhibits does not pertain to presidential duties or sensitive government information, but rather the plans of a candidate's non-governmental political campaign. Finally, as Movant admits, the Stipulated Protective Order in these combined cases permits parties to *assert* that certain documents are confidential; it in no way predetermines the Court's decision as to whether such documents should remain confidential and sealed once cited as evidence before the court. *See* Protective Order, ECF No. 112, ¶ 6(a); Mot. at 10 ("Courts in this District have held that the existence of a protective order alone does not override the presumption of public access to judicial proceedings."); *In re McCormick & Co., Inc., Pepper Prods. Mktg. & Sales Pracs. Litig.*, 316 F. Supp. 3d 455, 464 (D.D.C. 2018) ("'[T]he District Court cannot abdicate its responsibility to . . .

determine whether filings should be made available to the public' by allowing the parties to control

public access pursuant to a protective order."). The Stipulated Protective Order lends no support

to the motion to seal.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Mr.

Scavino's Motion to Seal.

Respectfully submitted this 14th day of March, 2025.

Dated: March 14, 2025

*/s/ Edward G. Caspar*
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: 202-662-8600
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
esnow@selendygay.com
eness@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com

ebh@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

*/s/ Joseph M. Sellers*
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
Nina Jaffe-Geffner, Bar No. 90011459
(application for admission pending)
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue N.W.
Fifth Floor Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com
njaffegeffner@cohenmilstein.com

Janette McCarthy-Wallace, Bar No.
OH066257
Anthony P. Ashton, Bar No. MD25220
NAACP
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

*/s/ Matthew Kaiser*
Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC

11

1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

*/s/ Patrick Malone*
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland (Bar No. MD0141)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame*
*and Sidney Hemby*

*/s/ Mark Zaid*
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700

12

Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
Daniel Csigirinszkij, D.C. Bar No. 90017805
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com
dcsigirinszkij@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*
*/s/ Patrick Malone*
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et al.; Bobby Tabron et al.; and Briana Kirkland*

## **CERTIFICATE OF SERVICE**

I certify that on March 14, 2025, a copy of the foregoing was filed with the Clerk of Court using the Court's CM/ECF system, which will send a copy to all counsel of record. Plaintiffs are serving pro se defendants with copies via first class mail or other permitted means.

*/s/ Edward G. Caspar*
Edward G. Caspar
