# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> Defendants. | Case No. 21-cv-00400 (APM) <br><br> (lead case) |
| ERIC SWALWELL, <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> Defendants. | Case No. 21-cv-00586 (APM) <br><br> (consolidated case) |
| JAMES BLASSINGAME *et. al.*, <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> Defendants. | Case No. 21-cv-00858 (APM) <br><br> (consolidated case) |

| | |
|---|---|
| CONRAD SMITH *et. al.*,<br><br>   Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>   Defendants. | Case No. 21-cv-02265 (APM)<br><br>(consolidated case) |
| MARCUS J. MOORE *et. al.*,<br><br>   Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>   Defendant. | Case No. 22-cv-00010 (APM)<br><br>(consolidated case) |
| BOBBY TABRON *et. al.*,<br><br>   Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>   Defendant. | Case No. 22-cv-00011 (APM)<br><br>(consolidated case) |

| | |
|---|---|
| BRIANA KIRKLAND,<br><br>   Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>   Defendant. | Case No. 22-cv-00034 (APM)<br><br>(consolidated case) |
| SANDRA GARZA,<br><br>   Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>   Defendants. | Case No. 23-cv-00038 (APM)<br><br>(consolidated case) |

**NONPARTY DANIEL J. SCAVINO'S REPLY IN SUPPORT OF HIS MOTION TO SEAL CERTAIN EXHIBITS TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

Mark P. Nobile
Schulman Bhattacharya, LLC
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
Telephone: (240) 356-8557

*Counsel for Nonparty Daniel J. Scavino*

Pursuant to LCvR 7(d), Nonparty Daniel J. Scavino, through the undersigned counsel, files this reply in support of his initial Motion for Leave to File Documents to Be Maintained Under Seal (Mar. 7, 2025) (ECF No. 162), and in response to the Plaintiffs' Opposition (Mar 14, 2025) (ECF No. 164). For the reasons contained herein, Mr. Scavino respectfully maintains his request that the Court maintain Exhibits 68, 69, and 103 (together, "the Sealed Exhibits") under seal.

Ultimately, the Plaintiffs' opposition to Mr. Scavino's motion is based entirely on misapplications of the factors set out in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). The Sealed Exhibits should remain under seal, as all *Hubbard* factors weigh against disclosure. Plaintiffs also fail to acknowledge that the rights to secrecy in grand jury proceedings belong to a witness, fail to acknowledge that Mr. Scavino has not waived that right by confidentially producing discovery with the expectation of continued confidential treatment, and fail to acknowledge that Plaintiffs' own filing in their related New York proceeding was first to disclose that the Sealed Exhibits were materials previously provided to a grand jury. Finally, regardless of whether the Court accepts Mr. Scavino's or the Plaintiffs' positions about the category of information contained in the Sealed Exhibits, the Stipulated Protective Order in these consolidated cases designates that material of either category can be maintained under seal where a party has designated them as confidential, which weighs against disclosure.

### I. The *Hubbard* Factors Weigh in Favor of Maintaining the Material Under Seal

The first *Hubbard* factor, the need for public access to the documents at issue, weighs in favor of granting Mr. Scavino's Motion to Seal. *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980). The Plaintiffs argue that the first factor weighs in favor of disclosure by noting that this is a case involving "the conduct of government officials" and is of "major public importance," thus warranting disclosure of the Sealed Exhibits. Plaintiffs' Response in Opposition to Nonparty

1

Daniel J. Scavino's Motion to Seal Certain Exhibits to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, at 4-5 (Mar. 14, 2025) (ECF No. 164) (hereinafter, "Plaintiffs' Opposition").  Mr. Scavino certainly does not dispute that the events and issues central to Plaintiffs' lawsuits are matters of public interest.  However, and unlike the Plaintiffs' representation to the contrary, Mr. Scavino does not seek a blanket seal of the case.  He seeks to seal three emails that he produced as a nonparty to this litigation.  These three emails were exclusively sent or received by nonparties to this litigation, and the contents of these emails are related tangentially (at most) to the issues before this Court.  For this reason alone, the first *Hubbard* factor weighs against disclosure.  *See Michaels v. NCO Financial Systems Inc.*, 2023 WL 4857413 (D.D.C. July 31, 2023) ("[T]he fact that the [D]efendants sought only to seal a *set of documents used for a limited purpose* work[s] in favor of allowing the case to be sealed[.]") (emphasis added) (quoting *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 58 (D.D.C. 2009) (citing *Hubbard*, 650 F.2d at 318))).  *See also* Motion to Seal, at 2 (Mar. 7, 2025) (ECF No. 162) ("Courts in this District have noted that there is little public interest in accessing 'original source documents.'" (citing *In re McCormick & Company, Inc., Pepper Products Marketing and Sales Practices Litigation*, 316 F. Supp. 3d 455, 470 (D.D.C. 2018)) (also citing *Hyatt v. Lee*, 251 F. Supp. 3d 181, 185 (D.D.C. 2017))).

      Assuming *arguendo* this Court were to accept Plaintiffs' representation that the Sealed Exhibits, "support Plaintiffs' argument that Defendant Trump's acts in relation to Plaintiffs' claims against him were not official acts of a president but the acts of a candidate for office[,]" Plaintiffs' Opposition, at 8, this would further support that the first *Hubbard* factor weighs against disclosure of the Sealed Exhibits.  Assuming *arguendo* that the Court accepts Plaintiffs' representation, then this case would not fall into one of the three types of judicial proceedings for which there is a

2

"stronger presumption of transparency than in others." *See Friedman*, 672 F. Supp. 2d at 58 (quoting *Hubbard*, 650 F.2d at 317).[1] Should the Court accept Plaintiffs' own argument is that these cases do not involve the government as a party, then this factor "weighs in favor of keeping the docket sealed." *Michaels*, 2023 WL 4857413, at *3 (quoting *Friedman*, 672 F. Supp. 2d at 58) (citing *Hubbard*, 650 F.2d at 318))). The Plaintiffs' own representations about the nature of the motion before the Court therefore provides the Court with further reason to find that the first *Hubbard* factor weighs against disclosure.

The second *Hubbard* factor, the extent of previous public access to the documents, weighs in favor of granting Mr. Scavino's Motion to Seal. *Hubbard*, 650 F.2d at 318. Plaintiffs' misapply the second *Hubbard* factor, arguing that the Exhibits, "largely consist of information already known to the public[.]" Plaintiffs' Opposition, at 5. Plaintiffs then provide examples where public information like the Sealed Exhibits exist, specifically noting similarities to some publications from the House Select Committee Investigation of the January 6 Attack ("Select Committee"). *Id.* However, the Plaintiffs (seemingly unintentionally) concede the important point that there is a distinction between the Sealed Exhibits and what is publicly available, noting that public documents consist of, "*substantially* the same information as the [Sealed] Exhibits". *Id.* (emphasis added). That materials similar to the Sealed Exhibits may be publicly available does not change that the Sealed Exhibits themselves are not publicly available, and that is the distinction most important to the Court's analysis on this factor.[2] *See Cable News Network, Inc. v. Federal Bureau*

---

[1] These cases with a "stronger presumption of transparency" are cases (1) involving "access to the courtroom conduct of a criminal trial[,]" (2) cases involving, "access to the courtroom conduct of a pre-trial suppression motion[,]" and (3) cases, "where the government is a party." *Michaels v. NCO Financial Systems Inc.*, 2023 WL 4857413, at *3 (D.D.C July 31, 2023) (quoting *Hubbard*, 650 F.2d at 317)) (also citing *Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

[2] The Plaintiffs highlight that one transcript from a deposition before the Select Committee includes the reading of an exhibit which, "contain[s] the exact language of the email forwarded in Exhibit 103[.]" Plaintiffs' Opposition, at 5. However, a review of the transcript referenced by the Plaintiffs makes clear that there is no reference to Mr. Scavino in the transcript, and therefore it cannot be confirmed if the excerpt originates from one of the Sealed Exhibits. Further

3

*of Investigation*, 984 F.3d 114, 119 (D.C. Cir. 2021) ("A district court weighing the second factor should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit. The FBI says that the sealed information hasn't been previously disclosed, and there's no indication that it has . . . [h]ere, the appropriate question is whether the public has previously accessed the remaining information redacted . . . not whether the government has previously disclosed other information from that same document."). *See also Cable News Network, Inc. v. Federal Bureau of Investigation*, 384 F. Supp. 3d 19, 42-43 (D.D.C. 2019) (noting that, "the reason the FBI would like to keep the remaining redactions secret is, presumably, because the specific information is somehow distinct from what is in the public record."), *vacated and remanded by Cable News Network, Inc. v. Federal Bureau of Investigation*, 984 F.3d 114, 119 (D.C. Cir. 2021). Ultimately, the Sealed Exhibits themselves are not publicly available. As such, the second *Hubbard* factor weighs against disclosure.

The third *Hubbard* factor, the fact that someone has objected to disclosure, weighs heavily in favor of granting Mr. Scavino's Motion to Seal. *Id.* at 319. Plaintiffs' concede the most important component of Mr. Scavino's argument on this factor, noting that Mr. Scavino is, "not a party to the present litigation[.]" Plaintiffs' Opposition, at 6. The Court's analysis should end there. Extraordinarily, the Plaintiffs claim that Mr. Scavino's involvement with the administrations of President Trump somehow curtails his rights as a nonparty objecting to disclosure. *Id.* Plaintiffs cite no case law in support of this point, and this argument borders on frivolous. Plaintiffs did not

---

still, the Select Committee did not make the deposition exhibit itself public, which calls into question Plaintiffs' representation that one of the Sealed Exhibits itself is available to the public simply because individuals other than Mr. Scavino read a portion of a potentially similar email in a deposition. *See* Select January 6th Committee Final Report and Supporting Materials Collection, accessible at https://www.govinfo.gov/collection/january-6th-committee-final-report?path=/gpo/January%206th%20Committee%20Final%20Report%20and%20Supporting%20Materials%20Collection/Supporting%20Materials%20-%20Documents%20on%20File%20with%20the%20Select%20Committee/%7B%22pageSize%22%3A%22200%22%2C%22offset%22%3A%222%22%7D.

4

need to look far to find case law refuting this meritless argument, as the *Hubbard* court rejected their very argument: "[w]e are well aware that all defendants here were officials or employees of the [objecting nonparty] Church and that the defendants' interests and the Church's interests are integrally related; nonetheless it is also true that their interests are not identical . . . [e]ven in the context of this case, then, we think the fact that objection to access is made by a third[-]party weighs in favor of non-disclosure." *Hubbard*, 650 F.2d at 319-20. The Court therefore should find that the third *Hubbard* factor weighs heavily against disclosure.

The fourth *Hubbard* factor, the strength of any property and privacy interests asserted, weighs in favor of granting Mr. Scavino's Motion to Seal. *Id.* at 320. Plaintiffs once again misstate how this Court must analyze this fourth factor, arguing that even though Mr. Scavino received the Sealed Exhibits in his official capacity as a member of the executive branch, the fact that that the Sealed Exhibits discuss private logistics and strategy for a later public event somehow makes the emails themselves public and unrelated to executive branch function.[3] Plaintiffs' Opposition, at 6. As stated herein, the exact contents of the Sealed Exhibits have never been made public to Mr. Scavino's knowledge, and therefore the fact that the Sealed Exhibits discuss planning for a later public event is irrelevant to this Court's analysis.[4] Though Plaintiffs try to argue that Mr. Scavino has not demonstrated the existence of property or privacy interests over emails, the Sealed Exhibits are emails Mr. Scavino received on his personal email account, and an individual has some

---

[3] Plaintiffs' attempted distinction between executive branch communications and campaign communications will be discussed in more depth later in this filing. However, at all times relevant to the Sealed Exhibits, was a member of the executive branch and not a member of the 2020 Presidential Campaign. Further, the 2020 Presidential Campaign had long concluded by the time the Sealed Exhibits were created. Plaintiffs' claim that the Sealed Exhibits "do not contain any sensitive . . . proprietary executive branch information" on the basis that the post-election public appearances of the then-sitting President were actually campaign events defies logic.

[4] As stated in the initial motion, portions of the Sealed Exhibits discuss communications strategy for then-President Trump, which clearly fall under the category of proprietary executive branch information. *See* Motion to Seal, at 4 ("Given that the Sealed Exhibits are emails that discuss, *inter alia*, *private communications strategy* and logistics for a then-potential presidential speech, there are clear and strong property and privacy interests asserted." (emphasis added)).

5

property and privacy interests over the contents of his or her personal email account, although the exact scope of those interests are unclear. *See e.g. United States v. Forrester*, 512 F.3d 500, 511 (9th Cir. 2008) ("The privacy interests in these two forms of communication [mail and email] are identical."). *See also Matter of Leopold*, 327 F.Supp.3d 1, 13 n.9 (D.D.C. 2018) (observing that the owner of a private email account has at least a "reasonable expectation of privacy. . . in the contents of an email account.") (internal quotation marks omitted) (quoting *United States v. Warshak*, 631 F.3d 266, 286 (6th Cir. 2010)), *reversed and remanded on other grounds*, *In re Leopold to Unseal Certain Electronic Surveillance Applications and Order*, 964 F.3d 1121 (D.C. Cir. 2020). *See also City of Ontario, Cal. v. Quon*, 560 U.S. 746, 760 (2010) (observing a reasonable expectation of privacy in, "text messages sent on the pager provided to [sender] by the [employer]."). The fourth *Hubbard* factor, therefore, weighs against disclosure.

The fifth *Hubbard* factor, the possibility of prejudice to those opposing disclosure, weighs in favor of granting Mr. Scavino's Motion to Seal. *Hubbard*, 650 F.2d at 320-21. While Mr. Scavino has no qualms with his association with the Trump administration, one cannot deny the relentless and often-negative coverage of even mundane facets of any action taken by anyone with even the most remote connection to the Trump administration. *See e.g.* Howard Kurtz, *How Donald Trump dominates the news, both positively and negatively*, FOX NEWS, (Mar. 19, 2025) ("The point is that Trump dominates the news no matter what he does.").[5] Indeed, Mr. Scavino's completely unremarkable motion to seal has already drawn press coverage expressing skepticism over the relief sought and the cases cited in support of the motion. *See* Jose Pagliery, *Dan Scavino Wants to Keep Jan. 6 Documents Sealed to Avoid 'Public Degradation' Over His Ties to Trump*, NOTUS (Mar. 19, 2025) ("Scavino's lawyer asked the judge to keep [the Sealed Exhibits] under

---

[5] Available at https://www.foxnews.com/politics/how-donald-trump-dominates-news-both-positively-negatively.

seal . . . [b]ut it's his argument for doing so that could raise eyebrows.").[6] The Court therefore should find that the fifth *Hubbard* factor weighs against disclosure.[7]

The sixth *Hubbard* factor, the purposes for which the documents were introduced during the judicial proceedings, also weighs in favor of granting Mr. Scavino's Motion to Seal. *Hubbard*, 650 F.2d at 320-21. Plaintiffs assert that the Sealed Exhibits are likely to be the bedrock for the Court's eventual ruling. Plaintiffs' Opposition, at 8. This is untrue: the Sealed Exhibits support a mere four (4) paragraphs of the Plaintiffs' counterstatement of fact, and a mere eight (8) paragraphs of their three-hundred and fifty-two (352) paragraph statement of additional facts. *See generally* Plaintiffs' Counterstatement to Defendant's Statement of Undisputed Facts and Plaintiffs' Statement of Additional Undisputed Facts (Feb. 28, 2025) (ECF No. 152-1) (hereinafter, "Plaintiffs' Counterstatement"). Notably, all four (4) paragraphs in Plaintiffs' counterstatement that rely upon the Sealed Exhibits also rely upon other material available to the public to support their assertions. *See* Plaintiffs' Counterstatement, at 10 (¶ 10), 79-82 (¶ 39), 92-93 (¶ 40), and 95-98 (¶ 42). Given the volume of the motions at issue and the availability of public information that the Plaintiffs claim support the assertions in these paragraphs, the Sealed Exhibits are nearly guaranteed to have no weight in the decision that the Court eventually reaches on the pending summary judgment motion. Additionally, as stated in Mr. Scavino's motion to seal, the Sealed

---

[6] Available at https://www.notus.org/whitehouse/dan-scavino-jan-6-trump-court.

[7] Plaintiffs have noted this factor is meant to apply to prejudice in future litigation, which some courts in this district have also observed. *See e.g. United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 85 (D.D.C. 2020). Plaintiffs' efforts to needlessly associate Mr. Scavino with culpability for the events at issue here, despite his status as a nonparty, demonstrate potential exposure to similar future litigation against him, albeit likely meritless litigation. *See* Plaintiffs' Opposition, at 6 ("[Scavino] coordinated with Trump campaign personnel on the details of the January 5 and 6 political rallies[.]"). Should the Court deem prejudice in future litigation as the accurate analysis for the fifth *Hubbard* factor, this Court can at least view this factor as neutral rather than weighing against disclosure. *See e.g. Hamiduva v. Obama*, 2015 WL 5176085, at *3 (D.D.C. Sept. 3, 2015) ("Here, Petitioner does not allege that the disclosure of the documents would have any effect on future litigation. As such, the Court finds that this factor is neutral, not weighing either for or against disclosure.").

Exhibits should be afforded extra protection given that they were produced in discovery by a nonparty. Motion to Seal, at 5. Thus, the sixth *Hubbard* factor weighs against disclosure.

In sum, all *Hubbard* factors weigh against disclosure and the Sealed Exhibits should remain under seal.

## II.     The Sealed Exhibits Were Previously Disclosed to a Grand Jury

Plaintiffs state that, "absent Movant's own reference to this fact in his Motion to Seal, there would be no indication ever were produced to a grand jury." Plaintiffs' Opposition, at 9. This is a distortion of the record, as Plaintiffs first disclosed that any material they would receive from Mr. Scavino would be material he had previously produced to a grand jury. *See* Motion to Seal, at 5-6 ("In their filings in the Southern District of New York subpoena enforcement action against Mr. Scavino, Plaintiffs make it abundantly clear that all documents that they sought (and eventually received) from Mr. Scavino were documents previously provided to a grand jury."). *See also* Letter, *Conrad Smith et al. v. Daniel Scavino*, 1:24-mc-00566 (S.D.N.Y.), at 2 (Dec. 9, 2024) (ECF No. 001) ("On November 8, [Plaintiffs] confirmed they would accept the grand jury productions as Mr. Scavino's response to the subpoena.").

Regardless, the case upon which Plaintiffs' based their argument in the opposition makes clear that, "secrecy in a grand jury proceeding belongs to the grand jury witness[.]" *In re Sealed Motion*, 880 F.2d 1367, 1372 (D.C. Cir. 1989). Mr. Scavino produced these materials pursuant to a Protective Order with the expectation that they would receive confidential treatment and be maintained under seal, in part because of their prior production to a grand jury. *See* Motion to Seal, at 5-6. As such, the Court should consider this factor as weighing against disclosure of the Sealed Exhibits.

### III. The Operative Protective Order Squarely States that Material of this Nature Shall Be Maintained Under Seal

Plaintiffs argue that the Sealed Exhibits do not constitute, "confidential and sensitive political records relating to the performance of duties in the executive branch of the United States government[,]" arguing instead that the material is "information related to the Trump campaign." Plaintiffs' Opposition, at 9. *See also* Stipulated Protective Order, p. 4 (May 15, 2024) (ECF No. 112) (anticipating confidential treatment for both, "political records relating to the performance of duties in the executive branch of the United States government[]" and "records relating to Defendant Trump's 2020 or 2024 presidential election campaigns[.]"). Plaintiffs' argument that the Sealed Exhibits are not related to the executive branch strains credulity, given Mr. Scavino's lack of involvement in the 2020 Trump Campaign and given that the 2020 Presidential Campaign was long since over at the time the Sealed Exhibits were created. Mr. Scavino does not assert that the Court should simply look to the Protective Order to decide that the Sealed Exhibits should remain sealed. However, it has been observed that a party's reliance on a Protective Order is a factor to be considered when unsealing discovery materials, especially where the *Hubbard* factors also weigh against disclosure. *See e.g. ICC Evaluation Service, LLC v. International Association of Plumbing and Mechanical Officials, Inc., et al.*, 2022 WL 2785985, at *3 (D.D.C. July 15, 2022) ("[A] party's reliance on a protective order is a significant factor in determining whether to lift a seal on discovery materials." (quoting *Tavoulareas v. Washington Post Co.*, 111 F.R.D. 653, 659 (D.D.C. 1986)). The Court therefore should find Mr. Scavino's reliance on the Protective Order and the anticipation of all parties that the Protective Order would cover materials like the Sealed Exhibits as factors weighing against the disclosure of the Sealed Exhibits.

Assuming *arguendo* Plaintiffs are correct that Mr. Scavino's communications were related to the 2020 Presidential Campaign, the Stipulated Protective Order states that confidential

9

treatment can be given to, "confidential and sensitive records relating to Defendant Trump's 2020 or 2024 presidential election campaigns." Stipulated Protective Order, p. 4 (May 15, 2024) (ECF No. 112). Plaintiffs' argument is thereby to not dispute that Mr. Scavino's production of the Sealed Exhibits were done in reliance of the Protective Order, and to concede that the Sealed Exhibits squarely fit into a different category of confidential material anticipated by the Protective Order. Plaintiffs' Opposition, at 9. Therefore, even if the Court were to accept Plaintiffs' argument on this issue, the Court should still find that Mr. Scavino's reliance on the Protective Order and the anticipation of all parties that the Protective Order would cover materials like the Sealed Exhibits as a factor against the disclosure of the Sealed Exhibits.

## **CONCLUSION**

For the foregoing reasons, Nonparty Daniel J. Scavino respectfully requests that the Court maintain Exhibits 68, 69, and 103 to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment under seal, and require the redaction of any references to the contents of the exhibits in any court filings.

[SIGNATURE ON NEXT PAGE]

Dated: March 21, 2025

                                  **SCHULMAN BHATTACHARYA, LLC**

By:    /s/ Mark P. Nobile
         Mark P. Nobile (D.C. Bar #1780761)
         6116 Executive Boulevard, Suite 425
         North Bethesda, Maryland 20852
         Tel.: (240) 356-8557
         Facsimile: (240) 356-8558
         Email: mnobile@schulmanbh.com

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, March 21, 2025, a true and correct copy of the above-filing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which also served copies on counsel of record for all parties.

/s/ Mark P. Nobile  
Mark P. Nobile