# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES BLASSINGAME, et al.,** | |
| **Plaintiffs,** | |
| **vs.** | Case No. 1:21-cv-00858-APM |
| **DONALD J. TRUMP,** | |
| **Defendant.** | |

| | |
|---|---|
| **SANDRA GARZA,** | |
| **Plaintiff,** | |
| **vs.** | Case No. 1:23-cv-00038-APM |
| **DONALD J. TRUMP, et al.,** | |
| **Defendants.** | |

| | |
|---|---|
| **BRIAN KIRKLAND,** | |
| **Plaintiff,** | |
| **vs.** | Case No. 1:22-cv-00034-APM |
| **DONALD J. TRUMP,** | |
| **Defendant.** | |

| | |
|---|---|
| **BARBARA J. LEE, et al.,** | |
| **Plaintiff,** | |
| **vs.** | Case No. 1:21-cv-00400-APM |
| **DONALD J. TRUMP, et al.,** | |
| **Defendants**. | |

1

MARCUS J. MOORE,

                **Plaintiff,**

    vs.

DONALD J. TRUMP,

                **Defendant**.

Case No. 1:22-cv-00010-APM

---

CONRAD SMITH, et al.,

                **Plaintiffs,**

    vs.

DONALD J. TRUMP, et al.,

                **Defendants.**

Case No. 1:21-cv-2265-APM

---

ERIC SWALWELL,

                **Plaintiff,**

    vs.

DONALD J. TRUMP, et al.,

                **Defendants.**

Case No. 1:21-cv-00586-APM

---

BOBBY TABRON, et al.,

                **Plaintiffs,**

    vs.

DONALD J. TRUMP,

                **Defendant.**

Case No. 1:22-cv-00011-APM

## JOINT STATUS REPORT

As directed by this Court on March 25, 2025, the parties have conferred and jointly

prepared the following Joint Status Report and proposed schedule for resolving the United

2

States' notices of Westfall Act substitution and the plaintiffs' request for discovery to challenge

the substitution.

<b>STATEMENT OF THE PLAINTIFFS</b>

**Procedure to address substitution of parties.** Plaintiffs challenge the Government's

substitution of itself as a party in place of Defendant Trump on the D.C. common law claims. To

resolve that issue, Plaintiffs propose the following procedure, which takes into account the

advanced stage of litigation in these cases, the record already developed in the course of the

presidential-immunity litigation, and the need for efficiency.

- By May 14, Plaintiffs will file a motion to strike the Government's substitution of
  parties. This motion will be supported by evidence from the now-closed discovery
  and evidentiary record developed in the presidential-immunity litigation. That is,
  Plaintiffs may cite to evidence cited in briefing by either party, or exchanged between
  the Plaintiffs and Defendant Trump, in the course of the presidential-immunity
  litigation.

- By June 11, the Government will file its response. As with Plaintiffs' motion, the
  Government may cite to evidence cited in briefing by either party, or exchanged
  between the Plaintiffs and Defendant Trump, in the course of the presidential-
  immunity litigation.

- By June 27, Plaintiffs will file their reply, which may rely on the same scope of
  evidence.

In suggesting the foregoing, Plaintiffs agree with the Government that the scope of

available evidence be limited to that developed on presidential immunity. Plaintiffs do not

propose to allow parties to take additional discovery.

**The substitution issue should be resolved before litigating a motion to dismiss.**

Plaintiffs urge that the Court resolve the scope-of-employment issue before allowing the Government to file a motion to dismiss and requiring the parties to litigate the issues raised therein. If the Court concludes that Defendant Trump did not act within the scope of his employment, then the Government would not remain a party to these actions, and there would be no need to address the issues raised in a motion to dismiss. The limited time and resources of the parties and the court would be wasted on litigating a motion to dismiss before resolving the scope-of-employment issue. This sequencing may differ from cases in which the Government notices its substitution for an individual defendant earlier in the proceedings, but here, the Government has waited four years to notice its substitution, has not yet filed a motion to dismiss, and there is a developed record from the presidential-immunity proceedings on which the parties can readily rely to efficiently resolve the scope-of-employment issue. Under the circumstances presented by these consolidated cases, resolving the scope issue first is the fairer and more efficient way forward.

STATEMENT OF THE UNITED STATES

I.      **Proposed Briefing Schedules**.

While the United States does not object to the plaintiffs' proposed briefing schedule to resolve the Government's notice of Westfall Act substitution, the United States requests that the Court adopt the same briefing schedule for the United States' forthcoming motion to dismiss, which will allow for the simultaneous briefing of related issues concerning scope of employment and the Government's threshold sovereign immunity and jurisdictional defenses under the Federal Tort Claims Act.

II.     **Objection to Discovery on Westfall Scope Challenge**.

1.      "[T]here is no right to even limited discovery in a Westfall Act case unless and until a plaintiff alleges sufficient facts to rebut the Government's certification." *Wuterich v. Murtha*, 562 F.3d 375, 382 (D.C. Cir. 2009) (vacating order authorizing discovery to challenge Westfall substitution); *see also Jacobs v. Vrobel*, 724 F.3d 217, 221 (D.C. Cir. 2013) (limited discovery permissible only if plaintiff alleges specific facts establishing conduct was outside the scope of employment). In cases involving high-ranking government officials, courts within this Circuit have repeatedly denied requests for discovery to support a Westfall scope challenge because executive and legislative branch officials are authorized and expected to speak on matters of public concern. *See e.g., Wilson v. Libby*, 535 F.3d 697, 712 & n.2 (D.C. Cir. 2008) (affirming district court's refusal to allow discovery to support Westfall challenge in case involving alleged tortious statements by high-ranking Executive Branch officials to the media).

2.      This is true even where plaintiffs allege the government official's conduct covered by the Westfall Act had some degree of personal motive. *See Wuterich*, 562 F.3d at 384-85 (no discovery permitted for scope certification in case involving congressman's allegedly defamatory statements to the media, even assuming congressman was partially motivated by a personal desire to embarrass the Secretary of Defense); *Black Lives Matter D.C. v. United States*, No. 20-CV-1469 (DLF) (LEAD), 2025 WL 823903, at *7 (D.D.C. Mar. 14, 2025) (refusing to permit discovery for Westfall challenge to certification of the President's response to protests in Lafayette Square, even assuming the President was partially motivated by a personal desire to "bolster his . . . his re-election campaign").

3.      Additionally, district courts in this Circuit have denied discovery to challenge a scope certification where the breadth of the officials' responsibilities render the alleged conduct within the scope of employment. *See Black Lives Matter D.C.*, 2025 WL 823903, at *8 (denying

5

discovery to support Westfall challenge, reasoning that the President's own statements reflected

at least a partial motive to execute his duty, as head of the Executive Branch, to maintain

national security); *Smith v. Clinton*, 253 F. Supp. 3d 222 (D.D.C. 2017) (denying discovery in

connection with Westfall certification of Secretary of State's use of a private email server,

reasoning that "her actions—communicating with other State Department personnel and advisors

about the official business of the department—fall squarely within the scope of her duty to run

the Department and conduct the foreign affairs of the nation as Secretary of State.").

       4.      In resolving whether the alleged conduct was within the scope of the government

official's employment, the focus is on the type of act that allegedly gave rise to the tort, not the

alleged illegal or improper nature of the act. *Wilson*, 535 F.3d at 712; *Black Lives Matter D.C.*,

2025 WL 823903, at *6; *Clinton*, 253 F. Supp. 3d at 228. Here, the plaintiffs assert state-law tort

claims against the President arising out of his statements to public officials and the American

people on matters of public concern—including the fairness and integrity of federal elections.

Regardless of the President's status as a candidate for re-election, the complaints' allegations fail

to demonstrate that this conduct falls outside "the President's duty to 'take Care that the laws be

faithfully executed,'" *Trump v. United States*, 603 U.S. 593, 626-27 (2024) (quoting Art. II, § 3),

or that such statements are not at least incidental to, or of "the same general nature as," the

President's authorized duties. *See Council on Am. Islamic Rels. v. Ballenger*, 444 F.3d 659, 664

(D.C. Cir. 2006) ("To qualify as conduct of the kind he was employed to perform, the

defendant's actions must have either been of the same general nature as that authorized or

incidental to the conduct authorized.") (cleaned up); *Trump v. Carroll*, 292 A.2d 220, 230 (D.C.

2023) (same).

5.      Plaintiffs have not articulated any reason to resort to the immunity discovery to resolve scope of employment. If the plaintiffs are entitled to use the immunity discovery at all (they are not), then D.C. federal courts have repeatedly stressed that the use of discovery must be limited and specifically targeted only to the issues bearing on resolving scope of employment. *See Council on Am. Islamic Rels. v. Ballenger,* No. 1:03-cv-02488 (D.D.C.), ECF No. 24 (denying discovery beyond two affidavits in challenge to Westfall certification of allegedly defamatory statements to the media by member of Congress). Here, plaintiffs have not identified any limitations on the use of the voluminous discovery on immunity that has already taken place. This discovery includes:

- More than 10,000 pages of documents produced.

- 310 RFAs responded to by the President.

- 105 interrogatories responded to by the President.

- Depositions of the President's campaign manager and senior advisor.

- Sworn declarations provided by the President's campaign manager and senior advisor.

The voluminous discovery already taken—in addition to the courts' consistent command for "limited" (if any) discovery to support a Westfall scope challenge—demonstrates that unlimited use of the immunity discovery should not be permitted in resolving the Government's certification and substitution in this case.

Dated: April 9, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

7

C. SALVATORE D'ALESSIO, JR.
Director
Torts Branch, Civil Division

REGINALD M. SKINNER
Senior Trial Attorney


/s/ John B. F. Martin
John B. F. Martin, NY Bar No. 4682928
Trial Attorney, Constitutional Torts Staff
Torts Branch, Civil Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7146
Washington, D.C. 20044-7146
T: (202) 616-4492; F: (202) 616-4314
John.b.martin@usdoj.gov

*Attorneys for the United States*

/s/ Joseph Sellers
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue N.W. Fifth Floor
Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com


Janette McCarthy-Wallace, Bar
No.OH066257
Anthony P. Ashton, Bar No. MD25220
Anna Kathryn Barnes Barry, DC Bar no.
1719493
NAACP Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et
al.*

/s/ Matthew Kaiser
Matthew Kaiser, D.C. Bar No. 28627

8

Sarah Fin, D.C. Nar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor
Washington, DC 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W., Suite 315
Washington, DC 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

/s/ Patrick Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES
1310 L Street N.W. Suite 800
Washington, DC 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland, Bar No. MD0141
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W.
#163
Washington, DC 20006
Telephone: 202-579-4582
Cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame
and Sidney Hemby*

9

*/s/* Edward Kaspar
Edward G. Kaspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC 20005
Telephone: 202-662-8390
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
KENNY NACKWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickwell Avenue
Miami, FL 33131
Telephone: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al*.

/s/ Mark Zaid
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, DC 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
mark@markzaid.com
brad@markzaid.com

10

Matthew Kaiser, D.C. Bar No. 28627
Sarah Fin, D.C. Nar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor
Washington, DC 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W., Suite 315
Washington, DC 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*

/s/ Patrick Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES
1310 L Street N.W. Suite 800
Washington, DC 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore, et al.; Bobby Tabron, et al.; and Briana Kirkland, et al.*

## CERTIFICATION OF SERVICE

I hereby certify that on April 9, 2025, the foregoing Joint Status Report was filed

electronically through ECF/CM, served on ECF participating parties via ECF, and served on

non-ECF participants by mail or other appropriate means.

/s/ John B. F. Martin
JOHN B. F. MARTIN
NY Bar No. 4682928
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch

175 N Street NE
Washington, DC 20002
Tel: 202-305-8049
Fax: 202-616-4314
john.b.martin@usdoj.gov


*Attorney for United States of America*