UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BARBARA J. LEE, et al., | ) | Case No. 21-cv-00400 (APM) |
| Plaintiffs, | ) ) ) | Consolidated Member Cases: 21-cv-00586 (APM) |
| v. | ) ) ) ) ) ) | 21-cv-00858 (APM) 21-cv-02265 (APM) 22-cv-00010 (APM) 22-cv-00011 (APM) 22-cv-00034 (APM) |
| DONALD J. TRUMP, et al., | ) ) | 23-cv-00038 (APM) |
| Defendants. | ) ) |  |

## ORDER

Non-party Daniel J. Scavino seeks to maintain under seal three exhibits attached to Plaintiffs' opposition to Defendant Donald J. Trump's motion for summary judgment on the issue of immunity from suit. Scavino's Mot. to Seal Certain Exs. to Pls.' Opp'n to Def.'s Mot. for Summ. J., ECF No. 162 [hereinafter Scavino Mot.]. Each exhibit is an email between Scavino (sent or received from a personal account) and members of Defendant's post-election campaign staff regarding communications planning for the January 6, 2021 rally. ECF Nos. 155-10 (Exhibit 68), 155-11 (Exhibit 69), and 155-16 (Exhibit 103). For the reasons explained below, the motion is denied.

**I.**

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Housing Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat. Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). "That presumption may be outweighed in certain cases," however. *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). In *United States v.*

*Hubbard*, the D.C. Circuit outlined six factors that courts must consider when "presented with a motion to seal or unseal." *Id.; see also United States v. Hubbard*, 650 F.2d 293, 317–322 (D.C. Cir. 1980). Specifically, the court should weigh:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife*, 865 F.3d at 665 (quoting *Nat. Children's Ctr.*, 98 F.3d at 1409). Applied here, those factors do not overcome the presumption in favor of public access.

The first *Hubbard* factor falls heavily on the side of disclosure. The public's interest in access is perhaps greatest when a case "involves issues of major public importance" about the actions of a "high government official." *In re Nat. Broad. Co., Inc.*, 653 F.2d 609, 614 (D.C. Cir. 1981). This case involves President Trump's actions leading up to and on January 6, 2021. His motion centers on the assertion that he was acting in his official capacity with respect to those events and therefore is immune from suit. The public interest in these proceedings is self-evident. Scavino argues that the public does not need access to "original source documents" like the emails in dispute and the court is unlikely to rely on them in deciding the immunity question. Scavino Mot. at 2–3 (quoting *In re McCormick & Co., Inc., Pepper Prods. Marketing and Sales Practices Litig.*, 316 F. Supp. 3d 455, 470 (D.D.C. 2018)). He further contends that, if Plaintiffs' position on immunity were accepted, the court will have deemed President Trump to have been acting in his personal capacity and thus the public interest in disclosure ebbs. Reply in Support of Scavino Mot., ECF No. 165 [hereinafter Scavino Reply], at 2–3. But these arguments minimize the public importance of this matter, and the significance of the exhibits to Plaintiffs' position that President

Trump is not immune from suit.  The public is entitled to view the actual records presented to the court that bear on an issue of "major public importance."  *In re Nat. Broad. Co.*, 653 F.2d at 614.

The second *Hubbard* also cuts against sealing.  As Plaintiffs point out, the emails' contents are substantially contained in publicly available interview transcripts from the investigation of the House Select Committee to Investigate the January 6th Attack on the U.S. Capitol.  Pls.' Resp. in Opp'n to Scavino Mot., ECF No. 164, at 5 (providing hyperlinks to interview transcripts).  Scavino responds that the emails themselves are not public, Scavino Reply at 3–4, but does explain why that matters when the substance of the communications can be easily accessed online.  He cites *Cable News Network, Inc. v. FBI*, but that case does not help him.  It simply instructs that courts "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit."  984 F.3d 114, 119 (D.C. Cir. 2021).  The court here is evaluating the public availability of the "information" that Scavino wants sealed, not how other aspects of the record bear on that inquiry.

The third *Hubbard* factor supports Scavino.  He is a third party and objects to disclosure.  *See Hubbard*, 650 F.2d at 319 ("[W]here a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great.").

As for the fourth *Hubbard* factor, it favors disclosure.  Scavino argues that he has a privacy interest in the emails because they contain "logistical and strategic deliberations" and were sent and received from his personal email address.  Scavino Mot. at 3; Scavino Reply at 5–6.  That is a relatively weak privacy interest.  *Cf. Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 36 (D.C. Cir. 2002) (stating, in the context of the Freedom of Information Act, that "the privacy threat depends on the individual characteristics that the disclosure reveals and the consequences that are

likely to ensue"). The emails do not, for example, contain sensitive business information or anything that might embarrass or humiliate Scavino.

Scavino fares no better on the fifth *Hubbard* factor. He concedes that the exhibits are "inoffensive," but still contends that in the "current political climate" their exposure likely would "lead to public degradation." Scavino Mot. at 4–5. But the emails' contents are truly anodyne, and Scavino's connection to President Trump is well known. Scavino has failed to show that he will suffer any prejudice from release.

Finally, the sixth *Hubbard* factor supports public access. "When a sealed document is considered as part of judicial decisionmaking, the sixth factor will oftentimes carry great weight." *Cable News Network*, 984 F.3d at 120. Here, although the court has not yet ruled on Defendant Trump's motion, Plaintiffs have submitted the exhibits as proof that the President was not acting in his official capacity with respect to the events of January 6th. So, the court necessarily will have to consider them, which supports public access.

On balance then, application of the *Hubbard* factors does not overcome the strong presumption in favor of public access to the exhibits at issue.

## II.

Scavino makes two additional arguments, which the court disposes of quickly. First, he contends that the exhibits cannot be disclosed because he previously produced them in response to a grand jury subpoena. Scavino Mot. at 5–6. But even if the exhibits are covered by Federal Rule of Criminal Procedure 6(e), Scavino waived that protection by producing them in response to Plaintiffs' subpoena. *See In re Sealed Motion*, 880 F.2d 1367, 1372 (D.C. Cir. 1989) (stating that "the right to the secrecy of the testimony of a grand jury witness belongs to the witness and thus the privilege is his to waive"). Second, Scavino contends that, because the exhibits may

4

qualify for confidential treatment under the protective order entered in the case, sealing them is appropriate. Scavino Mot. at 6–7. Regardless of their status under the protective order, the court has an independent obligation to evaluate whether the public has a right to access the exhibits. *See In re McCormick & Co.*, 316 F. Supp. 3d at 464. For the reasons already discussed, the court holds that it does.

### III.

For the foregoing reasons, Scavino's Motion to Seal, ECF No. 162, is denied. Plaintiffs and Scavino shall meet and confer and determine whether any personal identifying information in Exhibits 68, 69, or 103 warrants redaction. Plaintiffs shall file redacted versions of the exhibits on the public docket by May 15, 2025.

Further, the Clerk of Court shall unseal *all* entries docketed at ECF No. 155, other than Exhibits 68, 69, 80, 84, 89, and 103, as no party or third party other than Scavino has sought to maintain those records under seal. Protective Order, ECF No. 112, ¶ 6.a ("The Designating Party's failure to file a motion to seal within 7 days of the initial filing of the Designated Material will result in the placement of such Designated Material on the public docket."); Minute Order, March 17, 2025 (sealing portions of Exhibits 80, 84, and 89, containing personal identifying information).

Dated: March 9, 2025

Amit P. Mehta
United States District Judge