# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>DONALD J. TRUMP et al.,<br><br>    Defendants. | Case No. 21-cv-00400 (APM)<br><br>(lead case) |
| ERIC SWALWELL,<br><br>    Plaintiff,<br><br> v.<br><br>DONALD J. TRUMP et al.,<br><br>    Defendants. | Case No. 21-cv-00586 (APM)<br><br>(consolidated case) |
| JAMES BLASSINGAME et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>DONALD J. TRUMP,<br><br>    Defendant. | Case No. 21-cv-00858 (APM)<br><br>(consolidated case) |
| CONRAD SMITH et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>DONALD J. TRUMP et al.,<br><br>    Defendants. | Case No. 21-cv-02265 (APM)<br><br>(consolidated case) |

| | |
|---|---|
| MARCUS J. MOORE et al., <br>         Plaintiffs, <br>     v. <br> DONALD J. TRUMP, <br>         Defendant. | Case No. 22-cv-00010 (APM) <br><br> (consolidated case) |
| BOBBY TABRON et al., <br>         Plaintiffs, <br>     v. <br> DONALD J. TRUMP, <br>         Defendant. | Case No. 22-cv-00011 (APM) <br><br> (consolidated case) |
| BRIANA KIRKLAND, <br>         Plaintiff, <br>     v. <br> DONALD J. TRUMP, <br>         Defendant. | Case No. 22-cv-00034 (APM) <br><br> (consolidated case) |
| SANDRA GARZA, <br>         Plaintiff, <br>     v. <br> DONALD J. TRUMP et al., <br>         Defendants. | Case No. 22-cv-00038 (APM) <br><br> (consolidated case) |

**NOTICE OF POSITION ON EVIDENTIARY DISPUTES**

Pursuant to this Court's questions at oral argument on December 19, President Donald J. Trump advises the Court of his position on certain evidentiary disputes ahead of pending rulings on summary judgment. President Trump re-incorporates his objections to evidence made in earlier filings such as Dkt. Nos. 173, 176, 177, and 187, and adds the statement below to address the Court's question concerning whether inadmissible evidence may be considered at summary judgment. This elaboration is especially important in light of the Court's decision not to hold argument on the separately briefed evidentiary issues at Dkt Nos. 153, 173. Dkt. No. 205 at 2 ("The court will not hear argument on Plaintiffs' Motion to Take Judicial Notice or Defendant's Objection to Admission of Select Committee Final Report.").

At summary judgment, the Court may not consider evidence unless the proponent shows that it is admissible or can be converted into admissible form. Plaintiffs bear that burden, and they have not met it here. As a result, the bulk of the evidence on which Plaintiffs rely—out-of-case depositions, text messages and emails relaying what others said, social-media screenshots, and the highly politicized January 6 Committee Report—must be excluded as a matter of law and cannot be considered at summary judgment.

## ARGUMENT

Plaintiffs seek to defeat summary judgment by relying largely on layered hearsay—including text messages and emails (*see, e.g.*, Exs. 68, 77, 80, 87, 90) and declarations and depositions taken in other proceedings (*see, e.g.*, Exs. 57, 121–22, 191). That approach fails as a matter of law. Although evidence at summary judgment need not be presented in admissible form, the proponent must produce evidence capable of being converted into admissible evidence. *Klayman v. Judicial Watch, Inc.*, 6 F.4th 1301, 1315 (D.C. Cir. 2021) (quoting *Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007)). Otherwise, "the objective of summary judgment—to prevent unnecessary trials—would be undermined," because "[v]erdicts cannot rest on

inadmissible evidence." *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000). Accordingly, when proffered material is "sheer hearsay, it counts for nothing on summary judgment." *Klayman*, 6 F.4th at 1315 (quoting *Greer*, 505 F.3d at 1315).

The burden of clearing this threshold rests squarely with Plaintiffs. *Grimes v. D.C.*, 308 F. Supp. 3d 93, 106 (D.D.C. 2018); Fed. R. Civ. P. 56(c)(2), advisory committee's note (proponent must show admissibility or "explain the admissible form that is anticipated"); *see also Jeffries v. Barr*, 965 F.3d 843, 858 (D.C. Cir. 2020). Plaintiffs have not met that burden.

The problem is compounded by the pervasive hearsay-within-hearsay embedded throughout Plaintiffs' exhibits. Where multiple layers of hearsay are present, "both the source and the recorder of the information, as well as every other participant in the chain," must independently fall within a hearsay exception or exemption. *United States v. Gurr*, 471 F.3d 144, 152 (D.C. Cir. 2006). Plaintiffs do not even attempt to make that showing. This defect is especially acute with respect to the politicized January 6 Committee Report, which is itself hearsay and relies on nested hearsay declarants on nearly every page—often adding third layers of hearsay or more, which Plaintiff's excerpt often conceals. *See ,e.g.*, Ex. 115 at 38 & n.201 (report citing the DOJ's relay of a protestor's characterization of his response to a Trump tweet for truth of that response); 275 (citing n.94) (report citing Hutchinson relaying statements by Maricopa Board of Supervisors members for truth of Board member's statements); Dkt. 173-2 n.94 (showing footnote used as source and omitted from Plaintiffs' exhibit that makes nature of layered hearsay clear); Ex. 115 at 530 (citing n.375, an omitted footnote showing the report cites a further hearsay declarant).

Because Plaintiffs have neither shown that their evidence is admissible nor explained how it could be made admissible, it cannot be considered at summary judgment. An examination of the categories of evidence on which Plaintiffs rely confirms why.

4

*Deposition transcripts*

Plaintiffs rely extensively on statements from deposition transcripts taken in other proceedings. Those materials are textbook hearsay: out-of-court statements offered for their truth. For example, the Court specifically asked at argument about the use of the Hutchinson deposition—an exhibit which acutely illustrates the problems with Plaintiff's "evidence," and which shows why it cannot be converted to an admissible form. Take paragraph 72 of the Plaintiff's Statements of Additional Material Fact. There, Plaintiffs rely on Hutchinson's testimony that she supposedly "hear[d] the White House Counsel's Office say that" part of Trump's plan to contest perceived election fraud "was not legally sound." Hutchinson's statement is out of court, and it is proffered for its truth—that Hutchinson really did hear the White House Counsel's office make such a statement. And the White House Counsel's Office alleged statement is similarly out of court, and it is similarly proffered for its truth—that the plan was not legally sound. To render this admissible, Plaintiffs must first depose Hutchinson in this case, and then identify and depose whatever official from the White House Counsel's Office allegedly made the statement Hutchinson relays. They have made no effort to do so despite ample opportunity. *See Klayman*, 6 F.4th at 1315 (proponent must affirmatively show admissibility or possibility of conversion to an admissible form).

The other statements in deposition transcripts suffer from similar defects and would need to be remedied in the same manner. *See, e.g.*, Dkt. 175-2 ¶¶ 78 (citing Cutler's deposition to assert that "Trump asked Cutler, 'if we wanted to do something, what were the options?'"), 217 (relying on a portion of the Budowich deposition where Budowich interprets an email chain involving other declarants). Plaintiffs had ample opportunity to depose these witnesses in this case and thereby create admissible testimony, but they chose not to do so. Nor do they identify any applicable

5

hearsay exemption or exception that would permit reliance on these materials at summary judgment.

Although Plaintiffs bear the burden of establishing admissibility, one potential argument that they failed to raise warrants brief attention: Rule 803(3)'s exception for statements reflecting a declarant's state of mind.  That exception is unavailable here for multiple independent reasons. First, it cannot be used to admit statements attributed to President Trump, because doing so would require inquiry into his subjective mental state or motive—an inquiry foreclosed by *Trump v. United States*, 603 U.S. 593, 596 (2024).  Second, Rule 803(3) does not apply to statements given in depositions, because the statement must be contemporaneous with the mental state it is offered to prove. 5 Weinstein's Federal Evidence § 803.05.  Third, and more fundamentally, the state of mind of unidentified or subordinate officials—wholly unknowable to the President—cannot serve as the basis for defeating presidential immunity.  Conditioning immunity on such after-the-fact reconstructions would prevent the President from acting "boldly and fearlessly," precisely the outcome the doctrine is designed to avoid. *Trump*, 603 U.S. at 596.

<u>Text messages, LinkedIn, and other social media pages, and emails</u>

Plaintiffs also rely on excerpts of text messages and emails. These materials suffer from the same defects as the deposition transcripts: they are out-of-court statements offered for their truth, frequently contain multiple layers of hearsay, and are unsupported by any identified hearsay exception or exemption.  *See, e.g.*, Dkt. 175-2 ¶¶ 201 (now-disproven hearsay statement from Taylor Budowich concerning Harrison Furman's status with the campaign), 214 (hearsay statement relayed to Guilfoyle regarding an alleged donation by Mike Lindell), 234 (text message from S. Graves to Kylie Kremmer, produced by Kremer to establish Hannah Salem's purported

role in the rally). As with the deposition evidence, Plaintiffs had ample opportunity to depose the relevant declarants and thereby create admissible testimony, but they did not do so.

The same evidentiary flaws apply to Plaintiffs' reliance on social-media materials, including Exhibit 76, an alleged LinkedIn profile. In addition to being hearsay, Exhibit 76 is not properly authenticated. As courts have recognized, "with great ease a social media account may be falsified or a legitimate account may be accessed by an imposter," and authentication therefore requires evidence such as testimony from a witness with knowledge or identifying personal information linking the purported author to the account. *Pietrangelo v. Refresh Club, Inc.*, No. 18-cv-1943 (DLF), 2023 U.S. Dist. LEXIS 176296, at *33–34 (D.D.C. Sept. 29, 2023). Plaintiffs offer no such foundation here.

*The January 6 report*

President Trump re-incorporates his objections to the use of the January 6 report, including the note that virtually every page contains hearsay-within-hearsay. *See,e.g.*, Dkt. 175-2 ¶¶ 348 (citing the report's citation of a now-defunct YouTube video showing a Fox News broadcast for the truth of the Fox anchor's statements), 123 (citing the report's citation of Kylie Kremer's deposition for the truth of Kremer's statement.) Although Plaintiffs argue these objections are not specific enough, because the report is riddled with hearsay and hearsay-within-hearsay, President Trump has objected with requisite specificity by naming the pages that are not hearsay. The Rules of Evidence "do not require a pinpoint citation to a provision of the Rules or relevant precedent for every objection; what they do require is enough specificity to alert the district court and opposing counsel to the basis for the objection." *United States v. David*, 96 F.3d 1477, 1480 (D.C. Cir. 1996).

Plaintiffs bristle at placing the burden on them to show admissibility, Dkt. 182 at 25, but that is exactly what is required, *Grimes,* 308 F.Supp. 3d at 106; Fed. R. Civ. P. 56(c)(2), Advisory Committee Notes. And Plaintiffs cite no summary-judgment stage cases to the contrary. It is on them to identify relevant exceptions or exemptions, not on the President to identify possible arguments and preemptively address them.

*Evidence obtained after the close of discovery*

Plaintiff also seeks to introduce evidence—namely, Exhibit 68—obtained in another case after the close of discovery in this case, and in violation of agreements with defense counsel, as explained in Defendant's response in ECF 177 ¶ 30; *see also* Exs. 251 and 251a. This was "an act reeking of gamesmanship and bad faith," *Unique Indus. v. 965207 Alta. Ltd.*, 764 F. Supp. 2d 191, 203 (D.D.C. 2011). And because this was an attempt to circumvent limits agreed upon in order to comply the D.C. Circuit's order in *Blassingame*, and to respect the doctrine of Presidential immunity set forth in *United States v. Trump*, it causes the utmost prejudice to Defendant. This evidence should be excluded from the summary judgment proceedings.

## CONCLUSION

For the reasons set forth above, President Trump respectfully submits that the "evidence" relied upon by Plaintiffs fails to meet the threshold of admissibility required at summary judgment. Plaintiffs have failed to meet their burden of proving that this evidence is admissible, or capable of being converted into admissible form, and have not taken even basic steps towards making it admissible. Accordingly, such materials should be excluded from consideration, and summary judgment should proceed based solely on evidence that satisfies the standards of admissibility under the Federal Rules of Evidence.

| | |
|---|---|
| Dated: Jan. 5, 2026. | */s/ Michael J. Walsh, Jr.* |
| | Michael J. Walsh, Jr. |
| | D.C. Bar No. 483296 |
| | **DLA PIPER LLP (US)** |
| | 500 Eighth Street, NW |
| | Washington, DC 20004 |
| | Telephone: (202) 799-4000 |
| | Facsimile: (202) 799-5000 |
| | mike.walsh@us.dlapiper.com |
| | Caryn G. Schechtman, Esq. |
| | (*Pro Hac Vice*) |
| | **DLA PIPER LLP (US)** |
| | 1251 Avenue of the Americas, 27th Floor |
| | New York, NY 10020-1104 |
| | Telephone: (212) 335-4500 |
| | Facsimile: (212) 335-4501 |
| | caryn.schechtman@us.dlapiper.com |
| | Josh Halpern, Esq. |
| | (*Pro Hac Vice*) |
| | **DLA PIPER LLP (US)** |
| | 500 Eighth Street, NW |
| | Washington, DC 20004 |
| | Telephone: (202) 799-4000 |
| | Facsimile: (202) 799-5000 |
| | josh.halpern@us.dlapiper.com |
| | |
| | Jonathan M. Shaw |
| | D.C. Bar No. 446249 |
| | **Dhillon Law Group, Inc.** |
| | 2121 Eisenhower Ave, Suite 608 |
| | Alexandria, Virginia 22314 |
| | Telephone: (703) 574-1206 |
| | Facsimile: (415) 520-6593 |
| | jshaw@dhillonlaw.com |
| | |
| | Jesse R. Binnall |
| | D.C. Bar No. 446249 |
| | **Binnall Law Group PLLC.** |
| | 717 King Street, Suite 200. |
| | Alexandria, Virginia 22314 |
| | Telephone: (703) 888-1943 |
| | Facsimile: (703) 888-1930 |
| | jesse@binnall.com |
| | |
| | *Counsel for President Donald J. Trump* |

## CERTIFICATE OF SERVICE

    I certify that on January 5, 2026, a copy of the foregoing was filed with the Clerk of Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

                                                      */s/ Michael J. Walsh, Jr.*
                                                      Michael J. Walsh, Jr.