**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BARBARA J. LEE *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 21-cv-00400 (APM) (lead case) |
| DONALD J. TRUMP *et al.*, | |
| *Defendants*. | |
| ERIC SWALWELL, | |
| *Plaintiff*, | |
| v. | Case No. 21-cv-00586 (APM) (consolidated case) |
| DONALD J. TRUMP *et al.*, | |
| *Defendants*. | |
| JAMES BLASSINGAME *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 21-cv-00858 (APM) (consolidated case) |
| DONALD J. TRUMP, et al., | |
| *Defendant*. | |
| CONRAD SMITH *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 21-cv-02265 (APM) (consolidated case) |
| DONALD J. TRUMP, *et al.*, | |
| *Defendants*. | |

MARCUS J. MOORE *et al.*,

   *Plaintiffs*,

    v.

DONALD J. TRUMP,

    *Defendant*.

Case No. 22-cv-00010 (APM)
(consolidated case)

---

BOBBY TABRON *et al.*,

   *Plaintiffs*,

    v.

DONALD J. TRUMP,

    *Defendant*.

Case No. 22-cv-00011 (APM)
(consolidated case)

---

BRIANA KIRKLAND,

   *Plaintiff*,

    v.

DONALD J. TRUMP,

    *Defendant*.

Case No. 22-cv-00034 (APM)
(consolidated case)

---

SANDRA GARZA,

   *Plaintiff*,

    v.

DONALD J. TRUMP,

    *Defendant*.

Case No. 22-cv-00038 (APM)
(consolidated case)

## PLAINTIFFS' RESPONSE TO DEFENDANT TRUMP'S NOTICE OF POSITION ON EVIDENTIARY DISPUTES

Defendant Trump's Notice of Position on Evidentiary Disputes, Dkt. 212 ("Notice") raises new and untimely objections to Plaintiffs' evidence and tries again to shift the burden of proving undisputed facts away from himself on his Motion for Summary Judgment. Plaintiffs did not understand the Court at argument on December 19 to be inviting a new round of briefing, and therefore Plaintiffs oppose consideration of Defendant's Notice. Further grounds are set out below:

1.     A defendant seeking summary judgment on the affirmative defense of official immunity bears the burden of proving that undisputed facts require the Court to rule for him. *See Blassingame v. Trump*, 87 F.4th 1, 30 (D.C. Cir. 2023). In briefing this motion last spring, Plaintiffs submitted a Statement of Additional Undisputed Facts, Dkt. 152-1, numbering 352 items, intended to show that there were many facts contradicting Defendant's contention that he was acting in an official capacity and not a private one when he incited a mob to attack the Capitol on January 6, 2021.

2.     Defendant filed a 460-page response, Dkt. 174-2, objecting to the materiality or admissibility of many of Plaintiffs' facts. Defendant invoked Fed. R. Civ. P. 56(c) more than 200 times in that response, arguing on the same kinds of grounds invoked in his new brief that Plaintiffs' facts could not be converted into admissible evidence. Plaintiffs had no opportunity to respond to Defendant's objections at that time because they were submitted with his reply brief.

3.     Defendant also filed a separate objection to admissibility of any portion of the House Select Committee's report on the January 6 attack ("Select Committee Report" or "Report"). Dkt. 173. Plaintiffs responded to that objection, Dkt. 182, and Defendant also filed a reply brief, Dkt. 187. Thus, the record of this case as it existed before Defendant's new Notice, Dkt. 212, gave Defendant ample opportunities to argue the admissibility of Plaintiffs' facts.

4.      Defendant says: "Plaintiffs seek to defeat summary judgment by relying largely on layered hearsay—including text messages and emails (*see, e.g.*, Exs. 68, 77, 80, 87, 90) and declarations and depositions taken in other proceedings (*see, e.g.*, Exs. 57, 121–22, 191)." Notice at 3. Elsewhere in his filing, Defendant refers to Exhibits 115, 251, and 251a, and Paragraphs 72, 78, 123, 201, 214, 217, 234 and 348 of Plaintiffs' Statements of Additional Undisputed Facts (Dkt. 152-1).  Thus, in total, Defendant's filing takes issue (perfunctorily and without cogent analysis) with only 12 of the hundreds of exhibits on which Plaintiffs rely, and only eight of the 352 items in Plaintiffs' Statement of Additional Undisputed Facts.

5.      Defendant's new objections to the Select Committee Report do not make clear which of Plaintiffs' few fact statements that cited the Report he is referring to. This frustrates Plaintiffs' ability to respond, since the admissibility of any piece of evidence can turn on the precise factual assertion it is intended to support.

6.      In his Notice, Defendant makes new arguments that would place a much heavier burden on Plaintiffs than the rules actually do. He paraphrases but never quotes the full operative language of Rule 56, which says: "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Defendant does not properly object to the evidence Plaintiffs cite—he merely asserts that such evidence is currently inadmissible. The text of the rule is clear, however, that he must object that such evidence cannot be presented in a form that would be admissible. Moreover, "trial admissibility is not always a prerequisite for considering evidence on summary judgment. . . . [I]n judging whether a non-movant has produced enough to avoid summary judgment, the Court must consider the evidence they submitted—even if it would be inadmissible at trial in the form submitted—so long as it could be reduced to an admissible form for trial. This can be seen as a

Case 1:21-cv-00400-APM    Document 213    Filed 01/08/26    Page 5 of 13

function of the Court's duty to look at the non-movant's case in its most favorable light." *Cook v. Babbitt*, 819 F. Supp. 1, 25 (D.D.C. 1993) (cleaned up). "It is only where a non-movant has produced no evidence that could be reduced to an admissible form—after ample time for discovery and after being put on notice, by the movant's briefs, of its failure of proof—that the court must enter summary judgment against the non-movant under *Celotex*." *Id.* at 26.

7.   Defendant is seeking a second bite at the apple: in his summary judgment briefing, he already raised objections to Plaintiffs' exhibits and to the Select Committee Report. Having done so, he has waived the additional objections he raises now. *See Munoz v. Int'l All. of Theatrical Stage Emp. & Moving Picture Mach. Operators of U. S. & Canada*, 563 F.2d 205, 214 (5th Cir. 1977) (holding untimely objections to evidence considered on a motion for summary judgment are deemed waived). Notwithstanding the fact that Defendant's new objections are untimely, his assertion that he need not specify the portions of the Select Committee Report that cannot be converted to admissible evidence is wrong. Because Defendant filed this Notice in regard to his Motion for Summary Judgment, he carries the burden to show that there is no evidence raising a genuine dispute of material fact. Where, as here, the plaintiff produces evidence defeating the defendant's argument, the defendant must specifically argue why each piece of evidence will not be admissible at trial and, accordingly, why the Court cannot consider it on a motion for summary judgment. *See Simmons v. Whitaker*, 106 F.4th 379, 386 (4th Cir. 2024) (holding courts should not strike an entire piece of evidence because it contains inadmissible hearsay, but only "those portions it deems inadmissible or improper in accordance with Rule 56(e)." (cleaned up)). Defendant cannot make a blanket statement that the Select Committee Report contains hearsay and is therefore inadmissible—he must identify each statement of fact supported by a portion of the Report that he believes cannot be presented in an admissible form and articulate why. Without doing so, the Court

cannot possibly assess whether plaintiffs have "produced no evidence that could be reduced to an admissible form." *Cook v. Babbitt*, 819 F. Supp. 1, 26 (D.D.C. 1993). And to the extent Defendant fails to raise specific objections to the Select Committee Report, those objections are waived. *See Munoz*, *supra*.

8.     Defendant's new arguments would require Plaintiffs to have deposed in this case any witness whose testimony they cited from another proceeding. *See* Notice at 5-6. Rule 56 has no such requirement that a party raising fact disputes must offer admissible evidence from discovery in the same case. It is enough to quote the witness's statement from the other proceeding, since it is a fair inference that the witness would give the same testimony again; that defeats the Rule 56(c)(2) objection that the fact "cannot be presented in a form that would be admissible." Moreover, courts have consistently held that depositions from one case can be used at the summary judgment stage of another if two conditions are met: 1) the deposition must satisfy Rule 56's requirements for an affidavit or declaration, meaning the testimony is based on personal knowledge and sets out facts that would be admissible at trial, and the deponent is competent to testify to these matters; 2) the depositions from the other case must be part of the record in the present case. *Smith v. Holland LP*, No. 16-CV-2242 (TFH), 2019 WL 1228079 at *3 (D.D.C. Mar. 15, 2019) (citing *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 978 (7th Cir. 2014)). Defendant's assertion that the depositions Plaintiffs cite are inadmissible hearsay because Plaintiffs could have taken the depositions of those individuals in this case misses the point entirely, and Defendant does not dispute that these depositions meet the requirements above for Plaintiffs to rely on them at the summary judgment stage.

9.     Defendant objects to the deposition testimony of Cassidy Hutchinson that she heard the White House Counsel's Office say that Trump's plan to contest election fraud was not legally

sound as inadmissible hearsay-within-hearsay. *See* Notice at 5. However, Plaintiffs are not citing the White House Counsel's statement for the truth of the matter asserted, but rather as evidence that Trump and his team had notice that the White House Counsel had concluded that their efforts to challenge the election were not legally sound. *See* Fed. R. Evid. 801(c)(2). Only Hutchinson's statement could constitute hearsay, and her testimony can be converted to admissible evidence by calling her as a witness at trial. The same is true of the Cutler testimony that Defendant objects to as inadmissible hearsay. *See* Notice at 5. Trump's inquiry of Cutler, "if we wanted to do something, what were the options?" is not a hearsay statement at all because it is a question, not an "assertion." *See* Fed. R. Evid. 801(a). And even if it were an assertion, it is a statement of a party opponent, and Cutler's own testimony would be admissible if he testifies at trial. *See* Fed. R. Evid. 801(d)(2)(a). And the testimony of Taylor Budowich about an email chain he was on is cited as evidence of Budowich's own beliefs at the time—not for the truth of the matter asserted—and is not hearsay.

10.    Defendant raises other new broad-brush objections that would put the burden on Plaintiffs to defeat, for example, speculation that a witness's online c.v. might have been faked. *See* Notice at 7 (discussing the LinkedIn profile included in Exhibit 76). Defendant omits the name of this witness, Megan Powers, but he had extensively discussed the same document in his Counterstatement to Plaintiff's Statement of Additional Undisputed Facts, filed last April. *See* Dkt. 174-2. At that time, he contended only that the document was inaccurate and outdated and contradicted by other evidence. *See id.* at 227. At this point, Defendant has waived further objections. *See Munoz*, *supra*. Moreover, importantly, Defendant omits the context of why Plaintiffs offered the profile: to show that Trump Campaign officials stated in their own work profiles that they were still working for the Campaign in January 2021. That is another

inconvenient fact for Defendant. Finally, Defendant objects to the text messages, LinkedIn profile, emails, and social media pages as inauthentic but does not show that these materials cannot be authenticated at trial. *See Augustus v. McHugh*, 870 F. Supp. 2d 167 (D.D.C. 2012) (documents appropriately considered on motion for summary judgment where movant offered "no factual basis to establish that these documents are inauthentic or that the declarant could not testify that the submitting copies of their writings are what they purport to be.").

11.    Defendant cites *United States v. Gurr*, 471 F.3d 144 (D.C. Cir. 2006) in support of his assertion that, where multiple layers of hearsay are present, "both the source and the recorder of the information, as well as every other participant in the chain" must independently fall within a hearsay exception or exemption. 471 F.3d at 152. In that case, however, the defendant was appealing his conviction—not a ruling on a motion for summary judgment—so the Court was examining whether double hearsay should have been admitted at trial, an entirely different question than whether double hearsay can be converted into a form that would be admissible at trial, which is the question here. To the extent Defendant raises specific hearsay objections to Plaintiffs' evidence, he has not shown that the declarants will be unavailable to testify at trial and, accordingly, has not shown that any hearsay statements cannot be converted to admissible evidence. As such, the Court can consider any such statements at this stage of litigation. *Cook v. Babbitt*, 819 F. Supp. 1, 26 (D.D.C. 1993) (citing *J.F. Feeser*, 909 F.2d at 1542 (non-movant could rely on inadmissible hearsay in affidavit for purposes of surviving opponent's motion if the movant fails to show that the declarant could not be produced to testify at trial).

The above discussion is intended to point out the many flaws in Defendant's new Notice by way of example and without trying to be comprehensive.

Dated: January 8, 2026                    Respectfully submitted,

By:   /s/ Patrick A. Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556 (application
for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland (Bar No. MD0141)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame
and Sidney Hemby*

  /s/ Edward G. Caspar
Edward G. Caspar, D.C. Bar No. 1644168
Jeffrey Blumberg, D.C. Bar No. 432928
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
jblumberg@lawyerscommittee.org

mepstein@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Sarah W. Chase, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com
schase@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower, Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ehonkonen@sperlingkenny.com
jtf@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith et al.*

    */s/ Joseph M. Sellers*
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
Nina Jaffe-Geffner, Bar No. 90011459
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue N.W.
Eighth Floor Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com
njaffegeffner@cohenmilstein.com

Janette McCarthy-Wallace, Bar No.
OH066257
Anthony P. Ashton, Bar No. MD25220
NAACP
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*


   */s/ Matthew Kaiser*
Matthew Kaiser, D.C. Bar No. 486272
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*


   */s/ Mark S. Zaid*
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Daniel Csigirinszkij, D.C. Bar No. 90017805

11

KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
dcsigirinszkij@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*


___*/s/ Patrick A. Malone*_____
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et
al.; Bobby Tabron et al.; and Briana Kirkland*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on January 8, 2026, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: January 8, 2026                              */s/ Edward G. Caspar*
                                                                    Edward G. Caspar