## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

BARBARA J. LEE *et al.*,

        *Plaintiffs,*

v.

DONALD J. TRUMP *et al.*,

        *Defendants*.

Case No. 21-cv-00400 (APM) (lead case)

*Consolidated with* Case Nos.
    21-cv-00586 (APM)
    21-cv-00858 (APM)
    21-cv-02265 (APM)
    22-cv-00010 (APM)
    22-cv-00011 (APM)
    22-cv-00034 (APM)
    23-cv-00038 (APM)

## JOINT CASE STATUS REPORT

On March 31, 2026, the Court issued a Memorandum Opinion and Order denying President Donald J. Trump's Motion for Summary Judgment, except as to certain conduct that the Court determined were official acts. *Lee* ECF No. 219. The Court also denied Defendant Trump's Motion to Reconsider Denial of His Motion to Dismiss on First Amendment Grounds, but granted Defendant Trump's request to certify the Court's ruling and original denial for interlocutory review. *Id.* And among other related rulings, the Court granted Plaintiffs' Motion to Strike the Government's Westfall Act Certification. *Id.* On April 2, the Court issued a Minute Order directing Plaintiffs, Defendant Trump, and the United States to file a Status Report by April 17 advising how the Parties wish to proceed following issuance of the Court's Memorandum Opinion and Order. On April 10, 2026, Defendant Trump noticed his appeal to the United States Court of Appeals for the D.C. Circuit from the Court's March 31, 2026 Memorandum Opinion and Order. ECF No. 220.

Per the Court's April 2 Minute Order, and the Court's May 25, 2025 order on discovery in *Smith v. Trump*, *Smith* ECF 393 (No. 21-cv-2265), the Parties submit their positions on how to proceed following the Court's March 31 Memorandum Opinion and Order.

Plaintiffs' Position

As this Court has ruled, Defendant Trump has failed to carry his burden to establish that he is entitled to summary judgment in the instant cases on the basis of presidential immunity. All discovery should proceed as to all Parties, including through depositions. Plaintiffs respectfully request that the Court order all Parties to confer on the number and timing of depositions and fact and expert discovery deadlines in each case and to submit a subsequent joint status report. Plaintiffs request that the Court then issue Scheduling Orders setting fact and expert discovery deadlines.

Defendant Trump is now subject to discovery. Although the Court issued a stay of discovery as to Defendant Trump in *Smith*, ECF No. 180, that stay expired with the denial of his motion for summary judgment asserting a pre-trial immunity defense. *See Smith* ECF No. 180 at 1 (ordering a stay of discovery against Defendant Trump "until his claim of absolute immunity is resolved."). The Court has not issued a stay order in any of the other instant cases and the parties in the other cases did not commence merits discovery prior to the Court's summary judgment ruling.

Discovery against all other Defendants, including all Defendants in *Smith*, is open too. The Court's May 13, 2025 Order in *Smith* governs ongoing discovery in that case. *Smith* ECF No. 393. The Order stayed all depositions and all new discovery to or from the government "[u]ntil the date on which the Court issues the latter of its orders resolving" Defendant Trump's motion for summary judgment and Plaintiffs' then-anticipated motion to strike the government's notice of substitution. *Smith* ECF No. 393. The Court allowed all other discovery to proceed except as to Defendant Trump. *Id.* And it ordered the *Smith* parties to meet and confer after the Court's decisions and file a joint status report "concerning a schedule for the completion of any remaining discovery." *Id.* The Court has resolved Defendant Trump's motion for summary judgment and Plaintiffs'

motion to strike. Per the Court's May 13 Order, depositions and discovery to and from the United States may resume in *Smith*.

To the extent Defendant Trump and the Campaign defendants in *Smith* intend to seek a stay, the Plaintiffs would oppose such a motion. The Court has resolved Trump's pre-trial immunity defense and should not stay proceedings against Trump while its decision is in force. And further delay of Plaintiffs' claims against him would be unwarranted and unjust; Plaintiffs have already waited five years to prosecute their claims. Nor should this Court enter a stay as to other Defendants, whether as to depositions only or more broadly. The Court already rejected the idea of a broader stay, *see Smith* ECF No. 180, and it makes even less sense now that the issue of pre-trial immunity has been resolved based on evidence in the record and not only on allegations in the complaints. To the extent Defendants intend to seek a stay, the Court should require them to file a motion and allow the parties a full opportunity to provide briefing on the applicable law.

Finally, for the first time at approximately 4:00 pm today, Defendant Trump and the Campaign informed Plaintiffs of their contention that Defendant Trump's interlocutory appeal divests the Court of jurisdiction over the entire case. When the Parties met and conferred on April 14, Defendant Trump and the Campaign indicated only that they intended to seek a stay. The government asserted that an appeal by it would divest the Court of jurisdiction, but only if it appealed, something the Government has not committed to doing. Plaintiffs disagree with Defendant Trump's and the Campaign's position and request that the Court permit briefing on the issue to allow Plaintiffs a meaningful opportunity to address it.

<u>President Trump's Position</u>

It is well settled that an interlocutory appeal divests the district court of jurisdiction over all aspects of the case involved in the appeal. And when the entire case is essentially involved in

the appeal, as it is here given the breadth of plaintiffs' conspiracy claims, an automatic stay of the proceedings is mandatory. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741–42 (2023); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") A ruling in favor of President Trump as to his claim of absolute presidential immunity can immediately terminate his involvement in these proceedings and thus "the entire case"—as to the President—has been removed from this Court's jurisdiction.

Indeed, as Judge Chutkan correctly determined in 2023, President Trump's appeal from the district court's denial of absolute presidential immunity "automatically stays any further proceedings that would move this case towards trial or impose additional burdens of litigation on [the] Defendant." *United States v. Donald J. Trump*, No. 1:23-cr-00257 (TSC), Doc 186 (D.D.C. 2023). It is thus the position of President Trump that all proceedings against him, including any attempts to conduct discovery, must be stayed until the resolution of his pending appeals.[1] Finally, because there is no room for dispute as to the well settled law under *Griggs* and its progeny, President Trump sees no need for further briefing at this time as to whether—even assuming this Court had not been divested of jurisdiction—further proceedings should be stayed as a prudential matter. *See, e.g., Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) (*"*Until this threshold immunity question is resolved, discovery should not be allowed.").

---

[1] In addition to President Trump's appeal from this Court's denial of his claim of presidential immunity, President Trump has filed a petition for appeal under 28 U.S.C. § 1292(b) as to his First Amendment defenses. To the extent the U.S. Court of Appeals for the District of Columbia agrees to hear those arguments, these proceedings would also be stayed pending the resolution of his First Amendment defenses for the same reasons as those articulated above. Furthermore, as the United States makes clear below, an appeal from this Court's Westfall Act ruling would independently divest this Court of jurisdiction and require a stay of all proceedings.

<u>The Government's Position</u>

Federal Rule of Appellate Procedure 4(a) affords the United States 60 days in which to file a notice of appeal from the district court's order granting Plaintiffs' Motion to Strike the Government's Westfall Act Certification. The United States is moving expeditiously to determine whether to appeal within that timeframe. Because the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal, and because the issue of Westfall certification and substitution render the "entire case . . . essentially 'involved in the appeal,'" the district court must stay its proceedings while any interlocutory appeal proceeds. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741, (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

<u>Campaign's Position</u>

The Campaign concurs with President Trump and the United States that all discovery and proceedings in the consolidated cases, including *Smith*, must be stayed pending resolution of appeal.

<u>Tarrio's Position</u>

No objections.

<u>Meggs's Position</u>

Kelly Meggs concurs, and he requests that the Court take notice of the U.S. Government's Motion to Vacate the convictions (that includes everything about any conspiracy with or between anyone) in USCA Case #23-3089 Document #2168665 Filed: 04/14/2026.

5

Dated: April 17, 2026

LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW

/s/ *Edward G. Caspar*

Edward G. Caspar, D.C. Bar No. 1644168
Jeffrey Blumberg, D.C. Bar No. 432928
Marc P. Epstein, D.C. Bar No. 90003967
1500 K Street N.W. Suite 900
Washington, D.C. 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org
jblumberg@lawyerscommittee.org

SELENDY GAY PLLC

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

SPERLING KENNY NACHWALTER

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith et al.*

KAISER PLLC

/s/ *Matthew Kaiser*

COHEN MILSTEIN SELLERS & TOLL PLLC

/s/ *Joseph M. Sellers*

Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
Nina Jaffe-Geffner, Bar No. 90011459
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W.
Eighth Floor Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com
njaffegeffner@cohenmilstein.com

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

NAACP

Janette McCarthy-Wallace, Bar No. OH066257
Anthony P. Ashton, Bar No. MD25220
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org

PATRICK MALONE & ASSOCIATES, P.C.

/s/ *Patrick A. Malone*

Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556 (application for admission forthcoming)
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500

Matthew Kaiser, D.C. Bar No. 486272
1099 Fourteenth Street N.W.
8th Floor Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com

CALEBANDONIAN PLLC

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

MARK S. ZAID, P.C.

/s/ *Mark S. Zaid*

Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

KAISER PLLC

Matthew Kaiser, D.C. Bar No. 486272
Daniel Csigirinszkij, D.C. Bar No. 90017805
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
dcsigirinszkij@kaiserlaw.com

CALEBANDONIAN PLLC

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
1100 H Street N.W. Suite 315

Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

UNITED TO PROTECT DEMOCRACY

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland (Bar No. MD0141)
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame
and Sidney Hemby*

PATRICK MALONE & ASSOCIATES, P.C.

/s/ *Patrick A. Malone*

Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et
al.; Bobby Tabron et al.; and Briana Kirkland*

/s/ *Jesse R. Binnall*
Jesse R. Binnall, VA022
Jason C. Greaves, DC Bar No. 1033617
Gerald A. Urbanek, Jr., VA191
Jared J. Roberts, *pro hac vice*

7

Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

PAUL E. WERNER
Assistant Director
Torts Branch, Civil Division

REGINALD M. SKINNER
Senior Trial Counsel

*/s/ Jonathan R. Myers*
JONATHAN R. MYERS
D.C. Bar No. 1601183
JOHN B. F. MARTIN
NY Bar No. 4682928
CONNOR HACKERT
DC Bar No. 1601183
Trial Attorneys
U.S. Department of Justice
Civil Division, Torts Branch
175 N Street NE
Washington, DC 20002
Tel: 202-305-8049
Fax: 202-616-4314
jonathan.r.myers@usdoj.gov

*Attorneys for United States of America*

*/s/*
John Daniel Hull, IV, DC Bar No. 323006
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Tel: 202-439-6520
jdhull@hullmcguire.com

Ronald Coleman,
COLEMAN LAW FIRM

**Binnall Law Group PLLC**
717 King Street, Suite 200
Alexandria, Virginia 22314
Telephone: (703) 888-1943
jesse@binnall.com
jason@binnall.com
gerald@binnall.com
jared@binnall.com

*Attorneys for President Donald J. Trump, President Donald J. Trump for President, Inc., and Make America Great Again PAC*

Joshua Halpern
**JH Legal PLLC**
1100 H Street, NW, Suite 840
Washington, D.C. 20005
Telephone: (610) 405-5531
jhalpern@jhlegalpllc.com

*Attorney for President Donald J. Trump*

Jonathan M. Shaw
Circuit Bar No. 56548
**Dhillon Law Group, Inc.**
2121 Eisenhower Ave, Suite 608
Alexandria, Virginia 22314
Telephone: (703) 574-1206
jshaw@dhillonlaw.com

*Attorney for President Donald J. Trump*

Michael J. Walsh, Jr.
Circuit Bar No. 49228
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, D.C. 20004
Telephone: (202) 799-4000
mike.walsh@us.dlapiper.com

*Attorney for President Donald J. Trump*

Caryn G. Schechtman
(Member application pending)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor

8

50 Park Place, Suite 1105
Newark, NJ 07102
Tel: 973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Defendant Enrique Tarrio*

New York, New York 10020-1104
Telephone: (212) 335-4500
caryn.schechtman@us.dlapiper.com

*Attorney for President Donald J. Trump*

 /s/
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: 813-659-5178
Carolsteweart_esq@protonmail.com

*Attorney for Defendant Kelly Meggs*

9

## CERTIFICATE OF SERVICE

I certify that on April 17, 2026, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated:  April 17, 2026                    By:    _/s/   Edward G. Caspar_

10