## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE *et al.*,<br><br>     *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>     *Defendants*. | Case No. 21-cv-00400 (APM) (lead case)<br><br>*Consolidated with* Case Nos.<br> 21-cv-00586 (APM)<br> 21-cv-00858 (APM)<br> 21-cv-02265 (APM)<br> 22-cv-00010 (APM)<br> 22-cv-00011 (APM)<br> 22-cv-00034 (APM)<br> 23-cv-00038 (APM) |

### JOINT DISCOVERY PLAN

In its April 20, 2026 Minute Order, the Court noted that "[t]he condition to stay discovery against any defendant or third party in these matters is no longer extant, with the Court having ruled on Defendant President Trump's immunity motion," and ordered that the parties to these consolidated cases meet and confer and, by May 1, 2026, submit a proposed discovery plan. The Court further ordered that, although President Trump's counsel were to participate in the meet and confer process, discovery against President Trump would remain stayed pending briefing on whether discovery as to him should commence.

Counsel for all Plaintiffs and for Defendants Trump, the Campaign, the United States, and Defendant Rehl met and conferred pursuant to the April 20 Order.[1] Those Parties and Defendant Meggs now submit the proposed discovery plan.

### I.  **Plaintiffs' Positions**

The Plaintiffs in these consolidated cases will coordinate closely on discovery. Plaintiffs note that, though these cases have been consolidated for purposes of immunity litigation, each of

---

[1] Counsel for the *Smith* Plaintiffs emailed all defendants not in default to set up a time to meet and confer. Only these parties responded to the outreach and participated in the meeting.

the cases is distinct, involve different sets of plaintiffs and different but overlapping sets of defendants, different but overlapping scopes of issues and subject matters for investigation and discovery, and different legal and practical considerations, all of which bear on the scope of discovery appropriate to each case and ultimately may call for separate trials.

Mindful that there is some overlap of defendants and of factual and legal issues, and mindful, too, of the need to efficiently litigate these remaining civil cases related to the events of January 6, 2021, Plaintiffs propose the following discovery parameters applicable to all the cases. Additionally, below, the Plaintiffs in some of the consolidated cases set forth discovery parameters appropriate to their individual cases. Finally, Plaintiffs propose that the Parties be afforded an opportunity to meet and confer on additional specific parameters following the Court's ruling on the motion by Defendant Trump and the Campaign to stay discovery, filed April 29, 2024 (*Lee* Dkt. 226, No. 1:12-cv-00400).

Plaintiffs' Proposed Common Discovery Parameters

1.      The Plaintiffs in these consolidated cases will coordinate on depositions. The consolidated Plaintiffs group will be treated as one party for purposes of their opportunity to depose any witness. No Plaintiff will notice any witness's deposition without first conferring with the other Plaintiffs to coordinate the deposition.

2.      Plaintiffs propose that the Defendants in these consolidated cases likewise be required to coordinate on depositions. Except to the extent that any Defendant wishes to depose another Defendant, the consolidated Defendants group should be treated as one party for purposes of their opportunity to depose any witness. No Defendant should notice any witness's deposition without first conferring with the other Defendants to coordinate the deposition.

3.      Any Party noticing or cross noticing a deposition shall serve such notices on all Parties in the consolidated cases.

4.      If any Party notices the deposition of a non-party witness and another Party cross-notices the deposition, the noticing parties shall confer in good faith reasonably in advance of the deposition to allocate deposition time among the noticing parties.

5.      An expert witness may be deposed only once without further permission from the Court and only after the exchange of all expert reports, including any rebuttal reports.

6.      Any Party may seek the Court's leave for additional time to examine a witness. Unless the need for additional time is based on what transpires during a deposition, a party should seek such leave reasonably in advance of the deposition.

**Proposal of Plaintiffs in _Smith v. Trump_**

Plaintiffs in _Smith v. Trump_ propose the following discovery plan, pursuant to this Court's April 20, 2026 Minute Order.

A.  Discovery Schedule

- Substantial completion of responses to pending interrogatories and requests for production: September 25, 2026[2]

- Close of Fact Discovery: April 30, 2027

- Initial Expert Reports and Disclosures: due 30 days later

- Rebuttal expert reports: due 60 days later

- Expert reply reports: due 30 days later

- Close of Expert Discovery: October 29, 2027

- Post-Discovery Status Conference: November 5, 2027.

---

[2] This is not intended to bar additional discovery requests after this date, but to ensure substantial completion of responses to requests that have been pending for at least 30 days.

- Dispositive motions due January 21, 2028

B. Depositions

*Smith* Plaintiffs will seek to take more than the presumptive limit of 10 depositions set by Fed. R. Civ. P. 30(a)(2)(A)(i). Considering the scope of the claims alleged, the many named parties and non-party witnesses involved in this case, and that issues of liability and immunity are both subject to litigation at trial, the *Smith* Plaintiffs anticipate needing to take approximately 100 depositions, some number of which may require only a short amount of time. Accordingly, Plaintiffs propose that Plaintiffs be allowed up to 600 hours of deposition testimony. Depositions should be taken remotely when Plaintiffs and Defendants agree, and the Parties should stipulate to facts and the authenticity of evidence that are not genuinely in dispute.

### Proposal of Plaintiffs in *Lee v. Trump*

The scope of this action is considerably narrower than the *Smith* case.  Accordingly, the plaintiffs do not anticipate conducting discovery nearly as extensive as proposed in the *Smith* case. The need for coordination in discovery among the plaintiffs in the consolidated cases makes a precise estimate of the particular forms of discovery needed by the plaintiffs in this case hard to specify at this stage.

At present, the *Lee* plaintiffs are prepared to abide by the limitations on discovery established by the Federal Rules of Civil Procedure, subject to a request for modification if the need arises.

The *Lee* plaintiffs estimate that they can complete discovery necessary to try their case within 180 days.

4

**Proposal of Plaintiffs in *Blassingame v. Trump***

The plaintiffs in this action join the submission made in the *Lee v. Trump* case.

**Proposal of Plaintiffs in *Garza v. Trump* and *Swalwell v. Trump***

The plaintiffs in these actions join the submission made in the *Lee v. Trump* case.

## II.        President Trump's Position

As explained in President Trump's combined Response to this Court's April 20 Minute Order and Memorandum in Support of the Motion to Stay Discovery that he filed jointly with the Campaign (*Lee* Dkt. 226, No. 1:12-cv-00400) and in the Motion to Stay filed by the United States (*Lee* Dkt. 229, No. 1:12-cv-00400), the notices of appeal filed by President Trump and the United States divested this Court of jurisdiction over this matter and automatically stayed all further proceedings, including discovery—both proceedings and discovery involving President Trump directly and all other proceedings and discovery in these cases. Accordingly, President Trump objects to any further discovery and any additional proceedings that may move these cases toward trial, including the setting of any discovery schedule. Neither President Trump's participation in the meet-and-confer process in response to this Court's Minute Order, his submitting this statement, nor any other activity in this Court pending resolution of those appeals is intended to nor does waive those objections.

Furthermore, even if at some point discovery involving President Trump were to go forward—which it should not—the uncertain nature of what, if anything, will be left of Plaintiffs' claims against him following resolutions of the appeals makes predicting what discovery will be needed effectively impossible at this stage.

Notwithstanding those objections and the automatic stay of proceedings, out of respect for this Court, President Trump's counsel conferred with Plaintiffs' counsel and responds to their proposals as follows.:

### *Response to Plaintiffs' Proposed Common Discovery Parameters.*

1. Plaintiffs' recognition that their claims and interests overlap extensively is appropriate. They should be required to coordinate their discovery efforts and should be treated as a single party in connection with discovery.

2. By contrast, Plaintiffs' proposal that all defendants be treated as a single party for purposes of deposition discovery ignores the reality that the defendants may well have markedly divergent interests in shaping the defense of the cases against them. While President Trump certainly favors common-sense coordination, where possible, his defense of these eight lawsuits ought not be hostage to the potentially conflicting positions of other defendants, particularly where many of them are unrepresented and exceedingly difficult even to contact consistently.

3. President Trump agrees that it makes sense to serve deposition notices across all cases. By agreement, President Trump, the Campaign, and Plaintiffs' counsel have created email service lists that permit ready service of documents upon their counsel. A similar list can and should be created to simplify (and make practically possible) service upon the other defendants.

4. No objection.

5. The proposed limits on the depositions of experts are unacceptable. How are experts who appear in more than one case to be deposed? Also, where an expert's opinions as expressed in an opening report, or the basis for them, are unclear, a deposition can help

ensure that competing experts are not talking past one another. While President Trump has no desire to engage in unnecessary expert discovery, he objects to foreclosure of such discovery where necessary. Furthermore, President Trump notes that, while each plaintiff has only a single case to litigate, there are eight lawsuits against him. Any expert schedule should recognize that this will require a substantial period of time—much greater than the 60 days that, for example, the *Smith* plaintiffs have proposed—for the preparation of responsive reports.

6. This provision is unnecessary. A party can already, under existing law, seek to extend deposition time either by agreement or for good cause shown. *See* FRCP 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."). But there is a reason for presumptive time limits. The meet-and-confer process required by this Court's rules, which would apply to any such motion, would also as a practical matter require the coordination efforts discussed in Plaintiffs' proposal.

### *Response to the Smith Plaintiffs' Proposal*

*First*, the dates proposed by the *Smith* plaintiffs are unrealistic. Even if discovery could proceed against parties other than President Trump—and for the reasons we have explained elsewhere it can't—the simple reality is that the appeals in this case are highly unlikely to have been fully resolved before the end of the schedule that they outline. And, even if those appeals result in a remand to reach the merits of some claim or claims against the President, the more discovery that takes place between other parties during the pendency of the appeals, the more discovery would have to be redone by President Trump, imposing avoidable burdens upon the Court, parties, and third parties.

7

*Second*, even on their own terms, the dates proposed by the *Smith* plaintiffs are unrealistic and unreasonable considering that President Trump would be, by hypothesis, defending eight cases, not just *Smith*. While there would be substantial overlap among the cases, there would also be substantial individualized discovery needed in connection with the damages and liability cases for each of the dozens of individual plaintiffs. Furthermore, as discussed above, the need to deal with potentially eight sets of experts makes the proposed expert deadlines completely unreasonable. Similarly, the potential need to file eight separate sets of dispositive motions also makes the proposed schedule unreasonable.

With regard to depositions, the proposal for 600 hours per side in the *Smith* case alone is unreasonable. While President Trump certainly recognizes that more than 10 depositions per side will be needed, the proposed 100 depositions for these plaintiffs alone is unreasonable, given the number of parties to these eight cases. Determination of the proper number and limits should be deferred pending appeal, but at a minimum the eight cases (and substantially higher number of plaintiffs) will necessitate a significantly larger number of hours for President Trump than for plaintiffs who would be litigating only a single case each.

President Trump certainly favors the appropriate use of remote depositions and good faith efforts to reach appropriate stipulations where possible.

### Response to the Lee, Blassingame, Garza, and Swalwell Plaintiffs' Positions.

President Trump disagrees that the allegations in these cases, insofar as they are against him—which focus on the same allegations of conspiracy and the same alleged actions as in *Smith*—are meaningfully narrower than those in *Smith*. Given that extensive overlap, he respectfully submits that separating these cases from *Smith*—whether for discovery or trial purposes—

8

makes little sense. Also, for the reasons discussed above, given the appeals and resulting stays of discovery, he disagrees that the 180-day discovery calendar and standard limits on discovery that these plaintiffs suggest would be sufficient.

### III.     The Government's Position

For the reasons discussed in Defendant United States of America's Motion to Stay (ECF No. 229), all district court proceedings must be stayed while the interlocutory appeals are ongoing. The arguments and authorities detailed in the government's stay motion are incorporated herein by reference.

### IV.     Campaign's Position

The Campaign joins with President Trump's position in all respects. Even ignoring the automatic stay of these cases, the Campaign is inextricably linked to the President in Plaintiffs' conspiracy theory, and therefore, discovery cannot continue in his absence.

### V.     Defendant Rehl's Position

Rehl objects to Plaintiff's obscene position that they must conduct an addition 100 depositions.  Plaintiff's commenced these consolidated actions almost five years ago, and should have conducted these deposition at any point during this period when the First Amendment activities that took place on January 6, 2021, were fresh in the memory of the 100 persons Plaintiff intends to depose.  The Court should not reward Plaintiff's failure to conduct these depositions by permitting them to conduct 100 additional depositions

## VI.    Defendant Meggs' Position

Meggs joins in Defendant Rehl's position and adds: Plaintiffs have provided no basis, real or imagined, as to needing to depose 100 witnesses when there can be no witness to acts that never occurred.  No Plaintiff was ever in contact with the defendants named in the Conrad Smith suit; no evidence exists that Meggs ever encouraged anyone to assault police because he never did (where in fact he had a history of aiding law enforcement); he never used any alleged OC spray that Plaintiffs claim caused them extreme harm apparently in the evening when they returned with members of Congress and other law enforcement to walk past areas where OC had been employed by law enforcement hours earlier; and the government admitted at Meggs's trial there was no plan to enter the Capitol building - and never charged him with assault or being a cause of use of less lethal munitions. Had even a hint of any such evidence or credible witness testimony existed, Plaintiffs know the government would have brought criminal charges.

Dated: May 1, 2026

 /s/    Edward G. Caspar
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
Jeffrey Blumberg, D.C. Bar No. 432928
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org
jblumberg@lawyerscommittee.org


 /s/    Joshua S. Margolin
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
SELENDY GAY PLLC

Respectfully submitted,

 /s/    Jonathan M. Shaw
Jonathan M. Shaw, D.C. Bar No. 446249
**Dhillon Law Group, Inc.**
2121 Eisenhower Ave, Suite 608
Alexandria, Virginia 22314
Telephone: (703) 574-1206
jshaw@dhillonlaw.com

Joshua Halpern, *pro hac vice*
**JH Legal PLLC**
1100 H Street, NW, Suite 840
Washington, D.C. 20005
Telephone: (610) 405-5531
jhalpern@jhlegalpllc.com

Michael J. Walsh, Jr., D.C. Bar No. 483296
**DLA PIPER LLP (US)**
500 Eighth Street, NW

1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com


 /s/     William J. Blechman
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com


*Attorneys for Plaintiffs Conrad Smith, et al.*


/s/ *Joseph M. Sellers*
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
Alisa Tiwari (appl. for admission pending)
Nina Jaffe-Geffner, Bar No. 90011459
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue N.W.
Eighth Floor Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com
atiwari@cohenmilstein.com
njaffegeffner@cohenmilstein.com


Janette McCarthy-Wallace, Bar No.
OH066257
Anthony P. Ashton, Bar No. MD25220
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org

Washington, D.C. 20004
Telephone: (202) 799-4000
mike.walsh@us.dlapiper.com


Caryn G. Schechtman, *pro hac vice*
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: (212) 335-4500
caryn.schechtman@us.dlapiper.com


*Attorneys for President Donald J. Trump*


 /s/     *Jason C. Greaves*
Jesse R. Binnall, VA022
Jason C. Greaves, DC Bar No. 1033617
Gerald A. Urbanek, Jr., VA191
Jared J. Roberts, *pro hac vice*
**Binnall Law Group PLLC**
717 King Street, Suite 200
Alexandria, Virginia 22314
Telephone: (703) 888-1943
jesse@binnall.com
jason@binnall.com
gerald@binnall.com
jared@binnall.com


*Attorneys for President Donald J. Trump,*
*President Donald J. Trump for President,*
*Inc., and Make America Great Again PAC*


BRETT A. SHUMATE
Assistant Attorney General
Civil Division


PAUL E. WERNER
Assistant Director
Torts Branch, Civil Division


REGINALD M. SKINNER
Senior Trial Counsel


/s/ Jonathan R. Myers
JONATHAN R. MYERS
DC Bar No. 1601183
JOHN B. F. MARTIN

11

aashton@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

/s/ *Patrick A. Malone*
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556 (application
for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland (Bar No. MD0141)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame
and Sidney Hemby*

/s/ *Patrick A. Malone*
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515

NY Bar No. 4682928
CONNOR HACKERT
DC Bar No. 1601183
Trial Attorneys
U.S. Department of Justice
Civil Division, Torts Branch
175 N Street NE
Washington, DC 20002
Tel: 202-305-8049
Fax: 202-616-4314
jonathan.r.myers@usdoj.gov

*Attorneys for United States of America*

 /s/    *Patrick Trainor*
Patrick Trainor, Esq., *pro hac vice*
LAW OFFICE OF PATRICK TRAINOR
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Tel: 201-777-3327
Fax: 201-896-7815
pt@ptesq.com

*Attorney for Defendant Zachary Rehl*

 /s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: 813-659-5178
Carolsteweart_esq@protonmail.com

*Attorney for Defendant Kelly Meggs*

pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et al.; Bobby Tabron et al.; and Briana Kirkland*

*/s/ Matthew Kaiser*
Matthew Kaiser, D.C. Bar No. 486272
Sarah R. Fink, D.C. Bar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor West
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

*Attorneys for Plaintiff Eric Swalwell*

*/s/ Mark Zaid*
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Sarah R. Fink, D.C. Bar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor West
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

*Attorneys for Plaintiff Sandra Garza*