**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BARBARA J. LEE et al., | |
| Plaintiffs, | |
| v. | Case No. 21-cv-00400 (APM) |
| DONALD J. TRUMP et al., | (lead case) |
| Defendants. | |
| ERIC SWALWELL, | |
| Plaintiff, | Case No. 21-cv-00586 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP et al., | |
| Defendants. | |
| JAMES BLASSINGAME et al., | |
| Plaintiffs, | Case No. 21-cv-00858 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP, | |
| Defendant. | |
| CONRAD SMITH et al., | Case No. 21-cv-02265 (APM) |
| Plaintiffs, | (consolidated case) |
| v. | |
| DONALD J. TRUMP et al., | |
| Defendants. | |

| | |
|---|---|
| MARCUS J. MOORE et al., | |
| Plaintiffs, | |
| v. | Case No. 22-cv-00010 (APM) |
| DONALD J. TRUMP, | (consolidated case) |
| Defendant. | |
| BOBBY TABRON et al., | |
| Plaintiffs, | |
| v. | Case No. 22-cv-00011 (APM) |
| DONALD J. TRUMP, | (consolidated case) |
| Defendant. | |
| BRIANA KIRKLAND, | |
| Plaintiff, | |
| v. | Case No. 22-cv-00034 (APM) |
| DONALD J. TRUMP, | (consolidated case) |
| Defendant. | |
| SANDRA GARZA, | |
| Plaintiff, | |
| v. | Case No. 22-cv-00038 (APM) |
| DONALD J. TRUMP et al., | (consolidated case) |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS TRUMP, DONALD J. TRUMP FOR PRESIDENT, INC., AND MAKE AMERICA GREAT AGAIN PAC'S AND THE GOVERNMENT'S MOTIONS TO STAY DISCOVERY PENDING APPEAL**

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................1

ARGUMENT ......................................................................................................................2

    I.      A STAY IS NOT MANDATORY FOLLOWING THE NOTICES OF APPEAL.2

          A.      There Is No Basis to Lift the Court's Existing Order that Discovery Should Proceed against Defendants Other than Trump. ..............................2

          B.      The Court Maintains Jurisdiction Over Movants and Discovery Should Proceed Against Them. ...............................................................................5

    II.     MOVANTS FAIL TO SHOW A STAY IS APPROPRIATE. ...............................8

          A.      Movants Have Not Shown a Strong Likelihood of Success on the Merits..8

          B.      Movants Cannot Show "Certain and Great" Irreparable Harm. ................10

          C.      A Stay Will Substantially Injure Plaintiffs. ................................................12

          D.      A Stay is Contrary to the Public Interest. ...................................................14

    III.    THE GOVERNMENT DOES NOT HAVE STANDING TO SEEK A STAY....15

CONCLUSION...................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Alabama Association of Realtors v. United States Department of Health & Human Services*,
539 F. Supp. 3d 211 (D.D.C. 2021) ...............................................................................14, 15

*Alice L. v. Dusek*,
492 F.3d 563 (5th Cir. 2007) ....................................................................................................3

*Apostol v. Gallion*,
870 F.2d 1335 (7th Cir. 1989) ..................................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................................4

*Aska v. United States*,
2024 WL 6864047 (N.D. Ill. June 21, 2024) ...........................................................................3

*United States ex rel. Barko v. Halliburton Co.*,
4 F. Supp. 3d 162 (D.D.C. 2014) ...........................................................................................13

*\*Blassingame v. Trump*,
87 F.4th 1 (D.C. Cir. 2023)..............................................................................................6, 7, 9

*\*Carroll v. Trump*,
635 F. Supp. 3d 229 (S.D.N.Y. 2022)...............................................................................10, 13

*Clinton v. Jones*,
520 U.S. 681 (1997)...............................................................................................................9, 14

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023).................................................................................................................5, 6

*Crawford-El v. Britton*,
523 U.S. 574 (1998).................................................................................................................5, 8

*Cribb v. BR Mountain Homes, LLC*,
2017 WL 10574071 (N.D. Ga. Aug. 3, 2017) ........................................................................15

*Dunlap v. Presidential Advisory Commission on Election Integrity*,
319 F. Supp. 3d 70 (D.D.C. 2018).........................................................................................8, 9

*Feibush v. Johnson*,
280 F. Supp. 3d 663 (E.D. Pa. 2017) .....................................................................................4, 8

*\*In re Flint Water Cases*,
960 F.3d 820 (6th Cir. 2020) ........................................................................................3, 4, 8, 11

*Galarza v. Szalczyk*,
2012 WL 627917 (E.D. Pa. Feb. 28, 2012) ...........................................................................5, 10

*Griggs v. Provident Consumer Discount Co.*,
    459 U.S. 56 (1982)......................................................................................................3, 6

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982)........................................................................................................7

*Hicks v. Bush*,
    452 F. Supp. 2d 88 (D.D.C. 2006) .................................................................................1

*Horn v. Huddle*,
    647 F. Supp. 2d 66 (D.D.C. 2009) ...............................................................................12

*Jicarilla Apache Nation v. United States*,
    91 Fed. Cl. 489 (Fed. Claims 2010)..............................................................................13

*Jones v. Clinton*,
    72 F.3d 1354 (8th Cir. 1996) ........................................................................................11

*Jones v. Clinton*,
    879 F. Supp. 86 (E.D. Ark. 1995)...............................................................................7, 8

*\*KalshiEX LLC v. Commodity Futures Trading Comm'n*,
    119 F.4th 58 (D.C. Cir. 2024).............................................................................2, 8, 14

*Kartseva v. Dep't of State*,
    37 F.3d 1524 (D.C. Cir. 1994)........................................................................................7

*Lugo v. Alvarado*,
    819 F.2d 5 (1st Cir. 1987)..........................................................................................3, 4

*McLaughlin v. Holder*,
    864 F. Supp. 2d 134 (D.D.C. 2012) ...............................................................................3

*Mendia v. Garcia*,
    2016 WL 3249485 (N.D. Cal. June 14, 2016) ..........................................................5, 10

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985)........................................................................................................7

*Nixon v. Fitzgerald*,
    457 U.S. 731 (1982)........................................................................................................9

*Nken v. Holder*,
    556 U.S. 418 (2009)........................................................................................................5

*Population Inst. v. McPherson*,
    797 F.2d 1062 (D.C. Cir. 1986)......................................................................................9

*R.F.J. v. Florida Dep't. of Children and Families*,
    2017 WL 11004970 (M.D. Fla. Feb. 24, 2017) .............................................................3

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
    286 F.R.D. 88 (D.D.C. 2012)..........................................................................................4

*Seeds of Peace Collective v. City of Pittsburgh*,
  2010 WL 2990734 (W.D. Pa. July 28, 2010) ...........................................................................11

*\*Smith v. Trump*,
  No. 21-cv-02265 ...........................................................................................................1, 13, 14

*Thorpe v. District of Columbia*,
  306 F.R.D. 6 (D.D.C. 2014).........................................................................................................12

*Trump v. United States*,
  603 U.S. 593 (2024)......................................................................................................................14

*United States v. Rhodes, III*,
  No. 22-cr-15 (D.D.C. Nov. 29, 2022)..........................................................................................12

*United States v. Trump*,
  706 F. Supp. 3d 91 (D.D.C. 2023) .................................................................................................7

*White v. Mapco Gas Prods., Inc.*,
  116 F.R.D. 498 (E.D. Ark. 1987)..................................................................................................15

**Rules**

Fed. R. Civ. P. 1 ...............................................................................................................................4

**INTRODUCTION**

These consolidated cases have been pending for over half a decade.  Asserting presidential immunity has afforded Defendant Trump years of stayed merits discovery, frustrating Plaintiffs' right to prosecute their cases.  The Court has now twice determined that Trump cannot circumvent these proceedings on the basis of absolute immunity.  *See* Dkt. 66; Dkt. 219 ("SJ Opinion").  The Court has also rejected the Government's attempt to substitute itself as a defendant under the Westfall Act.  *See* SJ Opinion.  But Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC (collectively, the "Trump Defendants"), as well as the Government and Kelly Meggs (collectively with the Trump Defendants, the "Movants"), now seek to stall this case indefinitely, arguing each of the consolidated cases must be frozen pending interlocutory appeals.  Movants are wrong for three reasons.

*First*, Trump's and the Government's notices of appeal did not automatically strip this Court of its inherent authority to manage these proceedings and determine whether a stay of discovery is warranted.  The Court has already ordered discovery to proceed against all defendants except Trump, consistent with black letter law that the appeals do not divest the Court of jurisdiction "over aspects of the case that are not involved in the appeal."  *Hicks v. Bush*, 452 F. Supp. 2d 88, 98 (D.D.C. 2006).  After all, these proceedings will continue against those defendants regardless of the appellate court's decision on presidential immunity.  As for Trump, this Court has already held that "a bar on discovery while a claim of immunity is pending is not absolute." *Smith v. Trump*, No. 21-cv-02265, Dkt. 180 ("*Smith* Stay Order") at 1.  In arguing otherwise, Movants stretch Supreme Court precedent well beyond its express limits and rely on readily distinguishable and non-binding case law.

*Second*, because no intervening law undermines this Court's prior holding that an

automatic stay has not issued, Movants are required—but have failed—to show a stay is warranted.

A stay is an "extraordinary" remedy that requires a movant demonstrate a likelihood of success on

the merits, irreparable harm to the movant, that no substantial harm will affect the other parties,

and that the stay is in the public interest. *KalshiEX LLC v. Commodity Futures Trading Comm'n*,

119 F.4th 58, 63 (D.C. Cir. 2024). Movants fail to show that any of these four factors weigh in

favor of a stay as to Trump, let alone all defendants: (1) Movants do not attempt to and cannot

show a likelihood of success on the pending appeals; (2) Movants' claim that Trump will suffer

irreparable harm if he is forced to participate in discovery ignores that he will be subject to

discovery regardless of the appellate outcome; (3) the risk of permanently losing key evidence,

compounded by the years these cases have been pending, will cause Plaintiffs irreparable harm;

and (4) the public has a strong interest in seeing matters of this significance resolved in a timely

fashion. Movants have thus failed to meet their burden to demonstrate a stay is warranted.

*Third*, the Court should deny the Government's motion outright because, as a non-party, it

lacks standing to seek a stay.

Movants should not be permitted to impede on Plaintiffs' right to prosecute their cases any

longer. This Court should reject Movants' motions in full.

## ARGUMENT

### I.    A STAY IS NOT MANDATORY FOLLOWING THE NOTICES OF APPEAL.

The pending appeals do not prevent the Court from allowing discovery to occur in the

normal course. The Court can and should allow discovery to proceed against all defendants.

#### A.    There Is No Basis to Lift the Court's Existing Order that Discovery Should Proceed against Defendants Other than Trump.

Consistent with the Court's direction that discovery would proceed as to all defendants

except Trump and instructing Trump to brief only whether a stay of discovery was merited against

2

him, the Court retains discretion to permit discovery against defendants not pursuing an immunity defense. *See* Minute Order (Apr. 20, 2026); *Smith* Stay Order at 2. Movants effectively ask the Court to reconsider its April 20, 2026 Order, without applying the correct reconsideration standard, *see McLaughlin v. Holder*, 864 F. Supp. 2d 134, 141 (D.D.C. 2012), and without explaining why a different outcome is required.

In *Griggs v. Provident Consumer Discount Co.*, the Supreme Court held that a court of appeals lacks standing to hear an appeal of an order when a motion to reconsider that same order is pending before the district court. 459 U.S. 56, 61 (1982). The Court stated by way of explanation that the filing of a notice of appeal divests a district court of control over "those aspects of the case involved in the appeal." *Id.* at 58–59. Consistent with that guidance, courts have routinely permitted discovery against defendants who have not asserted immunity even while the immunity issue is on appeal. *See, e.g.*, *Aska v. United States*, 2024 WL 6864047, at *2 (N.D. Ill. June 21, 2024); *Lugo v. Alvarado*, 819 F.2d 5, 7 (1st Cir. 1987); *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007); *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020).

The reason is simple: Even if an appealing defendant is immune, discovery would ultimately proceed against the non-immune defendants and third parties regardless. For example, in *Flint*, the Sixth Circuit explained that discovery could proceed against certain defendants while others appealed a denial of immunity for that very reason. 960 F.3d at 823. The court also held that depositions could proceed against the allegedly immune defendants as if they were "non-party" fact witnesses, *id.* at 827–29, because they might still be subject to discovery even if they are ultimately dismissed from the case. *Id.* at 827; *accord R.F.J. v. Florida Dep't of Children and Families*, 2017 WL 11004970, at *2 (M.D. Fla. Feb. 24, 2017). Finally, the court recognized that, instead of a complete stay, the remedy for discovery against an immune defendant is to "seek a

3

protective order." *Flint*, 960 F.3d at 828; *accord Smith* Stay Order at 2. Here, the proceedings will continue even if the D.C. Circuit grants Trump immunity. Thus, staying discovery while the matter is on appeal will undermine the baseline goal to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

To avoid this authority, Movants suggest that the claims against Trump and the other defendants are inextricably intertwined. This is refuted by history. The Court has *already* allowed discovery to proceed against the other defendants, even with immunity on appeal. *Smith* Stay Order at 2. Consistent with that prior order, Plaintiffs have served discovery against most individual Proud Boys and Oath Keepers defendants and obtained discovery from the Campaign defendants, including Donald J. Trump for President, Inc. and the Make America Great Again PAC. Discovery against numerous third-party witnesses, like Daniel Scavino, Roger Stone, and various government agencies, is also well underway. And Plaintiffs have responded to Movants' merits discovery requests. *Lugo*, 819 F.2d at 6–7 (explaining that defendant-appellant's "use of discovery against appellee estops him from raising any limited right that he may have had under *Mitchell* and *Harlow* to restrict the scope of appellee's discovery against him" or other defendants). Staying all discovery in this case now would be inappropriate.

Movants' reliance on the dicta in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) is similarly misplaced. The Court has already stated it "is not convinced based on the dicta in *Iqbal* that all discovery as to all defendants must remain halted until the question of presidential immunity is resolved." *Smith* Stay Order at 2. *Iqbal*—a case about pleading standards—does not stand for the proposition that discovery must be stayed against all defendants pending resolution of a single defendant's immunity defense. *See id.* The weight of authority is with the Court on this point. *See Feibush v. Johnson*, 280 F. Supp. 3d 663, 665–66 (holding that the "dicta, found in the section

4

of [*Iqbal*] dealing with appropriate pleading standards under" Rule 8, does not present a "categorical bar against discovery," nor does it "change the longstanding practice of leaving to lower courts the discretion to allow the parties to proceed with limited discovery"); *Mendia v. Garcia*, 2016 WL 3249485, at \*3 (N.D. Cal. June 14, 2016) (same); *Galarza v. Szalczyk*, 2012 WL 627917, at \*2 (E.D. Pa. Feb. 28, 2012) (same).  And this Court already recognized that "such a stay *would* substantially prejudice Plaintiffs and would not serve the underlying purposes of official acts immunity." *Smith* Stay Order at 2; *see also infra* 12–13.

As a result, and at an absolute minimum, the Court should continue to permit discovery against all defendants except Trump.

## B.    The Court Maintains Jurisdiction Over Movants and Discovery Should Proceed Against Them.

Movants fare no better in arguing that Trump's immunity appeal automatically requires a stay of discovery against him.  A stay is "an exercise of judicial discretion" and "is *not* a matter of right" to be enforced "reflexively."  *Nken v. Holder*, 556 U.S. 418, 433 (2009) (emphasis added) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).  This Court therefore recognized that discovery is not automatically stayed while absolute immunity is litigated:  "To be sure, a bar on discovery while a claim of immunity is pending is not absolute."  *Smith* Stay Order at 1–2 (citing *Crawford-El v. Britton*, 523 U.S. 574, 593 (1998)).  Movants' contrary argument is based on an incorrect and atextual reading of *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).  *See* Dkt. 226-1 ("Def. Br.") at 1–2; Dkt. 229 ("Gov. Br.") at 4–6.  Though *Coinbase* created a limited exception to the general rule that appeals do not generate automatic stays, the Supreme Court made clear that this exception applied *only* to the "sole question" before it: "whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal on arbitrability is ongoing."  *Id.* at 740, 747.  The Supreme Court did not broadly hold that an automatic stay is

5

warranted in other contexts. As the dissent explained, such an expansive holding would have "destabilizing consequences." *Id.* at 761 (Jackson, J., dissenting). And while the Supreme Court in *Coinbase* did briefly mention circuit court decisions regarding "qualified immunity" in issuing its narrow holding, it did so in dicta and did not pronounce a broad rule that any immunity appeal mandates a stay in the district court. *Id.* at 742 & n.4.

To the contrary, one of the decisions cited in *Coinbase* acknowledged instances where a notice of appeal of a denial of immunity "may be ineffectual," such that the district court does not "lose power to proceed with trial." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). For example, where "the disposition [of the immunity issue] is [] plainly correct," there is no question that the district court retains jurisdiction. *Id.* Movants also point to *Griggs* when arguing a discovery stay is mandatory, *see* Def. Br. at 1; Gov. Br. at 5, but *Griggs* cuts against them. As noted above, the Supreme Court in *Griggs* noted that "[t]he filing of a notice of appeal . . . divests the district court of its control over *those aspects of the case involved in the appeal*." 459 U.S. at 58 (emphasis added). Thus, *Griggs* does nothing to strip this Court of jurisdiction over non-immunity aspects of the case, including the merits and merits discovery. *See Coinbase*, 599 U.S. at 751, 755–57 (Jackson, J., dissenting) ("Indeed, the majority can identify no other time this Court wielded *Griggs* to mandate a stay of all merits proceedings just because a distinct procedural question was on appeal.").

The Trump Defendants' reliance on recent decisions in this Circuit similarly stands on shaky ground. They contend that *Blassingame v. Trump*, 87 F.4th 1 (D.C. Cir. 2023) requires an automatic stay in the context of an interlocutory appeal on immunity. Def. Br. at 3. But in *Blassingame*, the Court of Appeals merely recognized that immunity discovery could precede merits discovery to allow Trump to move for summary judgment on the immunity claim with a

"sufficiently developed" factual record.  87 F.4th at 29.  He has since brought such a motion, the parties engaged in immunity discovery, and the Court has "resolve[d]" the motion in Plaintiffs' favor.  *Id.* at 29–30 (citing *Kartseva v. Dep't of State*, 37 F.3d 1524, 1530 n.21 (D.C. Cir. 1994) (remanding case for district court to "resolve[]" certain questions)).  The court in *Blassingame* did not recognize (or even discuss) any automatic stay if the issue of immunity was appealed.  *See id.* Defendants also instruct the Court to follow *United States v. Trump*, 706 F. Supp. 3d 91 (D.D.C. 2023), but like *Blassingame*, that decision was in the context of an appeal of the denial of Trump's motion to dismiss where "allegations in the complaints . . . are assumed to be true," with no opportunity for Trump to "dispute the plaintiffs' allegations bearing on the immunity question or to introduce his own facts pertaining to the issue." *Blassingame*, 87 F.4th at 29.  Additionally, the non-moving party in *Trump* did not oppose Trump's request to stay discovery against him, 706 F. Supp. at 93, and *Trump* is a criminal case with different procedural considerations, *id.* at 92.

Movants also rely heavily on case law that predates this Court's recognition that no such automatic stay exists when an issue of absolute immunity is being litigated.  For example, Movants cite to *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and *Mitchell v. Forsyth*, 472 U.S. 511 (1985), *see* Gov. Br. at 6–7, but as Plaintiffs previously explained, the issue of conducting discovery was not raised on appeal in those cases, and the parties in both cases had engaged in exhaustive discovery for several years.  *See* Dkt. 229 at 11; *see also Harlow*, 457 U.S. at 805 (noting "nearly eight years of discovery" preceding the decision); *Mitchell*, 472 at 515 (noting "five-and-a-half years" of discovery preceding summary judgment motions).  In neither case did the Supreme Court shut the door to discovery.  *See Harlow*, 457 U.S. at 817; *Mitchell*, 472 U.S. at 526.  The Government similarly cites *Jones v. Clinton*, 879 F. Supp. 86 (E.D. Ark. 1995), for its automatic stay proposition, *see* Gov. Br. at 8, but that court expressed concern "that some discovery may be

7

necessary to preserve documentary evidence" and proposed avenues for "informal" and "limited" discovery. *Jones*, 879 F. Supp. at 88.

In sum, by arguing an automatic stay applies to discovery against Trump, Movants ask this Court to ignore its prior rulings and expand Supreme Court jurisprudence far beyond its stated scope. The Court should decline to do so.

## II.    MOVANTS FAIL TO SHOW A STAY IS APPROPRIATE.

Because there is no "categorical bar against discovery" while an immunity claim is pending, the district court retains "discretion" to allow discovery to proceed against Trump and the other defendants. *Feibush*, 280 F. Supp. 3d at 665–66; *accord Crawford-El*, 523 U.S. at 593 n.14; *Flint*, 960 F.3d at 826–29 (upholding district court's decision to allow certain discovery to proceed against government officials notwithstanding immunity defenses and emphasizing that "[i]t is up to the district court to take . . . immunity into account when developing its discovery plan"). A stay is an "extraordinary" remedy. *KalshiEX LLC*, 119 F.4th at 63 (citation omitted). It is justified only if the movant (1) makes a "strong showing" of a likelihood of success on the merits, (2) demonstrates it will face "certain and great" irreparable harm absent a stay, (3) shows a stay would not substantially injure other parties, and (4) establishes that a stay is in the public interest. *Id.* at 63–64; *see also Dunlap v. Presidential Advisory Commission on Election Integrity*, 319 F. Supp. 3d 70, 83 (D.D.C. 2018). All four factors weigh in favor of allowing discovery to proceed against *all* defendants.

### A.    Movants Have Not Shown a Strong Likelihood of Success on the Merits.

Movants do not argue they are likely to prevail on the merits of their appeals and thus fail prong one at the outset. The Trump Defendants' argument that Trump's appeal "raises, at a minimum, a serious, substantial legal question" because it "go[es] to the heart of Article II Section

3 of the United States Constitution" is legally insufficient. Def. Br. at 9. The "serious legal question" standard replaces the likelihood of success standard only "when the other three factors tip sharply in the movant's favor." *Dunlap*, 319 F. Supp. 3d at 106 (citations omitted). Here, they do not. *See infra* sections II.B–D.

Even if the lower standard applies, Movants fail to show this factor weighs in favor of a stay. Trump's appeal does not raise a "serious legal question going to the merits" at all. *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986). The law bearing on his immunity claim is plainly set out in *Nixon v. Fitzgerald*, 457 U.S. 731 (1982); *Clinton v. Jones*, 520 U.S. 681 (1997); and *Blassingame*, 87 F.4th 1, and the Court was simply applying the clear legal standard set forth in that binding precedent. *See* SJ Opinion at 12. Other than noting that presidential immunity springs from the Constitution, Def. Br. at 9—a fact that does not suggest a serious, open legal question on the merits exists to be answered—the Trump Defendants make no effort to show that this factor is met, and the Government does not discuss it at all.

Had Movants attempted to establish a strong likelihood of success on the merits, they would have failed. The Court's immunity and Westfall Act decision included more than 60 pages of detailed reasoning. *See* SJ Opinion. On immunity, the Court applied the directly controlling standards in *Blassingame* and acknowledged that any "close call[s]" must be "resolved in favor of the President." *Id.* at 7. And even against that backdrop, the Court noted that Trump put forward little evidence to support his motion for summary judgment. *Id.* at 21 ("Because the burden of proof rests on President Trump, the court begins with the evidence adduced by him. There is not much of it."). Indeed, the Court noted that "the only uncontradicted evidence [Trump] presents points in the other direction: that the Ellipse Speech was an unofficial 'political event[].'" *Id.* at 30. The Court contrasted Trump's paltry evidentiary showing with the "raft" of evidence supplied

by Plaintiffs. *Id.* The vast disparity in the quality and quantity of this evidence made clear that "with limited exceptions, President Trump has not carried his burden to demonstrate" he is entitled to immunity. *Id.* at 57 (citation omitted). Because Trump will be limited on appeal to the record he submitted to this Court, his likelihood of success on the merits is negligible; he never argues otherwise.

On the Westfall Act, the Court went even further, finding that Movants not only failed to demonstrate that Trump was acting in the scope of employment, but that Plaintiffs affirmatively demonstrated that he was acting outside the scope of his employment. SJ Opinion at 71 n.29 (deciding "in Plaintiffs' favor regardless of which side bears the ultimate burden of proof").

Movants have not argued that they will fare any better on either issue on appeal, and this factor weighs strongly against imposing a stay of discovery.

### B.      Movants Cannot Show "Certain and Great" Irreparable Harm.

Movants also fail to sustain their burden of demonstrating irreparable harm. Movants suggest that requiring Trump to participate in *any* amount of discovery, including discovery of other defendants, would constitute a forfeiture of his claimed "entitlement not to stand trial or face the other burdens of litigation." Def. Br. at 9. Not so. Participating in discovery pending an immunity decision does not constitute irreparable harm. *See Carroll v. Trump*, 635 F. Supp. 3d 229, 236 (S.D.N.Y. 2022) (rejecting Trump's argument that "denial of a stay irreparably would injure what he characterizes as his immunity from suit"). Courts routinely permit discovery against defendants awaiting resolution of their immunity defense when they would otherwise be subject to nonparty discovery. *See, e.g.*, *Mendia*, 2016 WL 3249485, at *5 (permitting limited discovery against defendants who raised immunity defenses because "they will still need [to] participate in discovery as percipient witnesses"); *Galarza*, 2012 WL 627917, at *3 (requiring defendants

10

appealing immunity to participate in discovery because discovery "will continue regardless of the outcome" of the appeals); *Seeds of Peace Collective v. City of Pittsburgh*, 2010 WL 2990734, at *1, 3 (W.D. Pa. July 28, 2010) (requiring all defendants to "provide testimony and participate in discovery" with respect to claims not subject to appeal—despite their pending qualified immunity appeal—because defendants "will remain a part of the pretrial proceedings as fact witnesses"); *Flint*, 960 F.3d at 828 ("The discovery at issue is not only suitably tailored to the situation, but also inevitable."). Here, Trump will inevitably be subject to discovery regardless of the outcome of his immunity appeal, either as a party or third party. As Trump effectively concedes, he is likely to have substantial information relevant to the claims against the other parties. *See* Def. Br. at 4. This factor, too, disfavors a stay of discovery as to Trump.

Movants' fear that irreparable harm will result if discovery proceeds as to other defendants is unsupported by the law and inconsistent with the history of the consolidated cases. Discovery with respect to the other defendants has been ongoing for over three years, and Trump has never argued—much less established—that he has been irreparably harmed. *See* Def. Br. at 10 (noting that the record evidence already compiled "answers any concern about delay"). If and when Trump raises any real concerns, Plaintiffs are prepared to work with Trump to alleviate them. *See Jones v. Clinton*, 72 F.3d 1354, 1361, n.9, 1363 (8th Cir. 1996) ("[J]udicial case management sensitive to the burdens of the presidency and the demands of the President's schedule" would avoid the perceived danger.). If necessary, Trump may seek a protective order. *Smith* Stay Order at 2. Any potential burden to Trump has been navigable thus far without granting the extraordinary relief of freezing the consolidated cases for an indeterminate amount of time. Movants fail to explain why this would suddenly not be the case.

The Government claims "harm" from having its attorneys "monitor ongoing discovery;

11

participate in depositions; and keep abreast of all discovery developments" until immunity questions are resolved. Gov. Br. at 13 (cleaned up). But the expenditure of time and resources on discovery does not qualify as irreparable harm. *See Thorpe v. District of Columbia*, 306 F.R.D. 6, 11 (D.D.C. 2014). That is especially true because the Government is not a party and any participation is voluntary.

### C.     A Stay Will Substantially Injure Plaintiffs.

Continuing to stay discovery against Trump pending final appellate resolution of the denial of his motion for summary judgment would greatly prejudice Plaintiffs in their years-long efforts to secure justice. That prejudice would increase exponentially if discovery against the over 30 other defendants is halted pending the outcome of an appeal related to a single party. This Court has already recognized that a stay as to all defendants "*would* substantially prejudice Plaintiffs and would not serve the underlying purposes of official acts immunity." *Smith* Stay Order at 2. Movants have not met their burden of showing otherwise.[1]

"[A] mere assertion of delay" is not "all that supports Plaintiffs' opposition." Def. Br. at 10 (cleaned up). It is well established that the "risk of permanently losing key evidence or witness testimony" transforms routine delay into irreparable harm. *Horn v. Huddle*, 647 F. Supp. 2d 66, 68 (D.D.C. 2009) (finding that "what might have only been a minor delay . . . could have major consequences as any further delay now has the real possibility of forever depriving the plaintiff of evidence and testimony which may decide whether he prevails on his claims."). And the risks of delay here are even more acute, given that several defendants have been convicted on criminal charges for destroying evidence related to January 6. Verdict Form at 6–7, *United States v. Rhodes, III*, No. 22-cr-15 (D.D.C. Nov. 29, 2022), Dkt. 410. Sworn testimony before the United States

---

[1] The Government makes no prejudice argument, and therefore, clearly fails to meet its burden.

House Select Committee to Investigate the January 6th Attack on the United States Capitol shows that Trump and his staff destroyed records that likely were supposed to be subject to retention by the Presidential Records Act.[2]  The risk that evidence will be lost and witnesses' memories will fade increases with each passing day.  *Jicarilla Apache Nation v. United States*, 91 Fed. Cl. 489, 495 (Fed. Cl. 2010) (possibility that Supreme Court may decide issue should not hinder case progress, especially given delays and possibility that documentary record may further degrade).

While the Court previously determined that this risk "is substantially diminished by the extensive public record that already has been compiled," *Smith* Stay Order at 2, that conclusion was reached over *three years ago*.  As the Government acknowledges, the case is now in a "different posture."  Gov. Br. at 12.  The passage of time itself changes the stakes.  *See United States ex rel. Barko v. Halliburton Co.*, 4 F. Supp. 3d 162, 170 (D.D.C. 2014) ("[M]ore than six years have passed during preliminary proceedings and initial discovery. . . . This Court does not consider [the harm from yet another delay] to be negligible."); *see also Carroll*, 635 F. Supp. 3d at 236–37 (finding a stay would substantially injure plaintiff, in part because Trump's "litigation tactics have had a dilatory effect and . . . strongly suggest [he wants] to delay" plaintiff's opportunity to present her case) (cleaned up).[3]  Moreover, the Court has since made clear that Plaintiffs cannot rely on the public record alone to prove their case.  *See* SJ Opinion at 23–24 n.6.  Plaintiffs' prosecution of this case will be irreparably harmed if they are not permitted to uncover the *admissible* evidence to which they are entitled while memories are fresh, and while documents

---

[2] *See, e.g.*, Select Committee to Investigate the January 6th Attack on the U.S. Capitol, 117th Cong., Transcript of Deposition of Nicholas Luna at 103:17–104:4 (Mar. 21, 2022), https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000060749/pdf/GPO-J6-TRANSCRIPT-CTRL0000060749.pdf.

[3] As discussed in prior briefing, delay here could interfere with Plaintiffs' ability to recover from defendants if the other civil suits brought against defendants outpace this case and "render them unable to satisfy any judgment." *Smith*, No. 21-cv-02265, Dkt. 155 at 22.

13

and witnesses are still available. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 93–94 (D.D.C. 2012) (finding delay would substantially harm plaintiffs in a five-year-old case because, although "extensive fact discovery has already been completed, . . . delays may compromise plaintiffs' ability to call relevant witnesses at trial or . . . memories may fade").[4]

### D.    A Stay is Contrary to the Public Interest.

The significant public interest in final justice outweighs any interest in "safeguarding the President from unnecessary distractions." Def. Br. at 10. After over five years of litigation rife with delay and obfuscation, the public interest lies in allowing Plaintiffs' suits against Trump and other defendants for fomenting a violent insurrection against a co-equal branch of government, seriously injuring federal officers sworn to protect members of Congress, to move forward. *See Trump v. United States*, 603 U.S. 593, 676 (2024) (Sotomayor, J., dissenting) ("When Presidents use the powers of their office for personal gain or as part of a criminal scheme, every person in the country has an interest in that . . . prosecution."); *KalshiEX LLC*, 119 F.4th at 66 ("Ensuring the integrity of elections and avoiding improper interference and misinformation are undoubtedly paramount public interests.").

The fact that Trump is President does not automatically tilt the public interest in his favor, and Movants cite no authority suggesting it does. Sitting Presidents can and have participated in discovery without harm befalling the country. *See Clinton*, 520 U.S. at 692, 703–05. Indeed, the Trump Defendants' concern with safeguarding one man stands in stark contrast to the situation in *Alabama Association of Realtors v. United States Department of Health & Human Services*, 539

---

[4] Defendants' argument that the private record already compiled in this case "minimizes the prospect that relevant evidence will become unavailable," Def. Br. at 10, is equally unavailing. The discovery Plaintiffs still seek is not duplicative of discovery already obtained. And notably, several defendants have so far refused to cooperate with their discovery obligations. *Smith*, No. 21-cv-02265, Dkt. 472.

14

F. Supp. 3d 211 (D.D.C. 2021), the only case they rely on. Def. Br. at 10. That case involved a request to stay an order vacating a nationwide eviction moratorium issued during the COVID-19 pandemic. *Alabama Ass'n of Realtors*, 539 F. Supp. 3d at 218(finding there was a strong interest in protecting the public health at an "extraordinary public moment"). Here, the extraordinary events on January 6 weigh against a further delay of justice. Even if the Court were to stay discovery against Trump, there is no public interest justification for delaying discovery of the other defendants. *See supra* 11.[5]

## III.    THE GOVERNMENT DOES NOT HAVE STANDING TO SEEK A STAY.

The Government's motion should also be denied for the separate and independent reason that, as a non-party to the case, it has no standing to seek a stay of discovery. While the Government refers to itself as a "Defendant" in its motion, *e.g.*, Gov. Br. at 2, it is a stranger to these cases following the Court's striking of the Westfall certification. *See* SJ Opinion at 76. Accordingly, the Government "does not have standing to ask for a stay of discovery in a case in which it is not a party or has not been granted intervenor status." *White v. Mapco Gas Prods., Inc.*, 116 F.R.D. 498, 500–01 (E.D. Ark. 1987) (denying Government's motion to stay because it was not a party to the "private civil action"); *see Cribb v. BR Mountain Homes, LLC*, 2017 WL 10574071, at *2 (N.D. Ga. Aug. 3, 2017) ("[N]on-party litigants do not have standing to file a motion to stay.").

## CONCLUSION

For the foregoing reasons, this Court should deny Movants' respective motions to stay proceedings pending the completion of the appeals on the issue of immunity.

---

[5] The Government provides no public interest justification for its motion. *See generally* Gov. Br.

15

Dated: May 8, 2026

Respectfully submitted,

*/s/ Edward G. Caspar*
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
Jeffrey Blumberg, D.C. Bar No. 432928
 LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: 202-662-8600
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org
jblumberg@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

*/s/ Joseph M. Sellers*
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
Alisa Tiwari (appl. for admission pending)
Nina Jaffe-Geffner, Bar No. 90011459
COHEN MILSTEIN SELLERS & TOLL
PLLC

16

1100 New York Avenue N.W.
Eighth Floor Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com
atiwari@cohenmilstein.com
njaffegeffner@cohenmilstein.com

Janette McCarthy-Wallace, Bar No.
OH066257
Anthony P. Ashton, Bar No. MD25220
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

*/s/ Matthew Kaiser*
Matthew Kaiser, D.C. Bar No. 486272
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com

*Attorneys for Plaintiff Eric Swalwell*

*/s/ Patrick A. Malone*
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556 (application
for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111

17

Erica Newland (Bar No. MD0141)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame
and Sidney Hemby*

*/s/ Mark S. Zaid*
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Daniel Csigirinszkij, D.C. Bar No. 90017805
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
dcsigirinszkij@kaiserlaw.com

*Attorneys for Plaintiff Sandra Garza*

*/s/ Patrick A. Malone*
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800

18

Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et al.; Bobby Tabron et al.; and Briana Kirkland*

19