## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BARBARA J. LEE, et al.,**

        **Plaintiffs,**

  **vs.**

**DONALD J. TRUMP, et al.,**

        **Defendants.**

**Case No. 1:21-cv-00400-APM**

*Consolidated Cases:*
**1:21-cv-00858 (APM)**
**1:23-cv-00038 (APM)**
**1:22-cv-00034 (APM)**
**1:22-cv-00010 (APM)**
**1:21-cv-2265 (APM)**
**1:21-cv-00586 (APM)**
**1:22-cv-00011 (APM)**

### THE UNITED STATES' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

**INTRODUCTION**

The Court lacks jurisdiction to adjudicate Plaintiffs' motion for reconsideration of this Court's March 31, 2026, Order which granted President Trump absolute immunity from suit arising from his 2:24 p.m. tweet on January 6, 2021, *see Lee v. Trump*, No. 1:21-cv-00400 (D.D.C.), ECF 228, because the issue of the President's entitlement to immunity is on appeal. Defendants' timely notices of appeal from the March 31 Order "divest[ed] the district court of its control over those aspects of the case involved in the appeal," *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)), including the central questions of statutory and constitutional immunity, so that "the entire case is [now] essentially involved in the appeal" and outside this Court's jurisdiction. *Coinbase*, 599 U.S. at 741. Since the immunity ruling challenged in part by Plaintiffs' reconsideration motion presents the central question on appeal, this Court lacks jurisdiction to consider that question further or grant Plaintiffs' motion.

**ARGUMENT**

After Defendants filed their appeals from this Court's order denying the President's summary judgment motion asserting constitutional immunity and striking the Government's notices under the Westfall Act, Plaintiffs moved under Federal Rule of Civil Procedure 54(b) for reconsideration of the Court's holding that the January 6, 2021 2:24 p.m. tweet was an official act for which President Trump has absolute immunity. In the alternative, Plaintiffs sought certification of that issue for interlocutory appeal under 28 U.S.C. § 1292(b). This Court should deny Plaintiffs' reconsideration motion because the entire case is on appeal, including the question of the President's entitlement to statutory and constitutional immunity, and therefore the Court is divested of jurisdiction to rule on the immunity issue raised by Plaintiffs' motion.

As explained in the United States' stay motion, *Lee*, No. 1:21-cv-00400, ECF 229 at 4-8, a party's filing of a notice of an interlocutory appeal causes the district court to lose jurisdiction over the aspects of the case involved in the appeal, and when the appeal raises a bar to suit such as immunity, the appeal involves the viability of the entire case, so that all district court proceedings must halt until the court of appeals issues its mandate. *See Coinbase*, 599 U.S. at 740-43; *Griggs*, 459 U.S. at 58-59; *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *Jones v. Clinton*, 879 F. Supp. 86, 88 (E.D. Ark. 1995). By the same token, once a notice of appeal has been filed, the district court loses jurisdiction to decide a motion for reconsideration of any ruling regarding the aspects of the case involved in the appeal. *See Georgia v. Ashcroft*, 195 F. Supp. 2d 25, 35-36 (D.D.C. 2002) (after the filing of a notice of appeal from an order denying a motion to intervene, district court lacked jurisdiction to decide a motion to reconsider denial of the intervention motion); *United States v. Cisneros*, 26 F. Supp. 2d 24, 58-59 (D.D.C. 1998) (where defendant filed a notice of appeal from denial of motion to dismiss the indictment and then filed a motion for reconsideration, the district court lacked jurisdiction over the reconsideration motion). Consequently, the filing of the notice of appeal deprives the district court of jurisdiction to consider a Rule 54(b) motion, which falls within the jurisdictional principle described above and is not a so-called "tolling motion" that forestalls the transfer of jurisdiction to the court of appeals. *See White v. Smith*, 808 F. Supp. 2d 1174, 1234-36 (D. Neb. 2011).

Here, Plaintiffs' reconsideration motion must be denied because Defendants' timely notices of appeal divested this Court of jurisdiction to reconsider whether the President is immune from claims arising from the disputed January 6, 2021 tweet. Because Defendants have appealed the March 31, 2026, Order on immunity, *See Lee*, No. 1:21-cv-00400, ECF 224; *Lee*,

2

No. 1:21-cv-00400, ECF 221 at 60-61, all aspects of the Court's immunity decision, including its findings regarding the January 6, 2021 tweet, are now before the D.C. Circuit for its review. Indeed, because immunity is at issue on appeal, "the entire case is [now] essentially involved in the appeal" and within the exclusive jurisdiction of the court of appeals. *Coinbase*, 599 U.S. at 740 at 741. Consequently, this Court lacks jurisdiction to grant Plaintiffs' motion to reconsider this Court's ruling regarding the tweet—or any other aspect of its immunity ruling.

Rather than address the jurisdictional defect in their motion, Plaintiffs engage in a hair-splitting exercise supposedly showing that parts of the context of the January 6, 2021 tweet made it unofficial conduct. *See Lee*, No. 1:21-cv-00400, ECF 228 at 1-17. While Plaintiffs' arguments are unpersuasive and lack merit, *see Lee*, No. 1:21-cv-00400, ECF 219 at 54-55, it does not matter. Even a meritorious motion would still fail where jurisdiction is lacking. *Cf. United States v. Cabezas*, No. 19-12117, 2019 U.S. App. LEXIS 32521, at *3 (11th Cir. Oct. 30, 2019) ("Thus, regardless of the merits of Cabeza's arguments in the present appeal, due to Cabeza's pending direct appeal, the district court lacked jurisdiction to determine" his post-judgment motion to return his property.). Accordingly, this Court should deny Plaintiffs' reconsideration motion for lack of jurisdiction.

Finally, the United States has an interest in, and standing to oppose, the motion because it is a party to these consolidated actions until the court of appeals resolves its party status upon its appeal from the March 31, 2026, Order. *See Osborn v. Haley*, 549 U.S. 225, 231 (2007). And the reconsideration motion affects the United States' interests because Plaintiffs' arguments about the viability of their claims against the President under D.C. law, which are based in part on the subject tweet, bear on the United States' assertion that the President is immune from such claims

3

under the Westfall Act.[1] Indeed, in the March 31, 2026, Order, this Court explained that its Westfall Act analysis is inextricably tied to its official act immunity analysis, *See Lee*, No. 1:21-cv-00400, ECF 219 at 71-74, and stated that because official acts such as the tweet had "fallen away on immunity grounds, they are no longer a basis for substitution under the Westfall Act." *Id.* at 76. Under this Court's analysis, then, a decision granting Plaintiffs' reconsideration motion and finding the tweet to be unofficial conduct bears on the issues on appeal, including President Trump's absolute immunity from all D.C.-law claims based on the tweet under the Westfall Act. Thus, the United States properly opposes the Rule 54(b) motion, which must be denied for lack of jurisdiction.

As for Plaintiffs' alternative request to certify the question of immunity related to the tweet for interlocutory appeal, the United States takes no position on that matter.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion for reconsideration under Rule 54(b).

Dated: May 14, 2026                              Respectfully submitted,

                                                 BRETT A. SHUMATE
                                                 Assistant Attorney General
                                                 Civil Division

                                                 JONATHAN D. GUYNN
                                                 Deputy Assistant Attorney General
                                                 Torts Branch

---

[1] The United States' assertion of Westfall Act immunity applies to Plaintiffs' D.C.-law claims stemming from the President's public statements in the runup to and on January 6, 2021, including the tweet at issue. *See Blassingame v. Trump*, 1:21-cv-00858 (D.D.C.), ECF 74; *Swalwell v. Trump*, 1:21-cv-00586 (D.D.C.), ECF 95; *Smith v. Trump*, 1:21-cv-02265 (D.D.C.), ECF 376; *Tabron v. Trump*, 1:22-cv-00011 (D.D.C.), ECF 33; *Moore v. Trump*, 1:22-cv-00010 (D.D.C.), ECF 41; *Kirkland v. Trump*, 1:22-cv-00034 (D.D.C.), ECF 34; *Garza v. Trump*, 1:23-cv-00038 (D.D.C.), ECF 87; *see also Lee*, 1:21-cv-00400, ECF 188 at 9-39 (United States' Opposition to Motion to Strike).

PAUL E. WERNER
Assistant Director, Torts Branch

REGINALD M. SKINNER
Senior Trial Counsel, Torts Branch

By: */s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

## CERTIFICATION OF SERVICE

I certify that on May 14, 2026, the foregoing was filed electronically through ECF/CM, served on ECF participating parties via ECF, and served on non-ECF participants by mail or other appropriate means.

By: */s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

6