**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BARBARA J. LEE, et al.,

                Plaintiffs,

  vs.

DONALD J. TRUMP, et al.,

                Defendants.

**Case No. 1:21-cv-00400-APM**

***Consolidated Cases:***
1:21-cv-00858 (APM)
1:23-cv-00038 (APM)
1:22-cv-00034 (APM)
1:22-cv-00010 (APM)
1:21-cv-2265 (APM)
1:21-cv-00586 (APM)
1:22-cv-00011 (APM)

**REPLY MEMORANDUM IN SUPPORT OF THE UNITED STATES'
<u>MOTION TO STAY</u>**

**TABLE OF CONTENTS**

INTRODUCTION...............................................................................................................................1

ARGUMENT...................................................................................................................................2

    I.    District Court Proceedings Against the President Cannot Continue................................2

    II.   Discovery Against Putative Co-Conspirators in *Smith* and *Lee* Cannot Proceed. ............5

    III.  The Government Has Standing. ......................................................................................7

CONCLUSION ................................................................................................................................7

## TABLE OF AUTHORITIES

*Apostol v. Gallion*,
  870 F.2d 1335 (7th Cir. 1989) ................................................................................ 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................ 6

*Aska v. United States, No. 23-cv-50004*,
  2024 WL 6864047 (N.D. Ill. June 21, 2024) ................................................................................ 5

*Carswell v. Camp*,
  54 F.4th 307 (5th Cir. 2022) ................................................................................ 4, 5

*City of Martinsville v. Express Scripts, Inc.*,
  128 F.4th 265 (4th Cir. 2025) ................................................................................ 1, 3

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023) ................................................................................ passim

*Crawford-El v. Britton*,
  523 U.S. 574 (1998) ................................................................................ 6

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982) ................................................................................ 1

*Hicks v. Bush*,
  452 F. Supp. 2d 88 (D.D.C. 2006) ................................................................................ 5, 6

*Kusay v. United States*,
  62 F.3d 192 (7th Cir. 1995) ................................................................................ 5

*Loumiet v. United States*,
  315 F. Supp. 3d 349 (D.D.C. 2018) ................................................................................ 2

*Nken v. Holder*,
  556 U.S. 418 (2009) ................................................................................ 2

*Osborn v. Haley*,
  549 U.S. 225 (2007) ................................................................................ 7

*Russell v. Jones*,
  49 F.4th 507 (5th Cir. 2022) ................................................................................ 4

*United States v. DeFries*,
  129 F.3d 1293 (D.C. Cir. 1997) (per curiam) ................................................................................ 2

*United States v. Dorcely*,
  454 F.3d 366 (D.C. Cir. 2006) ................................................................................ 7

*Wuterich v. Murtha*,
  562 F.3d 375 (D.C. Cir. 2009) ................................................................................ 7

**INTRODUCTION**

This case is currently over in district court. Plaintiffs cannot avoid that conclusion by dismissing as "dicta" the Supreme Court's clear command that its prior precedent in "*Griggs . . .* requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743-44 (2023); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982). The notice of appeal confers jurisdiction on the court of appeals, "suspend[s] the district court's power to act," and "require[s] that the district court halt all proceedings related to the appeal." *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025). Buttressing that principle, appeals of denials of immunity (like the separate constitutional and statutory immunity appeals here) automatically divest district courts of jurisdiction during the pendency of those interlocutory appeals—including jurisdiction to undertake discovery. Staying proceedings is an easy call.

Plaintiffs respond with borderline frivolous objections. Tellingly, they barely dispute that proceedings in this Court cannot continue against *the President* while the interlocutory appeals unfold—perhaps because, as to six cases where he is the sole defendant, it is obvious that "the entire case is essentially involved in the appeal." *Coinbase*, 599 U.S. at 741 (internal quotes and citation omitted). Those pending appeals should also stop any discovery involving the President. Plaintiffs' contentions that defendants must satisfy the ordinary criteria for a discretionary stay and that the President will inevitably face discovery defy a mountain of contrary precedent.

Plaintiffs push primarily for discovery against non-immune defendants, *i.e.*, the President's alleged "co-conspirators," while the immunity appeals proceed. That push is a nonstarter. Their claims against the President and his putative co-conspirators are inextricably intertwined or, at a minimum, "relate[d] to" the pending immunity appeals. *Coinbase*, 599 U.S.

at 744. Having alleged a single, overarching conspiracy with President Trump as the central figure, Plaintiffs cannot turn around and try to proceed against other defendants without risking irreparable prejudice to the President and compromising the whole point of his immunity. The discovery Plaintiffs seek (particularly the "600 hours" of deposition testimony) against the putative co-conspirators indisputably implicates the President's immunity defense. This Court cannot proceed with discovery that may well "entangle individuals potentially protected by [absolute] immunity." *Loumiet v. United States*, 315 F. Supp. 3d 349, 353 (D.D.C. 2018). The Court must therefore stay all proceedings.

## ARGUMENT

**I.    District Court Proceedings Against the President Cannot Continue.**

**A.** Plaintiffs primarily focus their efforts on persuading the Court to allow discovery "against defendants other than Trump." Opp. at 2. That is because the President's assertion of absolute constitutional immunity from suit and statutory immunity under the Westfall Act is now squarely before the D.C. Circuit. All aspects of this case are implicated by whether he is immune from suit. Thus, whether under the *Griggs* principle or longstanding principles governing appeals from the denial of immunity, district court proceedings against the President are "automatically" stayed. *Coinbase*, 599 U.S. at 743; *see also United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (per curiam). Plaintiffs contend that (1) *Nken v. Holder*, 556 U.S. 418 (2009), and (2) this Court's Stay Order in *Smith v. Trump*, No. 21-cv-02265, Dkt. 180 (Jan. 26, 2023) counsel otherwise. Neither provides support.

**B.** *Nken*'s four-factor test governing a court's discretion to stay further proceedings under the court's inherent authority, 556 U.S. at 434, does not apply here. Rather, no discretion exists; as *Coinbase* makes clear, in light of the immunity appeals, nothing can proceed as to the

2

President. As to him, a stay is "automatic" and "require[d]" (*i.e.* mandatory), and the district court thus lacks jurisdiction to proceed in any way. *Coinbase*, 599 U.S. at 744.

Plaintiffs wrongly dismiss the Supreme Court's analysis in *Coinbase* as "dicta." Opp. at 5-6. The Supreme Court, however, re-articulated the automatic-stay rule by drawing on a wealth of precedents, including *Griggs* and long-settled principles in qualified immunity and double jeopardy appeals. *Coinbase* thus "explained that when the question on appeal *just is* 'whether the litigation may go forward in the district court,' then 'the entire case is essentially involved in the appeal.'" *Martinsville*, 128 F.4th at 269 (quoting *Coinbase*, 599 U.S. at 741)). Regarding the President, that is precisely the question the immunity appeals raise. Further, *Coinbase* "explained that this 'automatic stay' is, well, *automatic*. . . . A district court is therefore immediately required to halt all proceedings covered by the *Griggs* principle when a proper notice of appeal is docketed, . . . [r]ather than determine whether a discretionary stay is appropriate under the usual four-factor standard." *Id.* at 269-70 (internal quotes and citation omitted).

The Supreme Court's reasoning also dispels Plaintiffs' untenable argument that *Coinbase* is a "limited exception" applicable only to orders compelling arbitration. Opp. at 5. "*Coinbase* did not discriminate between arbitration and other appeals. Indeed, it went out of its way to approvingly recognize that qualified immunity and double jeopardy were 'analogous contexts' where the courts of appeals have long imposed automatic stays upon appeal." *Martinsville*, 128 F.4th at 271 (citation omitted). As to any further proceedings against the President, *Coinbase* is controlling. Even without *Coinbase*, a long line of Supreme Court and court of appeals precedent holding that interlocutory appeals of the denial of immunity halt further district-court proceedings would yield the same result. U.S. Mot. to Stay at 12 n.3.

3

**C.** Plaintiffs also rely on a statement in this Court's January 26, 2023, order staying discovery against President Trump: "To be sure, a bar on discovery while a claim of immunity is pending is not absolute." *Smith* Stay Order at 1 (citation omitted). Plaintiffs read that statement as a "recogni[tion] that discovery is not automatically stayed while absolute immunity is litigated." Opp. at 5. That statement does not govern the current situation, however. The Court made that statement in granting a discretionary stay, before any appeals were taken in this case and any jurisdictional issue was presented. Now that the appeals are pending, an automatic stay is mandatory; the notices of appeal stripped this Court of jurisdiction to proceed any further against the President while the immunity appeals are pending. Further, this Court's order predated *Coinbase*, which reinforces that an automatic stay is required. 599 U.S. at 742.

**D.** Lastly, Plaintiffs urge discovery against the President to proceed even while the D.C. Circuit appeals are pending because he "will inevitably be subject to discovery . . . either as a party or third party [witness]." Opp. at 11. That just assumes an incorrect conclusion: he should not be subject to discovery at least until the status of his immunity is resolved. Even assuming the "witness" vs. "party" distinction makes any difference when the defendant/witness asserts immunity,[1] the Fifth Circuit rejected precisely the same argument in *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). The plaintiff in *Carswell* tried to side-step the defendants' assertion of immunity and its corresponding protection from discovery by claiming "they would be required to participate as witnesses in discovery even if they had not been named as defendants." *Id.* at 313. Rejecting this gambit, the Fifth Circuit explained that it "turn[ed] qualified immunity on its head" by opening the defendants to depositions before adjudication of their immunity defense.

---

[1] *See Russell v. Jones*, 49 F.4th 507, 515 (5th Cir. 2022) (sovereign immunity barred subpoenas against third-party judges because subpoenas are a "coercive judicial process" that "issue under the court's authority and are enforced by court order").

*Id.* So too here. The cases Plaintiffs cite were all decided before *Coinbase* and disregard *Iqbal*'s guidance. *See* Opp. at 3-5, 10.

**II.      Discovery Against Putative Co-Conspirators in *Smith* and *Lee* Cannot Proceed.**

**A.** In seeking broad discovery while immunity appeals are pending, Plaintiffs say that this Court's *Smith* Stay Order and its April 20, 2026, minute order permitting discovery to proceed against defendants other than President Trump are controlling. Opp. at 2-3. Not so. The *Griggs* divestiture rule is broad and "requires an automatic stay of district court proceedings that *relate* to *any* aspect of the case involved in the appeal." *Coinbase*, 599 U.S. at 743-44. "Relate to" is broader than the "same" or "identical" issue raised on appeal, and even caselaw Plaintiffs cite demonstrates that *Griggs* encompasses claims or issues "inextricably tied" to the subject of the appeal. *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989); *Aska v. United States*, No. 23-cv-50004, 2024 WL 6864047, at *2 (N.D. Ill. June 21, 2024). This follows the settled rule that filing a notice of appeal divests the district court of jurisdiction except as to "ancillary" and "unrelated" matters, *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995), "that do not impinge upon the subject of the appeal," *Hicks v. Bush*, 452 F. Supp. 2d 88, 98 (D.D.C. 2006).

Here, Plaintiffs do not meaningfully contest that their claims against the President are inseparable from their claims against his alleged co-conspirators. Nor could they. Plaintiffs allege a single, overarching "hub-and-spokes" conspiracy, with President Trump as the central animating figure. *See generally* First Am. Compl., *Smith*, 21-cv-02265, Dkt. 89 (D.D.C. Dec. 3, 2021) (alleging President Trump and co-defendants conspired with each other to prevent Congress from certifying the election results). Further proceedings as to the President's alleged co-conspirators—particularly discovery focused on ascertaining adjudicative facts like who did what, where, when, why, how, and with what motive or intent—inherently implicate the

5

President and his potential liability, and thereby "impinge upon the subject of the [immunity appeals]." *Hicks*, 452 F. Supp. 2d at 98.

Notably, Plaintiffs have not identified any similar circumstance where an appellate court and district court proceeded on parallel tracks to resolve a central defendant's immunity appeal, while at the same time plunging headlong into discovery about his alleged participation in a conspiracy, despite that discovery "relating to" his appeal asserting immunity from liability for that purported conspiracy. Further, the nature and volume of discovery Plaintiffs seek only underscores this risk. At this stage, Plaintiffs chiefly seek depositions—a setting in which it is inherently difficult to police lines of questioning and witness testimony in a manner that avoids potential interference with the appellate court's sole jurisdiction over the immunity appeal. And not just a few depositions; Plaintiffs are requesting "100 depositions" and "up to 600 hours of deposition testimony." Jt. Disc. Plan, *Lee v. Trump*, No. 21-cv-00400, Dkt. 230 at 4 (D.D.C. May 1, 2025). At bottom, all aspects of this case that "relate to" the immunity appeals—including Plaintiffs' claims against the President's putative co-conspirators, which are inextricably tied up with Plaintiffs' conspiracy claims against the President—must be stayed. *Coinbase*, 599 U.S. at 744.

**B.** Even assuming this Court retained jurisdiction over Plaintiffs' claims against the President's alleged co-conspirators, still the "court must exercise its discretion in a way that protects the substance of the . . . immunity defense." *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998). The Supreme Court's concerns in *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), that discovery against non-immune defendants would inadequately protect federal officials' immunity—concerns echoed by federal courts nationwide—dictate that discovery should be stayed as to all parties until the D.C. Circuit resolves the immunity issues, the complexity and

6

importance of which are not in question. *See* U.S. Mot. to Stay at 11-12. Plaintiffs again cavalierly dismiss the Supreme Court's guidance as mere "dicta." Opp. at 4-5. But the D.C. Circuit has repeatedly cautioned that "carefully considered language of the Supreme Court, even if technically dictum, generally must be treated as authoritative." *United States v. Dorcely*, 454 F.3d 366, 375 (D.C. Cir. 2006). This Court should follow *Iqbal* and avoid forcing the President and the Government to shoulder extensive burdens arising from the copious discovery that Plaintiffs envision—especially since that discovery self-evidently aims to put the President's actions front and center.

**III.    The Government Has Standing.**

Contrary to Plaintiffs' argument, the Government has standing to seek a stay. The Court's denial of Westfall substitution is "a reviewable final decision" that the Government has appealed, *Osborn v. Haley*, 549 U.S. 225, 238 (2007), and its status as a party is the question presented for resolution by the D.C. Circuit. As the immunity appeal unfolds, the Government unquestionably has standing in district court to protect its own interests and that of its officers and employees— most certainly the President of the United States. *See Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009) (noting district court granted Government's motion for stay of discovery pending appeal from denial of Westfall certification).

**<u>CONCLUSION</u>**

For the foregoing reasons, this Court must stay all proceedings while the interlocutory appeals are ongoing.

Dated: May 15, 2026                          Respectfully submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General
                                             Civil Division

7

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

REGINALD M. SKINNER
Senior Trial Counsel, Torts Branch

By: */s/ Connor J. Hackert*
CONNOR J. HACKERT
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4332
Email: connor.hackert@usdoj.gov

**CERTIFICATION OF SERVICE**

I certify that on May 15, 2026, the foregoing was filed electronically through ECF/CM, served on ECF participating parties via ECF, and served on non-ECF participants by mail or other appropriate means.

By: */s/ Connor J. Hackert*
CONNOR J. HACKERT
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4332
Email: connor.hackert@usdoj.gov