**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| BARBARA J. LEE *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> *Defendants*. | Case No. 21-cv-00400 (APM) (lead case) <br><br> *Consolidated with* Case Nos. <br> 21-cv-00586 (APM) <br> 21-cv-00858 (APM) <br> 21-cv-02265 (APM) <br> 22-cv-00010 (APM) <br> 22-cv-00011 (APM) <br> 22-cv-00034 (APM) <br> 23-cv-00038 (APM) |

**JOINT CASE STATUS REPORT**

Pursuant to the Court's April 2, 2026, Minute Order, the undersigned parties have conferred and jointly prepared the following Joint Status Report.[1]

At the outset, for the reasons stated in ECF Nos. 226, 229, 236, and 237, President Trump reiterates that the notices of appeal that he and the United States have filed have divested this Court of jurisdiction over this matter, and imposed an automatic stay of all proceedings, including the discovery matters discussed below, pending resolution of those appeals. By signing onto this Joint Status Report, President Trump is not waiving any rights whatsoever, and specifically is not waiving his position that the Court lacks jurisdiction to proceed, and that all of the below matters have been stayed.

---

[1] Plaintiffs sent a draft of this report, via email, to Defendants Donald J. Trump, Donald J. Trump for President Inc., Make America Great Again PAC, Joseph Biggs, Derek Kinnison, Felipe Antonio Martinez, Kelly Meggs, Ethan Nordean, Dominic Pezzola, Zachary Rehl, Elmer "Stewart" Rhodes III, Enrique Tarrio, and Erik Scott Warner. Plaintiffs also sent a draft of this report to The United States of America, which has requested to substitute itself in the place of Defendant Donald J. Trump as to certain claims. Defendants Biggs, Kinnison, Martinez, Nordean, Pezzola, Rhodes, and Warner did not contribute to this report. Plaintiffs will serve the filed version of the Status Report on these and other Defendants per the Certificate of Service.

For the reasons stated in ECF Nos. 226, 229, 236, and 237, Donald J. Trump for President, Inc. and Make America Great Again PAC reiterate that the notices of appeal filed by President Trump and the United States have divested this Court of jurisdiction over this matter and imposed an automatic stay of all proceedings, including the discovery matters discussed below, pending resolution of those appeals. By signing onto this Joint Status Report, neither Donald J. Trump for President, Inc. nor Make America Great Again PAC are waiving any rights whatsoever, and specifically are not waiving their position that the Court lacks jurisdiction to proceed, and that all of the below matters have been stayed.

For the reasons discussed in ECF Nos. 226, 229, 236, and 237, the United States agrees that the notices of appeal conferred jurisdiction on the Court of Appeals, the district court's power to continue with the discovery matters discussed below has been suspended, and further district court proceedings have been automatically stayed. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743-44 (2023); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982); *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025). The United States' participation in this Joint Status Report does not constitute a waiver of the government's position.

## I.      Issues Specific to the *Smith* Action

The discussion below provides updates regarding the status of discovery in the *Smith* action since March 27, 2026. The Joint Status Report filed on March 27, 2026 (the "March 27 Status Report," *Lee* ECF No. 217; *Smith* ECF No. 483) sets forth the status of discovery as of that date. The discussion below also updates the Court on the status of discovery regarding the Cellebrite reports since the filing of the Joint Status Report on May 11, 2026.  *Smith* ECF No. 496.

### A.      *Smith* Plaintiffs' Discovery Requests[2]

### 1.      Discovery with the Campaign Entity Defendants

As indicated in the March 27 Status Report, Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC's (the "Campaign Entity Defendants") submitted documents subject to their October 27, 2025 Motion to Sustain Asserted Privileges for *in camera* review on November 18, 2025.

### 2.      Discovery with Defendant Tarrio

From the *Smith* Plaintiffs: On May 11, 2026, counsel for Mr. Tarrio indicated that he intends to comply with the Court's April 22, 2026 Order regarding  the request for Cellebrite reports. He reported that Mr. Tarrio called his defense counsel to produce the reports but he has heard "nothing back". Counsel for Mr. Tarrio indicated that he would contact criminal defense counsel by Friday, May 15 and request the discovery by the close of business that day. Plaintiffs respectfully request that the Court order Defendant Tarrio to produce the Cellebrite reports produced in his criminal case or disclose the reasons, if any, why Mr. Tarrio's criminal defense counsel will not deliver such Cellebrite reports to Mr. Tarrio so that that they can be produced.

From Defendant Tarrio: By Friday, May 15, Tarrio had heard nothing back from his January 6 criminal defense attorneys. That day Tarrio's counsel in this action called both lawyers to request the documents. Neither was available to speak but both are expected to call counsel back.

---

[2] Smith Plaintiffs provided an update on the production of Cellebrite reports on May 11, 2026. *Smith* ECF No. 496. This report contains updates since that date.

On May 18, counsel requested the documents in writing at each of their respective Miami law firms, also copying the managing partner at one of those firms.

### 3. Discovery with Defendant Meggs

As referenced in the Cellebrite status report, ECF No. 496 at 3,  Plaintiffs respectfully request that the Court order Defendant Meggs to (1) produce all responsive documents from the referenced 700-page cellphone extraction report; and (2) produce Cellebrite reports from his criminal case or disclose the reasons, if any, why Mr. Meggs's criminal defense counsel will not deliver such Cellebrite reports to Mr. Meggs so that they can be produced.

From Defendant Meggs: On behalf of Mr. Meggs, Ms. Stewart has requested the complete "Cellebrite" from the trial attorneys. Thus far, none of the trial attorneys have been able to find anything. Ms. Stewart corresponded with the government to determine whether they will oppose providing the product. The AUSA is reviewing the matter of providing and releasing their Cellebrite document to a third party not in the criminal case, and is currently on leave. Ms. Stewart previously received "something" that may have been an early product from a former trial attorney. The document has no reviewable provenance. It has PII from others and is not solely the product of Mr. Meggs' "downloads."

No Cellebrite extraction has ever been released in total as part of any criminal trial exhibit or made public as far as Ms. Stewart can find. She has requested release from the government since she alone in this case wears the dual hats of being both a criminal defense attorney and unrelated civil case defense attorney in having possession of a questionable document. Regardless, she has reviewed it and found nothing new and relevant. There may be 1-2 relevant emails and they were part of the criminal trial discovery that Plaintiffs already were given access to. The Plaintiffs should be sanctioned for creating this waste of time since they essentially conveyed to the Court at a previous status conference that they sought what would be new Signal chats not already available.

There are no Signal chats. There is nothing new that is relevant to anything specified by Plaintiffs since they specified nothing. Ms. Stewart stands by her request for redaction (which requires more time and should be compensated) and a separate protective order should the government to provide the "official report" for release.

### 4.    Discovery with Defendant Rehl

From the *Smith* Plaintiffs: On May 6, 2026, Defendant Rehl filed a motion for leave to file a Second Amended Answer, asserting counterclaims against the Lawyers' Committee for Civil Rights Under Law. *Smith* ECF No. 495. The *Smith* Plaintiffs intend to oppose this motion.

In regard to Cellebrite reports, counsel for Defendant Rehl has advised that his office obtained the Cellebrite reports produced during Mr. Rehl's criminal trial from his defense attorney. He further stated that he conducted a "comparative review" of the trial exhibits already in Plaintiffs' possession and the Cellebrite reports obtained from Mr. Rehl's criminal defense attorney and the discovery materials are the same. Plaintiffs are evaluating whether the full Cellebrite report was included among the criminal trial exhibits that were produced to Plaintiffs by the Government. To conduct that review, Plaintiffs' counsel requested that Mr. Rehl's counsel provide a copy of the Cellebrite reports that he had obtained. Mr. Rehl's Counsel has declined the request. Plaintiffs respectfully request that the Court order Defendant Rehl and his counsel to produce the referenced Cellebrite report.

From Defendant Rehl: Plaintiffs have had possession, custody, and control of Mr. Rehl's Cellebrite records since on or before September 29, 2023, which is the date they produced same as third-party discovery.  Mr. Rehl's counsel expended nearly fifteen hours complying with the Court's Order only to learn that Plaintiffs' counsel is demanding production of duplicative records

that Plaintiff already possesses.  Sanctions are appropriate for such an intentional waste of precious resources.

### 5.    Discovery with Defendants Pezzola and Rhodes

From the *Smith* Plaintiffs:  Counsel for Defendants Pezzola and Rhodes has advised that with respect to Mr. Rhodes, counsel has made requests to Mr. Rhodes's criminal defense counsel for Cellebrite reports, including by email and voicemail. Plaintiffs understand that no response has been received to date.  Plaintiffs also submit that, depending on the circumstances, unanswered emails and voicemails may not constitute reasonable efforts to obtain discovery materials that Defendant Rhodes and his civil counsel are obligated to produce. Plaintiffs propose that meaningful efforts to obtain the reports include more than leaving unanswered messages with the defendants' criminal defense counsel. Defendants should take reasonable steps to actively and meaningfully communicate with criminal defense counsel so that the criminal defense counsel can either provide the materials or explain why they cannot be produced. These reasonable steps may include, for example, sending a letter via certified mail with a return receipt that requires a recipient signature. Plaintiffs respectfully request that the Court order Defendant Rhodes make additional efforts to contact his criminal defense counsel, including sending a letter by certified mail with return receipt documentation to ensure the criminal defense attorney is aware of the request.

### 6.    Discovery with Defendant Kinnison

Plaintiffs are still assessing the discovery responses provided by Defendant Kinnison but have identified at least one issue regarding Cellebrite reports. *See Smith* ECF No. 496 at 6. Although Defendant Kinnison is not presently subject to the Court's Cellebrite Discovery Order, he is similarly situated to other defendants with respect to Cellebrite reports. Plaintiffs have requested that Mr. Kinnison contact his criminal defense counsel to obtain any Cellebrite reports produced in discovery during his criminal trial. To date, Mr. Kinnison has not responded to that request.

Plaintiffs respectfully request that the Court order Defendant Kinnison to produce the Cellebrite reports produced in his criminal case or disclose the reasons, if any, why Mr. Kinnison's criminal defense counsel will not deliver such Cellebrite reports to Mr. Kinnison so that that they can be produced.

### 7. Defendant Warner

The Court granted Plaintiffs' motion for sanctions against Defendant Warner, for his failure to comply with the Court's discovery orders on April 16, 2025. *Smith* ECF No. 489.  Mr. Warner contacted Plaintiffs' counsel on April 17, 2026, regarding the matter and Plaintiffs' counsel informed Mr. Warner of the default judgment and attached the Order.[3] On April 27, 2026, Mr. Warner emailed Plaintiffs' counsel and indicated that he would be sending a letter to the Court regarding this matter. Since his April 27, 2026 email, Plaintiffs' counsel has not had any contact with Mr. Warner.

### 8. Defendants Nordean and Biggs's Motion to Set Aside (or, Alternatively, Alter or Amend) the Default Judgment

On February 14, 2026, the Court granted Plaintiffs default judgment against Defendants Nordean and Biggs. *Smith* ECF No. 474. Defendants Nordean and Biggs subsequently filed a "Motion to Set Aside (or, Alternatively, Alter or Amend) the Default Judgment" against them. *Smith* ECF No. 479. Plaintiffs filed their opposition on April 13, 2026. *Smith* ECF No. 488.

---

[3] Plaintiffs had also served Mr. Warner with a copy of the motion for sanctions via email when it was filed on March 25, 2026 and via U.S. mail the following day. The email and physical addresses match those appearing on Mr. Warner's most recent correspondence.

### B.       *Smith* Plaintiffs' Third-Party Discovery

### 1.       Enforcement Actions

The *Smith* Plaintiffs have commenced proceedings to compel productions from Rudolph Giuliani, Caroline Wren, and Kylie and Amy Kremer (together, the "Kremers"). *See Smith, et al. v. Giuliani*, 1:24-mc-00351 (S.D.N.Y.); *Smith, et al. v. Wren*, 9:24-mc-81074 (S.D. Fla.); *Smith et al. v. Kremer et. al*, 1:21-cv-02265 (N.D. Ga.).

In the *Giuliani* matter, the *Smith* Plaintiffs sought relief from the U.S. District Court for the Southern District of New York after reaching impasse with Mr. Giuliani concerning the court order granting Plaintiffs' motion to compel. *Giuliani* ECF No. 36. The parties participated in a conference before the court on April 14, 2026, and are continuing to confer with counsel for Mr. Giuliani concerning compliance with the subpoena. The *Smith* Plaintiffs will update the Court as to any developments.

In the Wren matter, after the Smith Plaintiffs' last Status Report, the Smith Plaintiffs deposed Ms. Wren on March 30, 2026, for two hours concerning her search and production of documents in response to the Smith Plaintiffs' non-party subpoena duces tecum.  Counsel for the Smith Plaintiffs is currently working with Ms. Wren's counsel regarding potential additional searches and production in response to the subpoena.

In the *Kremer* matter, since the *Smtih* Plaintiffs' last status report, the Kremers have still failed to respond to Plaintiffs' motion seeking to compel Amy and Kylie Kremer to produce unredacted versions of certain documents and provide a privilege log justifying any privilege assertions over information that remains redacted. *Kremer* ECF No. 1. On May 4, 2026, the *Smith* Plaintiffs submitted a request for a status conference concerning the pending motion to compel. *Kremer* ECF No. 8. To date, no status conference has been scheduled. The *Smith* Plaintiffs will update the Court as to any developments.

The *Smith* Plaintiffs previously served non-party Roger Stone with subpoenas for documents and a deposition. The *Smith* Plaintiffs are continuing to negotiate with counsel for Mr. Stone concerning Mr. Stone's compliance with the subpoena. At this point, after being served with a subpoena for records (and a separate deposition subpoena), Roger Stone has produced identifying information about his telephone and social media accounts in response to a compromise limited set of categories. Thus far, Mr. Stone has not produced any documents but is searching the "cloud" for responsive documents for designated accounts. For other accounts identified by Mr. Stone, Plaintiffs have served subpoenas on telephone carriers and social media platform companies for responsive documents and information concerning Mr. Stone's communications with others on topics relevant to this case. Some of those companies are located in Europe and the Middle East, and in one instance, with the Court's prior permission, Plaintiffs are in the process of finalizing a Motion for Issuance of a Letters of Request to be served on Swiss authorities to seek designated documents and information from Proton Mail, a Switzerland-based company headquartered in Geneva. The overall process is time consuming, and Plaintiffs are pushing diligently to discover any relevant records.  The *Smith* Plaintiffs will update the Court as to any developments.

### 2.    National Archives and Records Administration

Since the January 13, 2026 status conference between the *Smith* Plaintiffs and counsel for the National Archives and Records Administration ("NARA"), NARA has produced two of three privilege logs it said it intended to produce by April 13, 2026. *See* February 9 Status Report. On March 18, 2026, NARA produced a privilege log containing privilege assertions for 324 documents reflecting external White House communications, and on April 13, 2026, NARA produced a privilege log containing 121 documents reflecting communications between the White House and other executive agencies. Plaintiffs are reviewing the log and will update the Court as to any developments.

9

## II.    Issues Pertaining to the Consolidated Cases

Since this Court's March 31, 2026 ruling on President Trump's Motion for Summary Judgment concerning official-acts immunity and Motion to Reconsider Denial of His Motion to Dismiss on First Amendment Grounds, *Lee* ECF No. 219, President Trump and the United States of America have given notice of their respective appeals to the United States Court of Appeals for the D.C. Circuit, *Lee* ECF Nos. 220, 224. The consolidated Plaintiffs intend to file a motion for expedited consideration of these appeals.

On April 30, 2026, the consolidated Plaintiffs submitted a motion for reconsideration of the Court's holding on President Trump's 2:24 PM tweet on January 6, 2021, or in the alternative, a certification for interlocutory appeal. On May 13, 2026 Plaintiffs moved to extend Plaintiffs' deadline to file their reply in support of their Motion for Reconsideration from May 21, 2026 to May 28, 2026. On May 14, 2026, the United States and Defendant Trump each submitted an opposition to Plaintiffs' motion for reconsideration. *Lee* ECF Nos. 234, 235.

On May 1, 2026, the parties submitted a joint status report detailing their proposals for a discovery plan, following the court's April 20 Minute Order. *Lee* Dkt. 230.

Both President Trump and the United States submitted Motions to Stay proceeding pending appeal, *Lee* ECF Nos. 226, 229. Plaintiffs submitted an opposition to both motions to stay on May 8, 2026, *Lee* ECF No. 232. On May 15, 2026 President Trump and the United States submitted reply briefs in further support of their respective motions. ECF Nos. 236, 237. Briefing on these motions is now complete, and the Parties are reserving time on May 21, 2026, for a potential hearing, *see Lee* May 1, 2026 Minute Order.

Dated: May 18, 2026

Respectfully submitted,

 /s/ Babak Ghafarzade
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

 /s/ Edward G. Caspar
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
Jeffrey Blumberg, D.C. Bar No. 432928
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org
jblumberg@lawyerscommittee.org

 /s/ William J. Blechman
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com
jtf@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

 /s/ Joseph M. Sellers
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635

 /s/ Jason C. Greaves
Jesse R. Binnall, VA022
Jason C. Greaves, DC Bar No. 1033617
Gerald A. Urbanek, Jr. VA191
Jared J. Roberts, *pro hac vice*
BINNALL LAW GROUP
717 King Street Suite 200
Alexandria, VA 22314
Tel: 703-888-1943
jesse@binnall.com
jason@binnall.com
gerald@binnall.com
jared@binnall.com

 /s/ Jonathan M. Shaw
Jonathan M. Shaw, D.C. Bar No. 446249
Dhillon Law Group, Inc.
2121 Eisenhower Ave, Suite 608
Alexandria, VA 22314
Tel: 703-574-1206
jshaw@dhillonlaw.com

 /s/ Joshua Halpern
Joshua Halpern, *pro hac vice*
JH Legal PLLC
1100 H Street, NW, Suite 840
Washington, D.C. 20005
Tel: 610-405-5531
jhalpern@jhlegalpllc.com

 /s/ Michael J. Walsh
Michael J. Walsh, Jr., D.C. Bar No. 483296
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, D.C. 20004
Tel: 202-799-4000
mike.walsh@us.dlapiper.com

 /s/ Caryn G. Schechtman
Caryn G. Schechtman, *pro hac vice*
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Tel: 212-335-4500
caryn.schechtman@us.dlapiper.com

11

Alison S. Deich, Bar No. 1572878
Alisa Tiwari (*pro hac vice*, appl. for admission pending)
Nina Jaffe-Geffner, Bar No. 90011459
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W. Fifth Floor
Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

*Attorneys for Defendants Donald J. Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC*

  /s/ Carolyn Stewart
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: 813-659-5178
Carolsteweart_esq@protonmail.com

*Attorney for Defendant Kelly Meggs*

  /s/ John Daniel Hull
John Daniel Hull, IV, DC Bar No. 323006
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Tel: 202-439-6520
jdhull@hullmcguire.com

Ronald Coleman,
COLEMAN LAW FIRM
50 Park Place, Suite 1105
Newark, NJ 07102
Tel: 973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Defendant Enrique Tarrio*

  /s/ Patrick Trainor
Patrick Trainor, Esq., *pro hac vice*
LAW OFFICE OF PATRICK TRAINOR
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Tel: 201-777-3327
Fax: 201-896-7815
pt@ptesq.com

*Attorney for Defendant Zachary Rehl*

12

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

PAUL E. WERNER
Assistant Director
Torts Branch, Civil Division

REGINALD M. SKINNER
Senior Trial Counsel

/s/ *Jonathan R. Myers*
JONATHAN R. MYERS
DC Bar No. 1601183
JOHN B. F. MARTIN
NY Bar No. 4682928
CONNOR HACKERT
DC Bar No. 1601183
Trial Attorneys
U.S. Department of Justice
Civil Division, Torts Branch
175 N Street NE
Washington, DC 20002
Tel: 202-305-8049
Fax: 202-616-4314
jonathan.r.myers@usdoj.gov

*Attorneys for United States of America*

13

## CERTIFICATE OF SERVICE

I certify that on May 18, 2026, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: May 18, 2026                          By:            _/s/   Babak Ghafarzade_____
                                                                       Babak Ghafarzade

14