**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **BARBARA J. LEE et al.,** | ) | **Case No. 21-cv-00400 (APM)** |
| | ) | |
| **Plaintiffs,** | ) | **Consolidated Member Cases:** |
| | ) | 21-cv-00586 (APM) |
| **v.** | ) | 21-cv-00858 (APM) |
| | ) | 21-cv-02265 (APM) |
| **DONALD J. TRUMP et al.,** | ) | 22-cv-00010 (APM) |
| | ) | 22-cv-00011 (APM) |
| **Defendants.** | ) | 22-cv-00034 (APM) |
| | ) | 23-cv-00038 (APM) |

**MEMORANDUM OPINION AND ORDER**

**I.**

On March 31, 2026, the court issued a Memorandum Opinion that largely denied President Donald J. Trump's motion for summary judgment as to official-acts immunity. Mem. Op., ECF No. 219. The court held that, with some exceptions, President Trump had failed to meet his burden of showing that his alleged conduct up to and on January 6, 2021, fell within the outer perimeter of his official duties. *Id.* at 17–58. Additionally, the court rejected the United States' attempt under the Westfall Act to substitute itself as the defendant for Plaintiffs' District of Columbia law claims. *Id.* at 70–76.[1] Both President Trump and the United States have appealed those rulings. Def. Trump's Notice of Appeal, ECF No. 220; U.S. Notice of Appeal, ECF No. 224. They now ask the court to stay these consolidated proceedings in their entirety pending appellate review. Def. Trump's Joint Mot. to Stay Pending Appeal, ECF No. 226 [hereinafter Trump Mot.]; U.S. Mot. to Stay, ECF No. 229 [hereinafter U.S. Mot.]. Certain other defendants have joined this request. Joint Status Report, ECF No. 230, at 9–10. For their part, Plaintiffs argue that no stay is

---

[1] Not all Plaintiffs have asserted claims under District of Columbia law, but for simplicity, the court refers to these as belonging to all "Plaintiffs."

warranted, even as to President Trump. *See generally* Pls.' Opp'n to Defs.' Mots. to Stay Discovery Pending Appeal, ECF No. 232 [hereafter Pls.' Opp'n].

For the reasons explained below, the court stays all proceedings in all cases except *Smith*. In *Smith*, the court stays discovery only as to President Trump but permits other discovery to continue.

## II.

In December 2023, the D.C. Circuit affirmed this court's denial of President Trump's motions to dismiss based on official-acts immunity and remanded for further immunity-related proceedings. *See Blassingame*, *v. Trump*, 87 F.4th 1, 29–30 (D.C. Cir. 2023). This court then consolidated these cases to resolve common legal questions and to facilitate discovery of common questions of fact. *See, e.g.*, Order, ECF No. 78. They have proceeded in lockstep ever since.

Consolidation did not mean, however, that the cases lost their separate identities or that the parties' substantial rights were altered. As the Supreme Court observed in *Hall v. Hall*, cases consolidated under Federal Rule of Civil Procedure 42(a) "retain[] [their] separate character" and "do not lose their separate identity because of consolidation." 584 U.S. 59, 76 (2018) (first quoting *Bank Markazi v. Peterson*, 578 U.S. 212, 233 (2016); then quoting 9A Wright & Miller's Federal Practice & Procedure § 2382 (3d ed. 2008)). Consolidation also does not "deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." *Id.* (quoting 3 Moore's Federal Practice § 42.01 (1938)).

These principles are largely determinative of President Trump's stay requests. Though the court has treated these matters as a single cause for efficiency and administration, they are in fact

eight separate cases.  In six of them—*Swalwell*,[2] *Blassingame*, *Moore*, *Tabron*, *Kirkland*, and *Garza*—President Trump is the sole named defendant.  In one matter—*Lee*—he is one of five remaining defendants.  In *Smith*, President Trump is one of many defendants.  Having retained his substantial rights in each case, the consequence of President Trump's interlocutory appeals— plural, because he has taken one in each matter, *see e.g.*, Notice of Appeal, ECF No. 220—must be determined on a case-by-case basis.  *Cf. Hall*, 584 U.S. at 77 (holding that consolidated cases "retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party").[3]  The immunity from suit that President Trump invokes is thus case specific.  And because official-acts immunity is "an entitlement not to stand trial or face the other burdens of litigation," *Blassingame*, 87 F.4th at 29 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)), in those cases in which he is the sole defendant, the court must stay the proceedings in their entirety while he attempts to vindicate that right on appeal.  To do otherwise would mean the immunity from suit "is effectively lost if a case is erroneously permitted to go to trial" or, as more pertinent here, wrongly allowed to continue with pretrial matters.  *See Mitchell*, 472 U.S. at 526.  All proceedings therefore will be stayed in *Swalwell*, *Blassingame*, *Moore*, *Tabron*, *Kirkland*, and *Garza*.

### III.

That leaves *Lee* and *Smith.*  Both cases include defendants other than President Trump. The court starts with *Smith*.

---

[2] Plaintiff Swalwell originally named three other defendants—Rudolph Giuliani, Donald Trump, Jr., and Congressman Mo Brooks—but the court dismissed them from the case. *See Thompson v. Trump*, 590 F. Supp. 3d 46, 105–07, 118, 125–26 (D.D.C. 2022); Order, *Swalwell v. Trump*, No. 21-cv-586-APM (D.D.C.), ECF No. 59.  The *Lee* Plaintiffs also named Giuliani as a defendant, and the court dismissed the claims against him in that case, too. *See Thompson*, 590 F. Supp. 3d at 68.

[3] Admittedly, *Hall* involved an appeal in a consolidated case from a final judgment, but the court does not see why the rule should differ when, as here, a defendant has an immediate right to interlocutory review of an immunity determination.

## A.

### 1.

*Smith* is the largest of these consolidated cases.  It involves seven Plaintiffs and over a dozen remaining defendants in addition to President Trump.[4]  After the court denied the various motions to dismiss, merits discovery in *Smith* commenced except with respect to President Trump, as to whom the court stayed discovery pending interlocutory review.  Order, *Smith v. Trump*, No. 21-cv-2265-APM (D.D.C. Jan. 26, 2023) [hereinafter *Smith* Docket], ECF No. 180 [hereinafter Stay Order].  President Trump did not object to proceeding in that fashion.[5]  Ever since, the parties in *Smith*, including President Trump's 2020 campaign-related entities ("Campaign Defendants"), have engaged in mostly written discovery (including requests for documents) among themselves and with third parties.  *See, e.g.*, Joint Case Status Reports, *Smith* Docket, ECF Nos. 472, 483, 496, 499.  This discovery even occurred in parallel with post-remand immunity discovery.[6] President Trump never asked for ongoing merits discovery to cease.[7]

President Trump now insists that his second interlocutory appeal requires that the *Smith* proceedings be stayed in their entirety.  *See generally* Trump Mot., Def. Trump's Mem. of L. in Supp. of Trump's Mot., ECF No. 226-1 [hereinafter Trump Mem.], at 1–7.  That assertion is

---

[4] The court dismissed three named defendants (Ali Alexander, Brandon Straka, and Roger Stone).  *See* Mem. Op. & Order, *Smith* Docket, ECF No. 179; Order, *Smith* Docket, ECF No. 256.  Plaintiffs settled with three more (Russell Taylor, Ronald Mele, and Alan Hostetter).  *See* Joint Stipulations of Dismissal, ECF Nos. 304, 465, 478.  And some have not appeared (Stop the Steal, L.L.C.; Proud Boys; Proud Boys International, L.L.C.; Charles Donohoe; Oath Keepers; and Jessica Watkins).

[5] In *Smith*, President Trump moved to stay the proceedings in their entirety until the court resolved his motion to dismiss, *see* Trump Defs.' Mem. in Supp. of Mot. for Protective Order Regarding Premature Discovery Requests, *Smith* Docket, ECF No. 170, but he did not file a similar motion after the court denied the motion to dismiss and he sought interlocutory review, *see* Notice of Appeal, *Smith* Docket, ECF No. 181; Order, *Smith* Docket, ECF No. 188 (setting initial scheduling conference); Scheduling Order, *Smith* Docket, ECF No. 213 (setting a discovery schedule).

[6] The D.C. Circuit instructed that, on remand, President Trump could take immunity-related discovery if he wished and had the right to have the immunity issue resolved on summary judgment.  *See Blassingame*, 87 F.4th at 29–30. President Trump opted to take immunity discovery, and it commenced on April 29, 2024, *see* Order, *Smith* Docket, ECF No. 292, and ended on December 5, 2024, *see* Hr'g Tr., 12/6/24, ECF No. 138, at 3:18-20.

[7] One caveat: President Trump did ask for a stay until resolution of his criminal case.  *See* Def. Trump's Mot. for Stay, ECF No. 90.  The court denied that request.  *See* Mem. Op. & Order, ECF No. 106.

based on the jurisdictional principle in *Griggs v. Provident Consumer Discount Co.* that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." 459 U.S. 56, 58 (1982); Trump Mem. at 1; *see also* U.S. Mot. at 5. President Trump acknowledges that, strictly speaking, "those aspects of the case" on interlocutory appeal concern only his claim to official-acts immunity. *See* Trump Mem. at 3–4. He nevertheless contends that the stay must go further and reach the proceedings as a whole because the Section 1985(1) conspiracy claim against him is "inextricably intertwined with [Plaintiffs'] claims against the other defendants" and "cannot be distinguished or separated from the claims against the other defendants." *Id.* at 4–5. To allow discovery to proceed even as to others would put him to an "untenable" choice: "choose between abstaining from discovery—and risking prejudice" or "forsake the protection of absolute immunity to preserve his interests." *Id.* at 4. He thus urges that the ongoing merits discovery, which has proceeded for years without his participation or objection, must now come to a grinding halt.

**2.**

One aspect of President Trump's stay request in *Smith* is easily resolved: discovery shall remain paused as to him. Merits discovery as to him surely would involve "aspects of the case involved in the appeal." The conduct underlying both Plaintiffs' claims and the official-acts immunity question is largely one and the same. *Cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold [qualified] immunity question is resolved, discovery should not be allowed."); *Behrens v. Pelletier*, 516 U.S. 299, 309–11 (1996) (holding that denials of qualified immunity are immediately appealable at both the motion to dismiss and summary judgment stages); *United States v. Trump*, 706 F. Supp. 3d 91, 93–94 (D.D.C. 2023) (largely staying

proceedings during interlocutory review of ruling denying absolute immunity against prosecution). *Griggs* therefore mandates a stay of discovery as to him.

But *Griggs* does not compel a broader stay. There are many aspects of *Smith* that are *not* involved in the appeal. Take three examples. There is a pending privilege dispute between the *Smith* Plaintiffs and Campaign Defendants over hundreds of campaign-related communications. *See* Campaign Defs.' Mot. to Sustain Asserted Privileges, *Smith* Docket, ECF No. 418. Defendants Nordean and Biggs have asked the court to lift the defaults entered against them. *See* Defs.' Mot. to Set Aside (or, Alternatively, Alter or Amend) the Default J., *Smith* Docket, ECF No. 479. And Plaintiffs' efforts to secure documents from third parties continues here and in other courts. *See* Joint Status Report, *Smith* Docket, ECF No. 499, at 8–9 (describing the status of enforcement actions against four third parties and discussions with the National Archives and Records Administration over executive privilege assertions). None of these matters bear even remotely on official-acts immunity. Furthermore, President Trump has not articulated how his defense would be compromised if these and similar matters were allowed to proceed. He did not make that case before, and he has not made it now. *Griggs* therefore does not require the court to stay all proceedings in *Smith*.

Neither of the two Supreme Court cases on which President Trump primarily relies— *Coinbase, Inc. v. Bielski* and *Ashcroft v. Iqbal*—compels a different result. In *Coinbase*, the Court held that a district court must stay its proceedings during appellate review of a ruling denying a motion to compel arbitration. 599 U.S. 736, 740 (2023). Because "the entire case is essentially 'involved in the appeal,'" the Court reasoned, trial court proceedings must cease until the arbitrability question is resolved. *Id.* at 741 (quoting *Griggs*, 459 U.S. at 58). But here, as discussed, the "entire case" is not involved in the appeal. There are readily segregable portions

6

that can move forward without subjecting President Trump to the burdens of suit.  The court has

proceeded in that way to date, and President Trump offers no reason to think that approach cannot

continue.

As for *Ashcroft*, President Trump relies on a passage in which the Court explains why the

prospect of "careful case management" in cases involving qualified immunity does not justify

relaxing Rule 8's pleading requirements.  556 U.S. 662, 684–85 (2009).  The Court wrote:

> It is no answer to these concerns to say that discovery for petitioners
> [asserting qualified immunity] can be deferred while pretrial
> proceedings continue for other defendants. It is quite likely that,
> when discovery as to the other parties proceeds, it would prove
> necessary for petitioners and their counsel to participate in the
> process to ensure the case does not develop in a misleading or
> slanted way that causes prejudice to their position. Even if
> petitioners are not yet themselves subject to discovery orders, then,
> they would not be free from the burdens of discovery.

*Id.* at 685–86.  Put more simply, the promise of "minimally intrusive discovery" is not a valid

reason to relax pleading requirements in a case involving government officials.  *See id.* at 686.

*Ashcroft* is inapposite.  This case is beyond the pleadings stage, so the Court's reasoning does not

apply.  And in any event, the Court in *Ashcroft* did not say that, in every case where a government

official is denied immunity, the trial court must stay all proceedings as to all other defendants while

that ruling undergoes interlocutory review.  To be sure, there are undoubtedly cases where a

complete stay would be necessary to preserve an official's right to avoid the burdens of discovery

and safeguard his defense.  But *Smith* is not one of them.

### 3.

President Trump also advances a different rationale for a complete stay.  He argues that,

even if *Griggs* does not apply, the court should exercise its discretion to pause all proceedings.

Trump Mem. at 7–10.  Here, he invokes the familiar four factors courts assess when deciding

7

whether to stay a decision pending an appeal: the movant must (1) make a strong showing of likelihood of success on the merits; (2) show that irreparable harm will occur absent a stay; (3) establish that a stay will not substantially injure others; and (4) demonstrate that a stay is in the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842–43 (D.C. Cir. 1977). He argues that every factor favors a complete stay. Trump Mem. at 9–10. The court disagrees.

Starting with the likelihood of success, a movant need only put forward a "serious legal question[]." *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986). President Trump claims he satisfies this first factor because his "appeal raises a fundamental constitutional question going to the heart of Article II Section 3 of the United States Constitution and implicates the separation of powers between the Executive and the Judiciary." Trump Mem. at 9. Fair enough. But President Trump puts forth no effort to show how or why the court erred in addressing that question. *See id.*; Reply in Supp. of Trump Mot., ECF No. 237, at 7. The court made dozens of fact-bound rulings about dozens of acts, yet he does not identify even one with which he takes issue. Perhaps he takes issue with them all. But he has not made any showing, let alone a "strong" one, that he is likely to succeed in whole or in part.

Nor has he established irreparable harm. Merits discovery against other defendants and third parties has been ongoing since the court denied the motion to dismiss. Yet only now, for the first time, does President Trump claim that he would be irreparably harmed absent a complete stay. His decision not to seek a similar stay years ago undercuts his present claim of irreparable harm. To be fair, the discovery to date has been mostly written and thus rarely directly objectionable by him. But even if Plaintiffs were to begin taking depositions, nothing prevents President Trump from seeking a protective order if he believes his substantial rights would be impaired by any

particular deposition.[8]   True, he would have to expend legal fees for his counsel to monitor discovery and seek protective orders when appropriate.  But such burden would be minimal, and in no event will he be subject to the type of "broad-reaching" discovery that would compromise the protections of official-acts immunity.  *See Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) ("Discovery involving public officials is indeed one of the evils that *Harlow* aimed to address, but neither that opinion nor subsequent decisions create an immunity from *all* discovery. *Harlow* sought to protect officials from the costs of 'broad-reaching' discovery . . . ." (quoting *Harlow*, 457 U.S. at 818)); *Mitchell*, 472 U.S. at 526 ("*Harlow* thus recognized an entitlement not to stand trial or face the other burdens of litigation . . . ."); *cf. Clinton v. Jones*, 520 U.S. 681, 702 (1997) ("[P]etitioner errs by presuming that interactions between the Judicial Branch and the Executive, even quite burdensome interactions, necessarily rise to the level of constitutionally forbidden impairment of the Executive's ability to perform its constitutionally mandated functions.").  And, of course, if the case is remanded for merits discovery, President Trump would have the right to reopen any previously taken deposition.

The *Smith* Plaintiffs, on the other hand, would be injured by a complete stay.  For one, *all* discovery would come to a standstill for an indefinite period.  That would include any outstanding written discovery requests to other defendants; efforts to collect evidence from third parties; and pending discovery disputes.  Further, the events of January 6th are now over five years old.  There is a genuine risk that, with extended delay, witnesses' memories will fade or witnesses will be unavailable or more difficult to track down.  The court cannot say that such prejudice is inevitable, but President Trump has offered no reason to allay the concern.

---

[8] The *Smith* Plaintiffs' theory of conspiracy rests on few ties between President Trump and his alleged co-conspirators. *See Thompson*, 590 F. Supp. 3d at 101–05.  Therefore, there are many potential witnesses whom President Trump has little or no reason to depose.

9

Finally, the public interest here is in equipoise.  The public has an interest in ensuring that President Trump's official-acts immunity protections are not trampled upon before final resolution, but it also has an interest in seeing this case of national importance move forward.  The public interest therefore does not tip either side of the scale.

In short, President Trump has not shown that the four stay factors weigh in favor of a stay of all proceedings in *Smith*.

**B.**

The court next turns to *Lee*.  According to the *Lee* Plaintiffs, "[t]he scope of [their] action is considerably narrower than the *Smith* case," and accordingly, they "do not anticipate conducting discovery nearly as extensive as proposed in the *Smith* case."  Joint Discovery Plan, ECF No. 230 [hereinafter Discovery Plan], at 4; *compare* Am. Compl., ECF No. 11-1, ¶¶ 259–267 (alleging one conspiracy), *with* Am. Compl., *Smith* Docket, ECF No. 89, ¶ 170 (alleging nine sub-conspiracies). Whereas the *Smith* Plaintiffs have proposed a discovery schedule that would extend to late October 2027, Discovery Plan at 3, the *Lee* Plaintiffs believe they can complete discovery in 180 days, *id.* at 4.  The *Lee* Plaintiffs expect that they will not need to exceed the limitations placed on discovery by the Federal Rules of Civil Procedure, while the *Smith* Plaintiffs "anticipate needing to take approximately 100 depositions."  *Id.*  And finally, unlike the numerous active defendants already involved in merits discovery in *Smith*, there remains only one other active defendant in *Lee*: Enrique Tarrio.[9]

---

[9] In addition to President Trump, the *Lee* Plaintiffs named three organizational defendants and two individuals, Giuliani and Tarrio.  *See* Am. Compl.  The three organizational defendants are the Oath Keepers; Proud Boys International, L.L.C.; and Warboys LLC.  *See Thompson*, 590 F. Supp. 3d at 68.  The latter two never appeared. *See id.*  Oath Keepers initially did so and participated in the motion to dismiss phase, but its counsel eventually withdrew, *see* Minute Order, July 14, 2022, and no counsel has since entered an appearance.  As a corporate entity, Oath Keepers cannot proceed without licensed counsel.  *See Am. Airways Charters, Inc. v. Regan*, 746 F.2d 865, 873 n.14 (D.C. Cir. 1984).  The court dismissed Giuliani from the case, *see Thompson*, 590 F. Supp. 3d at 105–06, leaving only Tarrio.

These differences are meaningful and, under *Griggs*, require a complete stay of *Lee*. Because of its far narrower scope, substantial aspects of *Lee* are likely to be "involved in the appeal." *Griggs*, 459 U.S. at 58.  A greater proportion of the discovery in *Lee* is likely to focus on President Trump's acts.  The court can easily imagine that of the no more than 10 witnesses the *Lee* Plaintiffs will seek to depose, most will be asked questions about President Trump's actions leading up to and on January 6th.  That testimony will both touch on acts that he contends are immune from suit and impact his defense on the merits.  Also, the witness-by-witness approach that the court believes is manageable in *Smith* likely will not be in *Lee*.  Motions from President Trump asking to stay depositions in *Lee* are likely to be the rule rather than the exception. In short, the limited discovery that is likely to take place in *Lee* cannot be reasonably disentangled from President Trump's asserted immunity from suit without risking its purpose.  *Lee* therefore shall be stayed in its entirety pending appeal.

### IV.

Last, the court addresses the United States' motion.  Plaintiffs assert that the United States lacks "standing" to request a stay because it is not a party to this action.  Pls.' Opp'n at 15.  That cannot be right.  Just because the court rejected its substitution request under the Westfall Act does not mean that it lacks standing to seek whatever ancillary relief it believes it needs to preserve its claimed party status.  The two cases on which Plaintiffs rely are inapposite, as neither involves an appeal from an adverse Westfall Act determination.  *See id.* (first citing *White v. Mapco Gas Prods., Inc.*, 116 F.R.D. 498, 500–01 (E.D. Ark. 1987); then citing *Cribb v. BR Mountain Homes, LLC*, No. 17-cv-61, 2017 WL 10574071, at *2 (N.D. Ga. Aug. 3, 2017)).

Still, the court denies the United States' motion in *Smith* for the same reasons articulated above, as well as one more: the United States cannot establish irreparable harm.  The United States

will not be a party that takes discovery in *Smith*. At present, it is not a party because the court struck its Westfall Act certification. And, even if the D.C. Circuit were to reverse that decision, substituting the United States for President Trump would result in dismissal of the District of Columbia law claims because no Plaintiff has filed the required notice under the Federal Tort Claims Act. *See Lee v. Trump*, No. 21-cv-400, 2026 WL 880161, at *1 (D.D.C. Mar. 31, 2026). And the United States cannot substitute for the Section 1985(1) claims. *See* 28 U.S.C. § 2679(b)(2)(B). So, under either outcome on appeal, the United States will not take discovery as a party in *Smith*. The United States therefore cannot be irreparably harmed absent a stay.

### V.

For the foregoing reasons, the motions to stay are granted in all cases except *Smith*, and discovery shall remain stayed as to President Trump in *Smith*. The case may otherwise proceed.

President Trump and the United States asked for a stay of this ruling if the court denied the stay requests in any respect. Tr. of Hr'g on Mot. to Stay Proceedings (draft), May 21, 2026, at 46:18-22, 47:17-18. That request is denied. The court sees no reason to pause discovery in *Smith* given that President Trump is exempt from it and his interests are not likely to be impaired by the discovery the court will permit.

Dated: June 4, 2026

Amit P. Mehta
United States District Judge

12