**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BARBARA J. LEE *et al.*,

              Plaintiffs,

v.

DONALD J. TRUMP *et al.*,

              Defendants.

**Case No. 21-cv-00400 (APM)**

***Consolidated Cases:***
*21-cv-00586 (APM)*
*21-cv-00858 (APM)*
*21-cv-02265 (APM)*
*22-cv-00010 (APM)*
*22-cv-00011 (APM)*
*22-cv-00034 (APM)*
*23-cv-00038 (APM)*

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF CROSS-APPEAL, AND REQUEST FOR EXPEDITED RULING**

Plaintiffs respectfully submit that this matter warrants the Court's prompt attention. During the recent hearing held on June 18, 2026, this Court advised Plaintiffs that it does not anticipate ruling on their reconsideration motion soon, and that they should proceed with their appeal of the Court's holding granting Defendant Trump immunity with respect to his 2:24 p.m. tweet. Status Conf., *Smith v. Trump*, No. 1:21-cv-02265 (D.D.C. June 18, 2026). D.C. Circuit Rule 28.1(c)(2) requires that Plaintiffs include any cross-appeal arguments in the same brief in which they respond to Defendant Trump's principal appeal.[1] Plaintiffs therefore request an expedited ruling from this Court on one of two alternative grounds: (1) whether the Court will certify the 2:24 p.m. tweet holding for interlocutory review under § 1292(b), allowing Plaintiffs to pursue the preferred appellate route (*see* 28 U.S.C. § 1292(b)); or (2) whether the Court will grant the pending extension

---

[1] According to the default D.C. Circuit Rules, the appellant's principal brief must be filed "within 40 days after the record is filed," and the appellee's response brief is due "within 30 days after the appellant's principal brief is served." D.C. Cir. R. 28.1(f)(1)–(2). Here, however, on April 17, 2026 the D.C. Circuit ordered "that briefing in this case be deferred pending further order of the court." Clerk's Order, *Lee v. Trump*, No. 26-07049 (D.C. Cir. Apr. 17, 2026), Dkt. No. 2169099.

1

motion, so that Plaintiffs can file a notice of cross-appeal based on the D.C. Circuit's pendent appellate jurisdiction (*see Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 528 F.3d 934, 950 (D.C. Cir. 2008)). Without a decision soon regarding either of these two appellate pathways, Plaintiffs may be unable to include the 2:24 p.m. tweet in the briefing for the consolidated immunity appeal already underway before the D.C. Circuit.

## PROCEDURAL BACKGROUND

The relevant procedural events are as follows: On April 30, 2026, Plaintiffs filed a motion requesting that this Court either (1) reconsider its holding on Trump's 2:24 p.m. tweet, or (2) certify this issue for interlocutory appeal. Dkt. No. 228. Briefing on the motion for reconsideration or interlocutory certification completed on May 28, 2026. Dkt. No. 240. This motion remains pending with the Court.

On June 1, 2026, Plaintiffs filed a motion requesting an extension of time to file a notice of cross-appeal regarding the 2:24 p.m. tweet for good cause (or alternatively, excusable neglect) under Federal Rules of Appellate Procedure 4(a)(1) & 4(a)(5). Dkt. No. 241. The basis for Plaintiffs' extension request is that they are awaiting this Court's ruling on their pending motion for reconsideration or certification for interlocutory review. The Court's decision on that motion will either obviate the need for a cross-appeal based on pendent appellate jurisdiction (if, for instance, the court certifies the issue, thus enabling appeal under 28 U.S.C. § 1292(b)) or confirm it as the only remaining pathway for the 2:24 p.m. tweet to be reviewed before trial. Importantly, Plaintiffs included the interlocutory certification request in their motion because § 1292(b) is the preferred route for appellate review. However, absent certification, the deadline to notice an appeal would be June 1, 2026 (*see* Dkt. No. 241 at 2–3), and so Plaintiffs filed the protective extension motion to preserve their full scope of appellate rights.

On June 15, 2026, Defendant Trump filed his opposition to Plaintiffs' extension request. Dkt. No. 249. His arguments fail, for reasons that will be expanded upon below.

On June 18, 2026, a hearing was held during which this Court indicated it does not anticipate ruling on the reconsideration motion in the near future. *Smith*, Status Conf. The Court further stated that Plaintiffs should thus proceed with their appeal. Accordingly, Plaintiffs respectfully request the following:

1. Plaintiffs ask that the Court certify the 2:24 p.m. tweet holding under § 1292(b) for interlocutory appellate review, so Plaintiffs can pursue an appeal via the preferred route;
2. Alternatively, Plaintiffs request that the Court grant the motion for extension of time to file a notice of appeal, extending the deadline to fourteen days after this Court's decision on this motion[2] so that Plaintiffs can file a notice of cross-appeal based on pendent appellate jurisdiction;[3]
3. Plaintiffs respectfully request that the Court provide an expedited ruling on either (1) the § 1292(b) interlocutory certification request, or (2) the extension motion.

Against this procedural backdrop, Plaintiffs respond below to Defendant Trump's opposition to their extension request. Because none of his arguments withstand scrutiny, the extension motion should be granted.

---

[2] Plaintiffs originally requested that this Court extend the deadline for filing a notice of appeal to either (a) July 1, 2026, or (b) fourteen days after this Court's decision on this motion, "whichever is later." *See* Dkt. No. 241 at 1, 3–4; Fed. R. App. P. 4(a)(5)(c). Because this Reply was filed on June 22, 2026, option (b) is now definitively the later of the two options.

[3] Because the original deadline for filing a notice of appeal has passed (*see* Dkt. No. 241 at 3 n.2), Plaintiffs cannot cross-appeal unless the Court grants the pending extension motion.

3

## ARGUMENT

### I.    Whether Pendent Appellate Jurisdiction Applies Is a Question for the D.C. Circuit, Not This Court, and Is Irrelevant to the Rule 4(a)(5) Analysis.

First, Defendant Trump devotes much of his opposition to arguing that Plaintiffs' proposed cross-appeal is "jurisdictionally defective" and "destined for dismissal" because neither the collateral-order doctrine nor pendent appellate jurisdiction applies. Dkt. No. 249 at 2–5, 8. While Defendant Trump is wrong about the availability of pendent appellate jurisdiction—the only basis for appellate review Plaintiffs would seek on a cross-appeal—he also directed this argument at the wrong tribunal.[4]

Whether pendent appellate jurisdiction ultimately confers jurisdiction over Plaintiffs' proposed cross-appeal is a question for the D.C. Circuit, not this Court, and has no bearing on the present extension request. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (noting "every federal appellate court has a special obligation" to "satisfy itself" of its "own jurisdiction"). The D.C. Circuit has consistently independently determined whether to exercise pendent appellate jurisdiction. *See, e.g.*, *Rendall-Speranza v. Nassim*, 107 F.3d 913, 917 (D.C. Cir. 1997) (independently deciding to exercise pendent appellate jurisdiction over a non-appealable issue); *Agudas*, 528 F.3d at 950 (same). *Cf. Harris v. Med. Transp. Mgmt., Inc.*, 77 F.4th 746, 765 (D.C. Cir. 2023) ("[T]he ultimate decision whether to grant pendent appellate jurisdiction lies within the court's discretion."). The district court's role on a Rule 4(a)(5) motion is limited to determining whether good cause or excusable neglect exists.

Although the question of pendent appellate jurisdiction is not before this Court and has no bearing on the Rule 4(a)(5) inquiry, a strong basis exists for the D.C. Circuit to exercise pendent

---

[4] Defendant Trump also argues that the collateral-order doctrine does not permit a plaintiff-side appeal from a grant of immunity. Dkt. No. 249 at 2–3. Plaintiffs do not contest this, nor do they intend to rely on the collateral-order doctrine as a jurisdictional basis for their cross-appeal.

jurisdiction here. As an initial matter, Defendant Trump misreads *Roth v. King*. Dkt. No. 249 at 4–5; 449 F.3d 1272 (D.C. Cir. 2006). In *Roth*, the D.C. Circuit declined to exercise pendent appellate jurisdiction because the plaintiffs there "ha[d] not even argued, let alone shown, that [their] claims warrant[ed] interlocutory review." *Roth*, 449 F.3d at 1283. The court expressly declined "to resolve whether the cross-appeal is so 'inextricably intertwined' as to allow for pendent appell[ate] jurisdiction in this case." *Id.* (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50–51 (1995); *Gilda Marx, Inc. v. Wildwood Exercise, Inc.*, 85 F.3d 675, 678–79, 679 n.4 (D.C. Cir. 1996)). Thus, *Roth* does not hold that pendent appellate jurisdiction is categorically unavailable when a plaintiff cross-appeals a grant of immunity. To the contrary, it leaves that pathway open for a party that properly argues for its application.

Pendent appellate jurisdiction is appropriate where the issues are "inextricably intertwined" *or* where review of one issue is "necessary to ensure meaningful review" of the other. *See Gilda Marx*, 85 F.3d at 679; *Barbour v. Wash. Metro. Area Transit Auth.*, No. 03-7044, 2003 WL 22095655, at *1 (D.C. Cir. Aug. 28, 2003) (analyzing "inextricably intertwined" and "necessary to ensure meaningful review" as two distinct standards). Here, the issues are "inextricably intertwined." Although Plaintiffs' proposed cross-appeal challenges this Court's grant of immunity for the 2:24 p.m. tweet while Defendant Trump's appeal challenges the denial of immunity for other conduct, the D.C. Circuit would review both rulings under the identical legal framework. *See Blassingame v. Trump*, 87 F.4th 1, 22 (D.C. Cir. 2023) (articulating the "content, form, and context" framework). Pendent appellate jurisdiction is therefore appropriate because the two sets of issues "substantially overlap and review will advance the litigation or avoid further appeals." *Roberson v. Mullins*, 29 F.3d 132, 136 (4th Cir. 1994). In any event, if Plaintiffs file the cross-

appeal, both parties will have the opportunity to brief this jurisdictional question before the Court of Appeals.

Because the D.C. Circuit will independently decide whether it has jurisdiction—and because there is at minimum a non-frivolous basis for pendent appellate jurisdiction—Defendant Trump's extended argument about the futility of Plaintiffs' proposed cross-appeal provides no basis to deny the extension request under Rule 4(a)(5).

## II.    Plaintiffs Satisfy the Good Cause and Excusable Neglect Standards Under Rule 4(a)(5).

Next, Defendant Trump argues that Plaintiffs have not met the Rule 4(a)(5) standard. Dkt. No. 249 at 5–8. Federal Rule of Appellate Procedure 4(a)(5) allows a district court to extend the time to file a notice of appeal if a party moves for such an extension no later than 30 days after the expiration of the prescribed time and demonstrates "excusable neglect or good cause." These are flexible standards, subject to the district court's discretion. *See Burt v. Nat'l Republican Club of Capitol Hill*, 828 F. Supp. 2d 115, 127 (D.D.C. 2011), *aff'd*, 509 F. App'x 1 (D.C. Cir. 2013); *see also Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 n.5 (D.C. Cir. 2001) ("We review [Rule 4(a)(5)] orders on an abuse of discretion standard[.]"). Plaintiffs need satisfy only one of these standards. As explained below, Plaintiffs satisfy both.

### A.  The Good Cause Standard Applies and Is Satisfied.

First, the good cause standard governs here.[5] Good cause is a fairly "lenient" standard meant "to accommodate a wide array of circumstances." *See Kumar v. Republic of Sudan*, No.

---

[5] According to the 2002 Advisory Committee Notes, Rule 4(a)(5) was amended to correct a "misunderstanding" among the courts of appeals regarding the timeframes during which the good cause versus excusable neglect standards are applicable. Under the amended Rules, "[a] motion for an extension filed prior to the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause. Likewise, a motion for an extension filed during the 30 days following the expiration of the original deadline may be granted if the movant shows either

2:10CV171, 2016 WL 11808337, at *21 (E.D. Va. Oct. 25, 2016). It is usually "occasioned by something that is not within the control of the movant." *See Burt*, 828 F. Supp. 2d at 127 (citing Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's notes to 2002 amendments). Contrary to Defendant Trump's assertion otherwise, that is precisely the situation here. The circumstances giving rise to Plaintiffs' need for an extension are outside their control: they are awaiting this Court's ruling on their pending motion for interlocutory certification (or reconsideration), the timing of which Plaintiffs cannot dictate. *Cf. McIntyre v. Wash. Metro. Area Transit Auth.*, No. CV 17-2007 (CKK), 2019 WL 5215704, at *4 (D.D.C. Oct. 16, 2019) (finding no good cause where lateness "was caused by [Plaintiff's] own miscalculation of the deadline, which was *fully* within Plaintiff's control." (emphasis added)). This Court's decision on Plaintiffs' pending motion will directly inform whether a cross-appeal based on pendent appellate jurisdiction is warranted. Indeed, if the Court certifies the issue for interlocutory review under § 1292(b), Plaintiffs can pursue a permissive appeal under Federal Rule of Appellate Procedure 5, obviating the need for any other available avenue of appellate review.

Plaintiffs did not miss the appeal deadline through inattention, carelessness, or tactical gamesmanship. *See* Dkt. No. 249 at 6. Rather, they pursued the appellate route preferred by the D.C. Circuit: § 1292(b) certification for interlocutory review rather than judge-made doctrines. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 113–14 (2009) (holding that § 1292(b) certification, rather than expansion of the collateral order doctrine, is the "preferred" route for immediate appeal of interlocutory orders); *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 883 (1994) (narrowly construing judge-made doctrine and noting that § 1292(b) provides the

---

excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's notes to 2002 amendments.

"better" procedural vehicle for parties seeking interlocutory review). *See also Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1136 (D.C. Cir. 2004) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.") (quoting *Swint*, 514 U.S. at 47)); *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 19 F.4th 472, 476 (D.C. Cir. 2021) (reiterating § 1292(b) certification by the district court is the "indispensable first step" of a permissive interlocutory appeal).

Consistent with that framework, Plaintiffs filed their motion (Dkt. Nos. 228, 240) seeking to have this Court either correct its ruling or certify the issue for appellate review. Indeed, in *Roth* itself—the very case Defendant Trump relies upon—the D.C. Circuit faulted the cross-appellants precisely for failing to seek § 1292(b) certification as a precondition to interlocutory review. 449 F.3d at 1281–83. Here, Plaintiffs followed that guidance. Moreover, although Plaintiffs are now aware that this Court is not prepared to rule on the reconsideration motion soon, at the time Plaintiffs filed their reconsideration motion, they did so because "district courts are given the opportunity to correct their own alleged errors, and allowing them to do so prevents unnecessary burdens being placed on the courts of appeals." *United States v. Ibarra*, 502 U.S. 1, 5 (1991). Thus, although it would certainly be well within the D.C. Circuit's discretion to exercise pendent appellate jurisdiction over the 2:24 p.m. tweet holding, Plaintiffs pursued the preferred avenues of review in the first instance.

Defendant Trump repeatedly claims that rather than seeking an extension, Plaintiffs instead could have filed a "protective" notice of cross-appeal. Dkt. No. 249 at 6–8. But had Plaintiffs filed a notice of cross-appeal from the portion of this Court's March 31, 2026 Order granting immunity for the 2:24 p.m. tweet, that filing could have automatically divested this Court of jurisdiction over the very issue Plaintiffs placed before it in their pending motion for reconsideration. *See* Dkt. No.

8

228; *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58–59 (1982) (per curiam). Moreover, given the preference for appeal through § 1292(b) certification, filing a notice of cross-appeal at that juncture would not have been prudent. Trump's suggestion is therefore not the "protective" measure he claims it to be.[6]

Plaintiffs pursued the preferred procedural avenues of review and should not be permanently foreclosed from other available avenues of appellate review as a result. They filed the extension request as a protective measure to preserve their appellate rights, and had good cause to do so.

### B. Plaintiffs Alternatively Demonstrate Excusable Neglect.

Second, even if the Court concludes that excusable neglect—rather than good cause—is the applicable standard, Plaintiffs satisfy it. Excusable neglect is an "equitable" concept that takes "account of all relevant circumstances." *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 11 (D.D.C. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The D.C. Circuit evaluates four factors: "(1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith." *Cohen v. Bd. of Trs. of the Univ. of the D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016). All four factors weigh in Plaintiffs' favor.

As a threshold matter, the first two factors "are of minimal relevance when applied to Rule 4(a)(5)(A)(ii) considering that a related motion can only be considered when it is brought within 30 days after the Rule 4(a)(1) filing deadline." *Burt*, 828 F. Supp. 2d at 128. Such is the case here.

---

[6] The same reasoning supports Plaintiffs' showing under the "excusable neglect" standard. The same factors that constitute good cause for not filing a premature cross-appeal confirm that Plaintiffs' course of action was reasonable. *See infra* section II.B.

On the first factor, Defendant Trump identifies no cognizable prejudice from a brief extension. His appeal, along with the United States' appeal of the Westfall Act Certification denial, is already pending before the D.C. Circuit. A cross-appeal addressing a single legal issue—whether the 2:24 p.m. tweet constitutes official conduct—will not delay or complicate proceedings that have already been consolidated and involve overlapping issues.

Second, the length of the requested extension is minimal. Plaintiffs seek just 14 days after the Court's ruling on this motion. This modest period will have no material impact on the proceedings already before the D.C. Circuit. No separate briefing schedule, oral argument, or additional proceedings will be required beyond what would otherwise occur.

Third, the reason for the delay weighs strongly in Plaintiffs' favor. As described above, Plaintiffs' decision to await the Court's ruling on their pending motion for interlocutory certification (or reconsideration) was reasonable and prudent. *See supra* at 7–9. This case is a far cry from situations where excusable neglect was denied—such as where counsel simply "misread" the docket, *Cohen*, 819 F.3d at 479–80, or repeatedly missed deadlines through "[n]egligence" or "gross negligence," *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011). In those cases, the movants' neglect stemmed from their own inattention. Here, by contrast, Plaintiffs diligently pursued the procedurally appropriate course and filed their extension motion within the permitted timeframe.

Fourth, Plaintiffs have acted in good faith throughout. They filed this extension motion on June 1, 2026—within the window permitted by Federal Rule of Appellate Procedure 4(a)(5). They notified opposing counsel of their intent in advance and complied with Local Rule 7(m). They have been transparent with this Court about the reason for their request.

10

The only consequence of denying the extension is the potentially irreversible forfeiture of Plaintiffs' right to seek appellate review of an important immunity ruling—one that may determine whether relevant evidence can be presented at trial. Congress provided the safety valve of Rule 4(a)(5) precisely to ensure that parties are not permanently deprived of appellate review for understandable reasons like those present here.

### III.    Request for Expedited Rulings.

Finally, Plaintiffs respectfully request that this Court expedite its ruling on either (1) the request to certify the 2:24 p.m. tweet holding for § 1292(b) interlocutory review, so Plaintiffs can pursue the preferred appeal route, or (2) the motion to extend the time to notice an appeal, so that Plaintiffs can file a notice of cross-appeal based on pendent appellate jurisdiction.

Courts grant requests to expedite where the failure to do so would "deprive the requested relief of much of its value." *Ontario Forest Indus. Ass'n v. United States*, 30 C.I.T. 1117, 1127 (2006). That is the situation here. Defendant Trump's appeal before the D.C. Circuit is already underway, and under D.C. Circuit rules, Plaintiffs must include any cross-appeal arguments in their response brief. *See* D.C. Cir. R. 28.1(c)(2). To ensure the briefing schedule on the 2:24 p.m. tweet can align with the briefing schedule for the other immunity-related issues, Plaintiffs thus request an expedited decision on either appeal route. Knowing which—if any—pathway for appellate review this Court intends for the 2:24 p.m. tweet will provide Plaintiffs with critical guidance as to what they must address in their upcoming briefing before the D.C. Circuit. Because "time is of the essence," this request merits expedited review. *See Penkoski v. Bowser*, 486 F. Supp. 3d 219, 225 (D.D.C. 2020).

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the relief as stated herein.

Dated: June 22, 2026                                  Respectfully submitted,


                                                      /s/ Joseph Sellers
                                                      Joseph M. Sellers, Bar No. 318410
                                                      Brian Corman, Bar No. 1008635
                                                      Alison S. Deich, Bar No. 1572878
                                                      Alisa Tiwari (*pro hac vice*, appl. for
                                                      admission pending)
                                                      Nina Jaffe-Geffner, Bar No. 90011459
                                                      COHEN MILSTEIN SELLERS & TOLL
                                                      PLLC
                                                      1100 New York Avenue N.W.
                                                      Eighth Floor, Washington, D.C. 20005
                                                      Telephone: 202-408-4600
                                                      Facsimile: 202-408-4699
                                                      jsellers@cohenmilstein.com
                                                      bcorman@cohenmilstein.com
                                                      adeich@cohenmilstein.com
                                                      atiwari@cohenmilstein.com
                                                      njaffegeffner@cohenmilstein.com

                                                      Anthony P. Ashton, Bar No. MD25220
                                                      NAACP
                                                      Office of General Counsel
                                                      4805 Mount Hope Drive
                                                      Baltimore, MD 21215
                                                      Telephone: 410-580-5777
                                                      aashton@naacpnet.org

                                                      *Attorneys for Plaintiffs Barbara J. Lee, et al.*


                                                      /s/ Edward G. Caspar
                                                      Edward G. Caspar, D.C. Bar No. 1644168
                                                      Marc P. Epstein, D.C. Bar No. 90003967
                                                      Jeffrey Blumberg, D.C. Bar No. 432928
                                                      LAWYERS' COMMITTEE FOR
                                                      CIVIL RIGHTS UNDER LAW
                                                      1500 K Street N.W., Suite 900
                                                      Washington, DC 20005
                                                      Tel: 202-662-8600
                                                      ecaspar@lawyerscommittee.org
                                                      mepstein@lawyerscommittee.org
                                                      jblumberg@lawyerscommittee.org

12

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*


/s/ Matthew Kaiser
Matthew Kaiser, D.C. Bar No. 486272
Sarah R. Fink, D.C. Bar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

*Attorneys for Plaintiff Eric Swalwell*


/s/ Patrick Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556 (appl. for
admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515

13

pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland, Bar No. MD0141
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W., #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame
and Sidney Hemby*

*/s/ Mark Zaid*
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Sarah R. Fink, D.C. Bar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

*Attorneys for Plaintiff Sandra Garza*

14

<u>*/s/ Patrick Malone*</u>
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et al.; Bobby Tabron et al.; and Briana Kirkland*

**CERTIFICATE OF SERVICE**

I certify that on June 22, 2026, a true and correct copy of the foregoing was served on counsel of record by the Clerk of the Court through the CM/ECF system.

*/s/ Joseph Sellers*
Joseph M. Sellers